PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL     (1946-1956)
SIMON H. RIFKIND     (1950-1995)
LOUIS S. WEISS       (1927-1950)
JOHN F. WHARTON      (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3165

WRITER'S DIRECT FACSIMILE

(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS

bbirenboim@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
JOHN F. BAUGHMAN
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
MARTIN FLUMENBAUM
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE
JONATHAN S. KANTER
BRAD S. KARP

PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KANNON K. SHANMUGAM
DAVID R. SICULAR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

December 5, 2019

**RECEIVED**
DEC 05 2019
General Counsel's Office

**By Electronic Mail and Hand Delivery**

David E. Powell
Regional Director
New York State Division of Human Rights
Adam Clayton Powell State Office Building
163 W. 125th Street, Room 401
New York, NY 10027

*Kaloma Cardwell v. Davis Polk & Wardwell LLP*
(*NYSDHR Case No. 10190523*)

Dear Mr. Powell:

We write on behalf of Davis Polk & Wardwell LLP ("Davis Polk" or "Respondent") in response to the November 20, 2019 letter sent on behalf of the New York State Division of Human Rights ("NYSDHR" or the "Division") providing notice that the NYSDHR was "contemplating dismissing" the above-referenced matter "for administrative convenience." (Ex. 1 (Letter from D. Powell to Davis Polk).) Your letter of November 20, 2019 informed us that "objections to such action may be submitted by any party **within fifteen (15) days of the date of this letter and will be considered** prior to the Division determining whether to dismiss the matter." *Id.* (emphasis added).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

David E. Powell 2

On Tuesday, December 3, 2019, you informed us—despite your November 20 letter—that the Division "closed the referenced complaint for administrative convenience," *sua sponte*, "on November 27, 2019 after being informed by the EEOC that it issued a right to sue letter on August 6, 2019," and that there was "no need" for Davis Polk "to respond to the Division's November 20, 2019 notice to the parties." (Ex. 2 at 2 (Email from D. Powell to counsel for Davis Polk).)

As we told you by email dated December 3, 2019, in response to your advice that the Division had closed the referenced complaint, we are deeply troubled by your and the NYSDHR's failure to adhere to the procedure set forth in your November 20 letter—and therefore your failure to allow our client to be heard on this important matter—prior to acting with such haste, particularly given that you and the NYSDHR were already expressly aware, prior to your November 20 letter, that the EEOC had issued a notice of dismissal/right to sue letter. *Id.* at 1. Moreover, we expressly requested an opportunity to be heard on this issue on our phone call with you on Wednesday, November 20, 2019, the day you advised that the NYSDHR was considering an administrative dismissal.

We are responding today, Thursday, December 5, 2019, consistent with the schedule set forth in your November 20 letter. We expect our response to be considered, and we expect that any purported administrative convenience dismissal be held in abeyance or reconsidered pending the Division's appropriate and good faith consideration of the response set forth below.

Specifically, and notwithstanding the suggestion in the letter purporting to dismiss the matter on November 27, 2019 that Davis Polk may appeal the determination to the New York State Supreme Court, **we respectfully request immediate reconsideration of the November 27, 2019 decision at the agency level, and copy the Commissioner, the Deputy Commissioner, and the General Counsel here**. As set forth below, the NYSDHR's action was unlawful, and it would be prejudicial to Davis Polk to be forced to litigate the issue, at significant cost, before the New York State Supreme Court.

\* \* \*

Davis Polk objects to the dismissal of this matter for administrative convenience on the grounds that any such dismissal is impermissible as a matter of law and is highly prejudicial. No such dismissal was requested by *either* party at *any* time. Moreover, the matter already had been returned by the NYSDHR to the EEOC, which expressly adopted the NYSDHR's findings and dismissed the matter, which is now pending in federal court. The *post hoc* dismissal of the matter at this stage for administrative convenience is inconsistent with the facts and procedural history; prejudices Davis Polk by creating potential confusion with respect to Mr. Cardwell's clear election of remedies; and is unnecessary, given that the NYSDHR can, as an alternative, simply close the file based on its earlier determination, reflected in the EEOC's records. For these and other reasons, as outlined below, issuing a dismissal for administrative convenience (a "DAC") at this stage is "purely arbitrary" and unlawful.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

David E. Powell										3

### Factual and Procedural History

On October 10, 2017, Davis Polk was informed by the NYSDHR that Mr. Cardwell had filed a "verified complaint with the [NYSDHR]" alleging violations of federal, state, and city law. (Ex. 3 at 1; *see also* Ex. 4 at 1 (Letter from D. Powell noting that Cardwell "filed a verified complaint with the [NYSDHR]" on August 4, 2017.)) The NYSDHR transmitted a copy of Mr. Cardwell's complaint, bearing a NYSDHR caption, to Davis Polk for a response. (Ex. 3 at 1, 8.) On December 5, 2017, Davis Polk filed with the NYSDHR an answer to the verified complaint and related position statement with supporting evidence. Mr. Cardwell filed a rebuttal with the NYSDHR on January 10, 2018.

Davis Polk did not hear from the NYSDHR directly again in connection with this matter between December 2017 and November 2019.

On August 6, 2019, the EEOC mailed a dismissal and notice of rights to Mr. Cardwell and his counsel. The August 6, 2019 communication expressly stated that the EEOC had "*adopted the findings of the state or local . . . agency that investigated this charge*" *and that the adoption of those findings was the sole reason for the EEOC's dismissal*. (Ex. 5.) At that time, Davis Polk was not provided notice of the EEOC's dismissal or the underlying "findings of the state or local . . . agency."

On November 4, 2019, Mr. Cardwell filed a complaint in federal court, asserting the same claims that he had brought and litigated before the NYSDHR. *Cardwell v. Davis Polk & Wardwell, LLP* et al., 19-cv-10256 (S.D.N.Y. 2019).

Davis Polk has made repeated efforts to secure a copy of the findings issued by the NYSDHR, referenced by the EEOC in its August 6, 2019 dismissal. In connection with those efforts, the EEOC expressly represented to Davis Polk that it received such findings from the NYSDHR on August 5, 2019, and adopted them on August 6, 2019. Davis Polk has submitted FOIA and other requests to the EEOC requesting its records of the matter. The EEOC has provided a preliminary response that does not fully resolve the open issues, and Davis Polk expects to continue its conversations with the agency in the coming days.

### Issuing a DAC Prejudices Respondent

Although certain questions remain concerning the precise procedural history of this matter, three critical facts are clear and indisputable: (i) Mr. Cardwell elected to litigate his claims before the NYSDHR and subsequently filed a complaint with the NYSDHR; (ii) following Mr. Cardwell's express election, both parties did, in fact, litigate the matter in the NYSDHR forum, including by submitting substantive briefing supported by evidence; and (iii) at no time— including prior to filing a complaint in federal court and up to today—did Mr. Cardwell request a dismissal of his NYSDHR complaint for administrative convenience.

Given these facts, it was improper under New York law for the NYSDHR to issue *sua sponte* a dismissal for administrative convenience, notwithstanding Mr. Cardwell's pending federal lawsuit. Dismissals for administrative convenience are unlawful where such a dismissal

would create the mistaken impression that a plaintiff in a lawsuit did not elect to pursue his claims before the NYSDHR, where, as here, the plaintiff indisputably did so.

The record here is clear that Mr. Cardwell elected to pursue his claims before the NYSDHR: Mr. Cardwell actively litigated his claim before the NYSDHR, including by filing an NYSDHR-captioned complaint and submitting a substantive rebuttal to Davis Polk's position statement. The fact that Mr. Cardwell elected to pursue his claims before the NYSDHR affords Davis Polk certain procedural defenses and protections in defense of the claims asserted in Mr. Cardwell's pending federal lawsuit that might not have been available had Mr. Cardwell requested a DAC in the early days of the NYSDHR's Investigation. *See, e.g.*, (Ex. 6 at 1 ("Your complaint may voluntarily be withdrawn in writing by you at any time.").) As noted above, Mr. Cardwell has never requested that the NYSDHR grant a DAC.

Any action by the NYSDHR purporting to grant a DAC at this stage will invite Mr. Cardwell to argue in federal court that he did not in fact elect to pursue his claims before the NYSDHR, where the facts are just the opposite. It was improper for the NYSDHR to take actions now, after a federal complaint has been filed, that alter the record that existed at the time this matter was presented to the federal court and that could, therefore, afford Mr. Cardwell a second chance (in federal court) to litigate the state and city claims he already elected to pursue—and in fact did pursue—before the NYSDHR.

For these reasons, issuing a DAC now was improper, and "purely arbitrary" as a matter of law, because it "contravene[s] the election of remedies provisions" to the undue prejudice of Davis Polk and the other defendants named in Mr. Cardwell's federal complaint. *See* 9 NYCRR § 465.5(e)(2)(vi) (DAC is improper where it would "contravene the election of remedies provisions"); *Marine Midland Bank, N.A. v. New York State Div. of Human Rights*, 75 N.Y.2d 240 (1989) (DAC improper where it "thwarts" election of remedies requirement).

Issuing a DAC now was improper for a second, independent reason: it is "purely arbitrary," and unlawful, for the NYSDHR to issue a DAC where the NYSDHR has resolved the matter by issuing a determination of no probable cause. *See East River Hous. Corp. v. NYSDHR*, 984 N.Y.S. 2d 331, 331 (N.Y. App. Div. 2014) (finding that NYSDHR's dismissal on grounds of administrative convenience following a no probable cause determination was "purely arbitrary"). The record (developed as of the date of this submission) strongly supports the conclusion that the NYSDHR issued a no probable cause determination: it is undisputed that, when the EEOC closed its file on Mr. Cardwell's discrimination charge in August 2019, it "adopted the findings of the state or local fair employment practices agency that investigated this charge," and used the standard form used when there has been a determination of no probable cause. (Ex. 5 at 1.) At minimum, there are additional steps to be taken before the record is clarified with respect to the issuance of a determination of no probable cause in this matter.[1]

---

[1] As noted above, Davis Polk has submitted FOIA and other requests to the EEOC seeking a copy of any such determination, among other records. We also understand, based on our discussions with you and your staff, that the NYSDHR may be able to take additional steps to explore whether its computer systems contain a copy of the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

David E. Powell 5

Given the representations made to Davis Polk's counsel by both the EEOC and the NYSDHR and the record evidence of the EEOC's stated basis for its dismissal and right to sue notice, it was improper for the NYSDHR to issue a DAC. Any uncertainty regarding those findings weighs in favor of reversing the purported issuance of a DAC and maintaining the *status quo*. The federal court hearing the matter may then take whatever actions it deems appropriate on the record that existed at the time Mr. Cardwell filed his federal suit.

For these reasons, the NYSDHR's issuance of a DAC was improper and should be reversed.

Davis Polk reserves all of its rights, hereby requests a copy of any and all correspondence submitted by Plaintiff in connection with the NYSDHR's November 20, 2019 letter, and requests that the NYSDHR preserve all records relating to this matter, including, without limitation, all computer files, docketing or file management records, e-mail correspondence and phone logs.

Respectfully submitted,

Bruce Birenboim

CC: Angela Fernandez (by hand delivery)
Valerie Dent (by hand delivery)
Caroline Downey (by email and hand delivery)

Encl: Exhibits

---

no probable cause determination. You represented to us that you did not wish to take these steps because doing so would require "creating a ticket."