**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KALOMA CARDWELL,

        *Plaintiff*,

    v.

DAVIS POLK & WARDWELL LLP, Thomas
Reid, John Bick, William Chudd, Sophia
Hudson, Harold Birnbaum, Daniel Brass,
Brian Wolfe, and John Butler,

        *Defendants*.

19 Civ. 10256 (GHW)

Oral Argument Requested

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR <u>PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT</u>

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendants*

Dated:  June 16, 2020

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT ............................................................................................................... 1

      A.    Plaintiff Has Failed To State a Claim Against Any of the Additional
Defendants ...................................................................................................... 1

            1.    Plaintiff Has Failed To Allege Discrimination By Any of the
Additional Defendants ....................................................................... 1

            2.    Plaintiff Has Failed To Allege Retaliation By Any of the Additional
Defendants ......................................................................................... 2

            3.    Plaintiff's Aiding and Abetting Claims Against the Additional
Defendants Should Be Dismissed ...................................................... 5

      B.    All Claims Based Upon Time-Barred Discrete Acts Should Be Dismissed .......... 5

      C.    Plaintiff's Hostile Work Environment and Harassment Claims Should Be
Dismissed ....................................................................................................... 8

      D.    Plaintiff Has Abandoned His Section 1981 Aiding and Abetting Claim ............... 9

      E.    Defendants' Motion to Strike Was Timely .......................................................... 9

CONCLUSION ........................................................................................................... 10

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Conde* v. *Sisley Cosmetics USA, Inc.*,
    2012 WL 1883508 (S.D.N.Y. May 23, 2012) ...........................................................5

*Daniels* v. *City of N.Y.*,
    2019 WL 251511 (S.D.N.Y. Jan. 17, 2019) ...........................................................2

*Daniels* v. *Wesley Gardens Corp.*,
    2011 WL 1598962 (W.D.N.Y. Apr. 27, 2011) .......................................................5

*Davidson* v. *Dist. of Colum.*,
    2010 WL 11583333 (D.D.C. June 4, 2010).............................................................9

*Fitzgerald* v. *Henderson*,
    251 F.3d 345 (2d Cir. 2001)....................................................................................7

*Flores* v. *N.Y.C. Human Res. Admin.*,
    2011 WL 3611340 (S.D.N.Y. Aug. 16, 2011).......................................................6

*Fried* v. *LVI Servs., Inc.*,
    2011 WL 2119748 (S.D.N.Y. May 23, 2011) .......................................................5

*Henry-Offor* v. *City Univ. of N.Y.*,
    2012 WL 2317540 (S.D.N.Y. June 15, 2012) .......................................................6

*Hunter* v. *N.Y.C. Health & Human Hosp. Corp.*,
    2015 WL 1527646 (E.D.N.Y. Mar. 31, 2015)..................................................3, 8

*Mirasol* v. *Gutierrez*,
    2006 WL 871028 (S.D.N.Y. Apr. 5, 2006)............................................................6

*Mosier* v. *State Univ. of N.Y.*,
    2020 WL 42830 (E.D.N.Y. Jan. 2, 2020) .............................................................5

*Nat'l Credit Union Admin. Bd.* v. *U.S. Bank Nat'l Ass'n*,
    898 F.3d 243 (2d Cir. 2018)..................................................................................10

*Nat'l R.R. Passenger Corp.* v. *Morgan*,
    536 U.S. 101 (2002)................................................................................................7

*Nguedi* v. *Fed. Reserve Bank of N.Y.*,
    2017 WL 5991757 (S.D.N.Y. Dec. 1, 2017) ........................................................2

*Parekh* v. *Swissport Cargo Serv., Inc.*,
    2009 WL 290465 (E.D.N.Y. Feb. 5, 2009)...........................................................8

**TABLE OF AUTHORITIES**
**(Continued)**

Page(s)

*Pell* v. *Trs. of Columbia Univ.*,
  1998 WL 19989 (S.D.N.Y. 1998)..........................................................................6

*Percy* v. *N.Y. (Hudson Valley DDSO)*,
  264 F. Supp. 3d 574 (S.D.N.Y. 2017)....................................................................9

*Richardson* v. *N.Y. State Dep't of Corr. Serv.*,
  180 F.3d 426 (2d Cir. 1999).............................................................................3, 4

*Rogers* v. *Fashion Inst. of Tech.*,
  2016 WL 889590 (S.D.N.Y. Feb. 26, 2016)....................................................7, 8, 9

*Saylavee LLC* v. *Hockler*,
  228 F.R.D. 425 (D. Conn. 2005).........................................................................10

*Sotomayor* v. *City of N.Y.*,
  862 F. Supp. 2d 226 (E.D.N.Y. 2012) ..................................................................7

*Stern* v. *State Univ. of N.Y.*,
  2018 WL 4863588 (E.D.N.Y. Sept. 30, 2018) ....................................................4, 5

*Stinnett* v. *Delta Air Lines, Inc.*,
  278 F. Supp. 3d 599 (E.D.N.Y. 2017) ...........................................................2, 6, 9

*Tainsky* v. *Clarins USA, Inc.*,
  363 F. Supp. 2d 578 (S.D.N.Y. 2005)....................................................................2

*Tolton, et al.* v. *Jones Day*,
  2020 WL 2542129 (D.D.C. May 19, 2020) ...........................................................6

**STATUTES**

42 U.S.C. § 1981................................................................................................1, 9, 10

42 U.S.C. § 2000e....................................................................................................6

Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111–2, 123 Stat. 5
  (Jan. 29, 2009)........................................................................................................6

**OTHER AUTHORITIES**

Fed. Proc., L. Ed. (2020).........................................................................................10

Charles Alan Wright & Arthur R. Miller, *Federal Prac. and Proc.* (3d ed. 2020) ......................10

## PRELIMINARY STATEMENT

Recognizing that the Amended Complaint cannot withstand defendants' motion to dismiss, plaintiff attempts to rewrite it in his opposition papers. But no amount of conjecture or unsupported characterization of the insufficient factual allegations contained in the Amended Complaint can save plaintiff's deficient pleading. Defendants have demonstrated that plaintiff has failed to state a claim against any of the Additional Defendants, all of whom should be dismissed from the case.[1] Plaintiff's claims also should be dismissed to the extent they are time-barred. In addition, plaintiff has set forth no actionable harassment or hostile work environment claim, and he has abandoned his Section 1981 aiding and abetting claim. All of these claims should be dismissed with prejudice, for the reasons set forth below and in defendants' opening brief.[2]

## ARGUMENT

### A.   Plaintiff Has Failed To State a Claim Against Any of the Additional Defendants

#### 1.   Plaintiff Has Failed To Allege Discrimination By Any of the Additional Defendants

*First*, in response to defendants' showing that there are no plausible allegations of discriminatory animus on the part of any of the Additional Defendants, MTD 14–20, plaintiff merely repeats the allegation in the Amended Complaint that the Firm's managing partner indicated to plaintiff that plaintiff was not at fault and suggests that that allegation somehow "plausibly

---

[1]   Unless otherwise stated, defined terms and short citations refer to defendants' opening brief ("MTD"); plaintiff's brief is cited as "Opp." Page ranges are to the parties' pagination, not ECF's.

[2]   As indicated in their moving papers, consistent with the Court's obligation to accept well-pleaded facts as true, defendants address only the pleading deficiencies in plaintiff's Amended Complaint, notwithstanding that the evidence will show that *all of* plaintiff's claims against *all* defendants are factually false, legally meritless, and should be dismissed. (Thus, for example, plaintiff's suggestion that defendants have conceded facts because they have not yet made factual arguments that cannot be considered at the motion to dismiss stage should be rejected. *See, e.g.*, Opp. 30.) In particular, while defendants are not moving to dismiss all claims against the Firm and the Management Committee Defendants as a legal pleading matter, they will demonstrate at the appropriate juncture that all defendants at all times acted lawfully and never engaged in any discrimination, harassment, retaliation, or created a hostile work environment, and that the Firm and its partners supported fully an associate facing significant performance problems. Plaintiff was not treated less favorably because of his race or because of his purported raising of any concerns related to race.

support[s]," along with a potpourri of largely unspecified allegations, "an inference of discrimination against all of the Davis Polk Partners." Opp. 19. But even plaintiff concedes that he must plead the elements of each of his claims with respect to "each of the individual defendants," Opp. 19, 22, 24, and allegations as to one person's views simply do not and cannot establish others' animus. Nor do plaintiff's general allusions in his opposition papers to the alleged treatment of other associates plausibly "'alleg[e] the existence of similarly-situated comparable Caucasians who were treated better than he'" and establish an inference of discriminatory intent. Opp. 19 (quoting *Nguedi* v. *Fed. Reserve Bank of N.Y.*, 2017 WL 5991757, at *6 (S.D.N.Y. Dec. 1, 2017)).[3] The complaint "lacks any specificity as to the alleged comparators' qualifications, responsibilities, employment history and conduct." *Daniels*, 2019 WL 251511, at *4; MTD 18–19.[4]

   *Second,* plaintiff's claims as to staffing, performance reviews, and being ignored fail to allege any adverse employment action, much less one attributable to the Additional Defendants, MTD 12, and he has now "abandon[ed]" his remaining claim—that Hudson discriminated against him by asking for a restaurant recommendation—by failing to "defend[]" it. *Stinnett* v. *Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 617 (E.D.N.Y. 2017); MTD 19–20.

   2. Plaintiff Has Failed To Allege Retaliation
     By Any of the Additional Defendants

   Plaintiff likewise has failed to allege retaliation on the part of the Additional Defendants or to identify any actionable adverse employment action attributable to them. Plaintiff has failed to address defendants' showing that his purported "complaints" were not legally protected,

---

[3] In *Nguedi*, this Court chose to "not resolve" the question whether the Second Circuit might require "specific facts regarding" comparators, but held that plaintiff's allegations about certain comparators—including that they worked under the same boss and in the same "area" as plaintiff—were sufficient to plausibly allege that they were similarly situated to plaintiff. *Id.* at *7–8. There are no such specific allegations here.

[4] Plaintiff cites *Tainsky*, Opp. 19 n. 36, for the proposition that "a lack of warnings regarding poor performance undercuts an argument that an employee was fired due to poor work performance," but ignores the performance warnings he concedes he received as early as 2015. *E.g.*, Orig. Compl. ¶ 78 (describing negative performance review, in a concession later altered in the Am. Compl.).

and tries instead to obfuscate matters by adding sheer conjecture, self-serving characterizations of his

insufficient allegations and/or altogether new allegations not contained in his Amended Complaint.[5]

But it is "axiomatic" that a plaintiff may not attempt to resuscitate deficient pleadings "by the briefs

in opposition to a motion to dismiss." *Hunter* v. *N.Y.C. Health & Human Hosp. Corp.*, 2015 WL

1527646 at *12 (E.D.N.Y. Mar. 31, 2015) (quotation omitted).

> Examples abound of plaintiff's including, in his opposition papers, entirely new and
unsupported theories aimed at imputing knowledge to various Additional Defendants.  Thus, for
instance, plaintiff speculates, as to Butler, that it is "improbable" that Butler would have been assigned
as one of plaintiff's advisors "without having first discussed" the assignment with Reid and Bick,
"both of whom were [allegedly] aware of Cardwell's complaints," Opp. 29; as to Chudd, that the Firm
was somehow "obligated" to discuss Cardwell's "2015 complaints" with him, Opp. 26; and as to
Hudson, that it is "plausib[le] that [she] was looped into discussions about" Cardwell's
September 2015 complaint, or that "Bick discussed Cardwell's prior complaints" with her, Opp. 27–
28.[6]  His unfettered and imaginative speculation notwithstanding, plaintiff has failed to allege any
adverse employment action attributable to Butler, Chudd, or Hudson,[7] or that they had knowledge of

---

[5]    *See, e.g.*, Opp. 6–7 (contending that he made "specific" references to complaints in a January 2017 email); *contra*
MTD 21, 23 (demonstrating that he did not do so, and further that an alleged 2017 complaint to Butler, ¶¶ 214–15, a
2016 conversation with a "Junior Staffing Coordinator," ¶¶ 155–64, and a purported 2016 "inquiry" to a now-former
litigation partner about a then-former client, ¶¶ 199, 202, were not legally protected activities).

[6]    Plaintiff's other invented assertions—not alleged in the complaint—deserve no weight, and fail in any event to
identify an adverse employment action or plead animus.  *E.g.*, Opp. 23 (citing "deliberate disregard" of policies;
"handicapp[ing]" career).  Plaintiff's reference to "flex-time" schedules should be ignored, Opp. 22 nn.42, 43; his
counsel concedes they are incorporated by reference not in the complaint but in "plaintiff's memorandum of law in
opposition."  ECF 52.2; *Hunter*, 2015 WL 1527646 at *12.

[7]    For example, plaintiff's post-hoc attempt to connect Hudson's 2016 reviews to plaintiff's 2018 termination is
impermissible, implausible, and lacks the "temporal proximity" necessary to set forth an inference of retaliation.
Opp. 21; MTD 22–23.  The pleadings do not link Hudson's reviews to plaintiff's termination, and the Firm did not
"argue[] that Hudson's reviews triggered" his termination in its NYSDHR submission, as plaintiff now contends.
Opp. 21; *see* Decl. of D. Jeffries Ex. 2.  Separately, plaintiff cites *Richardson* v. *N.Y. State Dep't of Corr. Serv.*, 180
F.3d 426, 446 (2d Cir. 1999), for the proposition that a "series of actions" can be "characterized as adverse" even if
no individual action can.  Opp. 20.  *Richardson* is a harassment case, and inapposite; the plaintiff endured placement
of "manure in her parking space, hair in her food, a rubber band shot at her, and scratches on her car."  *Id*.  The court
held that "[w]hile a jury may find that Richardson has not suffered a materially adverse change in the terms and

any protected acts, much less retaliatory motivation.  MTD 15–17, 21–22.  Attempts to argue, for the first time in opposition, that specific defendants had knowledge of activities not mentioned in the complaint are improper.  *E.g.*, Opp. 24.  Neither "general corporate knowledge" nor the "bare allegations" of knowledge establish actual knowledge on their part.[8]  Nor, obviously, does wishful speculation.

As to the remaining Additional Defendants, even if participation in a "group" that "collectively decid[ed]" to terminate plaintiff were deemed to constitute an adverse action, plaintiff has not plausibly alleged knowledge of protected activity, much less retaliatory motivation, on the part of Brass, Birnbaum, or Wolfe, as set forth in detail at MTD 22–23.  Plaintiff's suggestion that a contrary ruling would leave all law firm associates without the ability to bring a discrimination claim absent termination, Opp. 21–22, misses the point, which is only that no actionable adverse employment action is attributable *to the Additional Defendants*.  MTD 10–20.

Plaintiff's new, speculative theories as to Brass, Birnbaum and Wolfe should not be credited.  For instance, plaintiff attempts to impute knowledge of protected activity to Brass by asserting that Brass was "directly asked about Cardwell's August 2016 complaint" about being removed from a deal, Opp. 28.  The complaint contains no such allegation, Am. Compl. ¶¶ 139–46, and instead explains that Cardwell posed his question to "Davis Polk Staffing Coordinator #1," who told him that she "was not sure what happened on that deal [with Mr. Brass] and [hasn't] talked with anyone since."  *Id.* ¶ 144; *accord* ¶ 146 ("Mr. Cardwell responded that he never received any

---

conditions of her employment, or that the incidents in question were not connected to plaintiff's litigation, Richardson's allegations clearly state a *prima facie* claim of retaliatory *harassment*."  *Id.* at 447 (emphasis added).

[8]   Opp. 25–26; *Stern* v. *State Univ. of N.Y.*, 2018 WL 4863588, at *18 (E.D.N.Y. Sept. 30, 2018) ("general corporate knowledge by the employer" insufficient; retaliation claims fail absent "information plausibility suggesting that [individual defendant] himself was aware of the . . . complaints").  Whether or not plaintiffs may plead facts "on information and belief," "[b]are allegations devoid of any underlying [factual] basis for [a plaintiff's] belief that [a party] had . . . knowledge" do not sustain a claim of "knowledge of protected activity."  *Id.*  Plaintiff's statement that defendants "do not assert that Hudson lacked knowledge of Cardwell's legally protected complaints" is contradicted by the plain language of the MTD.  Opp. 28, MTD 21–22.

explanation[.]").  As to Birnbaum and Wolfe, the Amended Complaint does not allege that they were told "that Cardwell made a complaint implicating them," Opp. 28; plaintiff simply speculates, in his brief, without support in the pleadings, that they *may* have been.  *Id.* 28, 29 n. 59 (calling his "September 2016 complaint . . . the type of complaint that every M&A staffing coordinator at the time, and in the following year . . . would have known about and discussed").  Such speculation does not satisfy the pleading standard.  *Stern*, 2018 WL 4863588, at *18.

>3.      Plaintiff's Aiding and Abetting Claims Against the
>        <u>Additional Defendants Should Be Dismissed</u>

Plaintiff's contention that claims for aiding and abetting cannot be dismissed where underlying claims remain live is wrong as a matter of law. *E.g.*, *Conde* v. *Sisley Cosmetics USA, Inc.*, 2012 WL 1883508, at *6 (S.D.N.Y. May 23, 2012) (dismissing aiding and abetting claim brought against individual even though claims against other defendants remained live).[9]  Equally unavailing is plaintiff's conclusory suggestion (without citation) that the complaint is "replete with examples of coordinated efforts" in the nature of aiding and abetting.  *Id.* n. 66.

**B.      All Claims Based Upon Time-Barred Discrete Acts Should Be Dismissed**

As set forth in defendant's opening brief, plaintiff's claims concern discrete acts, not a continuing violation, and should be dismissed to the extent they are time-barred.[10]  Plaintiff has pointed to no valid authority to the contrary.  Opp. 11–16.

---

[9]    Plaintiff mischaracterizes *Daniels*, which merely held that defendants remaining in a case following *voluntary* dismissal of a defendant could not invoke the rule that alleged aiders and abettors cannot be held liable following a *finding of* no liability on the part of the principal.  *Daniels* v. *Wesley Gardens Corp.*, 2011 WL 1598962, at *3 (W.D.N.Y. Apr. 27, 2011); Opp. 34.  Plaintiff's reliance on *Mosier* is similarly misleading. There, the court declined to rule on arguments of an individual defendant—whose "actions serve[d] as the [sole] predicate for the employer's vicarious liability"—that an aiding and abetting claim should be dismissed if a discrimination claim against his employer was dismissed.  *Mosier* v. *State Univ. of N.Y.*, 2020 WL 42830 (E.D.N.Y. Jan. 2, 2020).  Neither case deals with the requirement that plaintiff allege "that the aider and abettor share[d] the intent or purpose of the principal actor" and make "a showing of direct, purposeful participation." *Fried*, 2011 WL 2119748, at *7 (granting dismissal of aiding and abetting claims).

[10]   Defendants set forth relevant limitations periods at MTD 27 n.23 (Butler); 24–28 (others).  Plaintiff offers no substantive rebuttal to the fact that periods must be calculated separately for Butler.  Opp. 9–10.

As an initial matter, equitable tolling does not apply here. Opp. 17–18. A plaintiff—himself a lawyer—who alleges that he was contemporaneously aware of and discussed alleged misconduct in 2016 cannot credibly claim *a year later* that he was "unaware of his . . . cause of action" prior to filing his administrative charge.[11] Opp. 18; Am. Compl. ¶¶ 94, 141, 144–45 (describing allegedly contemporaneous conversations about purported discrimination).

Plaintiff's remaining arguments are equally baseless. For one, plaintiff does not dispute that he failed to check the box for "continuing action" in his administrative papers. MTD 26. Any claims of a continuing violation under Title VII—under any legal theory—have been abandoned. *Stinnett*, 278 F. Supp. 3d at 617.

But even were they not, plaintiff still does not plead a continuing violation—a theory "'heavily disfavored in the Second Circuit.'" MTD 25 (citing *Flores*, 2011 WL 3611340, at *3; *Henry-Offor*, 2012 WL 2317540, at *3). Plaintiff ignores the numerous authorities, including opinions of this Court, holding that performance reviews constitute discrete acts as a matter of law, not part of a continuing violation. MTD 26. "[C]ourts in this circuit have consistently rejected attempts to save otherwise time-barred claims by conclusory allegations," as here, "that a series of related discrete acts constituted a pattern or practice." *Mirasol*, 2006 WL 871028, at *4.[12] And plaintiff's attempt to argue, for the first time in his opposition brief, that the negative reviews amounted to a "policy" with a "disparate impact," Opp. 12, or to develop new theories of defendants'

---

[11] *Pell* v. *Trs. of Columbia Univ.*, 1998 WL 19989, at *8 (S.D.N.Y. 1998) (dismissing claims; no equitable tolling where *pro se* plaintiff was "acutely aware of the acts she perceived to be discriminatory or harassing"); *Tolton, et al.* v. *Jones Day*, 2020 WL 2542129, at *19 (D.D.C. May 19, 2020) (dismissing claim; no equitable tolling where complaint did not allege that plaintiff was unaware of the cause of action or that defendant did anything to conceal it from her).

[12] Plaintiff's citation to *Tolton*, Opp. 13 n.23, is inapposite; that case relates to the Lilly Ledbetter Fair Pay Act, which uniquely mandates that "each paycheck resulting from the original discriminatory compensation decision or other practice triggers a new filing period." 2020 WL 2542129 at *18 (quotation omitted).

"practices," Opp. 13, does not establish a continuing violation or a cognizable claim in an action for disparate treatment.[13]

Plaintiff's attempt to characterize a single person's (Bick's) alleged acts as a "policy of retaliating" likewise cannot save time-barred claims against other defendants. Opp. 13–16. It is well settled that "each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice," not a "policy" for purposes of the continuing violation exception. *Nat'l R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 114 (2002).[14]  Plaintiff's citations to the contrary are inapposite.[15]

Nor can plaintiff avoid dismissal by "disput[ing] the timing of" certain performance reviews by Chudd and Hudson. Opp. 11. Plaintiff's own complaint establishes that both partners' reviews were submitted outside the limitations period: Chudd delivered his review "[i]n December 2015," Am. Compl. ¶ 88, *see also* MTD 22 n. 18, and there were "two reviews submitted by Ms. Hudson, both in mid-2016," Am. Compl. ¶ 173 n. 24. Plaintiff's attempt to obfuscate the dates of the reviews—which were delivered to him contemporaneously, and which are concededly in his possession, *e.g.*, Decl. of D. Jeffries Ex. 2—should not be countenanced.

---

[13]  Plaintiff alleges "disparate treatment," Am. Compl. ¶¶ 67, 141, 238, not disparate impact; indeed, the gravamen of his complaint is that defendants "*violated* the Firm's" policies, not that policies had a disparate impact on him. *E.g.*, *id.* ¶¶ 168, 216.

[14]  Moreover, while all of the alleged discriminatory acts of Bick (as well as Reid) to which plaintiff points are false and will be proven to be so at the appropriate time procedurally, for present purposes at this stage of the proceeding they are evaluated as discrete acts as a matter of law, for the reasons outlined in defendants' opening brief, MTD 24–27. Allegations against Bick relating to performance reviews (Am. Compl. ¶¶ 97–109, 118; Opp. 13) are allegations of discrete acts, MTD 26, as are allegations (Am. Compl. ¶¶ 139–41, 166–68, 171–73) of failure to staff or reduction in responsibility (MTD 25), failure to communicate, (Opp. 14), (MTD 26), or "failures to investigate," *Rogers*, 2016 WL 889590, at *4 n.5  (Opp. 14).

[15]  *Sotomayor* v. *City of N.Y.*, 862 F. Supp. 2d 226, 250 (E.D.N.Y. 2012) (Opp. 15–16), actually observed that "the continuing violation doctrine [is] available in *harassment claims*, by contrast [to other types of claims], because '[t]he unlawful employment practice . . . cannot be said to occur on any particular day'") (emphasis added) (quoting *Morgan*, 536 U.S. at 115). *Fitzgerald* v. *Henderson*, 251 F.3d 345, 362 (2d Cir. 2001) (Opp. 13 n.24) was a sexual harassment suit involving specific, repetitive (daily) acts and comments towards plaintiff.

Plaintiff's claims, to the extent based upon time-barred discrete acts, as set forth in detail in defendants' opening brief, should be dismissed with prejudice.  MTD 24–28.

**C.      Plaintiff's Hostile Work Environment and Harassment Claims Should Be Dismissed**

Plaintiff's hostile work environment claim should be dismissed for failure to exhaust administrative remedies.  MTD 28.  Plaintiff brought no such claim in his agency action, and has failed to identify any such action in his opposition.  Opp. 30–31.  Plaintiff's after-the-fact attempts to reframe the legal theories he pursued administratively—while represented by sophisticated employment counsel—should be rejected.  *Id.*; *Parekh*, 2009 WL 290465, at *4–5 (administrative claim alleging discrete acts did not exhaust hostile work environment claim).

Plaintiff does not even attempt to explain how the sole allegation in his Complaint directed at hostile work environment—that he was not staffed "on a[n] M&A deal for . . . periods of time" beginning in September 2016 at the earliest, ¶ 276—satisfies the elements of such a claim, which requires plausible allegations of both subjective and objective harm.[16]  Opp. 31–32.  Plaintiff identifies no other allegations in his Amended Complaint in support of a hostile work environment claim; his attempts to do so now, for the first time in his opposition papers, should be rejected.  *Hunter*, 2015 WL 1527646 at *12.  Mere attempts to "recast . . . timely and time-barred claims of disparate treatment," none of which "suggest[s] the sort of objective hostility necessary to support a hostile work environment claim," cannot withstand dismissal.  *Rogers*, 2016 WL 889590, at *8.[17]

---

[16]   Even plaintiff's purported "complaint" to Goldberg suggests at most a *subjective* belief, not an allegation that plaintiff was in fact subjected to "inferior terms, conditions or privileges of employment" in a way that a reasonable person would find severe or pervasive.  MTD 30; Opp. 32.  The entirely unconnected acknowledgement of Cardwell's unhappiness, allegedly made nine months later in response to an exchange with Cardwell following his termination, likewise establishes neither a subjective nor objective basis for a hostile work environment claim.  Opp. 32.

[17]   For example, plaintiff now appears to claim, for the first time, that defendants "knowingly created an environment that internal and external consultants" recognized as problematic, that similarly-situated attorneys did not experience "deliberate disregard" of certain policies, and that partners "mockingly smil[ed]" at him, all without citation to any part of the Complaint.  Opp. 31–32.  Plaintiff also asserts, for the first time, that his hostile work environment claim turns on allegations of being "ignor[ed] . . . in the hallway," "blame[d] for others' mistakes," "threatened," and "terminated for making protected complaints," *id.*, some of which are new allegations, and the remainder of which are those supporting his claims for discrimination and retaliation.  But hostile work environment claims are different

Plaintiff's hostile work environment claim should be dismissed.  MTD 28–30.[18]

Plaintiff's one-line attempt to recharacterize his state-law harassment claim likewise should be rejected.  As pleaded, the claim was based solely on the allegation that certain unnamed partners "walked by Mr. Cardwell . . . knowing that they were not going to staff" him, and that interactions like "constantly being asked" by non-defendants "what type of legal matters one is working on" would be "humiliate[ng]."  ¶¶ 192–93.  These allegations are insufficient to state a claim.  MTD 30–31.  Plaintiff now attempts, in his opposition brief, to add allegations that were never made in his Amended Complaint.  *See, e.g.*, Opp. 32 (claiming that partners "mockingly smil[ed]" at plaintiff); *id.* (claiming that "M&A partners," as opposed to the single partner referenced in the Amended Complaint, ignored plaintiff in the hallway).  Such a tactic is manifestly improper.  Plaintiff's harassment claim should be dismissed.  MTD 30–31.

**D.     Plaintiff Has Abandoned His Section 1981 Aiding and Abetting Claim**

Plaintiff does not dispute that there is no cause of action under Section 1981 for aiding and abetting.  MTD 32.  The claim is abandoned.  *Stinnett*, 278 F. Supp. 3d at 617.

**E.     Defendants' Motion to Strike Was Timely**

Finally, plaintiff's allegation that defendants "knowingly falsified" his reviews and submitted false statements to a government agency is properly the subject of a motion to strike.  MTD 22 n.18; *see, e.g.*, *Davidson* v. *Dist. of Colum.*, 2010 WL 11583333, at *2–3 (D.D.C. June 4, 2010)

---

in kind from other claims; were it otherwise, every discrimination and retaliation claim would be pleaded twice, first on those theories and then under a hostile work environment theory.  This is not the law.  MTD 29–30 (citing, *e.g.*, *Rogers*, 2016 WL 889590, at *8 (observing that "a hostile work environment claim 'is a wholly separate cause of action designed to address other types of *work place* behavior, like constant jokes and ridicule or physical intimidation'")).

[18]    Even if not dismissed, any events prior to October 2016 are time-barred, for purposes of this claim; claims for hostile work environment may be "based on events outside" the limitations period only if "acts occurring before the . . . cutoff constitute part of the *same* actionable hostile work environment *practice*."  *Percy* v. *N.Y. (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 582 (S.D.N.Y. 2017) (emphasis added).  Plaintiff's claim identifies only one alleged "practice": that he was not staffed "on a[n] M&A deal" for periods of time.  ¶ 276.  (Plaintiff concedes this practice began no earlier than the start of his third year, in the fall of 2016, ¶¶ 165, 169; it could not have begun in any month in which his hours (234.7, in September 2016) concededly remained well above the Firm "average."  ¶ 176.)

9

(granting motion to strike and holding that "allegations against Plaintiffs and their counsel are scandalous insofar as such unproven allegations accuse counsel of committing a fraud upon the Defendant and this Court"). Defendants' motion (made in response to both the Complaint and the Amended Complaint) likewise was timely; the Court granted extensions of time "to answer or otherwise respond to the [A]mended [C]omplaint" to April 30, 2020, ECF 38, 40, 42, and "[t]he effect of an unconditional order extending the time to answer is to extend the time for taking any action which by the Federal Rules is permitted to be taken before answering, including submission of a motion to strike." 27A Fed. Proc., L. Ed. *Pleadings and Motions* § 62:394 (2020); *accord* 5C Charles Alan Wright & Arthur R. Miller, *Federal Prac. and Proc.* § 1380 (3d ed. 2020); *Saylavee LLC* v. *Hockler*, 228 F.R.D. 425, 426 n.2 (D. Conn. 2005) (holding, after defendant had already filed a motion to dismiss and then later moved to strike certain sections of the complaint, that the motion was "in fact timely" because "defendants have yet to file an answer to the complaint"). For the reasons set forth in defendants' opening brief, the motion to strike should be granted.

## CONCLUSION

For the reasons set forth above and in their opening brief, defendants respectfully request that the Court dismiss with prejudice[19]: (i) all claims against the Additional Defendants; (ii) all claims to the extent that they are barred by the applicable statutes of limitations; (iii) the hostile work environment and harassment claims against all defendants; and (iv) all aiding and abetting claims under Section 1981, and (v) that the Court deny plaintiff's request for a second opportunity to amend his complaint.

---

[19] Plaintiff was "aware of the deficiencies in his complaint when he first amended, [and] clearly has no right to a second amendment even if the proposed second amend[ment] . . . cures the defects of the first." *Nat'l Credit Union Admin. Bd.* v. *U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (quotation omitted). Even the dozens of new allegations in his opposition fail to salvage his claims; amended pleadings also would not. Opp. 35 n. 68.

Dated: June 16, 2020
      New York, New York

           Respectfully submitted,

           PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

           By: /s/ Bruce Birenboim
                Bruce Birenboim
                Jeh C. Johnson
                Susanna Buergel
                Marissa C.M. Doran

           1285 Avenue of the Americas
           New York, New York 10019-6064
           Telephone: (212) 373-3000
           bbirenboim@paulweiss.com
           jjohnson@paulweiss.com
           sbuergel@paulweiss.com
           mdoran@paulweiss.com

           *Attorneys for Defendants*