**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KALOMA CARDWELL,<br><br>      Plaintiff,<br><br>-against-<br><br>DAVIS POLK & WARDWELL LLP, THOMAS REID, JOHN BICK, WILLIAM CHUDD, SOPHIA HUDSON, HAROLD BIRNBAUM, DANIEL BRASS, BRIAN WOLFE, and JOHN BUTLER<br><br>      Defendants. | CA NO. 1:19-cv-10256 (GHW) |

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIF

Pursuant to Southern District of New York Local Civil Rule 1.4, the Law Offices of Martin E. Restituyo, P.C. (hereinafter referred to as "Counsel") hereby submits this memorandum of law in support of its motion for an order permitting it to withdraw as counsel of record for Plaintiff, Kaloma Cardwell (hereinafter "Plaintiff"), on the grounds of non-payment of fees and divergent and irreconcilable views regarding the litigation strategy to employ in this matter. Plaintiff's counsel has not made a previous application for similar relief.

### BACKGROUND

Plaintiff commenced this action on November 4, 2019, with Counsel as one of two firms working collaboratively to represent him. An initial pretrial conference for this matter was held on December 20, 2019, wherein a Scheduling Order was entered granting, among other things, the defendants until February 10, 2020, to answer or otherwise move with respect to Plaintiff's complaint. On February 10, 2020, the defendants moved to dismiss the Complaint, wherein on March 2, 2020, Plaintiff responded via the filing of an amended complaint. On March 3, 2020, the defendants' motion to dismiss was denied as moot in light of the amended complaint. On

April 30, 2020, the defendants filed a motion to dismiss the amended complaint. As of June 16, 2020, that motion is fully briefed and awaiting the Court's decision. With respect to this case, there are no other motions pending before the Court at this time.

## ARGUMENT

An order permitting the withdrawal of counsel of record may be granted "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal..." S.D.N.Y. Local Rule 1.4. Here, such satisfactory reasons plainly exist, and withdrawal should be permitted. Accordingly, Plaintiff's Counsel seeks permission to withdraw from the representation of Plaintiff, Kaloma Cardwell, in this matter because of non-payment of fees and because of divergent and irreconcilable views regarding the litigation strategy to employ in this matter.

The Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)). Similarly, this Court consistently has found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons include failure to pay legal fees.")(internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July

8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation). Here, Plaintiff paid the initial retainer in November of 2018 and has henceforth failed to make any additional financial contributions to the Counsel's representation of him in this matter.

Accordingly, courts regularly grant counsel's motion for leave to withdraw where, as here, a client fails to pay fees for legal services rendered or is unable or unwilling to pay for services to be rendered in the future. Thus, in light of Plaintiff's failure to pay Counsel for its legal fees, Counsel's motion to be relieved as counsel of record for the Plaintiff should be granted.

Additionally, The Second Circuit has acknowledged that under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." "'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds"

3

for an attorney to withdraw); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw."). Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (*quoting Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); *citing Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14-16 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8). Withdrawal was also allowed where disagreement over witnesses arose. *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed and which witnesses to call).

Plaintiff and Counsel have diverging and irreconcilable views with respect to the appropriate strategy to employ in this litigation. The dispute has caused irreparable harm to the attorney client relationship and Counsel's ability to zealously represent Plaintiff has been

seriously compromised.

Finally, since Plaintiff is currently represented by two attorneys (David Jeffries, Esq. and Counsel) who were retained simultaneously and have represented him throughout, Counsel's withdrawal from this matter will cause neither delay nor undue hardship on Plaintiff. The continuation of David Jeffries in this matter eliminates any prejudice that would typically befall the parties when a change of counsel occurs.

## CONCLUSION

For all the foregoing reasons the Law Offices of Martin E. Restituyo, P.C., respectfully requests that the Court enter an order permitting it to withdraw from this action and from the representation of Plaintiff, Kaloma Cardwell.

Dated: New York, New York
       June 19, 2020

By: Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 33rd Floor
New York, New York 10105
(212) 729-7900