# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3165

WRITER'S DIRECT FACSIMILE
(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS
bbirenboim@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE
JONATHAN S. KANTER
BRAD S. KARP
PATRICK N. KARSNITZ

JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
DAVID R. SICULAR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

June 30, 2020

**By ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP, et al.*
<u>19-cv-10256-GHW (S.D.N.Y.)</u>

Dear Judge Woods:

Pursuant to Rule 2(C)(ii) of Your Honor's Individual Rules of Practice in Civil Cases, the parties respectfully submit this joint letter requesting a pre-motion discovery conference.

I. **Defendants' Statement**

Plaintiff has failed to comply with any of his discovery obligations, in contravention of the Federal Rules of Civil Procedure (the "Rules") and the Court's December 20, 2019 Civil Case Management Plan and Scheduling Order (the "Order").

*First*, under the Court's Order, plaintiff was required to serve his document requests and interrogatories no later than March 2, 2020. Plaintiff did not do so. Plaintiff's failure to comply with the Court's Order preceded the onset of COVID-19-related restrictions in New York, and, in any event, plaintiff never sought an extension of the deadline from defendants or the Court. Plaintiff's time to serve written discovery has therefore expired under the Court's Order.

*Second*, defendants served their written discovery in compliance with the Court's Order, and plaintiff did not serve any responses or objections by the deadline set forth in the Rules (April 2, 2020). Nor has plaintiff produced a single responsive document or answered a single interrogatory. Plaintiff is therefore in default on all of this written discovery and has waived any objections to defendants' discovery. Putting aside any delays that may arguably stem from the COVID-19 situation, plaintiff has had *over three months* to produce his documents and to answer defendants' interrogatories. He has not done so.

Defendants have made multiple attempts to procure discovery from plaintiff and to resolve this dispute with plaintiff's counsel without need for court intervention.

On April 30, 2020, defendants' counsel advised plaintiff's counsel that plaintiff had failed to respond to defendants' document requests and interrogatories, and requested a "definitive schedule" by which plaintiff intended to comply with his discovery obligations. Plaintiff's counsel failed to respond, except to acknowledge receipt, for two weeks. On May 18, through counsel, plaintiff sought defendants' consent to serve delinquent (i) "responses and objections to [defendants'] outstanding requests" and (ii) plaintiff's "own discovery requests within 30 days of [his] response to the motion to dismiss," contending that this proposal would "not compromise the current September 16, 2020 fact discovery deadline."

Defendants' counsel requested a meet and confer, and counsel for the parties (Messrs. Jeffries and Restituyo, for plaintiff, and Mr. Birenboim and Mses. Buergel and Doran, for defendants) met and conferred on June 10 for approximately half an hour by telephone. On the call, Mr. Restituyo conceded that defendants had a "right to receive" the materials requested on March 2; that "there was no compliance" with the Court's Order; and that there was "no excuse" for plaintiff's failures to comply.

Defendants' counsel explained that they could not accept plaintiff's proposal as outlined—a request to serve delinquent discovery with no reasonable explanation for why plaintiff had flouted the Court's Order and with no proposed corresponding adjustment to the case schedule—and that they were troubled by plaintiff's lack of communication and failure to prosecute the case. Defendants' counsel reminded plaintiff's counsel that plaintiff's counsel had urged an expedited schedule; that the Court had set discovery timelines in part in recognition of the complexities involved for the Firm in review and production of privileged material; and that plaintiff's proposal would in effect deprive defendants of the time granted them in recognition of

these complexities. Defendants' counsel asked again that plaintiff's responses to defendants' outstanding discovery be sent immediately. A week later, on June 17, plaintiff's counsel wrote to defendants' counsel, purporting to "follow[] up" on the June 10 meet and confer, but merely requesting defendants' "position" on plaintiff's May 18 proposal—the very proposal defendants' counsel had explained defendants could not accept.[1] Two days later, Mr. Restituyo moved to withdraw from the case. On June 22, defendants' counsel sent an additional letter to plaintiff's counsel setting forth the position above and requesting that plaintiff advise defendants not later than close of business on June 23 when he planned to produce responsive documents and responses to defendants' interrogatories. Plaintiff's counsel ignored that requested deadline, but responded on June 25 indicating that plaintiff plans to respond to defendants' requests and interrogatories and "simultaneously serve our demands and interrogatories" and proposing a meet and confer for June 26.

Counsel for the parties (Mr. Jeffries, for plaintiff, and Mr. Birenboim and Mses. Buergel and Doran, for defendants) again met and conferred on June 26 for approximately half an hour by telephone. The parties were not able to resolve their disputes at the June 26th meet and confer. Plaintiff's counsel initially attempted to attribute plaintiff's failures to comply with his discovery obligations to the COVID-19 crisis, but after being reminded that they predated the crisis, conceded that plaintiff's failures to comply with his discovery obligations had had a "material effect" on the litigation and that any purported explanation for these failures, and the corresponding lack of communication, would "be an excuse." Plaintiff's counsel further conceded that he did not view these failures as "no harm, no foul." Plaintiff's counsel committed to completing plaintiff's document production in response to defendants' outstanding discovery requests, and to answering defendants' interrogatories, no later than July 4th, but defendants have not yet received any documents or interrogatory answers. Moreover, plaintiff's counsel has indicated that plaintiff intends to serve written discovery on defendants, also by July 4th, without leave of Court and without explanation for plaintiff's complete failure to abide by his discovery obligations and the Court's December 20th Order, a position defendants reject.

Accordingly, defendants respectfully request that the Court issue an order (i) requiring plaintiff to produce all non-privileged documents responsive to defendants' March 2, 2020 requests not later than July 4, 2020, and to serve an associated privilege log not later than July 18, 2020; (ii) requiring plaintiff to answer defendants' interrogatories in full not later than July 4, 2020; and (iii) finding that plaintiff's time to serve written discovery, including document requests and interrogatories, has expired under the Court's December 20, 2019 Order.[2]

---

[1] Plaintiff referred to a purported obligation, on defendants' part, to produce documents called for by the Southern District's Pilot Discovery Protocols for Counseled Employment Cases (the "Pilot Program"). As explained to plaintiff on June 10, there is no obligation to produce these documents until 30 days after filing of an Answer, and referral to mandatory mediation, in this case. Because no Answer has been filed, defendants have no obligation to produce documents at this time in connection with the Pilot Program. Prior to COVID-related disruptions, the parties had scheduled a private mediation for May 12 before a mutually-agreeable mediator. Defendants agreed, at plaintiff's request, to cover associated costs. Defendants remain willing to make a targeted production following the contours of the Pilot Program in connection with an eventual private mediation.

[2] In the event the Court were to determine that plaintiff is entitled to serve written discovery at this time despite his prior discovery defaults, defendants respectfully request that the trial schedule be extended to reflect the time

## II. Plaintiff's Statement

Despite Plaintiffs' good-faith request for a reasonable extension of certain initial discovery deadlines in the case management plan ("CMP"), Defendants denied such request on the basis that Plaintiff has waived all entitlement to: (1) propound *any* written discovery because it was not served by March 2; and (2) object to the document requests and interrogatories that Defendants propounded on March 2.[3] For the reasons set forth *infra*, the extraordinary and supported relief that Defendants seek should be denied.

*First*, regarding Plaintiff's initial discovery obligations, it is undisputed that Plaintiff did not propound written discovery on March 2, or respond to the requests that Defendants served on March 2 (responses to which were due on April 2). However, both of Defendants' waiver arguments are wholly inappropriate given Plaintiff's demonstrated good cause for the delay.

As Defendants are well aware, the above deadline hit in the midst of an unprecedented public health crisis and global pandemic.[4] This crisis undoubtedly frustrated Plaintiff's ability to collect documents needed to propound and respond to Defendants' discovery demands, including because (1) Plaintiff was sheltering in place with his family in North Carolina (from March until just last week) and, thus, he did not have physical access to the full set of responsive records and data to be reviewed and produced in this case, and (2) he experienced COVID-19 symptoms that impeded his ability to advance certain aspects of discovery during his weeks-long recovery.[5]

The disruption caused by COVID-19 should come as no surprise to Defendants, given their April 30 acknowledgment and "recogni[tion] [of]the serious disruptions caused by the present crisis," which resulted in their initial "willing[ness] to discuss [discovery and mediation related] issues if helpful." *See* **Exhibit 1** (April 30, 2020 Ltr. from Defendants to Plaintiff). In response to that very invitation, Plaintiff informed Defendants on May 18 that COVID-19 had impeded his discovery efforts and Plaintiff sought consent to serve responses and objections and serve his own requests within 30 days of Plaintiff's response to the motion to dismiss. *See* **Exhibit 2** (May 18, 2020 Email from Plaintiff to Defendants). Although Defendants' counsel agreed to take the request back to their client, Defendants did not provide a substantive response to the

---

(approximately four months) that has been lost as a result of plaintiff's failure to comply with the Court's December 20, 2019 Order and to provide defendants with the time they would have had to collect, review and produce responsive documents had plaintiff complied with the Court's Order in the first instance.

[3] At the threshold, Defendants' assertion that "Plaintiff has failed to comply with any of his discovery obligations" is false, as the parties exchanged Rule 26(a)(1) initial disclosures in January 2020 and Defendants raised no issues with Plaintiff's disclosures.

[4] On March 7, in response to the public health crisis, Gov. Cuomo declared a state of emergency. On March 20, 2020, Gov. Cuomo signed an executive order directing all non-essential retailers and businesses to close, and for residents across the state to stay home as much as possible in an effort to stop the spread of coronavirus.

[5] Should the Court require additional information to satisfy the good-cause standard, Plaintiff is willing to provide additional context for the personal impact that the pandemic had on Plaintiff during the relevant period.

proposal until June 10—nearly one month after it was made. When Defendants did, they refused to grant Plaintiff's modest request, insisting that waiver was only suitable path forward.

Despite their position, courts are clear that "waiver is generally imposed ***only where*** the party is unable to provide an explanation for its late response," and where such an explanation has been provided, "the harsh sanction of forfeiture of objections is ***not appropriate***." *Callaway Golf Co. v. Corporate Trade Inc.*, 2011 WL 1642377, at *2 (S.D.N.Y. Apr. 25, 2011) (emphases added). Because the sanction of waiver is disproportionate to the alleged offense—particularly in light of the good cause shown for Plaintiff's inability to meet the dates set forth in the CMP—Plaintiff respectfully requests that the Court permit him to serve responses and objections to Defendants' requests for production and interrogatories by July 18.

Regarding Plaintiff's ability to propound discovery, Defendants cite no authority for the severe position that they ask the Court to endorse—namely, that Plaintiff has waived the ability to serve ***any*** "written discovery, including document requests and interrogatories," on the basis that it "has expired under the Court's December 20, 2019 Order" (*infra* at 3). The very provision upon which Defendants rely states that "***[i]nitial*** requests for production of documents . . . shall be served by March 2" and limited "[i]nterrogatories pursuant to Rule 33.3(a) of the Local Civil Rules . . . shall be served by March 2" (ECF No. 27). Nowhere in the CMP does it state that *all* such discovery must be served by that date—nor could it, with a fact discovery deadline three months away.[6] In any event, because Plaintiff has offered a good-faith basis for delay and "the Court may, in its discretion, excuse [such] delay," *Melendez v. Greiner*, 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003), Plaintiff respectfully requests that the Court also permit him to serve document requests and Local Rule 33.3 interrogatories by July 18.[7]

---

[6] Defendants' position is particularly unsupported given the parties' ability to serve discovery until August, given the current fact discovery cutoff—as Plaintiff consistently stressed during the meet and confer process.

[7] *See also Davis v. City of New York*, 1988 WL 42189, at *2 (S.D.N.Y. Apr. 28, 1988) ("It is well settled that the protections and sanctions . . . in the discovery rules are not absolute and contemplate use of judicial discretion.").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Gregory H. Woods									6

Respectfully submitted,

| DAVID JEFFRIES, ATTORNEY AT LAW | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
|---|---|
| By: /s/ David Jeffries | By: /s/ Bruce Birenboim |
| David Jeffries (djeffries@jeffrieslaw.nyc) | Bruce Birenboim (bbirenboim@paulweiss.com) Jeh C. Johnson (jjohnson@paulweiss.com) Susanna Buergel (sbuergel@paulweiss.com) Marissa C.M. Doran (mdoran@paulweiss.com) |
| 1345 Avenue of the Americas New York, New York  10019 Telephone:  (212) 601-2770 | 1285 Avenue of the Americas New York, New York  10019-6064 Telephone:  (212) 373-3000 |
| *Counsel for Plaintiff Kaloma Cardwell* | *Counsel for Defendants Davis Polk & Wardwell LLP, John Bick, Harold Birnbaum, Daniel Brass, John Butler, William Chudd, Sophia Hudson, Thomas Reid, and Brian Wolfe* |