UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>                              Plaintiff,<br><br>v.<br><br>DAVIS POLK & WARDWELL LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler,<br>                              Defendants. | 1:19-cv-10256-GHW |

### DECLARATION OF DAVID JEFFRIES IN SUPPORT OF THE MOTION TO MODIFY THE COURTS SCHEDULING ORDER

I, David Jeffries, declare pursuant to 28 U.S.C. § 1746 as follows::

1. I am Counsel (hereinafter "Counsel") for plaintiff (hereinafter "Cardwell") in this action.

2. I submit this Declaration in support of the instant motion to modify the Court's scheduling order.

3. Counsel seeks permission to serve discovery demands on Defendants after the deadline for such requests has passed.

4. On November 4, 2019, this action commenced with the filing of a complaint.

5. On December 20, 2019, a preliminary conference was held in this matter.

6. The parties were assigned a scheduling order directing, among other things that initial requests for production of documents pursuant to Fed. R. Civ. P. 34 and interrogatories pursuant to Rule 33.3 (a) of the Local Civil Rules of the Southern District of New York be served by March 2, 2020.

7. On February 10, 2020, the Defendants moved to dismiss the complaint.

8. Counsel and Cardwell worked diligently to file an amended complaint by March 2, 2020.

9. Counsel failed to timely serve discovery requests by March 2nd in accordance with the Court's scheduling order or seek an extension of said deadline.

10. Counsel did not inform Cardwell of the March 2nd deadline to serve discovery.

11. In the days immediately following March 2, 2020, Counsel observed the increasing severity of the COVID-19 pandemic and focused on making adjustments necessary to minimize disruption to his various and ongoing legal matters on a real time basis.

12. On April 30, 2020, Defendants filed a partial motion to dismiss the amended complaint and sent Counsel a letter requesting "a definitive schedule" by which plaintiff intended to comply with his discovery obligations and noting "[w]e recognize the serious disruptions caused by the present crisis, and remain willing to discuss these issue if helpful."

13. Counsel informed Cardwell of the March 2, 2020 deadline on May 8, 2020 in connection with Defendants' April 30, 2020 letter. At this time, plaintiff was sheltering in place in North Carolina and did not have access to all documents and information needed to answer Defendants' discovery requests.

14. As a result of COVID-19's impact on Counsel's legal matters and the interrelated impact of COVID-19 and plaintiff's family hardships, Counsel was not able to fully respond to Defendants' April 30, 2020 letter until May 18, 2020.

15. On May 18th, Counsel contacted Defendants and sent the following email, which included plaintiff's discovery proposal: "[W]e appreciate your 'willingness to discuss' the 'serious disruptions caused by the present crisis,' and, specifically, the impact of such disruptions on discovery…. [W]e seek your consent to serve responses and objections to your outstanding requests and serve our own within 30 days of our response to the motion to dismiss. Under [plaintiff's] proposal, both parties will propound its requests by

July 4, 2020, and the extension will not compromise the current September 16, 2020 fact discovery deadline. Please let us know if Defendants consent so that we can apprise the Court of your position."

16. On May 18, 2020, Defendants acknowledged receipt of plaintiff's discovery proposal and stated in two separate emails that Defendants' counsel would discuss plaintiff's proposal with Defendants and follow-up with Defendants' response.

17. Counsel and Cardwell worked diligently from April 30, 2020 through June 4, 2020, to file his opposition to Defendants' partial motion to dismiss by June 4, 2020.

18. On June 5, 2020, over two weeks after Counsel sent plaintiff's discovery proposal, Defendants contacted Counsel to request a meet and confer about outstanding discovery but did not comment on plaintiff's May 18, 2020 proposal.

19. In response to Defendants' June 5, 2020 email and request, Counsel sent Defendants an email where he (i) agreed to meet and confer and (ii) explicitly reminded Defendants of plaintiff's May 18, 2020 discovery proposal.

20. During a meet and confer on June 10, 2020, Defendants; counsel informed Counsel that Defendants would not consent to the proposal as of June 10, 2020 but explicitly remarked that they would take the proposal back to Defendants for further consideration.

21. On June 17, 2020, counsel followed up with Defendants' counsel to ascertain whether Defendants' had decided their position to the May 18, 2020 proposal. Counsel's June 17, 2020 email stated: "I am following up on our last conversation. As discussed, the proposal that we submitted to you on 5/18/2020 accounts for the pandemic's impact on discovery, including my client's ability to access information and documentation that you

requested. We repeat our request and ask again that you please let us know your client's position on our proposal."

22. Defendants' replied to counsel's June 17, 2020 email on June 22, 2020 and, for the first time, indicated that Defendants rejected plaintiff's May 18, 2020 discovery proposal and would not consider it any further.

23. On June 25, 2020, counsel informed Defendants that "[c]onsistent with our May 18th letter we are in the process of responding to your interrogatories and document requests. We are working to exceed the July 4th target date within our proposal…. To the extent that you intend to file a joint letter on Monday please provide us a draft tomorrow so that we can provide our inserts. If it remains reasonable for us to meet and confer I am available at 3pm."

24. The parties had a final meet and confer on June 26, 2020, but were unable to reach an agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
July 13, 2020

David Jeffries