UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KALOMA CARDWELL,

                  *Plaintiff*,

   v.

DAVIS POLK & WARDWELL LLP,
THOMAS REID, JOHN BICK, WILLIAM
CHUDD, SOPHIA HUDSON, HAROLD
BIRNBAUM, DANIEL BRASS, BRIAN
WOLFE, and JOHN BUTLER,

                  *Defendants*.

19 Civ. 10256 (GHW)

---

# DEFENDANTS' MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFF'S MOTION TO
# <u>SERVE UNTIMELY DISCOVERY</u>

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019–6064
Tel.: (212) 373–3000
Fax: (212) 757–3990

*Attorneys for Defendants*

Dated: July 16, 2020

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Burgos-Martinez* v. *City of Worcester*,
  345 F. Supp. 3d 105 (D. Mass. 2018) .................................................................................. 4, 5

*Carr* v. *Queens-Long Island Med. Grp., P.C.*,
  2003 WL 169793 (S.D.N.Y. Jan. 24, 2003) ...................................................................... 3, 4, 7

*Chira* v. *Lockheed Aircraft Corp.*,
  634 F.2d 664 (2d Cir. 1980) .................................................................................................... 5

*Hnot* v. *Willis Grp. Holdings Ltd.*,
  2006 WL 2381869 (S.D.N.Y. Aug. 17, 2006) ......................................................................... 6

*Gullo* v. *City of N.Y.*,
  540 F. App'x 45 (2d Cir. 2013) ............................................................................................... 3

*Jackson* v. *Federal Exp.*,
  766 F.3d 189 (2d Cir. 2014) .................................................................................................... 6

*Leidig* v. *BuzzFeed, Inc.*,
  258 F. Supp. 3d 397 (S.D.N.Y. 2013) ................................................................................. 5, 6

*Link* v. *Wabash R. Co.*,
  370 U.S. 626 (1962) ................................................................................................................ 5

*Lucio* v. *N.Y.C. Dep't of Educ. & Marie Douyon*,
  2013 WL 12084546 (S.D.N.Y. May 16, 2013), *aff'd on other grounds*,
  575 Fed. Appx. 3 (2d Cir. 2014) ............................................................................................. 5

*Mahoney* v. *Yamaha Motor Corp. U.S.A.*,
  290 F.R.D. 363 (E.D.N.Y. 2013) ......................................................................................... 4, 7

*Parker* v. *Columbia Pictures Indus.*,
  204 F.3d 326 (2d Cir. 2000) .................................................................................................... 3

*Rosario-Diaz* v. *Gonzalez*,
  140 F.3d 312 (1st Cir. 1998) ................................................................................................... 5

*Rupp* v. *City of Buffalo*,
  328 F.R.D. 69 (W.D.N.Y. 2018) ............................................................................................. 4

*Scott* v. *N.Y.C. Dep't of Corr.*,
  445 F. App'x 389 (2d Cir. 2011) ............................................................................................. 5

*United States* v. *Fireman's Fund Ins. Co.*,
    2001 WL 88226 (S.D.N.Y. Jan. 31, 2001) ...............................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 6 ..............................................................................................................................5

Fed. R. Civ. P. 16 ...................................................................................................................3, 4, 5, 7

Defendants respectfully submit this memorandum of law in opposition to plaintiff's motion to modify the scheduling order to permit the service of delinquent discovery requests.

Rather than demonstrating good cause, plaintiff's motion establishes his disregard of the Court's discovery deadlines. Nothing excuses his failure to communicate with, or seek extensions from, defendants or the Court. While defendants recognize and are sympathetic to the burdens and dislocations imposed on plaintiff by the current health crisis, plaintiff's brief makes clear that this was not, in fact, a cause of his failure to follow the Court's orders. And the relief plaintiff seeks—the right to serve written discovery more than four months late—cannot be granted absent a wholesale upending of the Court's case schedule. For the reasons discussed below, plaintiff's motion should be denied.

## STATEMENT OF FACTS

On December 20, 2019, after plaintiff's counsel pressed for expedited discovery and urged the Court not to stay the matter pending resolution of defendants' anticipated motion to dismiss (as defendants had requested), the Court entered a scheduling order that set March 2, 2020 as the deadline for the exchange of interrogatories and requests for production. ECF 27 (the "Scheduling Order"); *accord* Dec. 20, 2019 Tr.[1]

There is no dispute that plaintiff's two lawyers were aware of this deadline and failed to meet it. ECF 61-1 at 1; ECF 61-2 (Jeffries Decl.) ¶ 9. Nor is there any dispute that Mr. Cardwell was in New York and able to "work[] tirelessly" in the days leading to March 2, irrespective of the beginnings of the COVID health crisis. ECF 61-3 (Cardwell Decl.) ¶¶ 6, 10, 11. Any suggestion that plaintiff was unaware of the March 2 deadline is irrelevant, as discussed below, and implausible, particularly given the parties' joint submission of a draft scheduling order

---

[1] *Id.* at 26:6 (Restituyo: "we vehemently oppose"), 29:4–7 ("we will be seeking definitely information").

1

reflecting consent of the parties and consultation with plaintiff.[2]

When entering its Scheduling Order, the Court admonished the parties that the deadlines in the scheduling order "are real deadlines," Dec. 20, 2019 Tr. at 36:9; that the parties should be "working to resolve and/or litigate the case fully," *id.* at 38:16–17; and that litigants "should not expect" that the Court would "necessar[il]y find good cause in the fact that you chose to focus on something else rather than this matter," *id.* at 38:11–13.

Plaintiff's counsel thereafter were reminded of the Scheduling Order on multiple occasions, including when, on March 2, defendants served their own written discovery "pursuant to Judge Woods's December 20, 2019 Scheduling Order." Buergel Decl. Ex. C.[3] Even with these reminders, plaintiff failed to "seek an extension of said deadline" from defendants or the Court for months. ECF 61-2 (Jeffries Decl.) ¶ 9.

Plaintiff now asserts, for the first time, that he "did not appreciate the relevance of" the March 2 deadline until May 8, ECF 61-1 at 5, and that "[a]s soon as Cardwell and Jeffries realized that the March deadline was missed, they immediately began discussing how to cure the deficiency"—a position inconsistent, at a minimum, with counsel's failure to act until pressed by defendants. ECF 61-1 at 10.

Plaintiff's lawyers have offered no excuse for their failure to abide the Scheduling Order. To the contrary, Mr. Restituyo conceded, in a June 10 meet and confer call, that there was "no excuse" for plaintiff's failure to comply. ECF 57 at 2; Buergel Decl. ¶ 6. Mr. Jeffries, for his

---

[2]  Prior to submission of the draft Scheduling Order, plaintiff's counsel represented that they were "meeting with our client . . . to discuss," *inter alia*, a "change in date" in the proposed draft. Buergel Decl. Ex. A.

[3]  For example: on January 18, counsel for defendants sought consent from plaintiff's counsel, "in advance of Monday's deadline to exchange initial disclosures," to serve "discovery exchanges (e.g. requests for production, interrogatories, and production letters)" by email. Buergel Decl. Ex. B. Plaintiff's counsel consented. *Id.* On March 2, counsel for defendants served a first set of requests for production and interrogatories "pursuant to Judge Woods's December 20, 2019 Scheduling Order." *Id.* Ex. C. Plaintiff's counsel acknowledged receipt. *Id.*

part, identifies no excuse at all in his affidavit, much less good cause; he contends only that in the days "immediately *following*" the March 2 deadline, he made "adjustments" in his practice. ECF 61-2 (Jeffries Decl.) ¶¶ 8–11. As to the period prior to the deadline, Mr. Jeffries concedes that he chose to devote his time to the preparation of "an amended complaint." *Id.* ¶ 8; *accord* July 7, 2020 Tr. at 9:12–10:2.

Prior to the filing of the pending motion, counsel for plaintiff did not dispute that the relief sought—the right to serve months-delinquent written discovery—could not be granted consistent with the timetables set forth in the Scheduling Order. Plaintiff's counsel also conceded, on a June 26 meet and confer call, that plaintiff's failures to comply with his discovery obligations have had a "material effect" on the litigation. ECF 57 at 3 (Restituyo); Buergel Decl. ¶ 7. Before the Court on July 7, Mr. Jeffries conceded that he did not "believe that that time frame is at all able to be met at this point in time." July 7, 2020 Tr. at 18:18–20.[4] Plaintiff now contends, inexplicably, that only a "slight modification" is necessary as a result of his noncompliance. ECF 61-1 at 14.

## ARGUMENT

A.  **Applicable Law**

Federal Rule of Civil Procedure 16(b)(4) provides that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A finding of "good cause" depends "on the diligence of the moving party." *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The opposing party need not establish prejudice. *Gullo* v. *City of N.Y.*, 540 F. App'x 45, 47 (2d Cir. 2013) (upholding finding of lack of good cause).

Courts have broad authority to enforce Rule 16, including by denying the right to

---

[4]  Plaintiff's remaining assertions are irrelevant. For brevity, defendants incorporate by reference their submission at ECF 57; any suggestion, in particular (*see* ECF 61-2 (Jeffries Decl.) ¶¶ 20–22; July 7, 2020 Tr. at 18:13–16), that defendants waited until June 22 to confirm they could not accept a proposal to serve delinquent discovery without good cause, leave of the Court, and a corresponding scheduling extension is false. Defendants reached out to schedule a meet and confer call on June 5 and set forth their position in detail on June 10. ECF 57 at 2–3 (describing meet & confer); *accord* Buergel Decl. ¶ 6; Ex. D.

3

serve delinquent discovery or awarding costs and fees incurred because of a party's noncompliance. *E.g.*, *Rupp* v. *City of Buffalo*, 328 F.R.D. 69, 70 (W.D.N.Y. 2018) (denying request for 90-day extension of discovery deadlines where counsel waited months to serve any discovery other than initial disclosures); *Carr* v. *Queens-Long Island Med. Grp., P.C.*, 2003 WL 169793, at *1, *4, *5 (S.D.N.Y. Jan. 24, 2003) (finding, where plaintiff's counsel "fail[ed] to notify his adversaries of his inability to comply with court-imposed deadlines," that defendants were entitled to "costs that could have been avoided by cooperation in the discovery process, including the simple expedient of communicating with counsel and requesting an extension"); *Mahoney* v. *Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 369 (E.D.N.Y. 2013) (sanctioning lawyer who "failed to (1) comply with the pretrial Case Management Order; (2) respond to discovery demands; and (3) serve any discovery demands").

Courts also have denied motions to compel responses to discovery requests that were not timely served, *Burgos-Martinez* v. *City of Worcester*, 345 F. Supp. 3d 105, 107 (D. Mass. 2018), and have granted summary judgment even in cases in which a party has failed to conduct any discovery. *United States* v. *Fireman's Fund Ins. Co.*, 2001 WL 88226, at *6 (S.D.N.Y. Jan. 31, 2001) (citing lawyer's attendance at pretrial conference and party's failure to "request documents or serve interrogatories" before the "deadline set forth in the case management plan.").

### B. Plaintiff Has Forfeited the Right To Serve Written Discovery

Plaintiff has failed to satisfy Rule 16's good cause standard and therefore should not be permitted to serve delinquent discovery.

#### 1. A Lawyer's Decision To Prioritize Other Work Does Not Satisfy the "Good Cause" Standard

Plaintiff's counsel contends that the reason he failed to comply with the March 2 deadline was his focus on other aspects of the matter, including preparation of plaintiff's amended complaint. ECF 61-2 (Jeffries Decl.) ¶¶ 8–9; *accord* July 7, 2020 Tr. at 9:12–10:2. But a lawyer's

4

choice to prioritize other work does not—as the Court reminded both parties in December 2019—constitute "good cause" for purposes of Rule 16, particularly where, as here, a lawyer "completely failed to alert his adversaries or request an extension of time." *Carr*, 2003 WL 169793, at *4; *Scott* v. *N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011) (affirming denial of motion to amend scheduling order because "apparent negligence of [plaintiff's] former attorney was not sufficient to establish 'good cause' for amending" under Rule 16(b)). "Despite their workload, 'litigants have an unflagging duty to comply with clearly communicated case-management orders.'" *Burgos-Martinez*, 345 F. Supp. 3d at 107 (quoting *Rosario-Diaz* v. *Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998)). Where, as here, counsel "failed to comply with that duty, he and his client must now live with the consequences." *Id.* (denying right to compel responses to discovery not timely served).[5]

Moreover, plaintiff literally had *months* before March 2 to draft document requests and interrogatories, making the "I had other things to do" excuse especially unpersuasive.

Plaintiff's assertion that he purportedly was personally unaware of the March 2 deadline—an argument not raised in any of the meet-and-confer calls, joint letter, or Court conference predicate to this motion—is irrelevant, even if established. Plaintiff had *two* separate lawyers in this case. It is black-letter law that "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link* v. *Wabash R. Co.*, 370 U.S. 626, 634 (1962) (citation omitted). Plaintiff's "effort to excuse himself from the consequences of [his attorneys'] nonfeasance is especially weak here, because [plaintiff] is an attorney." *Chira* v. *Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d

---

[5] The outcome would be no different if the Court applied Fed. R. Civ. P. 6's "excusable neglect" standard. "A court will not find excusable neglect based upon an attorney's inability to manage his caseload." *Lucio* v. *N.Y.C. Dep't of Educ. & Marie Douyon*, 2013 WL 12084546, at *3 (S.D.N.Y. May 16, 2013), *aff'd on other grounds*, 575 Fed. Appx. 3 (2d Cir. 2014); *Leidig* v. *BuzzFeed, Inc.*, 258 F. Supp. 3d 397, 400 (S.D.N.Y. 2013) (collecting cases).

Cir. 1980) ("While he alleges he is 'not experienced in litigation,' he did cite his experience as a lawyer as a reason for Lockheed to hire him, and presumably depends on his legal expertise as the basis for the 'professional reputation' he now sues to protect."); *accord Jackson* v. *Federal Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) (plaintiff in discrimination suit bound by discovery failures of counsel).

Finally, any claim that plaintiff's failures to serve written discovery on March 2, 2020 were attributable to the global COVID-19 pandemic has no basis in fact, notwithstanding plaintiff's attempt to suggest otherwise. Indeed, counsel confirmed, before the Court, that he would "not be in a position" to proffer that his "ability to submit [his] discovery requests or to seek an amendment of the deadlines was affected by COVID-19," and has not done so. July 7, 2020 Tr. at 13:14–22; ECF 61-2 (Jeffries Decl.) ¶¶ 8–11. Plaintiff concedes that he was able to work in the days leading to the deadline and "worked tirelessly" on other projects in support of his lawsuit. ECF 61-3 (Cardwell Decl.) ¶¶ 6, 10, 11. Nothing justifies plaintiff's failure to meet the March 2 deadline, or to communicate the need for an extension, much less to fail to do so even when, having received defendants' timely-served discovery on that day, his lapse became apparent. *Hnot* v. *Willis Grp. Holdings Ltd.*, 2006 WL 2381869, at *4 (S.D.N.Y. Aug. 17, 2006) (citing plaintiffs' failure "to take even minimally adequate steps to protect their alleged right to the discovery now at issue"). Defendants acknowledge the significant impact the COVID crisis has had on everyone, including plaintiff, and we are sympathetic to plaintiff's personal issues in these difficult times. But even if plaintiff's departure for North Carolina on March 13 complicated later efforts to respond to defendants' discovery, nothing in that departure or the health crisis generally justifies the failure to propound his own discovery weeks earlier or simply to request appropriate relief from defendants and the Court. *Cf. Leidig*, 258 F. Supp. 3d at 400 (denying motion for extension where 8 of 14 days were "unaccounted for"). The decision to ignore the Court's deadline in favor

6

of other work and then to make no effort to address the default does not constitute good cause and should not be rewarded.

> 2. Granting Plaintiff's Motion Would Reward Plaintiff's Failure to Prosecute This Case

As a practical matter, the relief plaintiff seeks—the right to serve written discovery more than four months after the deadline has passed—cannot be granted while maintaining the timetables set forth in the Scheduling Order.

In the event that the Court should find that, notwithstanding plaintiff's clear failure to satisfy Rule 16(b)(4)'s good cause standard, plaintiff should be permitted to seek some form of written discovery, defendants respectfully request that the Court require the parties to submit promptly a proposal, following a meet and confer, setting forth an approach to discovery that would (i) take into account the four-and-a-half-month delay attributable to plaintiff's discovery failings and (ii) address appropriate limitations on the scope of written discovery in light of plaintiff's default. Defendants respectfully request that the Court then hold a case management conference to set a new definitive schedule.[6]

Finally, defendants respectfully request such other relief as the Court deems appropriate in light of plaintiff's failure to abide by this Court's Scheduling Order. *Carr*, 2003 WL 169793, at *1, *4, *5 (finding that defendants were entitled to "costs that could have been avoided by cooperation in the discovery process, including the simple expedient of communicating with counsel and requesting an extension"); *Mahoney*, 290 F.R.D. 363, 369 (E.D.N.Y. 2013) (requiring lawyer who "failed to (1) comply with the pretrial Case Management Order; (2) respond

---

[6] The suggestion, in plaintiff's brief at 13, that plaintiff has not received a copy of defendants' 2017 submission to the NYSDHR appears to be a misrepresentation. Plaintiff's counsel requested courtesy copies from the NYSDHR of all filings, and plaintiff quoted at length from the exhibits to defendant's submission—which he concedes were not in his possession from any process *other than* briefing before the NYSDHR—in his Amended Complaint. *See, e.g.*, ECF 37 (Am. Compl.) at nn. 6, 13, ¶¶ 115, 118, 187.

7

to discovery demands; and (3) serve any discovery demands" to pay modified fine to defendants).

## CONCLUSION

For the reasons set forth above, defendants respectfully request that the Court deny plaintiff's request to serve delinquent discovery.

Dated:     July 16, 2020
           New York, New York

                Respectfully submitted,

                PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

                By: /s/ Bruce Birenboim
                   Bruce Birenboim
                   Jeh C. Johnson
                   Susanna Buergel
                   Marissa C.M. Doran

                1285 Avenue of the Americas
                New York, New York 10019-6064
                Telephone: (212) 373-3000
                bbirenboim@paulweiss.com
                jjohnson@paulweiss.com
                sbuergel@paulweiss.com
                mdoran@paulweiss.com
                *Attorneys for Defendants*