UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>                            *Plaintiff*,<br><br>       v.<br><br>DAVIS POLK & WARDWELL LLP, THOMAS REID, JOHN BICK, WILLIAM CHUDD, SOPHIA HUDSON, HAROLD BIRNBAUM, DANIEL BRASS, BRIAN WOLFE, and JOHN BUTLER,<br><br>                            *Defendants*. | 19 Civ. 10256 (GHW) |

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION FOR FEES AND COSTS

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019–6064
Tel.: (212) 373–3000
Fax: (212) 757–3990

*Attorneys for Defendants*

Dated: August 11, 2020

Pursuant to this Court's July 28, 2020 order, Defendants respectfully submit this memorandum of law in support of their motion for fees and costs incurred as a result of noncompliance by plaintiff's counsel with the Court's December 20, 2019 Civil Case Management Plan and Scheduling Order (the "CMP," ECF 27).

In the July 28 order, this Court directed plaintiff's counsel, David Jeffries, to "pay defendants' attorney's fees and costs associated with plaintiff's failure to comply with the deadlines in the CMP." July 28, 2020 Tr. ("Tr.") at 12. The Court found that the "fees and expenses payable include any fees and costs associated with the briefing of" plaintiff's motion to serve delinquent discovery, ECF 61, and "fees and costs associated with the negotiations that the parties engaged in before they filed their joint letter about the issue with the Court," ECF 57. Tr. at 12–13; 25 (limiting application to "reasonable attorney's fees and costs"). The Court ordered that these "fees and expenses be paid by counsel for plaintiff alone." *Id.* at 13.

The "'starting point'" for determining "'reasonable fee[s]'" is "'the number of hours reasonably expended on the litigation'" or issue "'multiplied by a reasonable hourly rate.'" *See Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *County of Albany*, 522 F.3d 182, 186 (2d Cir. 2007) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 433 (1983)). A "reasonable hourly rate," in turn, is "the rate a paying client would be willing to pay," taking into account, "among others," (i) "the time and labor required," (ii) "the amount involved in the case and the results obtained," and (iii) "the experience, reputation, and ability of the attorneys." *Arbor Hill*, 522 F.3d at 190, 187 n. 3 (listing factors). Courts in the Second Circuit look to "prevailing market rates in the relevant community"—here, the Southern District, *Pichardo* v. *C.R. Bard*, 2015 WL 13784565, at *4, 5 (S.D.N.Y. Jan. 26, 2015)—for "'similar services by lawyers of reasonably

comparable skill, experience, and reputation.'" *Restivo* v. *Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Gierlinger* v. *Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)).

Defendants incurred "fees . . . associated with the briefing of" plaintiff's motion to serve delinquent discovery, Tr. at 13, including fees for legal research, analysis, drafting, and filing of defendants' responsive brief.  Defendants also incurred "fees . . . associated with the negotiations that the parties engaged in before they filed their joint letter about the issue with the Court[,]" Tr. at 13, in connection with (i) multiple written exchanges relating to plaintiff's counsel's failure to abide the CMP, (ii) two meet-and-confer calls prior to seeking judicial intervention, as encouraged by this Court's individual rules, (iii) drafting of a joint letter to the Court, and (iv) attendance at a Court-ordered conference.

The senior partner who took the lead in addressing plaintiff's discovery failures (Bruce Birenboim), together with the senior and junior associates who assisted, collectively spent more than 82 hours on these efforts.  *See* Declaration of Susanna Buergel.  Defendants also incurred certain non-fee costs "associated with the briefing" and "negotiations" described above, including filing and research database costs.  *Id.*; Tr. at 13.

While the case law would support a motion seeking reimbursement of all of the fees and costs reasonably incurred in connection with plaintiff's noncompliance, defendants respectfully request that the Court enter an order providing for reimbursement of a substantially smaller sum ($2500).  Defendants seek substantially reduced fees and costs in recognition of plaintiff's counsel's status as a solo practitioner, and in the hopes that even a modified assessment will deter future noncompliance.  Courts regularly grant modified fee awards of this kind against solo practitioners and defendants suggest, based on precedent, that such an award would be appropriate here.  *See Rogers* v. *Kroger Co.*, 586 F. Supp. 597, 601–03 (W.D. Tex. 1984) (reducing

2

request for over $70,000 to $10,000 in recognition of, *inter alia*, plaintiff's counsel's status as a solo practitioner); *Pichardo*, 2015 WL 13784565, at *7 (requiring plaintiff's counsel, employed at a small personal injury firm, to pay $10,000 in attorneys' fees expended by large law firms to respond to plaintiff's counsel's failure to comply with Rule 16 scheduling order).

    For these reasons, defendants respectfully request that this Court award fees and costs in the amount of $2,500.

Dated: August 11, 2020
   New York, New York

          Respectfully Submitted,

          PAUL, WEISS, RIFKIND, WHARTON
           & GARRISON LLP

          By: /s/ Bruce Birenboim
           Bruce Birenboim
           Susanna M. Buergel
           Jeh C. Johnson
           Marissa C.M. Doran

          1285 Avenue of the Americas
          New York, New York 10019-6064
          Telephone:  (212) 373-3784
          bbirenboim@paulweiss.com
          sbuergel@paulweiss.com
          jjohnson@paulweiss.com
          mdoran@paulweiss.com
          *Attorneys for Defendants*