UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>　　　　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>DAVIS POLK & WARDWELL LLP, THOMAS REID, JOHN BICK, WILLIAM CHUDD, SOPHIA HUDSON, HAROLD BIRNBAUM, DANIEL BRASS, BRIAN WOLFE, and JOHN BUTLER,<br><br>　　　　　　　　　　*Defendants*. | 19 Civ. 10256 (GHW) |

## DECLARATION OF SUSANNA BUERGEL IN SUPPORT OF DEFENDANTS' MOTION FOR FEES AND COSTS

I, Susanna Buergel, declare pursuant to 28 U.S.C. § 1746 that:

1. I am a partner at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, counsel for defendants Davis Polk & Wardwell LLP, John Bick, Harold Birnbaum, Daniel Brass, John Butler, William Chudd, Sophia Hudson, Thomas Reid, and Brian Wolfe.

2. I submit this declaration in support of defendants' motion for fees and costs incurred by defendants as a result of plaintiff's counsel's failure to comply with the Civil Case Management Plan and Scheduling Order (the "CMP," ECF 27).

1

3. I have reviewed the hours actually spent by counsel and support staff, and the amounts actually invoiced to defendants, in connection with plaintiff's counsel's noncompliance, comprising, as specified by the Court, (i) "any fees and costs associated with the briefing of" plaintiff's motion to serve delinquent discovery, ECF 61, and (ii) "fees and costs associated with the negotiations that the parties engaged in before they filed their joint letter about the issue with the Court," ECF 57.  Tr. at 13; 25 (limiting application to "reasonable attorney's fees and costs").  I have reviewed invoices for reasonableness in connection with this motion, as I would absent any application for reimbursement by plaintiff's counsel.

4. The senior lawyer handling the matter at issue here, Mr. Birenboim, dedicated no fewer than 25 hours to managing and responding to plaintiff's counsel's noncompliance; the senior and junior associates who supported him, and who took the lead in legal research and drafting, spent no fewer than 57 hours on the same.  The labor triggered by plaintiff's counsel's noncompliance included multiple written exchanges relating to plaintiff's counsel's failure to abide the CMP; two meet-and-confer calls prior to seeking judicial intervention, as encouraged by this Court's individual rules; drafting of a joint letter to the Court; attendance at a Court-ordered conference; and legal research, analysis, drafting, and filing.  In my professional judgment, based on review of time records, these expenditures of time were necessary and reasonable.

5. As the Court is aware from filings, remaining counsel of record (Mr. Johnson and myself) also performed work in connection with these issues, including in efforts to resolve the matter without judicial intervention and in preparation of written materials. Because defendants seek substantially modified fees and costs, I have not itemized the time spent by additional members of the team (lawyers or support staff) or provided detailed time sheets. Defendants are willing to provide such other information as the Court requires.

I declare under penalty of perjury that the foregoing is true and correct.

By: /s/ Susanna Buergel
Susanna Buergel

August 11, 2020
New York, New York