PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS         NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3553

WRITER'S DIRECT FACSIMILE
(212) 492-0553

WRITER'S DIRECT E-MAIL ADDRESS
sbuergel@paulweiss.com

September 29, 2020

**By ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP,* et al.
<u>19-cv-10256-GHW (S.D.N.Y.)</u>

Dear Judge Woods:

  Pursuant to Rule 4.A(ii) of Your Honor's Individual Rules of Practice in Civil Cases, defendants respectfully submit this letter motion seeking permission to file the parties' joint letter requesting a pre-motion discovery conference and certain of its exhibits in redacted form. We conferred with plaintiff's counsel and requested his consent to this redaction motion. Counsel opposes this motion and requests the opportunity to brief the issue.

  Specifically, defendants seek to file redacted versions of the parties' joint letter and the following exhibits: Pl. Exs. A, C, D, I; Def. Exs. 1, 6. The redacted portions of Pl. Ex. A contain privileged material, client confidences, and information revealing the privacy interests of third parties. The redacted portions of the joint letter and Pl. Exs. C, D, I and Def. Exs. 1 and 6 contain information revealing the privacy interests of third parties. In addition, several exhibits contain information or excerpts of documents that have been designated "Confidential" pending the entry of a protective order in this case.

*Applicable Legal Standard*

  District courts have discretion to seal records under their "inherent 'equitable powers . . . over their own process, to prevent abuses, oppression, and injustices.'" *Int'l Prods. Corp.* v. *Koons*, 325 F.2d 403, 407-08 (2d Cir. 1963) (quoting

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                                       2

*Gumbel* v. *Pitkin*, 124 U.S. 131, 144 (1888)); *see also Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("the right to inspect . . . judicial records is not absolute," and "[e]very court has supervisory power over its own records and files"); *Nypl* v. *JP Morgan Chase & Co.*, 2020 WL 5525743, at *1 (S.D.N.Y. Sept. 15, 2020) (granting request to file redacted portions of a joint letter under seal and recognizing that the decision to seal falls within the discretion of the trial court). In the Second Circuit, courts consider the following issues in assessing whether to seal documents: (1) whether the materials are "judicial documents," (2) the weight of the public interest in access to these documents, and (3) the privacy interests of the parties. *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *GoSMiLE, Inc.* v. *Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing generally *Lugosch*).

***The Documents Meet the Standard for Filing Redacted Documents***

First, the documents at issue here—the parties' joint letter requesting a pre-motion conference concerning discovery and discovery-related exchanges between the parties—are not "judicial documents" to which a strong presumption of access attaches. As the *Lugosch* court explained: "'[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.' In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" 435 F.3d at 119 (citation omitted). Rather, these documents relate simply to a preliminary discovery issue—the Court's entry of a protective order and certain disputes regarding the sufficiency of plaintiff's responses and productions, and not to documents to which the public has a right of access. *See, e.g.*, *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach.").

Second, even if considered "judicial documents," redacted filing is still appropriate here because the privacy interests of Davis Polk's attorney-client relationships and of non-defendant third parties outweigh the presumption of access.

The Southern District has held that "[t]he preservation of attorney-client confidentiality is a well-recognized exception to the presumption of access." *E.E.O.C.* v. *Kelley Drye & Warren LLP*, 2012 WL 691545, at *4 (S.D.N.Y. Mar. 2, 2012). Here, defendants seek to redact an exhibit containing excerpts of documents and communications that reveal a client's identity, the details of the projects for which the client retained Davis Polk, and the work product that plaintiff contributed to while representing that client. *See* Pl. Ex. A. In such circumstances, "the privacy interests of [a firm's] clients outweigh the presumption of access." *Cohen* v. *Gerson Lehrman Group, Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sep. 15, 2011).

Defendants also seek to redact materials infringing upon the privacy interests of third parties. Specifically, defendants seek to redact portions of the joint letter and exhibits that identify and reveal communications of third parties. *See* Pl. Exs. A, C, D, I; Def. Exs. 1, 6. It is well-settled that "the privacy interests of innocent third parties . .

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods3

. should weigh heavily in a court's balancing equation," and "[s]uch interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050-51 (citations omitted). In examining privacy interests, "courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* at 1051. In addition, courts consider "the nature and degree of injury," which in part entails consideration "of the sensitivity of the information and the subject" as well as "how the person seeking access intends to use the information." *Id.* The Southern District has found that redaction is appropriate in cases where "[d]isclosure carries the risk of significant reputational and professional repercussions for those referenced in the documents." *United States* v. *Gatto*, 2019 WL 4194569, at *8 (S.D.N.Y. Sept. 3, 2019). The "degree of potential injury is high" for third parties, who "will not have the opportunity to test the reliability of the information contained in these materials nor respond adequately to any inferences that might be drawn on the basis of this information." *Id.*

For all these reasons, defendants respectfully request that the Court permit defendants to file the parties' joint letter requesting a pre-motion conference and the following exhibits in redacted form: Pl. Exs. A, C, D, I; Def. Exs. 1, 6.

Respectfully submitted,

*/s/ Susanna M. Buergel*

Susanna M. Buergel

cc: All Counsel of Record (via ECF)