PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE  (212) 373-3000

WRITER'S DIRECT DIAL NUMBER

(212) 373-3553

WRITER'S DIRECT FACSIMILE

(212) 492-0553

WRITER'S DIRECT E-MAIL ADDRESS

sbuergel@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC  20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

September 29, 2020

**By ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP,* et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

Pursuant to Rule 2.C(ii) of Your Honor's Individual Rules of Practice in Civil Cases, the parties respectfully submit this letter requesting a pre-motion discovery conference.

## I.   **Defendants' Position**

Defendants respectfully seek judicial relief with respect to three discovery issues.   ***First***, we seek the entry of a protective order.  On July 31 and August 20, 2020, defendants transmitted to plaintiff a draft protective order showing proposed changes to Your Honor's Model Protective Order to solve for two problems particular to this matter, which will require the production of documents a) containing Firm and client confidences and b) materials relating to our associates' individual employment history.  To address those concerns, we proposed that the protective order should include two categories—Highly Confidential and Attorneys' Eyes Only—in addition to the standard category of Confidential.   We anticipate employing the Highly Confidential category to protect client confidences, while the Attorneys' Eyes Only category would be used sparingly to protect the privacy of the Firm's current and former associates, many of whom had no connection to the events at issue. Defendants explained the rationale for these classifications in an August 18, 2020 letter,  Def. Ex. 1 (the "August 18 Letter") at 8–10, but plaintiff has refused to engage meaningfully with either problem and insists upon entry of Your Honor's Model Protective Order without substantive modification.  The parties met and conferred with respect to this and the related issues set forth below for more than five hours, but are at an impasse.  Defendants respectfully seek entry of the protective order attached, in original and redline, at Def. Exs. 2(A) and (B), and respectfully refer the Court to the August 18 Letter for a substantive discussion of the issues.

***Second***, defendants request a pre-motion conference to discuss their proposed motion to compel plaintiff to produce certain documents and responses to interrogatories that he has withheld in contravention of the Federal Rules and this Court's orders.  On July 7, 2020, your Honor ordered that

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

plaintiff "provide complete responses to all pending discovery requests no later than July 18, 2020." ECF 60.  Plaintiff made a document production on and served responses and objections to defendants' interrogatories and requests for production on that day, but neither the production nor the responses comply with the Rules or Your Honor's Order.[1]  We have met and conferred for more than five hours with plaintiff's counsel in an attempt to resolve this dispute without need for further judicial intervention, but have been unsuccessful.[2]

*With  respect to plaintiff's production*, plaintiff is a single individual who only has to search his own files.  He cannot credibly assert that it would be burdensome or otherwise unduly time consuming for him to determine whether or not he possesses materials responsive to defendants' discovery requests.  Although plaintiff appended a sentence to several of his supplemental responses stating that he has withheld responsive information (*see, e.g.*, Def. Ex. 5 (R&Os to RFP Nos. 1–4, 7, 15–18, 25,  29–31)), his responses do not make clear what he has agreed to produce and what has been withheld—notwithstanding clear requirements in the Rules.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(C) ("an objection must state whether any responsive materials are being withheld on the basis of that objection"); *Fischer* v. *Forrest*, 2017 WL 773694, at *1, *3 (S.D.N.Y. Feb. 28, 2017) (Peck, J.).  As a result, defendants are entirely without the ability, despite repeated attempts to seek clarification, to discern the particularized bases on which plaintiff is withholding responsive information or determine the scale or scope of withholding.  In other instances, plaintiff has purported to defer his obligation to produce responsive documents (*see* Def. Ex. 5 (R&Os to RFPs 4, 5, 8–10, 13, 14, 19–22, 26, 28, 31)) pending a meet and confer to narrow the request or to "better understand how this Request relates to the claims and defenses asserted in this action," but has offered virtually no meaningful engagement as to the clarification or narrowing he seeks, and defendants therefore remain without responsive materials.

Separately, and as set forth in detail in the August 18 Letter, plaintiff's production contains a number of problems that, taken together, cause defendants to question whether plaintiff has made a reasonable search for responsive information in his possession, custody, or control, as is his burden.  Plaintiff has, for example, (i) produced documents and communications without metadata (like date, time, sender, and recipient) and asserted that defendants have waived the right to seek such information; (ii) produced only selective screenshots of responsive text- and social media message chains; (iii) failed to produce communications from platforms he directed his contacts to use; (iv) failed to produce full document families, including from personal email accounts; and (v) produced certain documents only in part or with errors that obscure text.  Plaintiff also has failed to produce communications with the vast majority of the individuals identified, in plaintiff's response to Interrogatory No. 11, as persons to or from whom plaintiff has "sent or received communications

---

[1] For avoidance of doubt, and consistent with the Court's reservation of judgment as to whether plaintiff has waived the right to propound objections, defendants have not, following the July 7, 2020 conference, asserted that plaintiff has waived the right to do so and do not, with the submission of this letter, seek such an order.  Defendants reserve the right to request such an order should plaintiff continue to fail to comply with his discovery obligations.

[2] Defendants outlined the deficiencies in plaintiff's production and responses by letter on July 27, 2020, Def. Ex. 3, and on four calls spanning 5 hours, outlined the relevant Rules and provided citations to, and verbatim quotations from, case law for various of the propositions for which plaintiff was seeking authority.  Counsel for the parties met and conferred by telephone on August 4 and 6, 2020 for approximately 1.5 hours each; on August 18, 2020 for approximately 1.75 hours; and on August 20, 2020, for approximately 30 minutes.  Defendants also respectfully refer the Court to their communications of August 13 and 18 (Def. Ex. 4 at 1, 4–5).  Despite these efforts, the majority of issues outlined in the August 18 Letter remain unaddressed.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

concerning the subject matter of this litigation," and has produced no communications with various of the individuals Mr. Cardwell identifies by name in response to various Interrogatories. Plaintiff has declined to respond to the question whether he has "searched for and produced responsive communications" with the individuals referenced in his responses to defendants' written discovery. Def. Ex. 1 at 6. Defendants have communicated examples of these issues to plaintiff and received responses that are either nonresponsive or insufficient.

*With respect to plaintiff's interrogatories*, plaintiff has purported to defer his obligation to respond to certain interrogatories (*see* Def. Ex. 6 (R&Os to Rogs 5, 13)) pending clarification of "how this [interrogatory] relates to the claims or defenses asserted in this action" or pending a meet and confer focused on "clarify[ing]" or "narrow[ing]" the "scope" of the interrogatory, but has offered virtually no meaningful engagement as to the clarification or narrowing he seeks, and defendants remain without substantive responses. In other instances (*see* Def. Ex. 6 (R&Os to Rogs 6, 7)), plaintiff has declined to specify whether his responses are or are not limited by the objections he has propounded, and if so, on what specific bases he is withholding information.

**_Third_**, plaintiff has retained Firm confidential material. Defendants seek the prompt return of all such material, which the Firm will then review for potential production in this matter in response to plaintiff's discovery requests. Defendants respectfully request entry of their proposed protective order, an order that plaintiff return Firm confidential material to the Firm, and a pre-motion conference predicate to a motion to compel complete responses to defendants' discovery requests.

## II.    **Plaintiff's Position**

After making demonstrably false claims to the public that Cardwell was terminated due to his "performance," Defendants now wish to hide discovery from Cardwell, including documents that suggest (i) Davis Polk fired employees who could corroborate Cardwell's claims and (ii) its partners, including ███████ [3] ██████████████████ knowingly supported systemic racism and retaliation against Cardwell.

**_Use of Your Honor's Protective Order_**. Plaintiff proposed a lightly revised version of Your Honor's model protective order to govern the production of documents in this action. Yet, after preparing to make their initial document production, Defendants proposed a ***strategically motivated*** protective order that (i) attempts to improperly shield the most damaging evidence from Plaintiff and the public without a sufficient legal basis, (ii) creates burdens on Plaintiff that would exacerbate the parties' financial imbalance if Plaintiff challenges any improper designations, and (iii) shackles Plaintiff's ability to include facts in any subsequent complaints filed. Among other items, Plaintiff produced documents indicating that Thomas Reid or John Bick coordinated with M&A partner Len Kreynin[4] to manipulate Plaintiff's performance reviews in response to his complaints about a then-Davis Polk client that operates a for-profit prison and immigrant detention company, including as

---

[3] Plaintiff made allegations against and involving ████████ in Plaintiff's August 2017 EEOC Charge (ECF 52-5), January 2018 NYSDHR Statement (ECF 52-6), and March 2020 Amended Complaint (ECF 37).

[4] Plaintiff made allegations against and involving Mr. Kreynin in his EEOC Charge (ECF 52-5) and Amended Complaint (ECF 37).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

described in the footnote below and Pl. Ex. A (describing Plaintiff's letter to Defendants on September 10).[5]

     With knowledge that certain documents contradict Defendants' public statements and filings, Defendants want the protective order to afford them the **unilateral** right to, *inter alia*, apply an "attorneys eyes only" designation that would create burden-shifting mechanisms (in the event of challenges) and entirely prohibit Cardwell from evaluating certain documents, including those that go to the heart of the allegations and claims in this case. These documents involve, *inter alia*, (i) the Firm's representation of the for-profit prison client that Plaintiff complained about, (ii) performance reviews and personnel files, and (iii) discrimination- and diversity-related documents considered or utilized by Davis Polk and the Individual Defendants. Accordingly, Plaintiff respectfully seeks (i) entry of what is essentially the Court's model protective order (*see* Pl. Ex. B showing proposed changes in redline) or (ii) full briefing requiring Defendants to establish the legal necessity of Attorneys Eyes Only and Highly Confidential designations, as applied to Plaintiff in this employment case. *See* Pl. Exs. C, A (defending the model order).

     ***Defendants' Rog and RFP Responses***. On September 10, the day Defendants' discovery responses were due, they requested for the first time that Plaintiff treat **all** of their responses and objections as "CONFIDENTIAL"—a level of protection that typically is only applied to certain commercially sensitive or proprietary information. *See* Pl. Exs. D, E, F. But their request suffers from a fatal flaw: Defendants have not attempted to show, and indeed cannot show, that **all of their objections and responses** in good faith qualify for such protection.[6] Differing from Plaintiff's approach, on September 14, Defendants refused to provide substantive responses to **every single** interrogatory. *See* Exs. F, K (where Defendants' repeatedly requested "Confidential" treatment for all of their responses and then simply refused to provide substantive responses). Accordingly, Plaintiff respectfully requests an order compelling Defendants to promptly serve their substantive responses and objections to Plaintiff's interrogatories.

     ***Plaintiff's Discovery Responses and Document Production***. Defendants seek to manufacture deficiencies in Plaintiff's responses and document productions, which mainly stem from Defendants' (i) improper attempts to expand the scope of Plaintiff's obligations under the FRCP; (ii) impermissibly broad RFPs seeking "**all documents and communications**;"[7] (iii) weeks' long refusal to accept the Court's July order permitting Plaintiff to assert objections; (iv) repeated claim that permissible and routinely accepted objections are somehow not appropriate; or (v) blatant mischaracterization of Plaintiff's production. *See* Pl. Exs. G, H (correcting Defendants as to same).[8]

---

[5] Since 2017, Plaintiff has alleged that he experienced discrimination and retaliation in part because he made protected complaints about a Davis Polk client that is a for-profit prison and immigrant detention company. Thomas Reid told Plaintiff that this company was effectively a client of ▮▮▮▮▮▮▮, a partner within the Firm's M&A group (i.e., **the same group** Plaintiff worked in at the time of his complaint and termination).

[6] This is especially true where Plaintiff's First Set of Interrogatories, consistent with S.D.N.Y. Local. Rule 33.3, merely seeks the **identification of persons with knowledge** (not Defendants' contentions). *See* Pl. Ex. D.

[7] Controlling caselaw has consistently held that Defendants' requests are overly broad and not properly tailored. "Blanket requests of this kind are plainly overbroad and impermissible." *Henry v. Morgan's Hotel Group, Inc.*, 15 Civ. 1789 (ER)(JLC), 2016 WL 303114 at *2 (S.D.N.Y. Jan. 25, 2016) (Cott, M.J.).

[8] Defendants' portion of this joint letter repeats this pattern, as Defendants have asked the Court to impose obligations on Plaintiff that Defendants have repeatedly failed to justify during the meet-and-confer process. See Defendants' position

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

    ***Defendants' Post-Production Metadata Request***. Despite serving their First RFPs on March 2, then briefing the issue of Plaintiff's discovery responses with this Court, and receiving Plaintiff's production on July 18, Defendants only now make a grossly late and burdensome request for Plaintiff to produce metadata. Defendants did so on August 18,[9] roughly ***six months*** after sending Plaintiff requests and instructions that ***did not seek such data***. Defendants' request would impose a burdensome, backwards-looking requirement on Plaintiff—after Plaintiff has already reviewed, compiled, and produced ***over 6,000*** pages of documents. Courts consistently hold that late requests for metadata are improper, as they unfairly and retroactively burden shift, and that a failure to make such requests upfront results in waiver.[10] It is not plausible that an actual need for metadata was overlooked in good faith for so many months (and was only sought ***after*** Plaintiff requested such data ***from Defendants***). Thus, Plaintiff respectfully requests that the Court hold that (i) Defendants have waived their ability to seek metadata and (ii) are not entitled to such data for documents Plaintiff already produced.

    ***Davis Polk Materials***. Consistent with Defendants' pattern of framing non-disputes as disputes, Defendants have suggested that Plaintiff is improperly maintaining unspecified Firm items in his possession or that Court intervention is needed to receive such materials. Not so. Plaintiff's own communications to Davis Polk and ████████████[11] ████████████████████ ████████████ leave no doubt that he was and remains willing to return any such materials. *See, e.g.*, Pl. Exs. I, J (instructing Davis Polk in 2018 to contact Plaintiff's counsel for such requests and stating again (before Defendants' August 18 request) that he had non-material booklets (i.e., "closing sets") that he is willing to return).[12]

---

statement at 2 (improperly arguing that Fed. R. Civ. P 34(b)(2)(C) requires Plaintiff to describe individual documents being withheld, as opposed to whether documents have been withheld based on objections).

[9] When Plaintiff explained that Defendants' request for metadata was not included in their RFP requests and was late, Defendants argued without any authorities that such a request is inherent in this District's practices.

[10] "[If [the party] ask[s] too late or ha[s] already received the document in another form, [it] may be out of luck." *Aguilar v. Immigration & Customs Enforcement*, 255 F.R.D. 350, 357 (S.D.N.Y. 2008) (citation omitted).

[11] Plaintiff made allegations against and involving ████████████ in Plaintiff's August 2017 EEOC Charge (ECF 52-5), January 2018 NYSDHR Statement (ECF 52-6), and his Amended Complaint (ECF 37).

[12] Should Defendants take possession of such materials, Plaintiff requests that Defendants reproduce them with Bates stamping so that such documents become part of the record (which Plaintiff has not done, pursuant to Plaintiff's R&Os to Defendants' First RFPs, due to the voluminous nature of such materials).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

6

Respectfully submitted,

DAVID JEFFRIES, ATTORNEY AT LAW

By: /s/ David Jeffries                    .

David Jeffries
    (djeffries@jeffrieslaw.nyc)
1345 Avenue of the Americas
New York, New York  10019
Telephone:  (212) 601-2770

*Counsel for Plaintiff Kaloma Cardwell*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By: /s/ Susanna M. Buergel                        .

Bruce Birenboim
    (bbirenboim@paulweiss.com)
Jeh C. Johnson
    (jjohnson@paulweiss.com)
Susanna M. Buergel
    (sbuergel@paulweiss.com)
Marissa C.M. Doran
    (mdoran@paulweiss.com)
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000

*Counsel for Defendants Davis Polk &
Wardwell LLP, John Bick, Harold Birnbaum,
Daniel Brass, John Butler, William Chudd,
Sophia Hudson, Thomas Reid, and Brian
Wolfe*