# DEFENDANTS' EXHIBIT 2B

(Redline of Defendants' Proposed Protective Order
Against the Court's Model Protective Order)


~~[Form of Stipulated Confidentiality~~
~~2016] Agreement and Protective Order]~~                    ~~[Revised:  January 19,~~

~~UNITED STATES DISTRICT COURT~~
~~SOUTHERN DISTRICT OF NEW~~
~~YORK~~
~~------------------------------------------------------X~~

~~XXXX,~~

~~XXXX,~~                            ~~- v -~~            ~~Plaintiff(s),~~    ~~1:XX-cv-~~
~~XXXX-~~
~~GHW~~

~~Defendant(s).~~    ~~STIPUL~~
~~ATED~~
~~CONFI~~
~~DENTI~~
~~ALITY~~
~~AGREE~~
~~MENT~~
~~AND~~
~~PROTE~~
~~CTIVE~~
~~ORDER~~

~~------------------------------------------------------X~~

<u>UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| **<u>KALOMA CARDWELL,</u>**<br><br>Plaintiff,<br><br>- v -<br><br>**<u>DAVIS POLK & WARDWELL LLP,<br>Thomas Reid, John Bick, William Chudd,<br>Sophia Hudson, Harold Birnbaum, Daniel<br>Brass, Brian Wolfe, and John Butler</u>**<br><br>Defendants. | <u>1:19-cv-10256-GHW</u><br><br>**<u>[PROPOSED] STIPULATED<br>CONFIDENTIALITY<br>AGREEMENT AND<br>PROTECTIVE ORDER</u>** |

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each

individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of

Civil Procedure 26(c) to protect the confidentiality of nonpublic ~~and~~, privileged, or competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2.      The Party or person producing or disclosing Discovery Material (each,
"Producing Party") may designate to the Party receiving the Discovery Material (each, "Receiving
Party") as Confidential only the portion of such material that it reasonably and in good faith
believes consists of:

(a)      previously non-disclosed financial information (including without limitation
profitability reports or estimates, percentage fees, design fees, royalty rates,
minimum guarantee payments, sales reports, and sale margins);

(b)      previously non-disclosed material relating to ownership or control of any
non-public company;

(c)      previously non-disclosed business plans, product-development information,
or marketing plans;

(d)      any information of a personal or intimate nature regarding any individual; or

(e)      Plaintiff's personnel, disciplinary, leave, or recruiting records, including
performance reviews, compensation information or other financial
remuneration information, or medical or health information ; or

(f)      (e) any other category of information given confidential status by this Court
after the date of this Order.

3.      The Parties understand and agree that both Plaintiff and Defendants
maintain ethical obligations to hold in confidence information received or generated in connection
with the legal representation or potential legal representation of a Davis Polk & Wardwell LLP
("Davis Polk") client.  Accordingly, in the event that the Court enters an order requiring
Defendants to produce any such information, Defendants shall designate as Highly Confidential
any Discovery Material that they in good faith believe contains or reflects information subject to
the attorney-client privilege, attorney work product, or other privilege or confidentiality protection

by virtue of the legal representation of a Davis Polk client.  The Parties agree that Highly

Confidential information includes Discovery Material that contains, reflects or describes legal

work or advice, or non-public facts related to such legal work or advice, or the nature of or

existence of the engagement or potential engagement (unless the Party's role in that engagement

was disclosed publicly, in which case the existence of the engagement would not be confidential),

legal analysis, strategy, or other legal work that was performed, requested or anticipated to be

performed on behalf of a Davis Polk potential client or client, such as, without limitation:

    (a)    communications between a Party (including experts or other consultants retained by the Party) and a Davis Polk client related to a potential or actual legal matter;

    (b)    communications internal to a Party (including experts or other consultants retained by the Party) and related to a potential or actual legal matter on behalf of a Davis Polk client or potential client;

    (c)    work product drafted or generated in the course of legal representation of a Davis Polk client or potential client;

    (d)    work product drafted or generated in an effort to obtain engagements of Davis Polk clients; or

    (e)    descriptions of work performed, requested or anticipated on behalf of a Davis Polk client or potential client, including but not limited to particular time entries used to record time on a particular client matter, descriptions of non-public work performed on client matters reflected in performance reviews or other communications (whether prepared by the individual who performed the work or another individual commenting on the work

performed), and billing records reflecting the work performed for Davis Polk clients.[1]

The parties further understand and agree that production of Discovery Material that is Highly Confidential, does not, and is not intended to, waive any privileges concerning such material nor violate any attorney ethics rules relating to the confidentiality of such material.  This paragraph 3 does not constitute an admission by Defendants that any Highly Confidential information is properly discoverable in this case, and shall not in any way be relied upon by Plaintiff in seeking disclosure of any Highly Confidential information.

4.      Notwithstanding the previous paragraph 3, Defendants may, in their sole discretion, produce Highly Confidential Discovery Material without a court order.

5.      A Producing Party may designate Discovery Material as "Attorneys' Eyes Only" if the Producing Party in good faith reasonably believes that the Discovery Material contains highly confidential, or highly sensitive proprietary or commercial non-public information that is of such a nature that risk of competitive injury or injury to the Producing Party would be created if such Discovery Material was seen by others and therefore requires the highest level of protection provided in this Protective Order.  For purposes of this Protective Order, Attorneys' Eyes Only Information may include, but is not limited to, non-public materials containing information related to:

(a)    personnel, disciplinary, leave, or recruiting records, including  performance reviews, compensation information or other financial remuneration information, or medical or health information of any individual other than Plaintiff; and

---

[1] For the avoidance of doubt, Highly Confidential information does not include any information or communications protected by Davis Polk's own privileges in connection with this action.

(b)     commercially sensitive non-public information (*e.g.*, information that constitutes or contains proprietary financial, technical, or commercially sensitive competitive information).

6.    3. With respect to the Confidential, Highly Confidential, or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

7.    4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential, Highly Confidential, or Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all

counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

8.    5. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential, Highly Confidential, or Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential, Highly Confidential, or Attorneys' Eyes Only.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" designation within two business days of providing such notice.

9.    If a Producing Party inadvertently discloses information that is subject to a claim of attorney-client privilege, attorney work product, or similar privilege or protection ("Privileged Disclosure"), such disclosure shall not constitute or be deemed a waiver or other forfeiture of any claim of privilege or attorney work product protection that the Producing Party would otherwise be entitled to assert with respect to either the disclosed information or its subject matter, provided that the Producing Party upon learning of the Privileged Disclosure promptly notify the Receiving Party in writing of such Privileged Disclosure.  Upon receiving written notice of a Privileged Disclosure, the Receiving Party shall treat the information as privileged, refrain

from any further examination or disclosure of the Privileged Disclosure, make all reasonable efforts to gather any copies, notes, summaries, and/or extracts of the Privileged Disclosure made or distributed, and shall return all copies of the Privileged Disclosure to the Producing Party within two (2) business days.  Within three (3) days of receiving written notice of a Privileged Disclosure, Receiving Party shall certify to Producing Party in writing that it has made reasonable efforts to destroy any and all notes or summaries referring or relating to the contents of the Privileged Disclosure, including any notes or summaries made or distributed.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the privileged designation by submitting a challenge to the Court.  Pending the resolution of any challenge submitted to the Court, the Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information until the discoverability of such information is agreed upon by the Parties or resolved by the Court.

10.     If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is (i) subject to any claim of privilege or attorney work product protection and (ii) was not produced pursuant to a court order, the Receiving Party shall immediately take reasonable steps to: (a) refrain from any further examination or disclosure of such document; and (b) provide reasonably prompt written notice to the Producing Party that such document appears to be privileged.  Upon receiving a written notice, the Producing Party shall provide a reasonably prompt written response indicating whether the document in question is privileged.  Upon confirmation that a document is privileged, the Receiving Party shall take all steps to return or destroy the document as set forth in paragraph 8 above.

11.     6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection, including the attorney-client privilege, the attorney work product privilege, or any other

privilege or immunity; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

12.    7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)    the Parties to this action, their insurers, and counsel to their insurers;

(b)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

13.     Where a Producing Party has designated Discovery Material as Highly Confidential, other persons subject to this Order may disclose such information only to persons

described in subparagraphs 12(b), 12(c), 12(d), 12(e), and 12(h) in accordance with the limitations

therein, and the following persons:

    (a)    any person currently employed with, or currently engaged in the practice of

             law with Davis Polk & Wardwell LLP ("Davis Polk");

    (b)    any Party or non-party currently engaged in the practice of law whom a

             Party believes in good faith may have authored the document, been

             involved in its preparation, or may have information related to the

             document and its significance in this action, provided any such non-party

             has first executed a Non-Disclosure Agreement in the form annexed as

             Exhibit A hereto; and

    (c)    this Court, including any appellate court, its support personnel, and court

             reporters.

    14.    Any information designated "Attorneys' Eyes Only," including any

information derived from any documents or other materials so designated, shall be disclosed,

summarized, or otherwise made available only to persons described in subparagraphs 12(b), 12(c),

12(d), 12(e), 12(g), and 12(h) in accordance with the limitations therein, and this Court, including

any appellate court, its support personnel, and court reporters.  For the avoidance of doubt,

information designated as "Attorneys' Eyes Only" shall at no point be disclosed to Plaintiff

Kaloma Cardwell.

    15.    8. Before disclosing any ~~Confidential~~ Discovery Material designated as

Confidential, Highly Confidential, or Attorneys' Eyes Only Information to any person referred

to in subparagraphs ~~7~~12(d), ~~7~~12(e), 12(f), or ~~7~~12(g) or to any non-party referred to in

subparagraph 12(b) above, counsel must provide a copy of this Order to such person, who must

sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she

has read this Order and agrees to be bound by its terms.  Said counsel must

retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

16.    ~~9.~~ This Order binds the Parties and certain others to treat as Confidential, Highly Confidential, or Attorneys' Eyes Only any Discovery Materials so classified.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential, Highly Confidential, or Attorneys' Eyes Only hereunder.  All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential, Highly Confidential, or Attorneys' Eyes Only.

17.    ~~10.~~ In filing Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.  In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to ~~file~~have Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material filed under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents.  The ~~parties~~Parties should be

aware that the Court will unseal documents if it is unable to make "specific, on the record findings

. . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to

serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

18.   ~~11.~~ Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

~~12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.~~

19.   ~~13.~~ Recipients of Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding.  The Parties agree that any violation of this Order shall result in irreparable harm to the Party not in violation for which there is no adequate remedy at law. The Parties further agree that each Party shall be entitled to injunctive relief to enforce the terms hereof.  In addition, the Parties expressly acknowledge that the Court may, in its discretion, award such other and further relief as the Court may deem appropriate.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

20.   ~~14.~~ Nothing in this Order will prevent any Party from producing any Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the

Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

21.   ~~15.~~ Each person who has access to Discovery Material designated as Confidential, Highly Confidential, or Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22.   ~~16.~~ Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material.  Any such archival copies that contain or constitute Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material remain subject to this Order.

23.   ~~17.~~ This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material is produced or disclosed.

24.   18. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| /s/ DRAFT | /s/ DRAFT |
| David Jeffries, Esq. | Bruce Birenboim |
| 1345 Avenue of the Americas, 33rd Floor | Jeh C. Johnson |
| New York, New York 10105 | Susanna M. Buergel |
| Tel: (212) 601-2770 | Marissa C.M. Doran |
| Djeffries@Jeffrieslaw.nyc | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| | 1285 Avenue of the Americas |
| | New York, New York 10019 |
| | Telephone: (212) 373-3000 |
| | bbirenboim@paulweiss.com |
| | jjohnson@paulweiss.com |
| | sbuergel@paulweiss.com |
| | mdoran@paulweiss.com |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |
| Dated: | Dated: |

_____    _____
Dated:                         Dated:

SO ORDERED.

Dated:
New York, New York                 _____
                                   GREGORY H. WOODS
                                   United States District Judge

Dated:                             _____
New York, New York                 GREGORY H. WOODS
                                   United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

Exhibit A
to Stipulated Confidentiality
Agreement and Protective Order

~~Exhibit A to Stipulated Confidentiality Agreement and Protective Order~~

~~XXXX,~~

~~XXXX,                    - v -             Plaintiff(s),   :   1:XX-cv-~~
~~                                                           :   XXXX-~~
~~                                                           :   GHW~~
~~                                                           :   NON-~~
~~                                                           :   DISCL~~
~~                                                           :   OSURE~~
~~                                                           :   AGREE~~
~~                                            Defendant(s).  :   MENT~~
~~                                                           :~~
~~---------------------------------------------X~~

| | |
|---|---|
| **KALOMA CARDWELL,** | |
| Plaintiff, | |
| - v - | 1:19-cv-10256-GHW |
| **DAVIS POLK & WARDWELL LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler** | **NON-DISCLOSURE AGREEMENT** |
| Defendants. | |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, Highly Confidential, or Attorneys' Eyes Only Information.  I agree that I will not disclose such Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective

Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Name: _____

Date: