# DEFENDANTS' EXHIBIT 4

(August 18, 2020 Email from M. Doran to D. Jeffries)

**From:** Doran, Marissa
**Sent:** Tuesday, August 18, 2020 2:55 PM
**To:** 'David Jeffries' <djeffries@jeffrieslaw.nyc>
**Cc:** Birenboim, Bruce <bbirenboim@paulweiss.com>; Buergel, Susanna M <SBuergel@paulweiss.com>
**Subject:** RE: meet & confer


David,

Thank you for taking the time to speak today.

We wanted to set forth in writing our key takeaways from our discussion:

1. You requested that we speak for not more than 30 minutes on Thursday (August 20) at 2:00. We agreed to do so.
2. You agreed to provide, prior to the Thursday meet and confer call, a response to item I.C in our letter of this morning, which requests a substantive response to Interrogatory 10 and amended Rule 26(a) disclosures, including with respect to damages.
3. We explained that we view the items in our August 18 letter to be unresolved, and asked that if there remain items about which you would like to make further progress, you identify those items and be prepared to discuss them Thursday at 2:00. You agreed to do so.

We will send dial-in information momentarily.

Marissa



**Marissa C.M. Doran** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3980 (Direct Phone) | +1 646 417 6241 (Direct Fax)
mdoran@paulweiss.com | www.paulweiss.com

**From:** Doran, Marissa
**Sent:** Tuesday, August 18, 2020 9:17 AM
**To:** 'David Jeffries' <djeffries@jeffrieslaw.nyc>
**Cc:** Birenboim, Bruce <bbirenboim@paulweiss.com>; Buergel, Susanna M <SBuergel@paulweiss.com>
**Subject:** RE: meet & confer

Dear David,

Please see the attached letter.

We look forward to speaking with you at noon today.

Marissa


**Marissa C.M. Doran** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3980 (Direct Phone) | +1 646 417 6241 (Direct Fax)
mdoran@paulweiss.com | www.paulweiss.com


**From:** Doran, Marissa
**Sent:** Monday, August 17, 2020 6:35 PM
**To:** 'David Jeffries' <djeffries@jeffrieslaw.nyc>
**Cc:** Birenboim, Bruce <bbirenboim@paulweiss.com>; Buergel, Susanna M <SBuergel@paulweiss.com>
**Subject:** RE: meet & confer

Thanks, David. Let's say 12. I'll circulate a dial-in.


**Marissa C.M. Doran** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3980 (Direct Phone) | +1 646 417 6241 (Direct Fax)
mdoran@paulweiss.com | www.paulweiss.com


**From:** David Jeffries <djeffries@jeffrieslaw.nyc>
**Sent:** Monday, August 17, 2020 1:45 PM
**To:** Doran, Marissa <mdoran@paulweiss.com>
**Cc:** Birenboim, Bruce <bbirenboim@paulweiss.com>; Buergel, Susanna M <sbuergel@paulweiss.com>
**Subject:** Re: meet & confer

Marissa,

I am available to meet and confer tomorrow between 11 and 1pm.

Regards,

David

**From:** Doran, Marissa <mdoran@paulweiss.com>
**Sent:** Monday, August 17, 2020 7:42 AM
**To:** David Jeffries <djeffries@jeffrieslaw.nyc>
**Cc:** Birenboim, Bruce <bbirenboim@paulweiss.com>; Buergel, Susanna M <sbuergel@paulweiss.com>
**Subject:** RE: meet & confer

David,

We are free 11-1 on Tuesday. If that works for you, please let us know. We will send you a letter later today regarding the issues you raise.

Marissa

**Marissa C.M. Doran** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3980 (Direct Phone) | +1 646 417 6241 (Direct Fax)
mdoran@paulweiss.com | www.paulweiss.com

**From:** David Jeffries <djeffries@jeffrieslaw.nyc>
**Sent:** Friday, August 14, 2020 3:14 PM
**To:** Buergel, Susanna M <sbuergel@paulweiss.com>; Doran, Marissa <mdoran@paulweiss.com>
**Cc:** Birenboim, Bruce <bbirenboim@paulweiss.com>
**Subject:** Re: meet & confer

Susanna,

We've previously noted that a disconnect is resulting from characterizations that are inconsistent with what we've clearly communicated in writing and during the meet-and-confers. To this point, it is unclear what "letter" and "issue" you are referring to in the first paragraph of your email below.

We've sent multiple letters where my client was clear about his understandings and positions, as well as any supplemental information he could or would provide in due course. I communicated the same positions and understandings during the meet-and-confers.

As we have repeatedly flagged in our recent letters and during the meet-and-confers, the best way for for all parties to minimize confusion is for Defendants to respond to our letters in writing and with specific information and requests.

The issue with the protective order makes this point. We took time to send a letter and revised protective order. Our revised draft considered and rejected Defendants' position and proposed language with respect to issues that we believe represent a radical departure from the judge's model protective order, plaintiff's rights and interests, and the issues and facts in this case.

On the last meet-and-confer, you repeated your clients' desire to include certain changes and categories. Defendants' desire to have a protective order that confers certain advantages to Defendants is reasonable. It is not however the only relevant consideration. I made that clear on the call.

I also made it clear during the last meet-and-confer that I would relay to my client Defendants' stated reasons for certain changes to the order. I've done that. To be clear, I committed to relaying Defendants' reasons in the context of (i) us explicitly requesting that Defendants provide us with supportive caselaw for their proposed changes and (ii) you explicitly saying Defendants' would provide such caselaw. We have not yet received any caselaw, on any issues, from Defendants.

Without that information, we stand on our initial position that the model protective order provides a level of confidentiality that is appropriate and not unduly restrictive to the parties.

To close out this issue, and to state what should be obvious, my client cannot take the lead on drafting provisions that are specific to Defendants' preferences. What is needed in order to reach an agreement on the protective order or to establish whether we're at an impasse is for Defendants to return a revised draft for my client to consider. At a minimum, we need Defendants to send us specific language in a revised protective order, not merely restate their preferences and purported reasons for their preferences.

As to what we agreed to provide, I'll point you to the relevant parts of our August 6 letter:

• For each applicable RFP and Rog, Plaintiff will revise his responses and provide the requested confirmation as to the precise documents or categories of discovery that have been withheld, if any, based on any asserted objections.

• Plaintiff will provide Defendants with revised discovery responses, Rule 26(a) Disclosures, and signed verifications for both. (Note: It appears that Defendants have not provided Plaintiff with a signed verification for its Rule 26(a) disclosures.)

• Upon reaching agreement on the protective order, Plaintiff will also produce any additional categories of agreed-upon documents that reflect the compromises already reached and those reached as a result of the negotiations that are ongoing.

As outlined above, we intend to provide this information.

Please let us know your availability for next week.

David

---

**From:** Buergel, Susanna M <sbuergel@paulweiss.com>
**Sent:** Thursday, August 13, 2020 10:06 PM
**To:** David Jeffries <djeffries@jeffrieslaw.nyc>; Doran, Marissa <mdoran@paulweiss.com>
**Cc:** Birenboim, Bruce <bbirenboim@paulweiss.com>
**Subject:** RE: meet & confer

David,

As has been our experience with respect to the meet and confer process in this matter, we have a significant disconnect. You agreed on our last call to send us a letter regarding the issues we raised on our prior meet and

confers in advance of the scheduled meet and confer tomorrow.  We will let you know times Monday or Tuesday when we can talk, but you owe us information. The discussion early next week will be unproductive if you do not address the issues in writing you agreed to address.

As for the protective order, I am baffled, as well: we explicitly discussed the reasons we requested both AEO and Highly Confidential categories. You acknowledged that you understood our reasoning and said you would discuss the issues we raised with your client and revert tomorrow. Surely you are not seriously asking if we would simply sign the draft you returned to us without concluding that discussion?

To be candid, we are not sure how to proceed. We are happy to talk early next week, but your note below bears little relation to the status of our discussions where we last left off. We would like to avoid burdening the court with our discovery disputes, but we will have no choice if you simply ignore the discussions we do have, and avoid the discussions you commit to having. We will provide times we are available to talk early next week tomorrow, but we urge you to provide us in writing the information you agreed to provide before that conversation.

Susanna


Susanna M. Buergel | Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3553 (Direct Phone) | +1 212 492 0553 (Direct Fax)
sbuergel@paulweiss.com | www.paulweiss.com

---

**From:** David Jeffries <djeffries@jeffrieslaw.nyc>
**Date:** Thursday, Aug 13, 2020, 7:48 PM
**To:** Doran, Marissa <mdoran@paulweiss.com>
**Cc:** Buergel, Susanna M <sbuergel@paulweiss.com>, Birenboim, Bruce <bbirenboim@paulweiss.com>
**Subject:** Re: meet & confer

Hello Marissa,

With respect to the letter that we sent on July 31 and the two letters we sent on August 6, we agreed to move the meet-and-confer that was proposed in our August 6 letter from Thursday, August 13 to Friday, August 14.

We think it makes sense to move the meet-and-confer to Monday or Tuesday of next week.

The extra time will give your clients a chance to return to us a signed protective order or a revised draft order with proposed changes, as our July 31 letter and August 6 letters mentioned/requested and as we flagged on our last teleconference.

The extra time will also give us time to provide the requested confirmation noted in our August 6 letter and any supplemental information referenced therein.

Please let us know if a meet-and-confer on Monday or Tuesday of next week works for you.

Kind regards,

David

---

**From:** Doran, Marissa <mdoran@paulweiss.com>
**Sent:** Thursday, August 13, 2020, 1:56 PM
**To:** David Jeffries
**Cc:** Buergel, Susanna M; Birenboim, Bruce
**Subject:** RE: meet & confer

David,

We understand that we have a third meet-and-confer call scheduled for tomorrow at 11:00.  You had agreed to send a series of information not later than 24 hours in advance of our call, so that we would have sufficient time to review it, including your responses to questions we had posed.  Could you please advise if that correspondence is forthcoming, and if so, at what time?

Marissa

**Marissa C.M. Doran** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3980 (Direct Phone) | +1 646 417 6241 (Direct Fax)
mdoran@paulweiss.com | www.paulweiss.com

**From:** David Jeffries <djeffries@jeffrieslaw.nyc>
**Sent:** Thursday, August 6, 2020 12:05 PM
**To:** Doran, Marissa <mdoran@paulweiss.com>
**Cc:** Buergel, Susanna M <sbuergel@paulweiss.com>
**Subject:** Re: meet & confer

Yes. Dialing now

Get Outlook for Android

---

**From:** Doran, Marissa <mdoran@paulweiss.com>
**Sent:** Thursday, August 6, 2020 12:02:13 PM
**To:** David Jeffries <djeffries@jeffrieslaw.nyc>
**Cc:** Buergel, Susanna M <sbuergel@paulweiss.com>
**Subject:** meet & confer

David,

We are on the line for our scheduled meet & confer.  Are you planning to dial in?

Many thanks,

Marissa

**Marissa C.M. Doran** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**

1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3980 (Direct Phone) | +1 646 417 6241 (Direct Fax)
mdoran@paulweiss.com | www.paulweiss.com

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.