# DEFENDANTS' EXHIBIT 6

(Excerpts from Plaintiff's Second Supplemental Objections and
Responses to Defendants' First Set of Interrogatories)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KALOMA CARDWELL, <br><br> Plaintiff, <br><br> v. <br><br> DAVIS POLK & WARDWELL LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler, <br><br> Defendants. | 1:19-cv-10256-GHW |

## PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES[1]

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff Kaloma Cardwell ("Plaintiff"), by and through his undersigned attorney, hereby supplements his responses and objections to Defendants Davis Polk & Wardwell LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler's (collectively, "Defendants") First Set of Interrogatories, dated March 2, 2020 (the "Interrogatories").

All responses contained herein are based upon information and documents currently known to Plaintiff at this time. All information provided in response to the Interrogatories are provided solely for use in this litigation and for no other purpose.

### GENERAL OBJECTIONS

---

[1]     Plaintiff provides the following supplemental responses and objections in the interest of narrowing the parties' discovery disputes.

The following General Objections form a part of and are specifically incorporated into each of Plaintiff's responses.  Failure to refer specifically to any of these General Objections in any specific response should not be construed as a waiver of same.  Any response to these Interrogatories shall be deemed "Confidential," subject to and protected by the Confidentiality Stipulation and Order ultimately entered in this case.  Any responses to the Interrogatories are made without waiver of, or prejudice to, any objections Plaintiff may raise now or in the future, and all such objections are hereby expressly preserved.

1.      Plaintiff provides the Responses to the Interrogatories, as set forth below, even though Plaintiff's investigation, discovery, and evaluation is ongoing and not yet complete. Plaintiff has made a good faith effort to provide substantive responses to these Interrogatories, but these Responses are preliminary and subject to amendment, supplementation, or revision.

2.      Plaintiff objects to the Interrogatories to the extent they purport to seek discovery beyond the limits of or different from that permitted by the Federal Rules of Civil Procedure, the Local Rules, or other applicable rule or law (together, the "Applicable Rules").

3.      Plaintiff objects to each Interrogatory that seeks "all documents" regarding certain topics.  Where Plaintiff agrees to provide information, Plaintiff does so to the best of its knowledge and recollection.  Plaintiff objects to every Interrogatory that seeks the production of "all" documents and/or communications on the grounds that the scope of any such Interrogatory is overly broad, unduly burdensome, and oppressive.

4.      Plaintiff objects to each Interrogatory to the extent it calls for information that is publicly available.

5.      Plaintiff objects to each Interrogatory to the extent it calls for information that is known to Defendants or is in Defendants' possession, custody or control, including in the documents that Defendants will produce during the course of this action.

right to modify, supplement, or correct this response at any time pursuant to Federal Rule of Civil

Procedure 26(e).

**INTERROGATORY NO. 4:**

Identify every unnamed individual referred to in Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates by reference his general objections. Plaintiff further objects to the

Interrogatory on the grounds and to the extent that it seeks information already in the possession

of or equally accessible to Defendants.  Plaintiff also objects to this Interrogatory to the extent

that it seeks information more properly obtained through other discovery devices, particularly

document discovery.

**INTERROGATORY NO. 5:**

Identify every person with knowledge concerning Plaintiff's alleged "impairment to his

name and reputation." Complaint ¶ 254.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates by reference his general objections.  Plaintiff further objects on the

basis that the Interrogatory is overly broad, indefinite as to time, and without reasonable

limitation in its scope.[2]  Plaintiff further objects to the Interrogatory on the grounds and to the

extent that it seeks information already in the possession of or equally accessible to Defendants.

Subject to and without waiving any of the foregoing objections, Plaintiff is willing to meet and

confer to attempt to clarify the Interrogatory and narrow its scope.

**INTERROGATORY NO. 6:**

Identify every person with knowledge concerning Plaintiff's alleged "emotional harm,"

complaint ¶ 261, including without limitation persons from whom Plaintiff has sought any type of

medical or professional health treatment.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates by reference his general objections.  Plaintiff further objects on the

basis that the Interrogatory is overly broad, indefinite as to time, and without reasonable limitation

in its scope.  Plaintiff further objects to the Interrogatory on the grounds and to the extent that it

seeks information already in the possession of or equally accessible to Defendants.  Plaintiff further

objects on the basis that this Interrogatory invades Plaintiff's work product privilege in that it seeks

to obtain information through Counsel's mental impressions, conclusions, opinions or legal

theories. Subject to and without waiving any of the foregoing objections, Plaintiff identifies the

---

[2]      For example, Davis Polk has been reported saying, "The evidence—e.g., performance
evaluations, contemporaneous email records, and work product, among other things—will
demonstrate that plaintiff was not able to perform at the level expected of a Davis Polk associate
and that his performance was the only reason he was asked to seek other employment." Such
assertions and reports have undoubtedly impaired Plaintiff's name and reputation and plaintiff
cannot identify every person who has read such reports and has knowledge of such impairment.

following individuals: Thomas Reid, John Bick, ███████████████████

████████████████████████████████████████████████

**INTERROGATORY NO. 7:**

Identify every person with knowledge concerning Plaintiff's alleged "psychological trauma," complaint ¶ 261, including without limitation persons from whom Plaintiff has sought any type of medical or professional health treatment.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates by reference his general objections.  Plaintiff further objects on the basis that the Interrogatory is overly broad, indefinite as to time, and without reasonable limitation in its scope.  Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants.  Plaintiff further objects on the basis that this Interrogatory invades Plaintiff's work product privilege in that it seeks to obtain information through Counsel's mental impressions, conclusions, opinions or legal theories. Subject to and without waiving any of the foregoing objections, Plaintiff identifies the following individuals: ███████████████████████████████.

**INTERROGATORY NO. 8:**

Identify every person with knowledge concerning any job search by Plaintiff prior to or after his separation from Davis Polk, including any person with whom Plaintiff has directly sought or pursued any employment opportunity.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates by reference his general objections.  Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants.  Plaintiff further objects to the temporal scope of this request, including because it seeks information from July 1, 2012 through the present.  Subject to

controlled by plaintiff during the relevant period.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates by reference his general objections. Plaintiff further objects to the

temporal scope of this request, including because it seeks information from July 1, 2012 through

the present.  Plaintiff further objects to the Interrogatory on the grounds and to the extent that it

seeks information already in the possession of or equally accessible to Defendants. Plaintiff

further objects on the grounds that it is overbroad and unduly burdensome, particularly to the

extent it seeks "[a]ll email address and social media accounts . . . **used**" over an eight year

period, and because it calls for information that has no bearing on the claims or defenses in this

action and the proportional needs of this case.[4]

Subject to and without waiving any of the foregoing objections, Plaintiff is prepared to

meet and confer in a good faith effort to better understand how this Request relates to the claims

or defenses asserted in this action.

**INTERROGATORY NO. 14:**

Identify each phone number and phone service provider that plaintiff has used during the

relevant period.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff incorporates by reference his general objections. Plaintiff further objects to the

Interrogatory on the grounds and to the extent that it seeks information already in the possession

of or equally accessible to Defendants.  Plaintiff further objects to the temporal scope of this

request, including because it seeks information from July 1, 2012 through the present. Plaintiff

---

[4]      For example, this Interrogatory is so overbroad that it contemplates any and all email
addresses that Plaintiff may have created as a student in law school for the purposes of receiving
discounts or a free trial of some sort.