Plaintiff's Exhibit C

Plaintiff's August 6, 2020 Letter to Defendants
(J. Johnson) Re: the Protective Order

August 6, 2020

**VIA E-MAIL**

Jeh Johnson and Susanna Buergel
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285Avenue of the Americas
New York, New York 10019-6064

Re: *Cardwell* v. *Davis Polk & Wardwell LLP,* et al. (1:19-cv-10256-GHW)

Dear Jeh and Susanna,

        I write on behalf of Plaintiff Kaloma Cardwell ("Plaintiff") in response to Defendants'
counsel's July 31, 2020 correspondence, sent on behalf of Defendants Davis Polk & Wardwell
LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass,
Brian Wolfe, and John Butler's (collectively, "Defendants"), concerning Defendants' proposed
modifications to Judge Woods's Form of Stipulated Confidentiality Agreement and Protective
Order ("Judge Wood's Form Order") ("Defendants' Proposal to Modify Judge's Form Protective
Order" or "Defendants' Proposal"). During our August 3, 2020 teleconference, I stated that I
would communicate Plaintiff's position on Defendants' Proposal within a day or two of the
teleconference. This letter is Plaintiff's response.

        As an initial matter, I will remind Defendants that on February 8, 2018—the day Davis
Polk partners ▮▮▮▮▮▮ and ▮▮▮▮▮▮ (on behalf of Davis Polk) terminated Plaintiff's
employment—▮▮▮▮▮▮ (the then-co-chair of Davis Polk's M&A group) explicitly told
Plaintiff, "We have a thousand percent confidence in [Plaintiff's] integrity . . . . There's no issue
with [Plaintiff's] integrity or behavior." ECF 37 at 100. Consistent with ▮▮▮▮▮▮ and
Davis Polk's assessment of Plaintiff between 2014 and 2018, for over six months after February
8, 2018, Defendants allowed Plaintiff to have unrestricted access to his Firm-issued computer,
Firm-issued cell phone, and all documents and files that Plaintiff and other Davis Polk attorneys
could access with such Firm-issued devices.[1] In total, Defendants and the co-head of Davis
Polk's M&A group allowed Plaintiff to have unrestricted access to client-sensitive and personnel
sensitive documentation for over a year following Plaintiff's filing of his August 2017 EEOC
Charge against Defendants.

        While this letter does not address every issue with Defendants' Proposal, it is clear that
Defendants' Proposal is effectively a rewrite of Judge Wood's Form Order that undermines the
very nature of discovery in employment discrimination cases. For example, Defendants'
proposal would allow Defendants to unilaterally impose an "attorneys' eyes only" restriction on
discoverable information that "shall at no point be disclosed to Plaintiff Kaloma Cardwell."

        In what can only be viewed as a complete evisceration of Plaintiff's right to litigate his
employment discrimination claims, Defendants have argued that "Attorneys' Eyes Only

---

[1] This was true during the relevant period in 2018 where Davis Polk and certain M&A partners claimed that they
were willing to assist Plaintiff with obtaining future employment, including employment with potential competitors.

August 6, 2020 Ltr. to J. Johnson
Page 2 of 3

Information" includes, but its not limited to, "personnel, disciplinary, leave, or recruiting records, including  performance reviews, compensation information or other financial remuneration information . . . of any individuals other than Plaintiff." As Defendants well know, Plaintiff a former employee, is uniquely situated to effectively identify the full range of useful Defendant-produced documents. To this point, and to give but one example, Defendants' proposed restrictions seem designed to wholly undermine Plaintiff's ability to effectively utilize items that they will propound.

Now that the Court has rejected Defendants' request to categorically bar Plaintiff from requesting and receiving documents that Defendants could and should produce in a racial discrimination case, Defendants have asked Plaintiff to agree to a protective order that would prohibit Plaintiff from having access to virtually every meaningful document Defendants will produce in this case. Defendants are, once again, pushing for a outcome that is not consistent with the law, does not serve the interests of justice, and effectively establishes a backdoor corporate barrier that prevents Plaintiff from having access to the Courts and the ability to litigate discrimination claims. Defendants' position, as stated in Defendants' Proposal to Modify Judge Wood's Form Protective Order, is both disturbing, unreasonable, and contrary to any meaningful effort to identify and combat institutional racism.

To be clear, Plaintiff seeks a protective order that is binding on all parties in this case. See Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production ("Plaintiff's RFP Responses"), produced on July 18, 2020. In Plaintiff's RFP Responses, Plaintiff stated that where Plaintiff's document production "contain[s] the confidential financial, personal, or particularly sensitive information of third-parties, Plaintiff will produce such documents with narrowly-tailored redactions to protect the confidential information of such third-parties subject to the subsequent entering of a protective order." See also Plaintiff's July 31, 2020 letter to Defendants where Plaintiff stated, "Plaintiff will produce documents containing [confidential commercial, business, financial, proprietary, personal, or particularly sensitive information] . . . pursuant to the terms of a suitable protective order entered between the parties or by the Court."

Consistent with Plaintiff's desire to for all parties to be bound by a suitable protective order, Plaintiff is attaching to this letter a revised protective order. Plaintiff's proposed protective order is virtually identical to Judge Wood's Form Order, which is more than adequate for plaintiffs and defendants in the United States District Court for the Southern District of New York. In order to prevent any unnecessary delays, Plaintiff would like to briefly note the following realities so that the parties can move forward with the execution of the attached protective order or any necessary meet and confers.

I.      **Good Cause Does Not Exist and Defendants Cannot Establish Good Cause for a Protective Order to Impose Defendants' Proposed Restrictions**

This reality is straightforward: Good cause does not exist and Defendants cannot establish good cause to restrict Plaintiff, among other restrictions, from accessing Defendants' documents in discovery. Simply put, relevant caselaw does not grant defendants the ability to prohibit plaintiffs from having access to defendants' documents because defendants have a

August 6, 2020 Ltr. to J. Johnson
Page 3 of 3

general, conclusory belief that there is "information that is of such a nature that risk of competitive injury or injury to the Producing Party would be created if such Discovery Material was seen by others." See Defendants' Proposal at 4.

## II.     Defendants' Proposed Restrictions Would Prevent Plaintiff from Being Able to Litigate His Claims

Plaintiff's counsel cannot litigate Plaintiff's employment discrimination claims without the benefit of Plaintiff's knowledge and assessments of his former employer's and its attorneys' documents. Defendants and its counsel know this. This is especially true in the aftermath of Judge Woods's ruling on Plaintiff's motion to amend the scheduling order, a ruling that explicitly recognized that Plaintiff would be significantly prejudiced if prohibited from requesting and receiving Defendants' documents.

Undoubtedly, successful document discovery, especially in employment discrimination cases, depends upon a familiarity with employer- and industry-specific players and practices, as well as employer- and industry-specific documentation. Such expertise generally lies with plaintiffs and, in this case, specifically and exclusively lies with Plaintiff.

Further, Plaintiff cannot meaningfully comply with the Court's order to participate in mediation without having access to Defendants' information.

Ultimately, there is no substitute for Plaintiff in this matter. It is unjust for Defendants to directly or effectively ask the Court to prohibit Plaintiff from being fully informed in guiding litigation strategy and settlement opportunities, attending depositions where confidential information will be discussed, and reviewing expert reports and dispositive motions that reference discovery materials that are marked Confidential.

Please let us know if Defendants are willing to sign the attached protective order so that Plaintiff Kaloma Cardwell can pursue his employment discrimination claims and can have meaningful access to the courts.[2]

Sincerely,

/s/ David Jeffries

David Jeffries

---

[2] We are available to meet and confer on issues related to the protective order if Defendants are unwilling to agree to the attached protective order, which is essentially the Court's form protective order. As noted in this letter, Plaintiff reserves all rights.