Plaintiff's Exhibit D

Plaintiff's First Set of Interrogatories to Davis Polk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>        *Plaintiff*,<br> v.<br><br>DAVIS POLK & WARDWELL LLP, THOMAS REID, JOHN BICK, WILLIAM CHUDD, SOPHIA HUDSON, HAROLD BIRNBAUM, DANIEL BRASS, BRIAN WOLFE, and JOHN BUTLER,<br><br>        *Defendants*. | 19 Civ. 10256 (GHW) |

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO Davis Polk**

   Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Civil Rules 33.3, 26.2, and 26.3, plaintiff Kaloma Cardwell hereby request that defendants Davis Polk & Wardwell LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler, by their undersigned attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP fully and completely answer in writing each of the following interrogatories under oath within thirty (30) days of service in accordance with the definitions and instructions set forth below.

**DEFINITIONS**

   1.  "This litigation" or "this action" means the above-captioned litigation, *Cardwell* v. *Davis Polk & Wardwell LLP,* et al., No. 19-CV-10256-GHW (S.D.N.Y.), and also includes, without limitation, any related state or federal administrative proceedings initiated by plaintiff, including any proceedings before the Equal Employment Opportunity Commission ("EEOC") or New York State Division of Human Rights ("NYSDHR").

1

2. The term "Amended Complaint" refers to operative complaint filed in the above-captioned litigation.

3. "Plaintiff" refers to the named plaintiff in this action, Kaloma Cardwell.

4. "Defendants" means, collectively at the time of this writing Davis Polk & Wardwell LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler, including any of their agents, representatives, attorneys, or any other persons under their control or acting or purporting to act on their behalf.

5. "Davis Polk" refers to the law firm Davis Polk & Wardwell LLP, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its current and former employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

6. "Thomas Reid" refers to the named defendant in this action, Thomas Reid.

7. "John Bick" refers to the named defendant in this action, John Bick.

8. "William Chudd" refers to the named defendant in this action, William Chudd.

9. "Sophia Hudson" refers to the named defendant in this action, Sophia Hudson.

10. "Harold Birnbaum" refers to the named defendant in this action, Harold Birnbaum.

11. "Daniel Brass" refers to the named defendant in this action, Daniel Brass.

12. "Brian Wolfe" refers to the named defendant in this action, Brian Wolfe.

13. "John Butler" refers to the named defendant in this action, John Butler.

14. "Named Defendant" means any or all of the individual defendants in this

action (i.e., Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler).

15. "Federal Rules" refers to the Federal Rules of Civil Procedure.

16. "Local Civil Rules" refers to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York as well as any individual rules of the presiding judge in this action.

17. The definitions and rules of construction set forth in Local Civil Rule 26.3 are incorporated herein by reference.

18. "Related to" or "relating to" means affecting, concerning, constituting, dealing with, describing, embodying, evidencing, identifying, involving, providing a basis for or against, reflecting, regarding, respecting, stating, supporting, substantiating, or in any manner whatsoever pertaining, in whole or in part, to that subject.

19. "Includes" or "including" means "includes but not limited to" and "including but not limited to" respectively.

20. "Employment" refers to any full-time, part-time, or self-employment or any other activity intended to generate income for the performance of personal services.

21. "Employer" means any current, former, or prospective employer by which any Named Defendant was employed or sought employment, including but not limited to all partnership, joint ventures, or entities to which it may be a party, employers, staffing agencies, temporary employment agencies, headhunters, recruiters, and any person for whom a Named Defendant worked or from whom a Named Defendant sought employment.

22. "Claims and defenses of this litigation" means any information related to the above-referenced litigation, as defined at definition 1 above, including but not limited to information related to the allegations, claims, defenses, injuries, or damages in the above-

referenced litigation.

23. The use of present tense includes past tense and vice versa.

24. The use of masculine, feminine, or neuter pronouns shall not exclude other genders.

25. Unless otherwise specified, "manager" and "management" refer to any Davis Polk employee, counsel, or partner with supervisory responsibility over other employees, partners, committees, departments of any level, or staffing of any level. Manager includes, but is not limited to, department or practice group heads; department or practice group managers; officers; executives; executive directors; managers; directors; coordinators (including staffing and summer coordinators); supervisors; professionals; employees; counsel; or partners who served on Davis Polk's diversity committee during the relevant period; and any higher positions.

26. "Davis Polk's NYSDHR Brief" refers to Davis Polk's Answer and Position Statement filed with the New York State Division of Human Rights on December 5, 2017 in response to Plaintiff's Charge of Discrimination, which was dual-filed with the EEOC and NYSDHR in August 2017.

27. "Complaint" or "complaints," unless otherwise indicated, includes (a) internal complaints filed formally or informally, verbally or in writing, relating to any prohibited or discouraged conduct referenced in or connected to any of the Firm's non-discrimination, non-retaliation, non-harassment, and professional conduct policies or otherwise, within Davis Polk; (b) external complaints, filed with the US Equal Employment Opportunity Commission (EEOC), New York State Division of Human

Rights (NYSDHR), New York City Commission of Human Rights (NYCCHR) or any state or local fair employment practices agency; (c) lawsuits filed in any court of competent jurisdiction, and (d) arbitrations filed against Davis Polk.

### INSTRUCTIONS

1. In addition to the definitions and instructions contained herein, these interrogatories incorporate the instructions contained in any applicable Federal Rule, Local Civil Rule, or Individual Practice of the presiding Judge.

2. Please respond to each interrogatory separately by setting forth the interrogatory followed by Davis Polk's response to the interrogatory.

3. These interrogatories seek information that is in the possession, custody, or control of Davis Polk or any of Davis Polk's respective agents, attorneys, or other representatives. Information shall be deemed to be within Davis Polk's control if Davis Polk has the right to secure the information from another person having possession, custody, or control of such information.

4. If the requested information is not within Davis Polk's personal knowledge, identify each person to whom the information is a matter of personal knowledge, if known, and if not known, state the source of Davis Polk's information and the ground for Davis Polk's belief.

5. In each case where Davis Polk is asked to "identify" a person, Davis Polk is asked to state, with respect to each such person, the following: (a) full name; (b) current business address and telephone number; and (c) current residence address and telephone number, if known.

6. No conclusions of law are sought by these interrogatories. Whenever an interrogatory seeks information that may appear to be a conclusion of law, the interrogatory

should be construed to be directed solely to the factual basis from which that conclusion might or could be drawn, regardless of whether Davis Polk agrees with the conclusion.

7. If an objection is made to any interrogatory in whole or in part, state with specificity all grounds for the objection, and respond to those parts of the interrogatory as to which no objection is made.

8. If, in responding to any interrogatory, any ambiguities in the interrogatory's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

9. If any interrogatory cannot be answered in full, answer to the fullest extent possible, setting forth with specificity the reasons for plaintiff's inability to answer the remainder and stating whatever information, knowledge or belief plaintiff has concerning the unanswered portion.

10. Unless otherwise specified, all interrogatories herein call for information relating to the time period from the August 2010, and continuing up to and including the date of Davis Polk's response and include all information concerning that period (the "relevant period"), even though prepared or published outside of that period.

11. These interrogatories are deemed to be continuing in nature. Accordingly, if subsequent to serving a response to any interrogatory, or any part thereof, Davis Polk, or any other person on Davis Polk's behalf, obtains or becomes aware of additional information pertaining to such responses that will augment or otherwise modify the previous response, Davis Polk is required, pursuant to Federal Rule 26(e), to provide such information or documents by way of supplemental responses. Such supplemental responses are to be made and served upon Plaintiff within ten (10) days after Davis Polk receives or becomes aware of such information.

12. Objection will be made at the time of trial to any attempt to introduce evidence which is sought by these interrogatories and to which no disclosure has been made.

13. With respect to each interrogatory to which a claim of privilege or work product protection is asserted, separately state the type of communication or information to which the claim is being asserted and the basis for the claim. If the work product doctrine is being asserted, identify the proceeding for which the work product was prepared. With respect to each communication to which a claim of privilege is being asserted, state (i) its date; (ii) the name, address, and present position of all parties to the communication; a description of the form of the communication (e.g., letter, text message, telephone call); and (iv) a general description of the subject matter of the communication.

## INTERROGATORIES

1. Identify all persons who had knowledge, prior to March 29, 2017, of Plaintiff's December 5, 2016 email to Carey Dunne, the subject matter of the email, or Plaintiff's concerns or inquiries related to Davis Polk's representation of a for-profit prison.

2. Identify all persons who had knowledge, prior to June 30, 2016, that Plaintiff made comments related to experiencing workplace exclusion or that Davis Polk "made note of the concern for future professional development discussions," as reflected in Davis Polk's NYSDHR Brief.

3. Identify all persons who provided Plaintiff with his first and "second negative annual performance review," as reflected in Davis Polk's NYSDHR Brief.

4. Identify all persons who participated in the soliciting, drafting, revising, finalizing, or formatting of William Chudd's performance review bearing the date September 23, 2015.

5. Identify the person or persons Plaintiff "asked for mid-year feedback on

his work," such that Plaintiff's "[June 2016] review [was] in response to that request," as reflected in John Bick's June 30, 2016 summary review.

6. Identify the person or persons Plaintiff approached within the "Associate Development department and asked for feedback," as reflected in Davis Polk's NYSDHR Brief.

7. Identify all persons who, according to Davis Polk's NYSDHR Brief, "solicited reviews" in connection with Plaintiff's June 2016 performance review with John Bick.

8. Identify the person or persons who "assigned" John Bick "to meet with [Plaintiff]" and conduct the June 2016 performance review.

9. Identify all sources for Davis Polk's assertion in Davis Polk's NYSDHR Brief that Plaintiff "refuse[d] a cross-departmental assignment."

10. Identify all persons who had knowledge, prior to September 28, 2016, that Plaintiff expressed concerns about staffing decisions being impacted or potentially being impacted by race.

11. Identify all persons who participated in the soliciting, drafting, revising, finalizing, or formatting of Sophia Hudson's performance review bearing the date September 27, 2016.

12. Identify all persons with knowledge, as of March 22, 2017, that ▓▓▓▓▓▓▓▓ summary review for Plaintiff's December 2016 annual review had not been submitted and entered into the system from which Davis Polk produced Plaintiff's performance reviews.

13. Identify all persons who, as of December 5, 2017, had knowledge of the fact that Plaintiff filed an EEOC Charge of Discrimination against Davis Polk.

8

14. Identify all persons who were involved with gathering, writing, completing, or evaluating (i) performance evaluations or (ii) the summary review that were a part of Plaintiff's annual 2017 performance review (discussed with Plaintiff on January 11, 2018).

15. Identify all persons who comprised the group that decided prior to February 8, 2018 that Davis Polk and its M&A partners thought they could not staff Plaintiff at his "seniority level."

16. Identify all persons who, between December 5, 2018 and February 8, 2018, discussed with ▮▮▮▮ and/or ▮▮▮▮ how and whether Plaintiff should be staffed on any assignments, or that it was "time for [him] to move on."

17. Identify all partners and managers who are responsible for (or have participated in) assessing whether associate performance reviews or summary reviews are being, have been, or have the potential to be completed in a discriminatory or retaliatory manner (or influenced or affected by discrimination or retaliation).

18. Identify all individuals who participated in any internal investigation or professional development discussions initiated by a Davis Polk employee, manager, or partner in response to Plaintiff's actual or possible concerns of discrimination, hostile work environment, harassment, or retaliation.

19. For the past ten years, identify all persons who have made complaints of employment discrimination, a hostile work environment, harassment, or retaliation against Davis Polk or its employees or partners.

20. Identify every unnamed individual referred to in Davis Polk's NYSDHR Brief.

21. Identify all persons to or from whom Davis Polk, or anyone acting on Davis Polk's behalf, has sent or received communications concerning the claims and defenses of

9

this litigation (including without limitation the damages sought in this litigation) or who has provided Davis Polk with a written statement or opinion of any kind concerning any allegation, claim, or defense raised in this litigation.[1]

   22. Identify all persons Davis Polk may call as a witness at trial in this litigation.

   23. Identify all persons with whom Davis Polk and managers of Davis Polk have communicated with (exclusive of counsel in this action) concerning the claims and defenses of this litigation.

   24. Identify all managers and partners at Davis Polk who have knowledge that Plaintiff's staffing, evaluations, or termination at Davis Polk were in part due to Plaintiff's race and/or Plaintiff's complaints.

---

[1] For the avoidance of doubt, this request does not seek communications between Davis Polk and Davis Polk's current counsel of record following the formation of an actual attorney-client relationship, or between Davis Polk and Davis Polk's attorney during the existence of an actual attorney-client relationship.

Dated: August 11, 2020
New York, New York

        Respectfully submitted,

        David Jeffries

        By: /s/ David Jeffries_____
           Davis Jeffries

        1345 Avenue of the Americas, 33rd Floor
        New York, New York 10105
        Telephone: (212) 601-2770
        djeffries@jeffrieslaw.nyc

        *Attorney for Plaintiff*