# DEFENDANTS' EXHIBIT 5

(Plaintiff's Second Supplemental Objections and Responses
to Defendants' First Set of Requests for Production)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KALOMA CARDWELL,**<br><br>Plaintiff,<br><br>**v.**<br><br>**DAVIS POLK & WARDWELL LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler,**<br><br>Defendants. | **1:19-cv-10256-GHW** |

## PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION[1]

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff Kaloma Cardwell ("Plaintiff"), by and through his undersigned attorneys, hereby submit the following supplemental responses and objections to Defendants Davis Polk & Wardwell LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler's (collectively, "Defendants") Requests for Production, dated March 2, 2020 (the "Requests").

---

[1]     Although virtually all of Defendants' document requests constitute "blanket request[s]" for all documents on a topic, which renders such requests "plainly overbroad and impermissible," Plaintiff provides the following supplemental responses and objections in the interest of narrowing the parties' discovery disputes. *Vaigasi v. Solow Mgmt. Corp.*, No. 11-5088, 2016 WL 616386, at *15 (S.D.N.Y. Feb. 16, 2016) (collecting cases regarding requests for "all documents" pertaining to topic and holding requests are overbroad); *Agerbrink v. Model Serv. LLC*, No. 14CIV7841JPOJCF, 2017 WL 933095, at *2 (S.D.N.Y. Mar. 8, 2017) ("Courts have long held that requests for 'any and all' documents are generally improper").

All information provided in response to the Requests are provided solely for use in this litigation and for no other purpose.

## <u>GENERAL OBJECTIONS</u>

The following General Objections form a part of and are specifically incorporated into each of Plaintiff's responses.  Failure to refer specifically to any of these General Objections in any specific response should not be construed as a waiver of same.

1.      Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they purport to seek discovery beyond the limits of or different from that permitted by the Federal Rules of Civil Procedure, the Local Rules, or other applicable rule or law (together, the "Applicable Rules").

2.      Plaintiff objects generally to the Requests, including the Definitions and Instructions therein, to the extent they seek production of documents, including electronically stored information ("ESI"), from sources that are not reasonably accessible because of undue burden or cost.

3.      Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they purport to require Plaintiff to do more than produce documents.

4.      Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they fail to identify with reasonable particularity the information sought.

5.      Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they are so vague, ambiguous, or confusing as not to be susceptible to a reasoned interpretation or response.

6.      Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they are overly broad, overly expansive, unreasonably cumulative, oppressive, or

unduly burdensome and would thus impose upon Plaintiff an unreasonable burden of inquiry or unreasonable costs.

7.      Plaintiff objects to every Request, including every Definition and Instruction therein, that seeks the production of "all" documents and/or communications on the grounds that the scope of any such Request is overly broad, unduly burdensome, and oppressive.

8.      Plaintiff objects to the Requests to the extent they seek information without limitation to a particular time period relevant to this action.

9.      Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they seek information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's decision to provide any document requested, notwithstanding the objectionable nature of any Request, is not a concession that the produced information is relevant, material, or admissible in these or any other proceedings.  Plaintiff reserves all objections regarding the relevance and admissibility of these responses and all forthcoming production(s) by Plaintiff as evidence in these or any other proceedings.

10.     Plaintiff objects to every Request that is duplicative of other Requests.

11.     Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they require Plaintiff to reach legal conclusions or to the extent they contain legal conclusions or characterize certain information, allegations, or ideas as undisputed fact.

12.     Plaintiff objects to the Requests to the extent they call for expert opinion.

13.     Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or protection from disclosure, including any privacy right afforded to Plaintiff.  The inadvertent disclosure of any

3

information or document that is privileged or otherwise protected from disclosure will not waive such privilege, protection, or privacy right.

14.     Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they require the disclosure of confidential commercial, business, financial, proprietary, personal, or particularly sensitive information.  Plaintiff will produce documents containing such material only pursuant to the terms of a suitable protective order entered between the parties or by the Court.

15.     Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they seek the production of confidential, personal, and/or financial information of third parties or otherwise require Plaintiff to violate the privacy or proprietary rights of third parties, or the attorney-client privilege, the work product privilege, and any other applicable privileges or immunities of third parties.

16.     Plaintiff objects to the Requests, including the Definitions and Instructions therein, to the extent they seek information that may be obtained from public sources or from another source that is equally available to Defendants, or is more convenient, less burdensome, or less expensive.

17.     Plaintiff objects to each definition, instruction, and Request to the extent it assumes or implies the existence of facts or circumstances that do not or did not exist, or states or assumes legal or factual conclusions.  Plaintiff does not admit any Request's factual or legal premise.

18.     All responses and forthcoming production(s) of documents are made subject to these objections and are based solely on the information known to Plaintiff at the time these responses are served.  Plaintiff reserves the right to revise, supplement, or clarify any objection, response, or production at any time, and to use at trial in this action information or documents later determined to have been responsive to these Requests.

19.     Statements below to the effect that records shall be produced shall not necessarily mean that any such records actually exist.  Statements that Plaintiff "will produce" or "agree to produce" documents mean that Plaintiff will produce any documents in his possession, custody, or control based upon a reasonable search, and does not constitute a representation that such documents exist.

20.     Each of the foregoing general objections is incorporated into each and every specific response set forth below.  Notwithstanding the specific response to any Request, Plaintiff does not waive any of his general objections.  Plaintiff may repeat a general objection below for emphasis or for some other reason, and the failure to repeat a general objection shall not be construed as a waiver of any general objection to the Requests.

21.     Plaintiff reserves the right to amend, supplement, and correct these objections or responses as necessary.

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to plaintiff's claim that defendants discriminated against, retaliated again, harassed, or took any adverse employment action against plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations.  Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product.  Plaintiff also objects to this Request to the extent that it seeks legal conclusions and/or expert discovery.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be

located by a reasonable and proportional search.  In the event that responsive documents contain

the confidential financial, personal, or particularly sensitive information of third-parties, Plaintiff

will produce such documents with narrowly-tailored redactions to protect the confidential

information of third-parties subject to the subsequent entering of a protective order. For the

avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions

noted herein.[2]

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to Davis Polk employees who allegedly were similarly situated to

plaintiff but allegedly treated more favorably than plaintiff regarding conduct relevant to any claim

or defense in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this

Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent

it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls

for documents that have no bearing on the claims or defenses in this action and the proportional

needs of this case.[3] Plaintiff further objects to this Request to the extent it seeks attorney-client

privileged communications and attorney work product.  Plaintiff also objects to this Request to the

extent that it seeks legal conclusions and/or expert discovery.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-

privileged documents responsive to this Request, to the extent that any such documents can be

---

[2]      For example, such withheld documents include Plaintiff's tax returns.
[3]      For example, and because Defendants defined "relating to" to mean "involving" and "in
any manner whatsoever pertaining . . . to that subject," among other sweeping definitions, this
Request is so overbroad that it contemplates documents related to Plaintiff's co-workers wishing
him a "Merry Christmas" or "Happy Birthday."

located by a reasonable and proportional search.  For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to plaintiff's employment with Davis Polk, including without limitation any performance evaluations, complaints, criticisms, feedback, coaching, or counseling that plaintiff received or allegedly received from defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case.[4] Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search**.** For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 4:**

All documents reflecting, constituting, or relating to any communications concerning the subject matter of this litigation, including communications:

---

[4]     For example, and because Defendants defined "relating to" to mean "in any manner whatsoever pertaining . . . to that subject," this Request is so overbroad that it contemplates documents that merely mention that Plaintiff worked at Davis Polk, including forms (e.g., lease agreements) where Plaintiff was required to list the name of his employer during the last eight years.

i.      between plaintiff and any present or former employee or agent of defendants;

ii.     between plaintiff and any media or press organization or any journalist, writer, or commentator; or

iii.    between plaintiff and any other third party.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" between "plaintiff and any other third party" (or "any . . . former employee") and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case. Plaintiff further objects to part (iii) of this Request to the extent it seeks attorney-client privileged communications and attorney work product.  Plaintiff also objects to part (iii) of this Request to the extent that it seeks legal conclusions and/or expert discovery.  Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on Defendants' undefined phrase "agents of defendants." Plaintiff further objects to Defendants' defined term "subject matter of this litigation" insofar as it impermissibly seeks "information . . . *not limited to* . . . to the allegations, claims, defenses, injuries, or damages" in this action, which is beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search.  In the event that documents responsive to parts (i)-(iii) of this Request contain the confidential financial, personal, or particularly sensitive information of third-parties and have only been withheld due to confidentiality concerns, Plaintiff will produce such documents with narrowly-tailored redactions to protect the

8

confidential information of such third-parties subject to the subsequent entering of a protective order. Plaintiff is also prepared to meet and confer in a good faith effort to appropriately narrow the scope of parts (i) and (iii) of this Request. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

## REQUEST FOR PRODUCTION NO. 5:

All documents obtained in connection with this litigation from any non-party, by subpoena or otherwise, including any statement from individuals with knowledge, whether or not identified in the parties' initial disclosures.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Plaintiff incorporates by reference his General Objections. Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case. Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product. Plaintiff further objects to this Request as vague and ambiguous with regards to the statement "including any statement from individuals with knowledge," as this language is incomplete and does not describe the type of knowledge Defendants are referring to. Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on Defendants' undefined phrase "in connection with this litigation," which Plaintiff will interpret to mean "relevant to any party's claim or defense and proportional to the needs of the case" consistent with Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to appropriately narrow the scope of this Request. For the avoidance

of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 6:**

All appointment books, diaries, or calendars used or maintained by plaintiff during the relevant period, including but not limited to electronic calendars or any third-party time-keeping applications, or any documents relating thereto. This request includes all documents recording, tracking, or otherwise tabulating the number of hours that plaintiff allegedly worked for Davis Polk.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll" documents and without providing reasonable time limitations and because it calls for documents that have no bearing on the claims or  defenses in this action and the proportional needs of this case.[5]  Therefore, Plaintiff objects to this Request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents sufficient to show the number of hours worked, to the extent that any such documents can be located by a reasonable and proportional search. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to plaintiff's allegations that he is entitled to compensatory and/or

---

[5]    For example, this Request is so overbroad that it contemplates all the magnetic calendars that Plaintiff used on his refrigerator during the last eight years.

punitive damages based on the subject matter of this litigation including:

    i.    documents relating to plaintiff's allegation in complaint ¶ 254 that plaintiff "suffered (and continues to suffer) damages, including, but not limited to, substantial economic losses, lost professional opportunities and career prospects, humiliation, impairment to his name and reputation, embarrassment, emotional and physical distress, and mental anguish."

    ii.    documents relating to any alleged illnesses, disabilities, or conditions (mental or physical) from which plaintiff alleges he suffered at any time during the relevant period, including without limitation all medical records, medical bills, prescription records and prescription receipts, records of hospitalization or visits to other healthcare professionals and any diagnosis provided by those healthcare professionals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case. Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product.  Plaintiff also objects to this Request to the extent that it seeks documents subject to expert discovery, and therefore the Request is premature. Plaintiff further objects to Defendants' defined term "subject matter of this litigation" insofar as it impermissibly seeks "information . . . ***not limited to*** . . . to the allegations, claims, defenses, injuries, or damages" in this action, which is beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

11

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to plaintiff's paid time off in April 2017, including but not limited to documents relating to the reason(s) for plaintiff's leave of absence or any appointments with healthcare professionals during that leave.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case.[6] Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to better understand how this Request relates to the claims or defenses asserted in this action. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to plaintiff's non-Davis Polk employment including any legal

---

[6]     For example, and because Defendants defined "relating to" to mean "involving" and "in any manner whatsoever pertaining . . . to that subject," among other sweeping definitions, this Request is so overbroad that it contemplates every document involving anything even remotely related to a month-long Firm-approved vacation that Plaintiff took during his employment.

services or *pro bono* work that plaintiff has performed since plaintiff's separation from Davis Polk.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case.[7]  Therefore, Plaintiff objects to this Request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to better understand how this Request relates to the claims or defenses asserted in this action. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to any job search efforts or activities by plaintiff, whether prior to or after plaintiff's termination from Davis Polk, including but not limited to all past and current resumes, cover letters, degrees, diplomas, licenses, certificates, transcripts, awards, evaluations, and other documents concerning plaintiff's experience, education, achievements, ability, or qualifications. This also includes all documents reflecting, constituting, or relating to any communications between plaintiff and prospective employers, recruiters, employment agencies, or business or professional contacts, including, without limitation, any agreements, engagement letters, applications, or offer letters.

---

[7]     For example, and because Defendants defined "relating to" to mean "in any manner whatsoever pertaining . . . to that subject," this Request is so overbroad that "[a]ll documents relating to plaintiff's non-Davis Polk employment" contemplates the Obama campaign flyers that Plaintiff received in 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents," and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case, including insofar as it seeks documents that are "prior to . . . plaintiff's termination from Davis Polk" and thus prior to Plaintiff's employment at Davis Polk.[8]  Therefore, Plaintiff objects to this Request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product. Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on the following undefined terms and phrases: "efforts," "activities," "evaluations," "achievements," "ability," "experience," and "business or professional contacts."   Plaintiff also objects to the temporal scope of this Request.

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to appropriately narrow the scope of this Request. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to any job placement services offered or provided to plaintiff during plaintiff's employment with Davis Polk.

---

[8]     For example, this Request is so broad that it captures potentially hundreds of pages of emails sent by the career service office at Plaintiff's law school, including emails that were sent to Plaintiff and every other law student in his class.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations. Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product.

Subject to and without waiving the foregoing objections, Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents to the extent that any such documents can be located by a reasonable and proportional search.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to any income or income substitutes from any source including but not limited to W-2 forms, federal and state income tax returns filed by plaintiff (including all forms, attachments, and schedules thereto), pay stubs, benefits booklets, and other records of compensation during the relevant period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations.  Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on Defendants' undefined phrase "income," which Plaintiff will interpret to mean any hourly or salary-based pay received by Plaintiff, as well as the undefined phrases "income substitutes," and "other records of compensation."

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be

15

located by a reasonable and proportional search. Without waiving the foregoing objections, Plaintiff will provide his 2014, 2016, 2017, and 2018 tax returns pursuant to and after the parties have entered a suitable protective order. Plaintiff will provide his 2012, 2013, and 2015 tax return if they can be located upon a reasonable and proportional search.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to any community service, community board, tenant association, nonprofit, volunteer, or other positions held by plaintiff, including any compensation received for those positions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents," because it seeks "[a]ll documents relating to any . . . positions held by plaintiff," and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case, [9] including insofar as it seeks documents "relat[ed] to any community service, community board, tenant association, nonprofit, volunteer, or other positions held by plaintiff' irrespective of whether he was compensated in connection with such roles. Therefore, Plaintiff objects to this Request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case.  Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on Defendants' undefined phrases "positions held," which Plaintiff will interpret to mean in connection with a formal role, title, or appointment, and "compensation," which Plaintiff

---

[9]     For example, this Request is so overbroad that it contemplates all notes and receipts related to grocery items that Plaintiff purchased while volunteering and distributing food to his neighbors.

will interpret to mean any hourly or salary-based pay received in connection with such work. Plaintiff also objects to the temporal scope of this Request.

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to appropriately narrow the scope of this Request. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to any litigation or administrative proceedings to which plaintiff is or has been a party, from 2005 (the year Plaintiff entered college) to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff incorporates by reference his General Objections. Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case. Therefore, Plaintiff objects to this Request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on Defendants' undefined phrase "administrative proceedings," which Plaintiff will interpret to mean the administrative proceeding commenced by Plaintiff with the EEOC and NYSDHR. Plaintiff also objects to the temporal scope of this Request insofar as it seeks documents "from 2005 (the year Plaintiff entered college)," which is factually inaccurate.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, in connection with this action, to the extent that

any such documents can be located by a reasonable and proportional search.[10]  Plaintiff is also

prepared to meet and confer in a good faith effort to appropriately narrow the remaining scope of

this Request.

**REQUEST FOR PRODUCTION NO. 15:**

       All documents relating to any federal, state, county, or municipal agency proceeding

concerning the subject matter of this litigation, including but not limited to:

     i.      documents submitted or received by plaintiff;

    ii.      documents relied upon by plaintiff;

   iii.      all charges, claims, correspondence, statements, affidavits, documents produced,

          and records;

   iv.      any communications or discussions with any of the aforementioned federal, state,

          county, or municipal agencies.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

       Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this

Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent

it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls

for documents that have no bearing on the claims or defenses in this action and the proportional

needs of this case. Plaintiff further objects to this Request to the extent it seeks attorney-client

privileged communications and attorney work product. Plaintiff further objects to Defendants'

defined term "subject matter of this litigation" insofar as it impermissibly seeks "information . . .

***not limited to*** . . . to the allegations, claims, defenses, injuries, or damages" in this action, which

---

[10] Plaintiff and his counsel are in the process of locating and copying documents they received during the EEOC and NYSDHR process.

is beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search.  For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

## REQUEST FOR PRODUCTION NO. 16:

All documents plaintiff relied upon in connection with any federal, state, county, or municipal agency action relating to the subject matter of this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case. Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product. Plaintiff further objects to Defendants' defined term "subject matter of this litigation" insofar as it impermissibly seeks "information . . . *not limited to* . . . to the allegations, claims, defenses, injuries, or damages" in this action, which is beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be

located by a reasonable and proportional search.  For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 17:**

All documents reflecting, constituting, or relating to any communications between plaintiff and any federal, state, county, or municipal agency concerning the subject matter of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case. Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product.  Plaintiff further objects to Defendants' defined term "subject matter of this litigation" insofar as it impermissibly seeks "information . . . *not limited to* . . . to the allegations, claims, defenses, injuries, or damages" in this action, which is beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search.  For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 18:**

All documents taken, received, or otherwise obtained from defendants in any manner, including without limitation any work files or any work product that plaintiff or any other Davis Polk employee or partner created that remained or remain in plaintiff's possession, custody, or

control after the termination of plaintiff's employment at Davis Polk.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case.[11]  Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on Defendants' undefined phrases "taken" and "received," which Plaintiff will interpret to mean files that remained in his possession after he was terminated, and "work files," which Plaintiff will interpret to mean documents in Plaintiff's possession created during the course of his employment at Davis Polk.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search.  Plaintiff will coordinate with Defendants to return certain physical documents that cannot be easily scanned or returned electronically. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 19:**

All documents sent from plaintiff's Davis Polk email address to any non-Davis Polk email address accessible to or controlled by plaintiff, including plaintiff's personal email address(es).

---

[11]     For example, Plaintiff has in his possession certain spiral bound "closing sets"/booklets that have no bearing on any of the claims or defenses in this action. Given the voluminous nature of such materials, and to avoid any issues with scanning such documents to create electronic versions of them, Plaintiff is willing to make such documents available to Defendants for inspection.

*See, e.g.*, instruction 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents," and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case.[12]  Therefore, Plaintiff objects to this Request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case.  Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on Defendants' undefined phrases "accessible to" or "controlled by plaintiff," which Plaintiff will interpret to mean email addresses created by Plaintiff. Plaintiff also objects to the temporal scope of this Request.

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to appropriately narrow the scope of this Request. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 20:**

All documents provided by Davis Polk or its counsel to any of plaintiff's current or former attorneys, including without limitation Cara Greene.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the

---

[12]     For example, this Request captures hundreds if not thousands of pages of emails that were generated by various public news sources (e.g., Westlaw "Daily News"), including those that were automatically or manually forwarded to Plaintiff's personal email address from Plaintiff's Davis Polk email address.

extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case. Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to better understand how this Request relates to the claims or defenses asserted in this action. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 21:**

All contracts, representation agreements, retainer agreements, and/or written understandings between or among plaintiff and any of plaintiff's current or former attorneys who have represented him in connection with this action, including documents reflecting plaintiff's obligation or lack of obligation to pay legal fees and/or costs. This request does not seek communications between plaintiff and plaintiff's current counsel of record following the formation of an actual attorney-client relationship.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case. Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product, insofar as the Request seeks "communications between plaintiff and plaintiff's [former] counsel of record following the formation of [an] attorney-client relationship" and "communications between plaintiff and

23

plaintiff's [former] counsel" prior to the commencement of this action.  Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on Defendants' undefined phrases "representation agreements" and "written understandings," which Plaintiff will interpret to mean executed engagement letters and retention agreements, the phrase "obligation to pay," which Plaintiff will interpret to mean a formal obligation to pay, and the phrase "actual attorney-client relationship," which Plaintiff will interpret to mean any attorney-client relationship to which Plaintiff was or is a party.

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to better understand how this Request relates to the claims or defenses asserted in this action. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 22:**

Certified copies of plaintiff's transcripts from college and law school.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action.[13]

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to better understand how this Request relates to the claims or

---

[13]     Plaintiff earned his college degree over 11 years ago and was a freshman in college about 18 years ago. When Plaintiff joined Davis Polk in 2014, he had been out of college for more than 5 years.

defenses asserted in this action.  For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 23:**

Any copies of plaintiff's résumé submitted to any employer or prospective employer and copies of plaintiff's LinkedIn profile during the relevant period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ny copies" and without providing reasonable time limitations and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case.  Therefore, Plaintiff objects to this Request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case.  Plaintiff further objects to the temporal scope of this Request. Plaintiff further objects to this Request to the extent that it requests "copies of plaintiff's résumé submitted to any employer," regardless of whether Plaintiff sought employment from such employers.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged responsive documents sufficient to show Plaintiff's current LinkedIn profile and any copies of his résumé that are responsive to this Request, subject to a reasonable and proportional search.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to the allegations in the complaint:

      i.      regarding the allegedly "positive feedback" and "negative conclusions"[14] plaintiff received on his work while at Davis Polk, as alleged in complaint ¶¶ 87, 105;

      ii.     that plaintiff was asked to "recommend a Black restaurant," as alleged in complaint ¶ 108;

      iii.   that an employee of defendants referred "to Plaintiff in racially biased terms," as alleged in complaint ¶ 82;

      iv.   that defendants "submitted false statements and characterizations to the EEOC" regarding plaintiff's performance reviews, as alleged in complaint ¶ 105.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relied upon in preparing plaintiff's initial disclosures, including both original and amended initial disclosures, as served on January 20, 2020 and January 21, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent

---

[14] Defendants defined "complaint" as the "operative complaint filed in the above-captioned litigation." The phrase "negative conclusions" does not appear in the operative complaint, which is the Amended Complaint, ECF 37.

it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case. Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 26:**

All documents reflecting, constituting, or relating to communications with individuals named in plaintiff's initial disclosures, including both original and amended initial disclosures, as served on January 20, 2020 and January 21, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case.[15]  Therefore, Plaintiff objects to this Request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and

---

[15]    For example, this Request is so overbroad that it contemplates every (i) text message sent to dozens of people over a span of eight years, including routine messages related to Plaintiff and certain co-workers simply making arrangements to meet at a park or restaurant, (ii) conversations with Plaintiff's family members regarding issues that are wholly unrelated to Plaintiff or this litigation, and (iii) conversations with attorneys concerning bar association meetings, initiatives, social events, programs, and activities.

attorney work product.  Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on Defendants' undefined phrase "constituting," which Plaintiff will interpret to mean the specific communications that are otherwise responsive to this request. Plaintiff also objects to the temporal scope of this Request.

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to appropriately narrow the scope of this Request. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 27:**

Documents identified in Section B and Section II, respectively, of plaintiff's initial disclosures, as served on January 20, 2020 and January 21, 2020, as within plaintiff's possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff incorporates by reference his General Objections.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to any individual identified in response to defendants' first set of interrogatories to plaintiff concerning the subject matter of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and because it calls for documents that have no bearing on the claims

28

or defenses in this action and the proportional needs of this case.  Therefore, Plaintiff objects to

this Request on the ground that it calls for the production of documents that are neither relevant to

any claim or defense at issue in this case nor proportional to the needs of the case.  Plaintiff further

objects to this Request to the extent it seeks attorney-client privileged communications and

attorney work product.  Plaintiff also objects to the temporal scope of this Request. Plaintiff further

objects to Defendants' defined term "subject matter of this litigation" insofar as it impermissibly

seeks "information . . . ***not limited to*** . . . to the allegations, claims, defenses, injuries, or damages"

in this action, which is beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal

Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Plaintiff is prepared to meet and

confer in a good faith effort to appropriately narrow the scope of this Request. For the avoidance

of doubt, Plaintiff is withholding documents based on the objections and descriptions noted

herein.

**REQUEST FOR PRODUCTION NO. 29:**

All documents that plaintiff may rely upon, introduce as evidence, or use in any other

manner during the course of this litigation, including at any trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this

Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent

it seeks "[a]ll documents" and without providing reasonable time limitations. Plaintiff further

objects to this Request to the extent it seeks attorney-client privileged communications and

attorney work product.  Plaintiff also objects to this Request to the extent that it seeks documents

subject to expert discovery, and therefore the Request is premature.  Plaintiff further objects to this

Request insofar as it is vague and speculative as Plaintiff cannot know at this time what documents

he might use at trial in this case, particularly given that Defendants have no yet produced documents, and a trial date has not been set.  Plaintiff further objects to this Request as vague and ambiguous to the extent that it relies on Defendants' undefined phrase "use in any other manner," which Plaintiff will interpret to mean one that he may rely upon, introduce as evidence, or use at trial.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search.  For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

**REQUEST FOR PRODUCTION NO. 30:**

All documents reviewed, referred to, or relied upon by plaintiff in bringing this action or asserting any of the allegations or claims for relief set forth in the complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff incorporates by reference his General Objections.  Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents" and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case.[16]  Plaintiff further objects to this Request to the extent it seeks attorney-client privileged communications and attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be

---

[16]     For example, Plaintiff reviewed books and publications during the months in which Plaintiff prepared to draft or revise, and actually draft or revise, the Amended Complaint. Such readings informed Plaintiff, but are unrelated to the actions that underlie the claims and allegations themselves.

located by a reasonable and proportional search. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.[17]

**REQUEST FOR PRODUCTION NO. 31:**

To the extent not requested above, all documents or communications concerning the subject matter of this litigation, including without limitation:

  i.   any notes concerning the subject matter of this litigation;

  ii.   any statements, summaries, affidavits, or declarations obtained from any person concerning the subject matter of this litigation;

  iii.   any audio, video, photographs, or other recordings concerning the subject matter of this litigation;

  iv.   any documents relating to any meetings, including any recordings or notes of such meetings, concerning the subject matter of this litigation;

  v.   any publications, commentary, or posts (written, video, or audio) by plaintiff relating to the issues in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff incorporates by reference his General Objections. Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll documents or communications," "any notes," "any statements, summaries, affidavits or declarations," and "any audio, video, photographs, or other recordings," and "any publications, commentary, or posts (written, video, or audio)," and without providing reasonable time limitations, and because it calls for documents that have no bearing on the claims or defenses in this action and the proportional needs of this case. Plaintiff further objects to parts (i) and (iv) of

---

[17]   For example, Plaintiff has not produced documents that are subject to attorney-client privilege.

this Request to the extent it seeks attorney-client privileged communications and attorney work product.  Plaintiff also objects to parts (i) and (iv) of this Request to the extent that it seeks documents subject to expert discovery, and therefore the Request is premature.  Plaintiff further objects to Defendants' defined term "subject matter of this litigation" insofar as it impermissibly seeks "information . . . *not limited to* . . . to the allegations, claims, defenses, injuries, or damages" in this action, which is beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent that any such documents can be located by a reasonable and proportional search.  Plaintiff is also prepared to meet and confer in a good faith effort to appropriately narrow the scope of parts (i)-(v) of this Request. For the avoidance of doubt, Plaintiff is withholding documents based on the objections and descriptions noted herein.

Dated:  August 21, 2020
       New York, New York

                                      By:    */s/David Jeffries*
                                          David Jeffries

                                    1345 6th Avenue 33rd Flr.
                                    New York, New York 10105
                                    Telephone (212) 601-2770
                                    Djeffries@jeffrieslaw.nyc
                                    *Attorney for Plaintiff*