UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALOMA CARDWELL,

           *Plaintiff*,

   v.

DAVIS POLK & WARDWELL LLP, THOMAS
REID, JOHN BICK, HAROLD BIRNBAUM,
DANIEL BRASS, and BRIAN WOLFE,

           *Defendants*.

19 Civ. 10256 (GHW)

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO COMPEL PRODUCTION
<u>OF DOCUMENTS AND INTERROGATORY RESPONSES</u>**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019–6064
Tel.: (212) 373–3000
Fax: (212) 757–3990

*Attorneys for Defendants*

Dated: November 18, 2020

## TABLE OF CONTENTS

A RGUMENT ................................................................................................................. 2

    A.    Defendants Move To Compel Responses to Their Interrogatories ............. 2

    B.    Defendants Move To Compel Production of Responsive Materials
        in Plaintiff's Possession, Custody, or Control ........................................... 4

        1.    Plaintiff Must Produce Responsive Material In His
            Possession, Custody, or Control ...................................................... 4

        2.    Plaintiff Should Also Be Ordered to Provide Particularized
            Responses and Objections to Defendants' RFPs .......................... 12

    C.    Defendants Move To Compel Return of Firm Confidential
        Material Retained by Plaintiff ................................................................... 13

C ONCLUSION ............................................................................................................ 14

R ULE 37 C ERTIFICATION ........................................................................................ 15

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Fischer* v. *Forrest*,
    2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) (Peck, J.) ............................................................. 5

OTHER AUTHORITIES

Fed. R. Civ. P. 26 ............................................................................................................. 1, 3, 8, 9

Fed. R. Civ. P. 33 ................................................................................................................ 2, 3, 4

Fed. R. Civ. P. 34 ................................................................................................................ *passim*

Fed. R. Civ. P. 37 ..................................................................................................................... 1, 4

Pursuant to this Court's November 4, 2020 order, defendants respectfully submit this memorandum of law in support of their motion, under Rules 26 and 37 of the Federal Rules of Civil Procedure, to compel responses to defendants' written discovery and for related relief. Nov. 4, 2020 Tr. at 36.

## PRELIMINARY STATEMENT

During the pre-motion conference with respect to this motion, counsel for plaintiff confirmed plaintiff's untenable positions with respect to his discovery obligations, including that he is allegedly not required to (1) produce materials in their native form or at least containing the metadata associated with the native form of the documents (*e.g.*, plaintiff's counsel stated that defendants are not entitled to "sender, recipient, time, and date," because that information "does fall under a broader construction of metadata," Tr. at 31–32); (2) respond to defendants' interrogatories or requests for production ("RFPs") until defendants further narrow or clarify the language of their requests (*e.g.*, plaintiff's counsel stated that defendants are not entitled to responses to certain interrogatories because "[t]he questions put forth by the defense did not adequately and precisely call for certain – did not adequately and precisely call for the production of those specific items," Tr. at 33); (3) specify whether he is or is not withholding responses or documents in his possession, custody or control on the basis of the general or specific objections he has asserted (plaintiff's counsel insisted that plaintiff's form objection was "not . . . a general blanket assertion," and that "for each question, we stated which objections we're withholding"); or (4) confirm that he had in fact made a reasonable search of communications platforms, like Signal, that he directed his contacts to use (*e.g.*, plaintiff's counsel stated that defendants' request for a search of the Signal platform was based on "speculation that there should have been continuous chains of communications . . . ," Tr. at 34).

For the reasons discussed below, plaintiff's positions are without support. Consistent with the Court's permission, defendants accordingly move to compel (i) responses to their interrogatories; (ii) production of responsive materials in plaintiff's possession, custody, or control; and (iii) return of confidential material taken by plaintiff when he left the Firm.[1]

## ARGUMENT

### A. Defendants Move To Compel Responses to Their Interrogatories

Defendants move to compel responses to their interrogatories. Plaintiff's Second Supplemental Responses and Objections to Defendants' Interrogatories (ECF 85-8) violate Rule 33 of the Federal Rules of Civil Procedure because they do not answer "fully" defendants' interrogatories. Fed. R. Civ. P. 33(b)(3).

The specific Interrogatories and the bases of defendants' motion are set forth in detail in the chart below.[2] To summarize the core deficiencies in the responses, plaintiff has repeatedly refused to specify whether his responses are or are not limited by the objections he has asserted and, if so, on what specific bases he is withholding information. In addition, with respect to several interrogatories, plaintiff has self-servingly deferred his obligation to respond by arguing, without basis, that the requests require clarification or narrowing, but has offered virtually no meaningful engagement as to the clarification or narrowing he seeks. Likewise, plaintiff has declined to provide information because he claims to want to understand how the information request relates to the claims or defenses in the case, where the requests plainly do, and despite the fact that defendants have made clear that they do through counsel in the meet and confer process.

---

[1] The background facts relevant to each of the requests below are set forth in the respective argument sections and in further detail in the September 29, 2020 Joint Letter and Exhibits at ECF 85-1.
[2] Although plaintiff's failure to comply with Rule 33's stricture that the "grounds for objecting to an interrogatory must be stated with specificity" merits a finding that he has "waived" the right to object, defendants are not asserting waiver at this time, but reserve all rights. Fed. R. Civ. P. 33(b)(4).

| Rog (*see* ECF 85-8) | Summary | Plaintiff's Improper Objections | Defendants' Response |
|---|---|---|---|
| **Failure to Respond "Fully" to Interrogatories, or to State Objections With Particularity** ||||
| **1, 2, 3, 5, 6, 7, 8, [9], 11, 13** | Seek information relating to individuals with knowledge of plaintiff's alleged treatment, work, and staffing; alleged reputational, emotional, and psychological harm; job searches and legal work; and communications relating to the subject matter of the litigation, and the email and social media accounts used by plaintiff in the relevant period. | Declines to specify whether his responses are or are not limited by the objections he has asserted and, if so, on what specific bases he is withholding information. | **Defendants move to compel specific responses and objections** that set forth, with specificity, whether plaintiff's responses are limited by the objections he has asserted and, if so, on what specific bases he is withholding information.<br><br>Defendants seek detail sufficient to enable them to determine the need for additional motion practice. |
| **5** | Seeks identity of persons with knowledge of alleged "impairment to [plaintiff's] name and reputation." | Purports to defer his obligation to respond to this interrogatory pending a meet and confer focused on "clarify[ing]" or "narrow[ing]" the "scope" of the interrogatory, but he has offered virtually no meaningful engagement as to the clarification or narrowing he seeks. Defendants remain without a substantive response.[3] | **Defendants move to compel a "full[]" response.**<br><br>Rog 5 indisputably relates to "matter[s] that may be inquired into under Rule 26(b)," and is thus proper under Rule 33. Fed. R. Civ. P. 33(a)(2). This interrogatory is "relevant" to the "claim[s] or defense[s]" here—plaintiff seeks recovery of alleged "reputational damage," ECF 95 (Second Amended Complaint) at 169—and thus is proper under Rule 26. Fed. R. Civ. P. 26(b)(1). |

---

[3] Plaintiff's refusal to respond fully to defendants' interrogatories pending clarification or narrowing constitutes improper burden-shifting, particularly where the refusal was not followed by meaningful engagement. Plaintiff's "failures" are not "excus[able]" here, particularly because he failed, notwithstanding more than five hours of meet-and-confer calls, meaningfully to engage as to the clarification or narrowing he purported to seek, leaving

| 13 | Asks plaintiff to identify the email and social media accounts he used in the relevant period. | Purports to defer his obligation to respond to this interrogatory pending a meet and confer to help him "better understand how the request relates to the claims or defenses," but he has offered virtually no meaningful engagement as to what he does not understand. Defendants remain without a substantive response. | **Defendants move to compel a "full[]" response to Rog 13.**<br><br>The accounts plaintiff used relate to matters that may be inquired into; in particular, defendants are entitled to a response to enable them to understand whether plaintiff made a reasonable search for information responsive to their requests for production across the platforms he used in the relevant period. |
|---|---|---|---|

### B. Defendants Move To Compel Production of Responsive Materials in Plaintiff's Possession, Custody, or Control

Defendants move to compel production of all responsive material in plaintiff's possession, custody, or control or, in the alternative, particularized responses and objections to their RFPs.

    1.    Plaintiff Must Produce Responsive Material In His Possession, Custody, or Control

Plaintiff's Second Supplemental Objections and Responses to Defendants' First Set of RFPs (ECF 85-7) violate Rule 34 of the Federal Rules of Civil Procedure, as set forth in **Charts 1 through 4** below, because they fail to satisfy the particularity requirement. Fed. R. Civ. P. 34(b)(2)(C) ("an objection must state whether any responsive materials are being withheld on the basis of that objection"). Plaintiff's failure to state objections with particularity merits a finding

---

defendants without recourse except to the Court. Fed. R. Civ. P. 33(b)(4); *accord* Fed. R. Civ. P. 37(d)(2) ("a failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable" where, as here, a party had no "pending motion for a protective order").

of waiver of objections, except as to privilege, here. *Fischer* v. *Forrest*, 2017 WL 773694, at *1, *3 (S.D.N.Y. Feb. 28, 2017) (Peck, J.) (holding that "any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)").[4]

Moreover, deficiencies in plaintiff's production, as set forth in **Chart 5** below, indicate that plaintiff has failed, as is his burden, to undertake a reasonable search for responsive, nonprivileged information in his possession, custody, or control.

Defendants therefore move to compel production of material responsive to the following RFPs. Plaintiff's relevant objections and defendants' responses are set forth below:

---

[4] *See* Fed. R. Civ. P. 34(b)(2)(C) advisory committee's note to 2015 amendment (goal of specificity requirement is to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections").

| RFP (see ECF 85-7) | Summary of RFP | Plaintiff's Improper Objections | Defendants' Response |
|---|---|---|---|
| \multicolumn{4}{c}{**Issue 1: Failure to Set Forth Objections With Particularity**} | | | |
| 1–10, 13, 15–22, 25, 26, 28-31 | Seek documents relating to<br>• plaintiff's "claim that defendants discriminated against [and] retaliated against" him [RFP 1];<br>• allegedly similarly-situated Davis Polk ("DPW," or the "Firm") employees who were allegedly treated more favorably [RFP 2];<br>• his employment at DPW [RFP 3];<br>• communications between plaintiff and present or former agents or employees of DPW [RFP 4];<br>• documents, including witness statements, obtained in connection with the litigation from non-parties [RFP 5];<br>• calendars and hours worked [RFP 6];<br>• his allegation that he is entitled to compensatory or punitive damages [RFP 7];<br>• a leave of absence [RFP 8];<br>• plaintiff's non-DPW employment [RFP 9];<br>• job searches [RFP 10];<br>• plaintiff's community service and board/ association/ nonprofit/ volunteer positions [RFP 13];<br>• any agency proceedings concerning the subject matter of this litigation (including briefs, materials relied upon, and communications with the agency) [RFP 15–17]; | **Responded to each with the boilerplate "[f]or the avoidance of doubt, plaintiff is withholding documents based on the objections and descriptions noted herein."** | **Defendants move to compel production of all nonprivileged materials in plaintiff's possession, custody, or control responsive to RFPs 1–10, 13, 15–22, 25, 26, and 28-31.**<br><br>Plaintiff's responses do not make clear what he has agreed to produce and what he has withheld, notwithstanding the clear requirements of Rule 34. As a result, defendants are unable, despite repeated attempts to seek clarification, to discern the particularized bases on which plaintiff is withholding responsive information or to determine the scope of withholding.<br><br>Plaintiff's failure to comply with Rule 34 merits a finding that he has waived the right to lodge objections other than on the basis of privilege and defendants move to compel production of all nonprivileged responsive materials. |

| | | | |
|---|---|---|---|
| | - documents obtained from DPW that remain in his custody [RFP 18];
- documents sent from plaintiff's DPW address to any non-DPW address accessible to or controlled by him [RFP 19];
- documents provided by DPW to plaintiff's counsel (including former counsel) [RFP 20];
- contracts and representation or retainer agreements between plaintiff and any attorneys in connection with this action [RFP 21];
- certified copies of plaintiff's college and law school transcripts [RFP 22];
- documents relied upon in preparing his initial disclosures [RFP 25];
- communications with individuals named in plaintiff's initial disclosures [RFP 26];
- individuals identified in plaintiff's R&Os to defendants' Interrogatories [RFP 28];
- documents "plaintiff may rely upon, introduce as evidence, or use in any other manner during the course of this litigation, including at any trial" [RFP 29];
- documents reviewed or relied upon in preparing the complaint and/or other documents relating to the subject matter of this litigation [RFP 30–31]. | | |

| | | | |
|---|---|---|---|
| <td colspan="4" align="center">**Issue 2:**<br>**Failure to Produce Responsive Materials**<br>**Absent "Better Understanding"**</td> |
| **8, 9, 20, 21, 22** | Seek documents relating to<br>- plaintiff's leave of absence from DPW in 2017 [RFP 8];<br>- plaintiff's employment history since separating from DPW [RFP 9];<br>- documents provided by DPW to plaintiff's counsel (including former counsel) [RFP 20];<br>- contracts and representation or retainer agreements between plaintiff and any attorneys in connection with this action [RFP 21];<br>- certified copies of plaintiff's college and law school transcripts [RFP 22]. | Purports to defer his obligation to produce materials in response to these RFPs on the grounds that he needed to "better understand" how requests relating to these topics "relate[] to the claims and defenses in this action," but he has offered virtually no meaningful engagement, over more than five hours of meet and confer calls, as to the clarification or narrowing he seeks. Defendants remain without responsive materials. | **Defendants move to compel production of all nonprivileged materials in plaintiff's possession, custody, or control responsive to RFPs 8, 9, 20, 21, and 22.**<br><br>RFPs 8, 9, 20, 21, and 22 indisputably relate to "matter[s] that may be inquired into under Rule 26(b)," and are thus proper under Rule 34. Fed. R. Civ. P. 34(a).<br><br>These requests are "relevant" to the "claim[s] or defense[s]" here—plaintiff contends that his hours fell as a result of actions by defendants, including during the period in which he was on leave; contends that he "continues to suffer harm and substantial economic loss" as a result of acts of defendants; claims privilege over certain materials; claims that certain materials were not made available to him; and makes claims with respect to his credentials and training. These subjects are properly the subject of requests for production under Rules 34 and 26. Fed. R. Civ. P. 34(a), 26(b)(1). |

| | | | |
|---|---|---|---|
| <td colspan="4" align="center">**Issue 3:**<br>**Failure to Produce Responsive Materials Absent "Narrowing"**</td> | | | |
| 4, 5, 10, 13, 14, 19, 26, 28, 31 | Seek documents relating to<br>• communications between plaintiff and present or former agents or employees of DPW [RFP 4];<br>• documents, including witness statements, obtained in connection with the litigation from non-parties [RFP 5]<br>• plaintiff's job searches [RFP 10];<br>• plaintiff's community service and board/ association/ nonprofit/ volunteer positions [RFP 13];<br>• litigation or administrative proceedings to which plaintiff is or has been a party between 2005 (when plaintiff entered college) and today [RFP 14];<br>• documents sent from plaintiff's DPW address to any non-DPW address accessible to or controlled by him [RFP 19];<br>• communications with individuals named in plaintiff's initial disclosures [RFP 26];<br>• individuals identified in response to defendants' interrogatories [RFP 28]; and<br>• documents and communications concerning the subject matter of this litigation, including notes, summaries, affidavits, declarations, recordings, or notes of meetings [RFP 31]. | Purports to defer his obligation to produce responsive documents pending a meet and confer to "narrow" the request, but he has offered virtually no meaningful engagement, over more than five hours of meet and confer calls, as to the clarification or narrowing he seeks. Defendants remain without responsive materials. | **Defendants move to compel production of all nonprivileged materials in plaintiff's possession, custody, or control responsive to RFPs 4, 5, 10, 13, 14, 19, 26, 28, and 31.**<br><br>Plaintiff's responses represent improper burden-shifting.<br><br>RFPs 4, 5, 10, 13, 14, 19, 26, 28, and 31 indisputably relate to "matter[s] that may be inquired into under Rule 26(b)"— plaintiff contends that his hours fell as a result of actions by defendants, including during the period in which he was on leave, and contends that he "continues to suffer harm and substantial economic loss" as a result of acts of defendants, and defendants are entitled to production of nonprivileged documents, like witness statements, obtained in connection with the litigation from nonparties—and are proper under Rule 34. Fed. R. Civ. P. 34(a). |

| | | **Issue 4:** | |
|---|---|---|---|
| | | **Failure to Produce Promised Documents Despite Entry of a Protective Order** | |
| 1, 4, 12 | Seek documents relating to<ul><li>plaintiff's "claim that defendants discriminated against [and] retaliated against" him [RFP 1];</li><li>communications between plaintiff and present or former agents or employees of DPW [RFP 4];</li><li>income or income substitutes from any source, including but not limited to tax forms and returns, pay stubs, benefits booklets, and other records [RFP 12].</li></ul> | Promised to "produce non-privileged documents responsive to this Request" (and unredacted versions of documents produced with redactions) following entry of a protective order. ECF 85-7 (*e.g.*, R&Os to RFPs 1, 4 (promising production "subject to the subsequent entering of a protective order"); *see also* R&O to RFP 12 and General Objection 14; ECF 85-16 at 8–9.<br><br>Such an order has now been entered, ECF 89, but at a Court conference on November 4, 2020, plaintiff represented, contrary to prior representations, that he intended to make no further production. Nov. 4, 2020 Tr. at 25. *See* ECF 85-2 at 8 (requesting clarification as to when Mr. Cardwell would produce "the unproduced responsive documents [he] promised to send in [his] August 6th letter"). | **Defendants move to compel production of all nonprivileged materials in plaintiff's possession, custody, or control responsive to RFPs 1, 4, and 12.**<br><br>Plaintiff promised to produce the materials upon entry of a protective order, thereby conceding that they are responsive, and should now do so. |

| | Issue 5:<br>Technical Deficiencies and Incompleteness ||
|---|---|---|
| **All** | Plaintiff's production contains a number of problems that, taken together, cause defendants to question whether plaintiff has made a reasonable search for responsive information in his possession, custody, or control, as is his burden. ||
| | ***In particular, plaintiff has:*** | **Defendants move to compel:** |
| | • Produced documents and communications in non-native form without metadata (like date, time, sender, and recipient)[5] and asserted that defendants have waived the right to seek such information, *see* Nov. 4, 2020 Tr. at 30. | • **Prompt re-production of all previously-produced materials, cured of the deficiencies set forth at left** (in a form consistent with the requirements of Rule 34,[6] and containing, at minimum, information sufficient to enable a computerized review database or platform to identify all sender(s), recipient(s), email addresses, dates, and times). |
| | • Produced certain documents only in part or with errors that obscure text. | |
| | • Failed to produce all responsive information in his possession, custody, or control. For example, plaintiff failed to produce to defendants the email chain he appended to his Second Amended Complaint as Exhibit 18. | • **Prompt production of all responsive, nonprivileged information in plaintiff's possession, custody, or control, including without limitation portions of documents previously produced.** |
| | • Failed to produce full document families, including from personal email accounts.[7] | |
| | • Produced only selective screenshots of responsive text- and social media message chains. | |
| | • Failed to produce communications from platforms he directed[8] his contacts to use, including Signal.[9] | |
| | • Produced virtually no audio files, despite the fact that his complaint purports to quote from a number of oral communications. | • **Production of all responsive, nonprivileged audio files in plaintiff's possession, custody, or control.** |
| | | *[Cont. →]* |

---

[5] *See, e.g.*, ECF 85-2 at 7–8 (Sept. 29, 2020 Joint Letter, Def. Ex. 1).
[6] *See* Fed. R. Civ. P. 34(b)(2)(E)(ii); Defendants' First Set of Requests for Production, Instruction 11 ("Documents produced in response to these requests should be provided in the same form in which they are kept, and . . . [e]lectronically stored information, as that term is defined in Fed. R. Civ. P. 34, should be produced in electronic form.").
[7] *See, e.g.*, ECF 85-2 at 7.
[8] *See* email produced as CARDWELL000675.
[9] *See* ECF 85-2 at 6.

| | |
|---|---|
| • Failed to produce communications with the vast majority of the individuals identified, in plaintiff's response to Interrogatory No. 11, as persons to or from whom plaintiff has "sent or received communications concerning the subject matter of this litigation," and has produced no communications with various of the individuals he identifies by name in response to various Interrogatories. (Plaintiff's response to Interrogatory No. 11 "incorporate[d] by reference the individuals identified in his Initial and Amended Initial Disclosures served on January 20, 2020 and January 21, 2020, as well as his Second Amended Initial Disclosures served on August 17, 2020." *See* R&O to Rog 11; *accord* ECF 85-2 at 6 (stating that "in responding to Interrogatory No. 11 . . . plaintiff has incorporated by reference . . . 'the individuals identified in his . . . Second Amended Initial Disclosures.'"). | • **Production of all responsive, nonprivileged communications with the referenced individuals in plaintiff's possession, custody, or control.** |
| • Declined to respond to the question whether he has "searched for and produced responsive communications" with the individuals referenced in his responses to defendants' written discovery. ECF 85-2 at 7. | • **A response to the question set forth at left.** |
| | • **An accurate and complete privilege log.** |

2. Plaintiff Should Also Be Ordered to Provide
Particularized Responses and Objections to Defendants' RFPs

To the extent plaintiff does not produce the information and documents requested based on his objections, defendants also submit that he should be required to provide more particularized responses and objections to defendants' RFPs. ECF 60.

Plaintiff was ordered to "provide complete responses to all pending discovery requests no later than July 18, 2020." ECF 60. Defendants raised plaintiff's failures promptly, via three meet and confer calls in August 2020. ECF 85-1 at 2. Plaintiff purported to amend his responses and objections twice, each time without regard—despite defendants' exhortations—for Rule 34. *Four months* to the day after plaintiff was ordered to provide complete responses, defendants remain without such responses or responsive documents to which they are entitled.

12

Should the plaintiff not produce all responsive material in plaintiff's possession outright, defendants are entitled to "full[]" and particularized responses and objections to their RFPs sufficient to enable defendants to discern the particularized bases on which plaintiff is withholding responsive information, determine the scale or scope of withholding and, if necessary, prepare a further specific motion to compel production.

### C. Defendants Move To Compel Return of Firm Confidential Material Retained by Plaintiff

Plaintiff has retained material belonging to Davis Polk, including multiple hard-copy notebooks, emails, photographs of computer systems, and otherwise, some in both original and reproduced format ("Firm Material"). Despite the requirement that he return all such material on his departure from the Firm, and despite promising through counsel in August 2020 that he would return the materials, ECF 85-7 (R&O to RFP 18), plaintiff has failed to do so, and represented at the November 4, 2020 court conference that he intends to make no further productions. Nov. 4, 2020 Tr. at 25. In November 2020, plaintiff placed certain Firm Material on the public docket without notice or redaction. ECF 87, 88.

Defendants move for an order compelling the prompt return of all Firm Material, which the Firm will then review for potential production, with appropriate designations, in response to plaintiff's discovery requests.[10]

---

[10] Defendants respectfully request that plaintiff be directed to return all Firm Material removed from the Firm in any form—including, without limitation, originals, all copies, and emails exported to or mirrored in plaintiff's Gmail account—to the Firm within one week of any order of the Court, including without limitation to prevent improper publication of client confidences or material reflecting privileged representations.

For the avoidance of doubt, the fact that Mr. Cardwell exported Firm email or other documents to his personal email account or files does not mean, as Mr. Cardwell asserted in a written communication to defendants, that he now "owns" the material.

## CONCLUSION

For the reasons set forth above, defendants respectfully request that the Court issue an order compelling discovery from plaintiff as set forth above.

Dated: November 18, 2020
      New York, New York

Respectfully Submitted,

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP

By: /s/ Bruce Birenboim
    Bruce Birenboim
    Susanna M. Buergel
    Jeh C. Johnson
    Marissa C.M. Doran

1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3784
bbirenboim@paulweiss.com
sbuergel@paulweiss.com
jjohnson@paulweiss.com
mdoran@paulweiss.com
*Attorneys for Defendants*

# RULE 37 CERTIFICATION

I hereby certify that the parties attempted to resolve this dispute over three meet and confer calls spanning more than five hours, dated August 4, August 6, and August 20, 2020.


By: /s/ Bruce Birenboim
    Bruce Birenboim