**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KALOMA CARDWELL,<br><br>                              Plaintiff,<br><br>v.<br><br>DAVIS POLK & WARDWELL LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler,<br>                              Defendants. | 1:19-cv-10256-GHW |

## PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES[1]

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff Kaloma Cardwell ("Plaintiff"), by and through his undersigned attorney, hereby supplements his responses and objections to Defendants Davis Polk & Wardwell LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler's (collectively, "Defendants") First Set of Interrogatories, dated March 2, 2020 (the "Interrogatories").

All responses contained herein are based upon information and documents currently known to Plaintiff at this time.  All information provided in response to the Interrogatories are provided solely for use in this litigation and for no other purpose.

## GENERAL OBJECTIONS

---

[1]     Plaintiff provides the following supplemental responses and objections in the interest of narrowing the parties' discovery disputes.

1

The following General Objections form a part of and are specifically incorporated into each of Plaintiff's responses.  Failure to refer specifically to any of these General Objections in any specific response should not be construed as a waiver of same.  Any response to these Interrogatories shall be deemed "Confidential," subject to and protected by the Confidentiality Stipulation and Order ultimately entered in this case.  Any responses to the Interrogatories are made without waiver of, or prejudice to, any objections Plaintiff may raise now or in the future, and all such objections are hereby expressly preserved.

1.      Plaintiff provides the Responses to the Interrogatories, as set forth below, even though Plaintiff's investigation, discovery, and evaluation is ongoing and not yet complete.  Plaintiff has made a good faith effort to provide substantive responses to these Interrogatories, but these Responses are preliminary and subject to amendment, supplementation, or revision.

2.      Plaintiff objects to the Interrogatories to the extent they purport to seek discovery beyond the limits of or different from that permitted by the Federal Rules of Civil Procedure, the Local Rules, or other applicable rule or law (together, the "Applicable Rules").

3.      Plaintiff objects to each Interrogatory that seeks "all documents" regarding certain topics.  Where Plaintiff agrees to provide information, Plaintiff does so to the best of its knowledge and recollection.  Plaintiff objects to every Interrogatory that seeks the production of "all" documents and/or communications on the grounds that the scope of any such Interrogatory is overly broad, unduly burdensome, and oppressive.

4.      Plaintiff objects to each Interrogatory to the extent it calls for information that is publicly available.

5.      Plaintiff objects to each Interrogatory to the extent it calls for information that is known to Defendants or is in Defendants' possession, custody or control, including in the documents that Defendants will produce during the course of this action.

2

6.      Plaintiff objects to each Interrogatory to the extent it seeks information outside of Plaintiff's possession, custody or control, or that are available from a more convenient, more efficient, less burdensome, or less expensive source, or that is not known or reasonably available to Plaintiff, and to the extent they purport to impose upon Plaintiff a duty to seek and provide information not available to them.  Plaintiff's investigation and responses will be limited to information in his possession, custody, or control.

7.      Plaintiff objects to the Interrogatories to the extent they fail to identify with reasonable particularity the information sought.

8.      Plaintiff objects to the Interrogatories to the extent they are so vague, ambiguous, or confusing as not to be susceptible to a reasoned interpretation or response.

9.      Plaintiff objects to the Interrogatories to the extent they are overly broad, overly expansive, unreasonably cumulative, oppressive, or unduly burdensome and would thus impose upon Plaintiff an unreasonable burden of inquiry or unreasonable costs.

10.     Plaintiff objects to the Interrogatories to the extent they seek information without limitation to a particular time period relevant to this action.

11.     Plaintiff objects to each Interrogatory to the extent it is premature at this stage of litigation, as Plaintiff's investigation is ongoing and not yet complete.

12.     Plaintiff objects to the Interrogatories to the extent they seek information that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's decision to provide any information requested, notwithstanding the objectionable nature of any Interrogatory, is not a concession that the produced information is relevant, material, or admissible in these or any other proceedings. Plaintiff reserves all objections regarding the relevance and admissibility of these responses and all forthcoming production(s) by Plaintiff as evidence in these or any other proceedings.

13.     Plaintiff objects to each Interrogatory to the extent it seeks information that is duplicative to Defendants' Requests for Production (the "Document Requests").  To the extent that Defendants' Interrogatories are duplicative of its Document Requests, Plaintiffs expressly incorporates its Objections and Responses to Defendants' Document Requests and refers Defendants thereto.

14.     Plaintiff objects to the Interrogatories to the extent they require Plaintiffs to reach legal conclusions or to the extent they contain legal conclusions or characterize certain information, allegations, or ideas as undisputed fact.

15.     Plaintiff objects to the Interrogatories to the extent they call for expert opinion.

16.     Plaintiff objects to the Interrogatories to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or protection from disclosure, including any privacy right afforded to Plaintiff.  The inadvertent disclosure of any information or document that is privileged or otherwise protected from disclosure will not waive such privilege, protection, or privacy right.

17.     Plaintiff objects to the Interrogatories to the extent they require the disclosure of confidential commercial, business, financial, proprietary, personal, or particularly sensitive information.  Plaintiff will produce documents containing such material only pursuant to the terms of a suitable protective order entered between the parties or by the Court.

18.     Plaintiff objects to the Interrogatories to the extent they seek the production of confidential, personal, and/or financial information of third parties or otherwise require Plaintiff to violate the privacy or proprietary rights of third parties, or the attorney-client privilege, the work product privilege, and any other applicable privileges or immunities of third parties.

19.     Plaintiff objects to each Interrogatory to the extent it seeks information that may be obtained from public sources or from another source that is equally available to Defendants, or is more convenient, less burdensome, or less expensive.

20.     Plaintiff objects to each Interrogatory to the extent it requires Plaintiff to provide information that is not in its possession, custody, or control, or information already in Defendants' possession, custody, or control.

21.     Plaintiff objects to each Interrogatory to the extent it calls for information that is not reasonably accessible or known only by third parties, or is available through other means of discovery that are more convenient, more efficient, and more practical, including document requests or depositions.

22.     Plaintiff objects to each Interrogatory to the extent it assumes or implies the existence of facts or circumstances that do not or did not exist, or states or assumes legal or factual conclusions.  Plaintiff does not admit any Interrogatory's factual or legal premise.

23.     No objection made herein, or lack thereof, shall be deemed an admission by Plaintiff as to the existence or non-existence of any information responsive to an Interrogatory.

24.     All responses are made subject to these objections and are based solely on the information known to Plaintiff at the time these responses are served.  Plaintiff has made and will make a good-faith effort to provide and/or identify relevant, discoverable information responsive to these Interrogatories.  Plaintiff reserves the right to revise, supplement, or clarify any objection, response, or production at any time, and to use at trial in this action information or documents later determined to have been responsive to these Interrogatories.

25.     Each of the foregoing general objections is incorporated into each and every specific response set forth below.  Notwithstanding the specific response to any Interrogatory, Plaintiff does not waive any of its general objections.  Plaintiff may repeat a general objection

below for emphasis or for some other reason, and the failure to repeat a general objection shall not be construed as a waiver of any general objection to the Interrogatories.

Plaintiff reserves the right to amend, supplement, and correct these objections or responses as necessary.

## SPECIFIC OBJECTIONS AND RESPONSES;

### INTERROGATORY NO. 1:

Regarding the persons plaintiff identified in Section 1 of Plaintiff's initial disclosures, as served January 21, 2020, as having knowledge of the alleged discriminatory and retaliatory treatment of Plaintiff, identify the five persons whom Plaintiff believes are most knowledgeable about such alleged treatment, excluding any named Defendant.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff incorporates by reference his general objections. Plaintiff further objects on the basis that this Interrogatory seeks Plaintiff's interpretation of data presented or referred to and, as such, the question is argumentative, oppressive, and invades the attorney work product privilege. Plaintiff further objects to this Interrogatory as premature on the grounds that it imposes upon Plaintiff obligations beyond those imposed by Local Civil Rule 33.3(a), including because the Interrogatory asks Plaintiff to identify "the five persons whom Plaintiff believes are most knowledgeable" about the subject of this request. Plaintiff also objects to this Interrogatory to the extent that it seeks information more properly obtained through other discovery devices, particularly document discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff incorporates by reference the individuals identified in his Initial and Amended Initial Disclosures served on January 20, 2020 and January 21, 2020, as well as his Second Amended Initial Disclosures served on August 17, 2020. Plaintiff also identifies the following individuals: Louis Goldberg, Sharon

Katz, Len Kreynin, Renee DeSantis, and Carolina Fenner.  Plaintiff is continuing to investigate the subject matter of this Interrogatory, including through discovery in this action, and reserves the right to modify, supplement, or correct this response at any time pursuant to Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 2:**

Regarding the persons Plaintiff identified in Section I of Plaintiff's initial disclosures, as served January 21, 2020, as having knowledge of the scope and quality of work produced by Plaintiff, identify the five persons whom Plaintiff believes are most knowledgeable about such work, excluding any named Defendant.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates by reference his general objections.  Plaintiff further objects on the basis that this Interrogatory seeks Plaintiff's interpretation of data presented or referred to and, as such, the question is argumentative, oppressive, and invades the attorney work product privilege. Plaintiff further objects to this Interrogatory as premature on the grounds that it imposes upon Plaintiff obligations beyond those imposed by Local Civil Rule 33.3(a), including because the Interrogatory asks Plaintiff to identify "the five persons whom Plaintiff believes are most knowledgeable" about the subject of this request.  Plaintiff also objects to this Interrogatory to the extent that it seeks information more properly obtained through other discovery devices, particularly document discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff incorporates by reference the individuals identified in his Initial and Amended Initial Disclosures served on January 20, 2020 and January 21, 2020, as well as his Second Amended Initial Disclosures served on August 17, 2020.  Plaintiff also identify the following individuals:  Len Kreynin, Sharon Crane, Renee DeSantis, Jason Kyrwood, and Carolina Fenner.  Plaintiff is continuing to investigate the

subject matter of this Interrogatory, including through discovery in this action, and reserves the right to modify, supplement, or correct this response at any time pursuant to Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 3:**

Regarding the persons Plaintiff identified in Section I of Plaintiff's initial disclosures as served January 21, 2020, as having knowledge of Plaintiff's staffing, identify the five persons whom Plaintiff believes are most knowledgeable about such staffing, excluding any named Defendant.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates by reference his general objections.  Plaintiff further objects on the basis that this Interrogatory seeks Plaintiff's interpretation of data presented or referred to and, as such, the question is argumentative, oppressive, and invades the attorney work product privilege. Plaintiff further objects to this Interrogatory as premature on the grounds that it imposes upon Plaintiff obligations beyond those imposed by Local Civil Rule 33.3(a), including because the Interrogatory asks Plaintiff to identify "the five persons whom Plaintiff believes are most knowledgeable" about the subject of this request.  Plaintiff also objects to this Interrogatory to the extent that it seeks information more properly obtained through other discovery devices, particularly document discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff incorporates by reference the individuals identified in his Initial and Amended Initial Disclosures served on January 20, 2020 and January 21, 2020, as well as his Second Amended Initial Disclosures served on August 17, 2020.  Plaintiff also identify the following individuals:  Len Kreynin, Sharon Crane, Renee DeSantis, Jason Kyrwood and Carolina Fenner.  Plaintiff is continuing to investigate the subject matter of this Interrogatory, including through discovery in this action, and reserves the

right to modify, supplement, or correct this response at any time pursuant to Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 4:**

Identify every unnamed individual referred to in Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates by reference his general objections. Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants.  Plaintiff also objects to this Interrogatory to the extent that it seeks information more properly obtained through other discovery devices, particularly document discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff states as follows: Sharon Crane, Renee DeSantis, Vanessa Jackson, Rocio Clausen, Carolina Fenner, Sheila Adams, Caitlin Cunningham, Laura Turano, Andres Arnaldo, Yitz Segal, Andrew Krause, Erick Rabin, Zain Rehman, Stan Berrett, Gina Chen, Connor Kuratek, Albert Zhu, Cheryl Chan, Francesca Campbell, Alicia Fabe, Evan Rosen, Faizan Tukdi, Christopher Bezeg, Brian Friedman, Sanders Witkow, and Khalil Williams are the "unnamed individual[s] referred to in [the Amended] Complaint."  Plaintiff is continuing to investigate the subject matter of this Interrogatory, including through discovery in this action, and reserves the right to modify, supplement, or correct this response at any time pursuant to Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 5:**

Identify every person with knowledge concerning Plaintiff's alleged "impairment to his name and reputation." Complaint ¶ 254.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates by reference his general objections.  Plaintiff further objects on the basis that the Interrogatory is overly broad, indefinite as to time, and without reasonable limitation in its scope.[2]  Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants.  Subject to and without waiving any of the foregoing objections, Plaintiff is willing to meet and confer to attempt to clarify the Interrogatory and narrow its scope.

**INTERROGATORY NO. 6:**

Identify every person with knowledge concerning Plaintiff's alleged "emotional harm," complaint ¶ 261, including without limitation persons from whom Plaintiff has sought any type of medical or professional health treatment.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates by reference his general objections.  Plaintiff further objects on the basis that the Interrogatory is overly broad, indefinite as to time, and without reasonable limitation in its scope.  Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants.  Plaintiff further objects on the basis that this Interrogatory invades Plaintiff's work product privilege in that it seeks to obtain information through Counsel's mental impressions, conclusions, opinions or legal theories. Subject to and without waiving any of the foregoing objections, Plaintiff identifies the

---

[2]    For example, Davis Polk has been reported saying, "The evidence—e.g., performance evaluations, contemporaneous email records, and work product, among other things—will demonstrate that plaintiff was not able to perform at the level expected of a Davis Polk associate and that his performance was the only reason he was asked to seek other employment." Such assertions and reports have undoubtedly impaired Plaintiff's name and reputation and plaintiff cannot identify every person who has read such reports and has knowledge of such impairment.

following individuals: Thomas Reid, John Bick, Jill Sterner, Louis Goldberg, Sharon Crane, Carolyn Cardwell, Jawara Cardwell, Yasin Holland, Stephanie Llanes, and Julian Hill.

**INTERROGATORY NO. 7**:

Identify every person with knowledge concerning Plaintiff's alleged "psychological trauma," complaint ¶ 261, including without limitation persons from whom Plaintiff has sought any type of medical or professional health treatment.

**RESPONSE TO INTERROGATORY NO. 7**:

Plaintiff incorporates by reference his general objections.  Plaintiff further objects on the basis that the Interrogatory is overly broad, indefinite as to time, and without reasonable limitation in its scope.  Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants.  Plaintiff further objects on the basis that this Interrogatory invades Plaintiff's work product privilege in that it seeks to obtain information through Counsel's mental impressions, conclusions, opinions or legal theories. Subject to and without waiving any of the foregoing objections, Plaintiff identifies the following individuals:  Carolyn Cardwell, Jawara Cardwell, Stephanie Llanes, and Julian Hill.

**INTERROGATORY NO. 8**:

Identify every person with knowledge concerning any job search by Plaintiff prior to or after his separation from Davis Polk, including any person with whom Plaintiff has directly sought or pursued any employment opportunity.

**RESPONSE TO INTERROGATORY NO. 8**:

Plaintiff incorporates by reference his general objections.  Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants.  Plaintiff further objects to the temporal scope of this request, including because it seeks information from July 1, 2012 through the present.  Subject to

11

and without waiving any of the foregoing objections, Plaintiff identifies the following

individuals:  Carolyn Cardwell, Jawara Cardwell, john a. powell, Stephanie Llanes, Julian Hill,

and Cheryl F. Lewis.

**INTERROGATORY NO. 9:**

Identify every person who has engaged Plaintiff to perform legal services on a paid or

unpaid basis since his separation from Davis Polk.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates by reference his general objections. Subject to and without waiving

any of the foregoing objections, Plaintiff states as follows:  Plaintiff does not have any responsive

information to provide in response to this Interrogatory.

**INTERROGATORY NO. 10:**

State with specificity the computation of all categories of damages that Plaintiff is seeking

through this litigation, including the basis for such claimed damages.

**RESPONSE TO INTERROGATORY NO. 10:**[3]

Plaintiff incorporates by reference his general objections.  Subject to and without waiving

any of the foregoing objections, as well as the descriptions noted in this Interrogatory, Plaintiff's

provides the following estimates:

**Backpay Damages**: Davis Polk terminated Plaintiff's employment in August 2018, which

led Plaintiff to have a total income in 2018 of approximately $170,000. At the time of his

termination, Defendants were paying associates in Plaintiff's class a salary of approximately

---

[3] The total amount that Plaintiff intends to seek as damages is contingent on discovery that is yet
to be conducted in this litigation and therefore speculative in certain respects. Plaintiff is
continuing to investigate the subject matter of this Interrogatory, including through discovery in
this action, and reserves the right to modify, supplement, or correct this response at any time
pursuant to Federal Rule of Civil Procedure 26(e).

$255,000 a year, plus bonuses of approximately $65,000-$80,000 for the year. Plaintiff claims loss of income (and the value of any employee benefits) from Plaintiff being of out of work from 2018 through 2021 (i.e., through the current projected date of trial). Plaintiff estimates such backpay to be approximately $2,030,000, which includes amounts related to salary and bonuses that (i) Plaintiff did not receive in 2018, (ii) associates in Plaintiff's class received in 2019 and 2020, and (iii) associates in Plaintiff's class will receive in 2020 and 2021.

**Frontpay (i.e., lost future earnings) Damages**: Defendants' conduct caused Plaintiff to lose the opportunity to become a partner at Davis Polk and receive the income and benefits that Davis Polk partners will receive. According to at least one major publication, in 2020, Davis Polk generated approximately $1.4 Billion in revenue and its profit per equity partner was $4,514,000. Thus, Plaintiff estimates frontpay damages to be at least $20 million over a ten-year period.

**Compensatory Damages**: As a result of Defendants' conduct, and as exacerbated by false, created-for-litigation statements to the press concerning Plaintiff's alleged performance and abilities as an attorney, Plaintiff has suffered significantly and will suffer for the rest of his life. Under Title VII, Plaintiff believes he will receive the statutory cap, which is currently $300,000. Plaintiff estimates that the compensatory damages for his remaining claims is approximately $2.5 million. Thus, Plaintiff estimates his current compensatory damages to be approximately $2.8 million.

**Punitive Damages**: As a result of Defendants' unlawful conduct, which includes but is not limited to intentionally designing and/or implementing a "black box" performance evaluation system that allowed Davis Polk partners to repeatedly violate Federal Law and retaliate against Plaintiff, Plaintiff believes a jury will award punitive damages that account for such intentional acts, the widespread participation or complicity of Davis Polk's leadership, and Defendants' income and wealth. Thus, Plaintiff estimates a jury will return a punitive damages award ranging

from $14 million to $28 million.

**Attorneys Fees**: Plaintiff's attorneys fees and costs incurred to date are estimated to be at least $10,000.

**Injunctive Relief**: Though this category has no monetary estimate, Plaintiff continues to seek "further legal and equitable relief as this Court deems necessary, just, and proper." Amended Complaint (ECF 37). Plaintiff reserves all rights, including the right to modify any and all non-monetary forms of relief sought in this action.

**INTERROGATORY NO. 11:**

Identify all persons to or from whom Plaintiff, or anyone acting on Plaintiff's behalf (including but not limited to Plaintiff's current or former attorneys), has sent or received communications concerning the subject matter of this litigation (including without limitation the damages sought in this litigation) or who has provided Plaintiff with a written statement or opinion of any kind concerning any allegation, claim, or defense raised in this litigation. This request does not seek communications between Plaintiff and Plaintiff's current counsel of record following the formation of an actual attorney-client relationship, or between Plaintiff and Plaintiff's attorney during the existence of an actual attorney-client relationship.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates by reference his general objections. Plaintiff further objects to the temporal scope of this request, including because it seeks information from July 1, 2012 through the present.  Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants.  Plaintiff also objects to this Interrogatory to the extent that it seeks information more properly obtained through other discovery devices, particularly document discovery. Plaintiff further objects to Defendants' defined term "subject matter of this litigation" insofar as it impermissibly seeks

14

"information . . . **not limited to** . . . to the allegations, claims, defenses, injuries, or damages" in this action," which is beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff further objects on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll persons," and because it calls for the information that has no bearing on the claims or defenses in this action and the proportional needs of this case, including insofar as it seeks the names of persons over an eight year period who have provided Plaintiff with "any opinion of any kind concerning any allegation."

Subject to and without waiving any of the foregoing objections, Plaintiff incorporates by reference the individuals identified in his Initial and Amended Initial Disclosures served on January 20, 2020 and January 21, 2020, as well as his Second Amended Initial Disclosures served on August 17, 2020.

**INTERROGATORY NO. 12:**

Identify all persons plaintiff may call as a witness at trial in this litigation.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates by reference his general objections. Subject to and without waiving any of the foregoing objections, Plaintiff refers to Initial Disclosures served on January 20, 2020, specifically section "I" as identifying prospective witnesses at trial in this litigation. Additional potential witnesses include Carolyn Cardwell, Jawara Cardwell, Stephanie Llanes, and Julian Hill; however, a complete list of such witnesses is not practicable in light of outstanding discovery. Plaintiff is continuing to investigate his claims, including through discovery in this action, and reserves the right to modify, supplement, or correct this response at any time pursuant to Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 13:**

Identify all email addresses and social media accounts (including account names) used or

controlled by plaintiff during the relevant period.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates by reference his general objections. Plaintiff further objects to the temporal scope of this request, including because it seeks information from July 1, 2012 through the present.  Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants. Plaintiff further objects on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "[a]ll email address and social media accounts . . . **used**" over an eight year period, and because it calls for information that has no bearing on the claims or defenses in this action and the proportional needs of this case.[4]

Subject to and without waiving any of the foregoing objections, Plaintiff is prepared to meet and confer in a good faith effort to better understand how this Request relates to the claims or defenses asserted in this action.

**INTERROGATORY NO. 14:**

Identify each phone number and phone service provider that plaintiff has used during the relevant period.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff incorporates by reference his general objections. Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants.  Plaintiff further objects to the temporal scope of this request, including because it seeks information from July 1, 2012 through the present. Plaintiff

---

[4]     For example, this Interrogatory is so overbroad that it contemplates any and all email addresses that Plaintiff may have created as a student in law school for the purposes of receiving discounts or a free trial of some sort.

further objects on the grounds that it is overbroad and unduly burdensome, particularly to the extent it seeks "each phone number. . . **used**" over an eight year period. Plaintiff further objects to this Interrogatory as vague and ambiguous to the extent that it relies on Defendants' undefined phrase "used," which Plaintiff will interpret to mean phone numbers and phone service providers that Plaintiff used in connection with monthly payment obligations established through a contractual agreement between Plaintiff and such provider.

Subject to and without waiving any of the foregoing objections, Plaintiff's email address is ███████████████████ and his cell phone number and carrier during the relevant period was ████████ and ██████, respectively.

**INTERROGATORY NO. 15:**

Please list the login credentials and passwords for both Davis Polk-issued work phones (iPhone 7 and Blackberry), provided to plaintiff by Davis Polk during his employment with Davis Polk, that plaintiff returned to Davis Polk upon the separation of his employment with Davis Polk.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff incorporates by reference his general objections. Plaintiff further objects to the Interrogatory on the grounds and to the extent that it seeks information already in the possession of or equally accessible to Defendants. Subject to and without waiving any of the foregoing objections, Plaintiff does not remember the login credentials and passwords for his Davis Polk-issued work phones. Plaintiff returned, through his attorneys, such devices to Defendants around August 2018.

Dated: August 21, 2020
      New York, New York

By: ___*/s/David Jeffries*_____
      David Jeffries

Objections By: /s/ David Jeffries_____
              Counsel


      1345 6th Avenue 33rd Flr.
      New York, New York 10105
      Telephone (212) 601-2770
      Djeffries@jeffrieslaw.nyc
      *Attorney for Plaintiff*

18

## **VERIFICATION**

KALOMA CARDWELL says:

I am the plaintiff in this action and as such I am fully familiar with the facts alleged herein. Under penalties of perjury, I certify that to the best of my knowledge, information and belief, the answers provided are true and correct.


Executed on the 21st day of August, 2020.

Kaloma Cardwell