UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>                    *Plaintiff*,<br><br>    v.<br><br>DAVIS POLK & WARDWELL LLP, THOMAS REID, JOHN BICK, WILLIAM CHUDD, SOPHIA HUDSON, HAROLD BIRNBAUM, DANIEL BRASS, BRIAN WOLFE, and JOHN BUTLER,<br><br>                    *Defendants*. | 19 Civ. 10256 (GHW) |

## DEFENDANTS' APPLICATION FOR FEES AND COSTS

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019–6064
Tel.: (212) 373–3000
Fax: (212) 757–3990

*Attorneys for Defendants*

Dated: January 20, 2021

Pursuant to this Court's January 15, 2021 order (ECF 129), defendants respectfully submit this application for attorneys' fees and costs incurred as a result of the failure by plaintiff and his counsel to comply with their discovery obligations.

At the January 13, 2021 court conference, the Court cited Rule 37's specification that the Court "must" "require the party," the "attorney," "or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." January 13, 2021 Tr. ("Tr.") at 42. The Court directed defendants to make an "application for fees in connection with th[eir] motion to compel" responses to their interrogatories, production of responsive materials, and service of particularized responses and objections to their requests for production. *Id*. The Court noted that plaintiff's "last discovery deficiency yielded a very constrained request by counsel for defendants, which was very generous," and underscored Rule 37's goal of "discourag[ing] unnecessary motion practice by charging a losing party with the cost of litigating the dispute." *Id.*

The "'starting point'" for determining "'reasonable fee[s] is the number of hours reasonably expended on the litigation'" or issue "'multiplied by a reasonable hourly rate.'" *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *County of Albany*, 522 F.3d 182, 186 (2d Cir. 2007) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 433 (1983)). A "reasonable hourly rate," in turn, is "the rate a paying client would be willing to pay," taking into account, "among others," (i) "the time and labor required," (ii) "the amount involved in the case and the results obtained," and (iii) "the experience, reputation, and ability of the attorneys." *Arbor Hill*, 522 F.3d at 190, 186 n. 3 (listing factors). Courts in the Second Circuit look to "'prevailing market rates in the relevant community'"—here, the Southern District, *Pichardo* v. *C.R. Bard*, 2015 WL 13784565, at *4, 5 (S.D.N.Y. Jan. 26, 2015) (quoting *Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010))—for "'similar services by lawyers of reasonably comparable skill, experience, and

1

reputation.'" *Restivo* v. *Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Gierlinger* v. *Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). The fact that a client was "actually charged" for the time requested to be reimbursed is an indicator of reasonableness. *Pichardo*, 2015 WL 13784565, at *6.

Following the November 2020 court conference in connection with defendants' discovery disputes with plaintiff, defendants incurred significant costs associated with the briefing of their motion to compel, including legal research, analysis, drafting, and filing of a motion to compel and a reply brief. *See* Declaration of Susanna Buergel. Taking into consideration only those fees associated with the motion to compel itself, from the November and December 2020 time frame, the senior partners who took the lead in addressing plaintiff's discovery failures (Bruce Birenboim and Susanna Buergel), together with the associates who assisted and a paralegal, collectively spent more than 120 hours on these efforts ($99,565.20 in fees). Buergel Decl. at 3 (itemizing fees). Defendants also incurred certain non-fee costs "associated with the briefing" and "negotiations" described above, including filing and research database costs. *Id.*

The case law supports reimbursement of all fees and costs reasonably incurred in connection with the failure of plaintiff and plaintiff's counsel to comply with their discovery obligations in this matter. Courts regularly award substantial fees in connection with such noncompliance, and no circumstances render an award of reasonable fees unjust here. *See, e.g.*, *Martinez* v. *City of New York*, 330 F.R.D. 60 (E.D.N.Y. 2019) (awarding $134,610.00 in fees, plus costs, under Rule 37).[1]

---

[1] *See also, e.g.*, *Rahman* v. *The Smith & Wollensky Rest. Grp., Inc.*, No. 06-CV-6198, 2009 WL 72441 (S.D.N.Y. Jan. 7, 2009) (awarding $80,230.44); *City of Almaty, Kazakhstan* v. *Ablyazov*, No. 15-CV-05345, 2020 WL 5440553, at *3 (S.D.N.Y. Sept. 10, 2020) (awarding $60,228.27 in fees, plus costs; fact that the defense firm's regular rates were already subject to a 10% discount was "strong evidence that the rates requested are reasonable"); *246 Sears Rd. Corp.* v. *Exxon Mobil Corp.*, No. 09-CV-889, 2013 WL 4506973, at *8 (E.D.N.Y. Aug. 22, 2013) (adopting report and recommendation) (awarding $66,403.98, and finding that "[g]iven the vigor with which plaintiff has pursued this litigation, and the absence of evidence in the record concerning the financial

2

Defendants respectfully request that the Court award reasonable fees associated with the motion here, in an amount consistent with the goals of Rule 37.

Dated: January 20, 2021
      New York, New York

                      Respectfully Submitted,

                      PAUL, WEISS, RIFKIND, WHARTON
                        & GARRISON LLP

                      By: /s/ Bruce Birenboim
                          Bruce Birenboim
                          Susanna M. Buergel
                          Jeh C. Johnson
                          Marissa C.M. Doran

                      1285 Avenue of the Americas
                      New York, New York 10019-6064
                      Telephone: (212) 373-3784
                      bbirenboim@paulweiss.com
                      sbuergel@paulweiss.com
                      jjohnson@paulweiss.com
                      mdoran@paulweiss.com
                      *Attorneys for Defendants*

---

resources of plaintiff and its two principals, I am not convinced that a fee award would be unjust"); *Jindan Wu* v. *Seoul Garden, Inc.*, No. 16-CV-03613, 2018 WL 507315 at *13 (E.D.N.Y. Jan. 22, 2018) (rejecting argument that attorney could be excused from his sanctionable negligent discovery conduct because he was a solo practitioner, calling this a "meek excuse[]"); *cf. Shnyra* v. *State St. Bank & Tr. Co.*, No. 19-CV-2420, 2020 WL 6892078, at *10, 12 (S.D.N.Y. Nov. 24, 2020) (Woods, J.) (noting the court "has wide discretion to apportion Rule 37 monetary sanctions between a party and its counsel" and finding them jointly and severally liable (internal quotation marks and citations omitted)).

3