January 21, 2021

**By ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP,* et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

     I write on behalf of Plaintiff in the above-referenced action (the "Action") pursuant to Section 1.E of Your Honor's Individual Rules of Practice in Civil Cases to request a two-month extension of time from February 25, 2021 to complete fact discovery. This is Plaintiff's second request to modify the operative case deadlines (*see* ECF 61). Because this request affects other scheduled dates, Plaintiff submits a proposed Revised Civil Case Management Plan and Scheduling Order. *See generally* Appendix A.

     In support of this request, Plaintiff wishes to apprise the Court that numerous discovery issues remain outstanding, in part, because Defendants produced only 59 documents in this Action before December 23, 2020.[1] As a result of their belated document productions, Plaintiff requires time to (i) meaningfully review the approximately 99,000 pages of documents that Defendants produced less than two weeks ago on January 11, 2021, which follows their production of approximately 44,000 pages on December 23, 2020; (ii) resolve Plaintiff's outstanding December and January deficiency letters to Defendants; (iii) meaningfully review Defendants' forthcoming document production(s), the volume and timing of which are unclear to Plaintiff, including to determine whether they resolve the outstanding issues Plaintiff raised; (iv) raise and resolve any disputes with Defendants concerning their forthcoming productions, or seek Court intervention if the parties reach impasse; and (v) review and evaluate Defendants' forthcoming privilege logs (which have not been produced despite Plaintiff's repeated requests), and seek Court intervention if the parties reach impasse.

---

[1] Plaintiff expressed these concerns with Defendants on numerous occasions, including the prejudice that Plaintiff would suffer as a result of their belated productions (in response to document requests that were served on August 11, 2020). Defendants took the position that such delays arose from the timing of the entry of the Court's November 9, 2020 Protective Order (ECF 89). *See* Defs' December 16, 2020 email ("Our production, of course, is not complete; as we explained both to you and the Court, we needed the entry of a Protective Order before we could begin our review and production in earnest. To the extent your recent letters suggest "deficiencies" in a production we have not yet made, those concerns are premature. We are happy to discuss the issues you raise, but suggest that certain are best deferred until you have had a chance to review our anticipated productions, with the benefit of the context we provide below. In short, many thousands of documents will be produced to you shortly, beginning on a rolling basis before the upcoming Christmas holiday.").

There are two other outstanding issues that have arisen more recently that the parties must resolve prior to the end of fact discovery. *First*, Defendants asked Plaintiff to hold off on declaring impasse on certain issues so that they could evaluate whether to amend their responses and objections to Plaintiffs' RFPs and Interrogatories to possibly account for the guidance Your Honor provided during the January 13, 2021 teleconference.[2] Defendants agreed to provide their position on Monday, January 25, 2021 (the same day as the parties' deadline to serve requests to admit and requests for production). *Second*, Plaintiff informed Defendants that Plaintiff intends to file a motion pursuant to Fed. R. Civ. P. 15(a)(2) seeking leave to amend the Second Amended Complaint, including in response to a draft Rule 11 motion seeking the withdrawal of certain allegations related to one of the individual defendants. Such request was based, in part, on discovery (i.e., internal Firm emails not involving Plaintiff) that Defendants produced on January 11, 2021.[3]

Counsel for Defendants do not consent to this request to extend deadlines beyond those noted in their letter request filed this evening. If the Court requires further information in support of these requests, Plaintiff will respond promptly to the Court's instructions.

Thank you for the Court's attention to this matter, as Plaintiff is working incredibly hard to ensure deadlines are being met.

Respectfully submitted,

/s/ David Jeffries

David Jeffries

cc (via ECF):

Jeh C. Johnson
Bruce Birenboim
Susanna M. Buergel
Marissa C.M. Doran

*Attorneys for Defendants*

---

[2] Specifically, Plaintiff declared impasse on certain issues on January 11, 2021. In subsequent meet and confers, Defendants asked Plaintiff to not declare impasse and to give Defendants until January 25, 2021 to decide if they would be willing to revise their responses and objections to Plaintiff's RFPs and interrogatories, among other possible actions. Plaintiff obliged to try to avoid unnecessary motion practice, as instructed by the Court on January 13, 2021.

[3] The parties are continuing to meet and confer but Plaintiff has taken the position that Rule 11 permits a party to "withdraw" or "correct" allegations, and that while Plaintiff does not intend to withdraw the retaliation claims related to any defendants (thereby dismissing such party from the case entirely), Plaintiff does intend to correct the Second Amended Complaint in response to documents Defendants produced on January 11, 2021 to clarify their role and related retaliation-related facts.

# Proposed Revised Civil Case Management Plan and Scheduling Order

*Cardwell* v. *Davis Polk & Wardwell LLP,* et al.
19-cv-10256-GHW (S.D.N.Y.)

| Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Serving requests to admit and requests for production of documents | January 25, 2021 | February 25, 2021 |
| Completion of all fact discovery | February 25, 2021 | April 25, 2021 |
| Affirmative expert disclosure | February 25, 2021 | April 25, 2021 |
| Serving contention interrogatories | April 25, 2021 | April 25, 2021 |
| Rebuttal expert disclosure | April 25, 2021 | June 25, 2021 |
| Completion of expert discovery | May 25, 2021 | July 25, 2021 |
| Motions for summary judgment | June 25, 2021 | August 25, 2021 |
| Joint status letter | July 2, 2021 | September 2, 2021 |
| Status conference | July 9, 2021 at 4pm | September 2021 |