PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

WRITER'S DIRECT DIAL NUMBER

(212) 373-3093

WRITER'S DIRECT FACSIMILE

(212) 492-0093

WRITER'S DIRECT E-MAIL ADDRESS

jjohnson@paulweiss.com

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

January 22, 2021

**By ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP,* et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

Defendants intend to move for Rule 11 sanctions against plaintiff and his counsel for particularly false and defamatory allegations in the Second Amended Compliant. Pursuant to Rule 2.C(i) of Your Honor's Individual Rules of Practice in Civil Cases, defendants submit this letter requesting a pre-motion conference with respect to this motion. Plaintiff does not consent to this request. Pursuant to Federal Rule of Civil Procedure 11(c), defendants put plaintiff and his counsel on prior notice of our Rule 11 motion and the grounds, but they have failed to withdraw these false allegations.

The allegations are these:

*First*, plaintiff alleges that a former Davis Polk partner, Sophia Hudson, "retroactively created" and "falsified" her 2016 performance reviews of plaintiff Cardwell after Mr. Cardwell filed his complaint with the EEOC and NYSDHR in August 2017. *See* ¶¶ 408–410 of the Second Amended Complaint. Thus, plaintiff and his counsel are effectively accusing another member of the bar of backdating a document for purposes of litigation. This allegation is false and plaintiff knows it.

The allegation appears in plaintiff's Second Amended Complaint, served and filed on November 18, 2020. We wrote Mr. Jeffries and noted the evidence produced to him in discovery that demonstrated that this allegation was false, to give him the opportunity to withdraw it. This includes metadata reflecting that Mr. Cardwell's 2016 performance reviews by Ms. Hudson were created on June 20 and September 27, 2016, and that she never altered them after that date. By letter dated December 21, 2020, and in a phone call with us on December 22, Mr. Jeffries contested the thoroughness of the metadata and refused to withdraw the allegation. Then, on January 12, 2021, we wrote Mr. Jeffries again to note for him emails that had been produced in discovery. Those emails were from September 2016 and May 2017 and attached Mr. Cardwell's 2016 performance reviews in unaltered form. In other words, discovery given to the plaintiff now reveals to him that the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Gregory H. Woods     2

performance reviews could not have been backdated or altered sometime after August 2017, as he alleges. In a meet and confer session on January 19, 2021, we gave plaintiff a *third* opportunity— three additional days—to withdraw these false allegations. In response, rather than simply delete the allegation from the Second Amended Complaint, plaintiff now proposes to substitute the false allegation with a whole new sixteen-paragraph conspiracy theory that would ordinarily require leave of Court to add at this point. In other words, rather than withdraw the false allegation outright, plaintiff wants to take advantage of the situation to amend his complaint a *third* time, without leave of Court, to allege a whole new and elaborate theory. The bottom line is: plaintiff refuses to simply withdraw the false and irresponsible allegation.

*Second*, in the Second Amended Complaint (at ¶ 449) plaintiff and his counsel continue to allege that Ms. Hudson asked Mr. Cardwell to "recommend a Black restaurant." The actual email exchange in question refutes that allegation. It contains no reference to such words and, as the Court has already recognized, "the content of the actual email exchange at issue . . . does not suggest any inference of discrimination."[1] ECF 78 at 45 n.18. Here again, we have noted this to plaintiff and his counsel, and offered him the opportunity to withdraw the allegation, but he has failed to do so.

This is the type of situation for which Rule 11 was created. While a plaintiff is not required to possess proof positive of an allegation in a complaint before making it, allegations should not be made that are "factually without foundation" at all. *ED Capital, LLC* v. *Bloomfield Inv. Res. Corp.*, 316 F.R.D. 77, 81 (S.D.N.Y. 2016) (quoting *Wechsler* v. *Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002)). Furthermore, Rule 11 sanctions are appropriate for a party for refusing to withdraw an allegation or claim after it is shown to be inaccurate. *Galin* v. *Hamada,* 283 F. Supp. 3d 189, 202–04 (S.D.N.Y. 2017); *Bunnell* v. *Haghighi*, 183 F. Supp. 3d 364, 372 (E.D.N.Y. 2016)), *aff'd*, 753 F.App'x 3 (2d Cir. 2018); *Cameau* v. *Nat'l Recovery Agency, Inc.*, 2018 WL 4522104, at *8 (E.D.N.Y. Aug. 6, 2018) (granting Rule 11 motion following "the failure of Plaintiff's counsel to withdraw certain claims or amend the Complaint's factual allegations" after discovery made clear that "factual contentions did not have evidentiary support"), *report and recommendation adopted*, 2018 WL 4853050 (E.D.N.Y. Sept. 28, 2018).

Further, plaintiff's baseless and defamatory attack is on another member of the bar, alleging what is essentially an effort by the lawyer to defraud the NYSDHR and EEOC and ultimately this Court. Rule 11 sanctions are particularly appropriate where, as here, a demonstrably false allegation exposes the object of the allegation to reputational damage. *Cf. Katzman* v. *Victoria's Secret Catalogue*, 167 F.R.D. 649, 661 (S.D.N.Y. 1996) (sanctions warranted where "Defendants have been made to respond to a patently meritless complaint and to suffer unwarranted adverse publicity"), *aff'd sub nom. Katzman* v. *Victoria's Secret Catalogue, Div. of The Limited, Inc.*, 113 F.3d 1229 (2d Cir. 1997). As we see it, at this point plaintiff's persistence in peddling this false claim against Ms. Hudson is harassing, designed to tarnish her reputation, and has no proper purpose. *Galonsky* v. *Williams*,

---

[1] Ms. Hudson's actual e-mail to Mr. Cardwell reads as follows:
> HUDSON: Hi Kaloma, A client just asked me for a recommendation for a restaurant near the Apollo. I remembered our ride up to the [Columbia Law School] dinner this spring and wondered if you have any ideas - thoughts? Thanks! Sophia
> CARDWELL: Hi Sophia, Definitely. A few suggestions: <u>Red Rooster</u>[;] <u>Angel of Harlem</u>[;] <u>The Cecil</u>[.] Most of my friends would suggest Red Rooster (as a safe bet) but I've heard good things about the other restaurants.
> HUDSON: Awesome – thanks!

ECF 35-5; 45-7. Underlined text was hyperlinked to the restaurant websites in the original.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Gregory H. Woods                                                                                                    3

1997 WL 759445, at *5 (S.D.N.Y. Dec. 10, 1997) (sanctions warranted where "claims were so baseless as to leave no other conclusion that . . . they were filed for an improper purpose"); *Katzman*, 167 F.R.D. at 661 (sanctions appropriate where allegation exposes individual to reputational damage).

Defendants look forward to a pre-motion conference with respect to the issues raised above.

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:  /s/ Jeh C. Johnson

Bruce Birenboim  (bbirenboim@paulweiss.com)
Jeh C. Johnson  (jjohnson@paulweiss.com)
Susanna M. Buergel  (sbuergel@paulweiss.com)
Marissa C.M. Doran  (mdoran@paulweiss.com)
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000

*Counsel for Defendants Davis Polk & Wardwell LLP, John Bick, Harold Birnbaum, Daniel Brass, John Butler, William Chudd, Sophia Hudson, Thomas Reid, and Brian Wolfe*