UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>        *Plaintiff*,<br><br> v.<br><br>DAVIS POLK & WARDWELL LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John Butler,<br><br>        *Defendants*. | 19 Civ. 10256 (GHW) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT</u>**

                          PAUL, WEISS, RIFKIND, WHARTON &
                          GARRISON LLP
                          1285 Avenue of the Americas
                          New York, NY 10019-6064
                          Tel.: (212) 373-3000
                          Fax: (212) 757-3990

                          *Attorneys for Defendants*

Dated: January 27, 2021

**TABLE OF CONTENTS**

Preliminary Statement ................................................................................................................... 1
Argument ....................................................................................................................................... 1
      A.    Plaintiff's Attempt to Recast His Discrimination Claim as a Claim of Disparate Impact is Improper .................................................................................... 1
      B.    All Renewed Discrimination Claims Should Be Dismissed With Prejudice .......... 4
      C.    All Renewed Retaliation Claims Should Be Dismissed With Prejudice ................ 6
Conclusion .................................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Albury* v. *J.P. Morgan Chase*,
   2005 WL 746440 (S.D.N.Y. Mar. 31, 2005) ....................................................................4

*Anderson* v. *New York City Dep't of Fin.*,
   2020 WL 1922624 (S.D.N.Y. Apr. 21, 2020)...................................................................6

*Anwar* v. *Fairfield Greenwich Ltd.*,
   2012 WL 1415621 (S.D.N.Y. Apr. 13, 2012)...................................................................2

*Cerni* v. *J.P. Morgan Sec. LLC*,
   208 F. Supp. 3d 533 (S.D.N.Y. 2016).............................................................................2, 3

*Colliton* v. *Cravath, Swaine & Moore LLP*,
   2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 F. App'x 535 (2d
   Cir. 2009) ................................................................................................................6, 7, 9

*Dean* v. *Westchester Cty. Dist. Attorney's Office*,
   119 F. Supp. 2d 424 (S.D.N.Y. 2000).............................................................................6

*Dozier* v. *Deutsche Bank Trust Co. Americas*,
   2011 WL 4058100 (S.D.N.Y. Sept. 1, 2011) .................................................................9

*Finley* v. *United Parcel Service Inc.*,
   2018 WL 6422082 (D. Ariz. Mar. 30, 2018) .................................................................6

*Foss* v. *Coca Cola Enterprises*,
   2011 WL 1303346 (E.D.N.Y. Mar. 31, 2011) ................................................................4

*Gomes* v. *Avco*,
   964 F.2d 1330 (2d Cir. 1992)..........................................................................................3

*Hall* v. *North Bellmore School Dist.*,
   55 F. Supp. 3d 286 (E.D.N.Y. Sept. 26, 2014) ...............................................................4

*Iscenko* v. *City of New York*,
   2017 WL 2880553 (S.D.N.Y. July 5, 2017) ...................................................................4

*Koltun* v. *Berry*,
   2016 WL 6601558 (S.D.N.Y. Nov. 7, 2016)...................................................................2

*Kuntz* v. *N.Y. State Bd. of Elections*,
   924 F. Supp. 364 (N.D.N.Y. 1996), *aff'd sub nom. Kuntz* v. *N.Y. State Senate*,
   113 F.3d 326 (2d Cir. 1997).............................................................................................2

*Marchuk* v. *Faruqi & Faruqi, LLP*,
    100 F. Supp. 3d 302 (S.D.N.Y. 2015)..................................................................................10

*McKinney* v. *Eastman Kodak Co.*,
    975 F. Supp. 462 (W.D.N.Y. 1997) ......................................................................................3

*Mesias* v. *Cravath Swaine & Moore*,
    106 F. Supp. 3d 431 (S.D.N.Y. 2015)....................................................................................6

*MLSMK Inv. Co.* v. *JP Morgan Chase & Co.*,
    431 F. App'x 17 (2d Cir. 2011) .............................................................................................8

*Natofsky* v. *City of New York*,
    921 F.3d 337 (2d Cir. 2019), *cert. denied,* 140 S. Ct. 2668 (2020) ..........................................6

*Nurse* v. *Lutheran Med. Ctr.*,
    854 F. Supp. 2d 300 (E.D.N.Y. 2012) ...................................................................................4

*Palm Beach Strategic Income, LP* v. *Stanley P. Salzman, P.C.*,
    2011 WL 1655575 (E.D.N.Y. May 2, 2011) .........................................................................9

*Stern* v. *Trustees of Columbia Univ.*,
    131 F. 3d 305 (2d Cir. 1997)..................................................................................................4

*Toussaint* v. *City of New York*,
    2020 WL 3978317 (S.D.N.Y. June 29, 2020) .......................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a)(2)...................................................................................................................2

N.Y.C. Admin. Code § 8-107(1)(a) ................................................................................................2

**PRELIMINARY STATEMENT**

Plaintiff's opposition offers no credible argument in favor of restoring the claims previously dismissed against the Additional Defendants. All claims against Butler, Chudd, and Hudson should be dismissed; plaintiff has abandoned discrimination claims against them and offers no plausible linkage between them and any allegedly retaliatory act. As to Birnbaum, Brass, and Wolfe, plaintiff has failed, despite two opportunities to replead, to offer *even a single fact* with respect to his alleged comparators' performance; his discrimination claim is undone by this omission, and further by the absence of any plausible allegation of animus. Plaintiff's last-gasp efforts to expand the retaliation claims against Birnbaum, Brass, and Wolfe—by imputing knowledge to them of events of which they were unaware, or by attempting to render "protected" activities this Court has already held were not—are conclusory and contradicted by earlier drafts of his pleadings.

Plaintiff's attempt to refashion, at the eleventh hour, his claim of intentional discrimination into a never-before-pleaded claim of "disparate impact" is a transparent attempt to end-run the dismissal of his hostile work environment and harassment claims; would expand, on the eve of the close of fact discovery, the scale of fact and expert proof necessary here; violates the permission extended by this Court in granting plaintiff leave to replead only "the *dismissed claims*[;]" and is, in any event, utterly conclusory. Ord. 79 (emphasis added). This claim, and all previously-pleaded claims against the Additional Defendants, should be dismissed with prejudice, for the reasons set forth below and in defendants' opening brief.

**ARGUMENT**

**A.     Plaintiff's Attempt to Recast His Discrimination Claim as a Claim of Disparate Impact is Improper**

Plaintiff's attempt to insert a novel "disparate impact" theory into his Second Amended Complaint violates this Court's October Order, which granted leave to replead only "the

1

*dismissed claims.*"  SAC ¶¶ 1, 530–535, 583; Ord. 79 (emphasis added);[1] *accord* Fed. R. Civ. P. 15(a)(2) (requiring defendants' "written consent or the court's leave" to amend).[2]  In opposition, plaintiff claims—incredibly—that defendants somehow waived the right to seek dismissal of this claim.  Opp. 28.  But defendants could not have moved to dismiss the disparate impact claim from a First Amended Complaint that *did not contain it*.[3]  Plaintiff's "disregard of the Court's prior order" alone "provides a sound basis for dismissal of these overreaching amendments," as set forth in defendants' opening brief.  *Kuntz*, 924 F. Supp. at 367; MTD 24–25 (collecting cases); *accord Koltun* v. *Berry*, 2016 WL 6601558, at *7 (S.D.N.Y. Nov. 7, 2016), *rep't & rec. adopted,* 2017 WL 476693 (S.D.N.Y. Feb. 3, 2017) (dismissing new claims in amended complaint where plaintiff "did not receive leave to make such additions").  Plaintiff's revision should be dismissed with prejudice; permitting plaintiff to amend his pleading for a third time, particularly given that plaintiff has had more than three years to formulate his legal theories before multiple tribunals, and that fact discovery is nearly complete, is unjustified, prejudicial, and unduly burdensome.[4]

---

[1] Unless specified, defined terms and short case citations refer to defendants' opening brief ("MTD").

[2] Plaintiff's counts—in the original, the FAC, and the SAC—allege only <u>intentional</u> discrimination.  *See* SAC ¶¶ 595 (Count 1 (Title VII): "Davis Polk <u>intentionally</u> discriminated against Mr. Cardwell"), 612 (Count 5 (NYSHRL): "discriminatory acts and practices were <u>willful</u>, wantonly negligent or reckless"), 626 (Count 9 (NYCHRL), bringing claims under N.Y.C. Admin. Code § 8-107(1)(a) <u>but not § 8-107(17)(a), which governs disparate impact</u>); *accord* Compl. ¶¶ 262, 270, 280; FAC ¶¶ 316, 344, 366 (same).

[3] Moreover, even plaintiff, in stretching to identify an allegation in a previous draft of the complaint in the nature of disparate impact, can point to only one allegation: that during a March 2017 meeting, plaintiff noted that "he was uncomfortable with the Firm's performance review process and noted that racial biases can* influence performance evaluations."  Opp. 28 (citing ECF 1 ¶ 213 (Complaint); ECF 99-1 ¶ 23 (EEOC Charge) (emphasis added); ECF 37 ¶ 242 (FAC); ECF 99 ¶ 317 (SAC) (*both the FAC and SAC modified "can influence" to "were influencing")).  But the Court held that this allegation was sufficient to allege "protected activity" for purposes of establishing a *retaliation claim*, not that it was sufficient to plead a disparate impact theory of discrimination against the Firm.  Ord. 62.  It plainly is not.  MTD 25 n.23.

[4] *See Cerni* v. *J.P. Morgan Sec. LLC*, 208 F. Supp. 3d 533, 544 (S.D.N.Y. 2016) (denying motion to amend where plaintiff had "already filed two complaints" and did not explain his delay in bringing the claim, and concluding that "[p]ermitting [plaintiff] to amend his complaint again in order to add a claim that he always knew about would delay further proceedings and cause prejudice to Defendant"); *cf. Anwar* v. *Fairfield Greenwich Ltd.*, 2012 WL 1415621, at *4 (S.D.N.Y. Apr. 13, 2012) (denying motion to amend where the completion of fact discovery was upcoming, the case had been ongoing for years, the amendments would inevitably delay the action, and there was no showing of good cause for the delay in moving for the amendment).

2

Plaintiff's disparate impact claim under Title VII should be dismissed for the independent reason that he failed to exhaust administrative remedies. MTD 25 n.23. In opposition, plaintiff claims that his EEOC charge challenged "performance review policies that had a disparate impact on him." Opp. 29–30. But neither of the paragraphs to which he points identifies a "*specific* employment practice[]" that was "allegedly responsible for any observed statistical disparities," *Cerni*, 208 F. Supp. 3d at 541 (emphasis in original), as is required; the first fails to mention the review process at all, ECF 99-1 ¶ 4, and the second makes only a passing reference to his having "noted," in a meeting, "that racial biases *can*"—not that they *did*—"influence performance evaluations." *Id*. at ¶ 23 (emphasis added). Neither of these vague references supports plaintiff's contention that a disparate impact claim would have "fall[en] within the scope of the EEOC investigation which can reasonably be expected to grow out of [his] charge of discrimination." *Cerni*, 208 F. Supp. 3d at 542 (noting that "disparate treatment allegations are not 'reasonably related' to disparate impact claims for purposes of exhaustion").[5] The Title VII claim fails for lack of exhaustion.

---

[5]  *See also Toussaint* v. *City of New York*, 2020 WL 3978317, at *2–3 (S.D.N.Y. June 29, 2020) (EEOC charge alleging "pattern and practice by [his agency] to select non-Black employees . . . for career advancing projects and training" did not exhaust disparate impact claim, because it did not identify a facially neutral policy or practice).

Plaintiff contends that under *Gomes* v. *Avco*, an EEOC charge that "most naturally supports a claim of intentional discrimination" can still exhaust "disparate impact" claims. Opp. 30 (quoting *Gomes* v. *Avco*, 964 F.2d 1330, 1334–35 (2d Cir. 1992)). But *Gomes* is readily distinguishable. There, a Portuguese plaintiff identified a specific, facially-neutral policy in his charge—a rule requiring eight years of experience for promotion—and claimed that he had eight years, was credited with seven, and watched others with few years of experience get promoted. *Gomes*, 964 F. 2d at 1331, 1334. The Second Circuit found that the EEOC reasonably would have inquired into the policy, because the employer's promotion of more junior employees called into question the business justification for it. *Id*. at 1334. By contrast, here, as in *McKinney* v. *Eastman Kodak Co.*, plaintiff's passing mention that "racial biases *can* influence performance evaluation," ECF 99-1 ¶ 23 (emphasis added), does not feature the specificity of *Gomes*. *See McKinney* v. *Eastman Kodak Co*., 975 F. Supp. 462, 464, 467 (W.D.N.Y. 1997) (distinguishing *Gomes* on this basis and denying claim that, where charge identified no termination policy, EEOC "would naturally have investigated the procedure by which [plaintiff] was terminated" and whether the procedure had a disparate impact, noting that this argument would "allow virtually every disparate treatment claim to encompass a disparate impact claim as well").

3

**B.      All Renewed Discrimination Claims Should Be Dismissed With Prejudice**

Plaintiff's attempts to renew discrimination claims against Birnbaum, Brass, and Wolfe fail for two principal reasons, neither of which plaintiff rebuts credibly in opposition.

*First*, plaintiff has failed plausibly to allege discriminatory intent by Birnbaum, Brass, or Wolfe.  MTD 12.  In opposition, plaintiff claims that Birnbaum and Wolfe departed from policy in "eliminat[ing] [plaintiff's] billable hours," that Brass "failed to follow the Firm's policy of utilizing staffing coordinators," and that departures from procedure "can create an inference of discriminatory intent sufficient to establish a *prima facie* case of discrimination."  Opp. 24–25.  Plaintiff is wrong.  Allegations of procedural irregularity do not, without more, give rise to an inference of discrimination.  *Nurse* v. *Lutheran Med. Ctr.*, 854 F. Supp. 2d 300, 319 (E.D.N.Y. 2012) (noting that a "violation of an employer's internal personnel practices is not, by itself, an act of discrimination."); *Iscenko* v. *City of New York*, 2017 WL 2880553, at *5 (S.D.N.Y. July 5, 2017) (dismissing complaint and explaining that "the mere fact that an employer failed to follow its own internal procedures does not necessarily suggest that the employer was motivated by illegal discriminatory intent"); *Albury* v. *J.P. Morgan Chase*, 2005 WL 746440 at *9 (S.D.N.Y. Mar. 31, 2005).[6]

There is no "more" here, nor has plaintiff even plausibly alleged procedural irregularity.  Plaintiff's allegation that Brass "abrupt[ly] remov[ed]" plaintiff from an M&A deal on July 22, 2016 "in secret and without the permission of Ms. Fenner, the staffing coordinator," SAC ¶ 157, and his apparent contention that this constituted a policy violation, Opp. 25, is nonsensical.  Plaintiff concedes that Fenner stopped being responsible for his staffing three weeks

---

[6]   The cases on which plaintiff relies are inapposite.  *Stern* v. *Trustees of Columbia Univ.*, 131 F. 3d 305, 314 (2d Cir. 1997) (departure from procedure bolstered plaintiff's other evidence of discrimination but did not lead to an inference of discrimination on its own); *Hall* v. *North Bellmore School Dist.*, 55 F. Supp. 3d 286, 291 (E.D.N.Y. Sept. 26, 2014) (concerning a deviation from policy involving little discretion); *Foss* v. *Coca Cola Enterprises*, 2011 WL 1303346, at *9 (E.D.N.Y. Mar. 31, 2011) (same).

4

earlier (on July 1, 2016, SAC ¶ 218 nn. 35, 36); no policy or procedure required Brass to seek Fenner's "permission." Likewise, plaintiff's allegation that Birnbaum and Wolfe departed from policy by failing to consider his self-submitted capacity charts, Opp. 24–25, does not identify any departure from mandatory or non-discretionary policy; as plaintiff concedes in the SAC, staffing partners used "weekly workload request/capacity forms" "as a guide," but "acted with significant and independent decision-making authority," and took multiple factors, including "partners' preferences," into account in making staffing decisions. SAC ¶ 143. No procedural departures create an inference of discriminatory intent here.

*__Second__*, plaintiff has failed plausibly to allege discriminatory treatment by Birnbaum, Brass, or Wolfe—in other words, that they treated him less well than similarly-situated others—because he has failed, notwithstanding opportunities to replead, to offer even a *single fact* with respect to his alleged comparators' performance. MTD 9–11; Ord. 40 (complaint "must allege *specific facts*" as to animus). Plaintiff does not dispute that comparators must be "similarly situated . . . in all material respects," Opp. 26, nor that performance is a material respect. But whereas plaintiff contends that his purported comparators worked in similar departments, Opp. 25, or were subject to similar policies, Opp. 27, he does not contest defendants' observation that, as to their performance, he has offered no facts. Opp. 25–27. Plaintiff insists that his repetition of the stock phrase "similarly situated . . . in all material respects," Opp. 26, renders his allegation plausible and supported, but it does not; absent any allegation that his performance was similar to others', plaintiff's claims amount to "vague allegations that he was treated less well than white associates." Ord. 40. Such allegations, as this Court has already held, are "inadequate to plausibly plead either the existence of racial animus or a causal connection between his experiences and any

such animus." *Id*.[7] The discrimination claims against Birnbaum, Brass, and Wolfe should be dismissed with prejudice.

### C. All Renewed Retaliation Claims Should Be Dismissed With Prejudice

Plaintiff's attempts to revive previously-dismissed retaliation claims likewise fail.

*First*, plaintiff attempts to argue, in opposition, that certain of the six of his alleged complaints previously ruled by this Court not to constitute "protected activity" were in fact protected activity (and later, as discussed below, that certain defendants knew of them). Ord. 58.

Plaintiff's arguments are conclusory and supported neither by plaintiff's brief, Opp. 11, nor the law. For one, protected activity is "action taken to protest or oppose *statutorily prohibited discrimination*." *Natofsky* v. *City of New York*, 921 F.3d 337, 354 (2d Cir. 2019), *cert. denied,* 140 S. Ct. 2668 (2020) (emphasis added) (internal quotation marks and citation omitted). Plaintiff's December 5, 2016 and March 3, 2017 communications objecting to the Firm's relationship with an alleged client (SAC ¶¶ 249–60, 286–89) do not constitute protected activity "because they [were] not about *discrimination* at Davis Polk." Ord. 61 (emphasis added). Even if, as plaintiff alleges, plaintiff's complaints were protected by Davis Polk's "anti-retaliation policies at the time," Opp. 11, the fact that conduct is protected by an anti-retaliation policy "does not mean the complaint is protected under Title VII." *Finley*, 2018 WL 6422082 at *12 (complaints by employee did not constitute protected activity notwithstanding broad company anti-retaliation policy).

Plaintiff's amendments as to his September 2016 complaint are opportunistic, contradictory, and need not be credited. SAC ¶¶ 183–203; *Colliton*, 2008 WL 4386764, at *6. When drafting his complaint for the second time, plaintiff alleged that he told a staffing coordinator

---

[7] *Anderson*, 2020 WL 1922624, at *7; *Mesias* v. *Cravath Swaine & Moore*, 106 F. Supp. 3d 431, 437 (S.D.N.Y. 2015); *Dean*, 119 F. Supp. 2d at 430.

6

of "concerns" about a "general pattern that exists across the legal profession and within Davis Polk." FAC ¶ 159; *see also* Ord. 60.  Only when drafting his complaint for a <u>third</u> time did plaintiff "remember[] that he made it clear that he was not just talking about a general pattern in the legal profession" or that the coordinator made clear that she "understood that he just made a race-based discrimination complaint." SAC ¶¶ 189–90.  Plaintiff's reversal is a "transparent attempt" to amend to "avoid a dispositive defense," and need not be credited. *Colliton*, 2008 WL 4386764, at *6.

**<u>Second</u>**, plaintiff's opposition papers offer nothing to salvage the previously-dismissed retaliation claims against Brass, Birnbaum, or Wolfe—in other words, nothing to support his attempt to expand those claims to encompass allegedly retaliatory staffing, as opposed only to termination.

As to Brass, plaintiff makes no attempt even to support the claim of retaliatory staffing.  Plaintiff does not argue that Brass knew of any alleged complaints prior to plaintiff's filings with the EEOC/NYSDHR.  Opp. 11–13 (excluding Brass from list of defendants with knowledge between 2015 and summer 2017).  Plaintiff likewise does not contend, in opposition, that there was a causal connection between any of his alleged complaints and Brass's alleged decision to replace him, over three hours on a single day, on a deal. Opp. 17–19 (no argument as to Brass); *accord, e.g.*, SAC ¶ 173.

As to Birnbaum and Wolfe, plaintiff attempts to impute knowledge of two alleged complaints, one protected and one not. Opp. 12.  Neither attempt should be countenanced.  The Court previously dismissed plaintiff's staffing-based retaliation claim against Birnbaum and Wolfe, notwithstanding plaintiff's claim that it was "'plausible' that the junior staffing coordinator" informed them of his September 2016 complaint, on the grounds that the complaint "does not allege that the junior staffing coordinator actually did so." Ord. 66.  Plaintiff has not

7

cured this pleading deficiency. *See, e.g.*, SAC ¶¶ 187–211. In opposition, plaintiff merely repeats his position—without factual support—that Birnbaum and Wolfe *must have known* of his September 2016 conversation with a junior staffing coordinator by virtue of their attendance at an all-partner M&A group meeting, without any facts supporting the (opportunistic) claim that they were present or that the alleged grievances were a topic of discussion at the meeting. MTD 15–17; Opp. 12.[8] The September 2016 complaint did not constitute protected activity, as set forth above. But even if it did, this purely conclusory allegation is not sufficient to plausibly plead knowledge. *Cf. MLSMK Inv. Co.*, 431 F. App'x at 19–20 (plaintiff failed to plead knowledge where "neither the fact of the meeting[s] nor the explanation of what was discussed therein amounted to anything more than speculation").[9]

Likewise, plaintiff's attempt to impute knowledge, to Birnbaum and Wolfe, of a complaint made to Reid and Kreynin in a private meeting in March 2017, Ord. 62, is tortured and implausible, and relies on sheer conjecture that his views were discussed in a plenary meeting of partners. Defendants outlined the pleading deficiencies here at length in their opening brief, MTD 16–17; plaintiff's only rejoinder is a conclusory assertion that he "plausibly alleged that . . . Wolfe and Birnbaum had knowledge," with pincites to implausible paragraphs in the SAC. Opp. 12.

Plaintiff's attempt to expand the scope of retaliation claims against Birnbaum, Brass, and Wolfe should be rejected for the reasons set forth in this Court's prior order: plaintiff has again "failed to plausibly allege that retaliatory animus was even a motivating factor in any" of their actions, and "even if Cardwell had plausibly alleged that [they] had knowledge of his

---

[8]  *Accord* MTD 16 n.11 (Brass could not have been present because he was not a partner).

[9]  Plaintiff's citation to DPW_SDNY-000045291, a draft agenda for a Diversity Committee meeting that is not referenced in the SAC, is not properly considered and in any event offers no support here. Opp. 12. Neither Birnbaum nor Wolfe received this email (they were not on the Diversity Committee, and plaintiff does not allege otherwise)), and plaintiff has offered no facts plausibly alleging that this report in fact contained information about plaintiff's complaint.

8

protected activity, he has not plausibly alleged that the[y] did anything that was reasonably likely to deter him from engaging in further protected activity *because of* his race." Ord. 69 (emphasis in original).

*__Third__*, plaintiff devotes six pages, in opposition, to attempting to support his argument that Butler, Chudd, and Hudson retaliated against him by "[p]articipat[ing] in the [t]ermination" of his employment. Opp. 18–23. Plaintiff's insistence cannot salvage his claims. MTD 17–23. Plaintiff pointedly identified, in prior pleadings, the full complement of "partners in the 'group' who had . . . decided to terminate [his] employment," FAC ¶ 296, but did not identify Butler, Chudd, or Hudson; the court need not "accept as true" plaintiff's new facts, which "conflict with [his] prior allegations." *Dozier*, 2011 WL 4058100, at *2; *Palm Beach Strategic Income, LP*, 2011 WL 1655575, at *5–6 (similar). Likewise, any claim that Hudson's 2016 performance reviews of plaintiff were created not in 2016 but "after [he] filed his complaint with the EEOC in August 2017," SAC ¶ 410, for retaliatory reasons, is false (and sanctionable) and contradicted by the face of the documents incorporated by reference and plaintiff's admissions in the pleadings. MTD 19–23; ECF 138. Plaintiff offers no cogent rebuttal here. Plaintiff does not, and cannot, reconcile his prior admissions in the Complaint and FAC that he was contemporaneously aware, in 2016, of Hudson's performance reviews with his current claim that Hudson "retroactively created" her June and September 2016 reviews. *See* MTD 20–21. And plaintiff's muted attempts to respond to the metadata that wholly rebut his claims of backdating fall short: plaintiff baldly asserts—without any explanation—that this metadata "is not actual metadata" and is "contradicted" by unspecified "documents" purportedly produced during discovery, which cannot be considered on this motion to dismiss. Opp. 23.[10]

---

[10] Plaintiff also offers a nonsensical alternative formulation: that "[e]ven if [Hudson's] reviews were not fabricated, they were retaliatorily used in December 2018 in the NYSDHR Brief," Opp. 19. This is a rewriting of the allegation as set forth in the complaint, and need not be considered. *Colliton*, 2008 WL 4386764, at *6. But even if it were, it is not retaliation for parties to file legitimate responses to discrimination suits—parties are of course

9

The previously-dismissed retaliation claims against the Additional Defendants should again be dismissed, with prejudice.[11]

## CONCLUSION

For the reasons set forth above and in their opening brief, defendants respectfully request that the Court dismiss with prejudice: (i) the discrimination claims, to the extent based upon a disparate impact theory, and (ii) all previously-dismissed claims against the Additional Defendants.

Dated:	January 27, 2021
	New York, New York

                              Respectfully submitted,

                              PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

                              By: /s/ *Bruce Birenboim*
                                  Bruce Birenboim
                                  Jeh C. Johnson
                                  Susanna Buergel
                                  Marissa C.M. Doran

                              1285 Avenue of the Americas
                              New York, New York 10019-6064
                              Telephone: (212) 373-3000
                              bbirenboim@paulweiss.com
                              jjohnson@paulweiss.com
                              sbuergel@paulweiss.com
                              mdoran@paulweiss.com
                              *Attorneys for Defendants*

---

entitled to do that.  *E.g.*, *Marchuk* v. *Faruqi & Faruqi, LLP*, 100 F. Supp. 3d 302, 311 (S.D.N.Y. 2015) (defendants' tort counterclaims and corresponding press release filed in response to plaintiff's discrimination suit did not constitute actionable retaliation).  In any event, an allegation that the *Firm* used Hudson's reviews to retaliate against plaintiff does not state a claim against *Hudson*.

[11] Butler should be dismissed for the additional reason, as noted in defendants' opening brief, that plaintiff failed to move to join him as an additional party by this Court's January 2020 deadline.  MTD 19; ECF 27 ¶ 4.