UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>         *Plaintiff*,<br><br> v.<br><br>DAVIS POLK & WARDWELL LLP, THOMAS REID, JOHN BICK, WILLIAM CHUDD, SOPHIA HUDSON, HAROLD BIRNBAUM, DANIEL BRASS, BRIAN WOLFE, AND JOHN H. BUTLER<br><br>         *Defendants*. | 1:19-cv-10256-GHW |

**DECLARATION OF DAVID JEFFRIES IN OPPOSITION TO DEFENDANTS' AND PAUL WEISS'S APPLICATION FOR FEES AND COSTS**

  I, David Jeffries, declare pursuant to 28 U.S.C. § 1746 that:

  1.  I am pro bono counsel for Plaintiff Kaloma Cardwell.

  2.  I submit this declaration in support of Plaintiff's Opposition to Defendants' and Paul Weiss's Application for Fees and Costs (ECF 131) ("Defendants' and Paul Weiss's Fee Request").

  3.  During a teleconference held on January 13, 2021, this Court granted the majority of a motion to compel filed by Defendants on November 18, 2020 and opposed by Plaintiff on December 2, 2020.

  4.  During that conference, the Court stated its obligation under the Federal Rules to award fees and costs to the prevailing party, despite Defendants not having requested such relief in their motion.

  5.  On January 20, 2021, Defendants and Paul Weiss filed an application for fees and

costs totaling $99,565.20 (ECF 131). That application requested that both Mr. Cardwell and I share joint responsibility for satisfying any resulting attorneys' fee awarded by the Court.

6. For the reasons articulated in the accompanying Memorandum of Law in Opposition to Defendants' and Paul Weiss's Fee Request, this Court should deny Defendants' and Paul Weiss's Fee Request pursuant to Federal Rule of Civil Procedure 37, on the basis that an imposition of fees would be unjust (in light of my financial hardship, and those of Mr. Cardwell), and because my conduct in opposing Defendants' discovery demands was (at all times) undertaken in good faith, and consistent with my interpretation of the governing rules, authorities, and existing case law.

7. In fact, even a cursory review of the relevant filings made in connection with Defendants' motion to compel confirms that I dedicated significant time and resources in an attempt to resolve the discovery disputes prior to Defendants seeking judicial intervention. This took the form of several written exchanges setting forth Plaintiff's positions, objections, and understanding of relevant caselaw and rules with specificity, along with multiple meet-and-confers where the parties discussed the same (ECF 75).

8. Any request that Defendants' attorneys' fees and costs associated with this controversy be shifted onto me and Mr. Cardwell is unduly harsh and overlooks the context in which the dispute arose and the deliberate and extensive good-faith efforts that I personally undertook to address them (albeit without success, before judicial intervention was sought and Your Honor granted Defendants' request to brief their motion to compel).

9. Importantly, Defendants themselves did not seek monetary sanctions as a form of relief from me or Mr. Cardwell. I believe that this not only speaks to the non-frivolity of the dispute (ECF 75) but, more to the point, it creates a basis for this Court to exercise its

discretion to forego awarding such harsh fees despite Your Honor's ruling on Defendants' motion to compel.

10.     As the record reflects, I am a solo practitioner with a primary specialty in criminal defense and am representing Mr. Cardwell pro bono in this matter. I joined this case with knowledge that Mr. Cardwell's attempts to secure representation were frustrated by his then-current financial constraints and the concerns that other lawyers expressed regarding their willingness to pursue a case against Davis Polk, given the Firm's connections, power, and entrenchment within the legal community.  In light of these competing considerations, and Mr. Cardwell's lack of employment, my work on this matter has always been *pro bono*.

11.     As a solo practitioner, my income is unpredictable.  Like many solo practitioners, the income that I receive from my practice is the only means that I have to sustain myself and my family.  The imposition of any monetary sanction, and particularly the hefty amount sought by Defendants and Paul Weiss, would not only financially imperil Mr. Cardwell, but it would also financially imperil me and cause immeasurable harm personally and professionally.

12.     As a related matter, my ability to collect outstanding legal fees from clients who retained my services in connection with my primary practice has been compromised by the COVID-19 Pandemic and resulting economic downturn. Understandably, a great number of my clients have been forced to prioritize the financial stability of their family over the payment of outstanding legal fees owed to me. That reality cannot be overstated.

13.     Accordingly, any monetary sanction imposed against me personally will have dire consequences on my continued ability to practice law, as well as provide for my family, and will have a chilling effect on meritorious claims against a Firm comparable in power and

stature to Davis Polk instead of serving a deterrent purpose. As an officer of this Court, I advocated for my client in a way that fully comports with my best judgment and understanding of applicable rules, case law, and other relevant authorities and considerations (including guidance provided by this Court).

14. For the reasons set forth in Plaintiff's Memorandum of Law in Opposition to Defendants' and Paul Weiss's Fee Request, I respectfully request that the Court forego the imposition of attorneys' fees on me and Mr. Cardwell in light of our demonstrated financial hardships. I am willing to discuss further in camera, despite its sensitivity, should Your Honor have any questions that I can answer to further substantiate this portion of my request.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ David Jeffries
David Jeffries

January 27, 2021
New York, New York