UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>                                    Plaintiff,<br><br>v.<br><br>DAVIS POLK & WARDWELL LLP, Thomas Reid, John Bick, William Chudd, Sophia Hudson, Harold Birnbaum, Daniel Brass, Brian Wolfe, and John H. Butler,<br><br>                                    Defendants. | 1:19-cv-10256-GHW |

### DECLARATION OF KALOMA CARDWELL IN OPPOSITION TO DEFENDANTS' AND PAUL WEISS'S APPLICATION FOR FEES AND COSTS

I, Kaloma Cardwell, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the plaintiff and David Jeffries is my attorney in the above-captioned matter.

2. I am fully familiar with the facts and circumstances set forth below, and I submit this declaration in opposition to Defendants' and Paul Weiss's Application for Fees and Costs (ECF 131) ("Defendants' and Paul Weiss's Fee Request").

3. I understand that Defendants and Paul Weiss seek approximately $100,000 in attorneys' fees against me and Mr. Jeffries in connection with their motion to compel discovery.

4. As explained below, I do not have the financial means to satisfy anything close to a penalty of that size. A fee award of that magnitude would not only harm me financially but it would eliminate my ability to take care of my family in the short and long term.

5. As the largest and second-largest firms in New York, respectively, Paul Weiss's and Davis Polk's resources are virtually unlimited. By contrast, I do not have the resources to pay their fees.

1

6. My current financial standing is the direct result of the claims that I am pursuing in this action. At the time of my termination, I was earning an annual salary that enabled me to support my family, make substantial financial philanthropic contributions, and support others in need both in the legal profession and in the various local communities that I serve.

7. Had Defendants not retaliated against me (including by terminating me from Davis Polk) after I made legally protected complaints concerning the racism and discrimination experienced by me and others at the Firm, I would have continued to enjoy a career in the law (whether at Davis Polk or another institution).

8. I have pursued my claims since 2017—first before the EEOC, and now before Your Honor, because I was treated unfairly, unlawfully, and done an injustice by fellow members of the Bar who prematurely (and permanently) ended my career at Davis Polk.

9. These individual and collective injustices have severely and permanently damaged my career prospects, my financial standing, my involvement in the legal community, my ability to contribute to the broader bar community, and importantly my ability to support my family. They have caused me to have health effects that are immeasurable and life changing for the worse.

10. I have been unemployed since my time at Davis Polk. I have not had any savings or a bank account for months. I do not own a home, do not own a car, and have not been able to afford my rent, and have not made a single payment towards my roughly $50,000 in student loan debt, among other debt, for some time. As of today's date, I have approximately a total of $800 in cash, uncashed checks, and gift cards, and cannot satisfy a judgment of thousands of dollars should Your Honor order me and Mr. Jeffries to pay Paul Weiss's legal fees.

11. I have been able to pursue this case through the present only because Mr. Jeffries was willing to represent me *pro bono*. Despite working on this case since late 2018, Mr. Jeffries

has never sent me an invoice or otherwise requested payment for any legal services or costs, has never received payment from me for any services rendered, and is not working on this case under any formal or informal contingency fee arrangement.

12. I believe the last time I paid any attorneys' fees in this action was in 2018, which was a payment made to The Law Offices of Martin E. Restituyo (i.e., my former counsel).

13. It is unfortunate that I cannot even afford to pay Mr. Jeffries. If I could, I would. I certainly cannot afford to pay Paul Weiss's attorneys for their time spent pursuing the motion that underlies their request (and think an order compelling me to do so would exacerbate conditions that disproportionately impact me as a Black attorney—the first in my family).

14. I ask the Court to consider my financial standing and these specific hardships and find that it would be unjust to impose monetary sanctions against me and Mr. Jeffries.

15. If Your Honor orders me to pay any portion of attorneys' fees, for the reasons explained above, I may have to publicly fundraise to meet those obligations (e.g., in order to avoid being found in contempt of court, or avoid any other fees or fines as the Court may impose).

16. I have no doubt that Mr. Jeffries is litigating this case (and his others matters) to the best of his ability and that the shortcomings that the Court identified were the product of his best interpretation and understanding of relevant rules and cases.

17. Although no lawyer always interprets the rules of civil procedure and caselaw correctly—a fact equally true of Mr. Jeffries and Paul Weiss's attorneys alike—Mr. Jeffries is neither frivolous nor contentious, he has not engaged in unnecessary motion practice, and he has not made arguments to the Court or opposing counsel that he knows to be false or unmerited.

18. This Court need not punish or sanction us financially in order to "deter" us from unnecessary motion practice, as neither Mr. Jeffries nor I have the interest, time, or resources to intentionally engage in frivolous motion practice.

19. For the reasons stated in Plaintiff's memorandum of law in opposition to Defendants' and Paul Weiss's Fee Request, I respectfully ask that their request be denied and that my financial hardships be given priority consideration in Your Honor's exercise of his discretion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
January 27, 2021

Kaloma Cardwell