# EXHIBIT A

# Selected Excerpts of Davis Polk's Responses and Objections to Plaintiff's First Set of Interrogatories

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>         *Plaintiff*,<br><br>  v.<br><br>DAVIS POLK & WARDWELL LLP, THOMAS REID, JOHN BICK, WILLIAM CHUDD, SOPHIA HUDSON, HAROLD BIRNBAUM, DANIEL BRASS, BRIAN WOLFE, and JOHN BUTLER,<br><br>         *Defendants*. | 19 Civ. 10256 (GHW) |

**DAVIS POLK'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DAVIS POLK**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Defendant Davis Polk & Wardwell LLP ("Davis Polk") submits the following responses and objections to Plaintiff's First Set of Interrogatories to Davis Polk, dated August 11, 2020 (the "Interrogatories").

**GENERAL OBJECTIONS**

These General Objections ("General Objections"), unless otherwise stated, apply to each Interrogatory, definition, and instruction propounded by Plaintiff, and these General Objections are incorporated by reference as though set forth in full in the specific responses. These General Objections are neither waived nor limited by the specific responses.

  1.  Davis Polk objects to the Interrogatories to the extent that they purport, or may be construed, to impose on Davis Polk burdens and obligations beyond those imposed by applicable

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

first and second negative annual performance reviews as described in Davis Polk's NYSDHR Brief.

**INTERROGATORY NO.4:**

Identify all persons who participated in the soliciting, drafting, revising, finalizing, or formatting of William Chudd's performance review bearing the date September 23, 2015.

**RESPONSE TO INTERROGATORY NO. 4:**

Davis Polk objects to this Interrogatory as improper pursuant to Local Rule 33.3(b) because it purports to seek information that is more appropriately obtained through a request for production or by deposition. Davis Polk also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case, to the extent it seeks identification of "all" persons who participated in the "soliciting, drafting, revising, finalizing, or formatting of William Chudd's performance review" regardless of the significance of their roles. Davis Polk also objects to this Interrogatory on the grounds that it is vague and ambiguous; in particular, the term "soliciting" is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Davis Polk states that pursuant to Federal Rule 33(d) information responsive to this Interrogatory may be obtained by examining records produced in response to Plaintiff's RFPs. Specifically, Defendants' response to the following Request is responsive to this Interrogatory: No. 108. In addition, Davis Polk states that William Chudd contributed to the substance of William Chudd's performance review of Plaintiff dated September 23, 2015.

**INTERROGATORY NO. 5:**

Identify the person or persons Plaintiff "asked for mid-year feedback on his work," such that Plaintiff's "[June 2016] review [was] in response to that request," as reflected in John Bick's June 30, 2016 summary review.

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

be obtained by examining records produced in response to Plaintiff's RFPs. Specifically, Defendants' response to the following Request is responsive to this Interrogatory: No. 47. In addition, Davis Polk states the following with respect to knowledge on the part of individuals other than internal and external counsel (if any): the following individuals knew that Plaintiff refused a cross-departmental assignment, as described in Davis Polk's NYSDHR brief: Rocio Clausen, Renee DeSantis, Alicia Fabe, and Carolina Fenner.

### INTERROGATORY NO. 10:

Identify all persons who had knowledge, prior to September 28, 2016, that Plaintiff expressed concerns about staffing decisions being impacted or potentially being impacted by race.

### RESPONSE TO INTERROGATORY NO. 10:

Davis Polk objects to this Interrogatory as improper pursuant to Local Rule 33.3(b) because it purports to seek information that is more appropriately obtained through a request for production or by deposition. Davis Polk also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case, to the extent it seeks, without limitation, identification of "all" persons, regardless of whether those persons were ever employed by Davis Polk and regardless of the significance of their roles.

Subject to and without waiver of the foregoing General and Specific Objections, Davis Polk states that pursuant to Federal Rule 33(d) information responsive to this Interrogatory may be obtained by examining records produced in response to Plaintiff's RFPs. Specifically, Defendants' responses to the following Requests are responsive to this Interrogatory: Nos. 44, 116, 117, 118, 122, 142.

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 11:**

Identify all persons who participated in the soliciting, drafting, revising, finalizing, or formatting of Sophia Hudson's performance review bearing the date September 27, 2016.

**RESPONSE TO INTERROGATORY NO. 11:**

Davis Polk objects to this Interrogatory as improper pursuant to Local Rule 33.3(b) because it purports to seek information that is more appropriately obtained through a request for production or by deposition. Davis Polk also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case, to the extent it seeks identification of "all" persons who participated in the "soliciting, drafting, revising, finalizing, or formatting of Sophia Hudson's performance review" regardless of the significance of their roles. Davis Polk also objects to this Interrogatory on the grounds that it is vague and ambiguous; in particular, the term "soliciting" is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Davis Polk states that pursuant to Federal Rule 33(d) information responsive to this Interrogatory may be obtained by examining records produced in response to Plaintiff's RFPs. Specifically, Defendants' responses to the following Requests are responsive to this Interrogatory: Nos. 114, 115, 119, 120. In addition, Davis Polk states that Sophia Hudson contributed to the substance of Sophia Hudson's performance review of Plaintiff dated September 27, 2016.

**INTERROGATORY NO. 12:**

Identify all persons with knowledge, as of March 22, 2017, that Len Kreynin's summary review for Plaintiff's December 2016 annual review had not been submitted and entered into the system from which Davis Polk produced Plaintiff's performance reviews.

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO INTERROGATORY NO. 19:**

Davis Polk objects to this Interrogatory as improper pursuant to Local Rule 33.3(b) because it purports to seek information that is more appropriately obtained through a request for production or by deposition.  Davis Polk also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case, including without limitation to the extent it seeks identification of "all persons" "for the past ten years" who have made complaints of "discrimination, a hostile work environment, harassment, or retaliation" regardless of whether the conduct complained of is relevant to Plaintiff's allegations in the Complaint, in particular, Davis Polk also objects to this Interrogatory to the extent it may implicate any confidentiality obligations of the Firm.

Subject to and without waiver of the foregoing General and Specific Objections, Davis Polk states that pursuant to Federal Rule 33(d) information responsive to this Interrogatory may be obtained by examining records produced in response to Plaintiffs' RFPs.  Specifically, Defendants' response to the following Request is responsive to this Interrogatory: No. 176.

**INTERROGATORY NO. 20:**

Identify every unnamed individual referred to in Davis Polk's NYSDHR Brief.

**RESPONSE TO INTERROGATORY NO. 20:**

Davis Polk objects to this Interrogatory as improper pursuant to Local Rule 33.3(b) because it purports to seek information that is more appropriately obtained through a request for production or by deposition.  Davis Polk also objects to this Interrogatory on the grounds that it is vague and ambiguous; in particular, the term "unnamed individual" is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Davis Polk states that pursuant to Federal Rule 33(d) information responsive to this Interrogatory may

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

be obtained by examining records produced in response to Plaintiff's RFPs. Specifically, Defendants' response to the following Request is responsive to this Interrogatory: No. 201. In addition, Davis Polk refers to the persons identified in the parties' initial disclosures to the extent potentially responsive to this Interrogatory and to Davis Polk's Responses and Objections to Interrogatory Nos. 1–9, 11–18.

### INTERROGATORY NO. 21:

Identify all persons to or from whom Davis Polk, or anyone acting on Davis Polk's behalf, has sent or received communications concerning the claims and defenses of this litigation (including without limitation the damages sought in this litigation) or who has provided Davis Polk with a written statement or opinion of any kind concerning any allegation, claim, or defense raised in this litigation.

### RESPONSE TO INTERROGATORY NO. 21:

Davis Polk objects to this Interrogatory as improper pursuant to Local Rule 33.3(b) because it purports to seek information that is more appropriately obtained through a request for production or by deposition. Davis Polk also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case, to the extent it seeks identification of "all persons" to or from whom Davis Polk or "anyone acting on Davis Polk's behalf" has sent or received communications, regardless of the significance of their roles. Davis Polk also objects to this Interrogatory to the extent that it seeks information that is attorney work-product, contains privileged attorney-client communications or is protected from disclosure under applicable privileges, law or rules.

Subject to and without waiver of the foregoing General and Specific Objections, Davis Polk states that pursuant to Federal Rule 33(d) information responsive to this Interrogatory may be obtained by examining records produced in response to Plaintiffs' RFPs. Specifically, Defendants' response to the following Request is responsive to this Interrogatory: No. 194.

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER