# EXHIBIT B

# Selected Excerpts of Defendants' Responses and Objections to Plaintiff's First Set of RFPs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>                              *Plaintiff*,<br><br>    v.<br><br>DAVIS POLK & WARDWELL LLP, THOMAS REID, JOHN BICK, WILLIAM CHUDD, SOPHIA HUDSON, HAROLD BIRNBAUM, DANIEL BRASS, BRIAN WOLFE, and JOHN BUTLER,<br><br>                              *Defendants*. | 19 Civ. 10256 (GHW) |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Davis Polk & Wardwell LLP ("Davis Polk"), John Bick, Harold Birnbaum, Daniel Brass, John Butler, William Chudd, Sophia Hudson, Thomas Reid, and Brian Wolfe (together "Defendants") submit the following responses and objections to Plaintiff's First Set of Requests for Production, dated August 11, 2020 (the "Requests").

### GENERAL OBJECTIONS

These General Objections ("General Objections"), unless otherwise stated, apply to each Request, definition, and instruction propounded by Plaintiff, and these General Objections are incorporated by reference as though set forth in full in the specific responses. These General Objections are neither waived nor limited by the specific responses.

**CONFIDENTIAL**

party's claims or defenses nor proportional to the needs of the case, insofar as it seeks, without limitation as to nexus, all documents and communications relating to the stated topic.  Defendants also object to Request No. 54 to the extent it seeks information protected by the work product doctrine and/or the attorney-client privilege.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents and communications in their possession, custody, or control responsive to this Request that are proportional to the needs of this case and located upon a reasonable search of custodial files.  In particular, Defendants will conduct a reasonable search for documents and communications relating to the statements made by Davis Polk in Davis Polk's NYSDHR brief that used the language quoted in Request No. 54.  Defendants are willing to meet and confer to discuss an appropriate search, including appropriate search terms and custodians.

Request No. 55:

Documents and communications relating to any investigations or assessments of Plaintiff's internal complaints or comments about race, discrimination, or diversity and inclusion while working at Davis Polk.

Response to Request No. 55:

Defendants object to Request No. 55 on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claims or defenses nor proportional to the needs of the case, insofar as it seeks, without limitation, all documents and communications relating to the stated topics.  Defendants also object to Request No. 55 on the grounds that it is vague and ambiguous; in particular, the term "assessment" is vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents and communications in their

**CONFIDENTIAL**

possession, custody, or control responsive to this Request that are proportional to the needs of this case and located upon a reasonable search of custodial files. In particular, Defendants will conduct a reasonable search for documents and communications in response to Plaintiff's particularized requests herein, subject to Defendants' General and Specific responses and objections with respect to each request.

Request No. 56:

All documents and communications relating to any federal, state, county, or municipal agency proceeding concerning the claims and defenses in this action, including but not limited to:

    i. documents submitted or received by Defendants in connection with Davis Polk's NYSDHR Brief;

    ii. documents relied upon by Defendants in connection with the drafting and submission of Davis Polk's NYSDHR Brief;

    iii. all correspondence, statements, affidavits, documents produced, and records; and

    iv. any communications or discussions with any of the aforementioned federal, state, county, or municipal agencies.

Response to Request No. 56:

Defendants object to Request No. 56 on the grounds that it is overbroad, unduly burdensome, and seeks documents and communications that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, insofar as it seeks, without limitation, all documents and communications relating to the stated topics. Defendants also object to Request No. 56 to the extent it seeks information protected by the work product doctrine and/or the attorney-client privilege.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents and communications in their possession, custody, or control responsive to this Request that are proportional to the needs

**CONFIDENTIAL**

of stated topics. Defendants also object to Request No. 189 on the grounds that it is vague and ambiguous; in particular, the term "public medium" is vague and ambiguous.

Defendants will not produce documents, if any, responsive to this request.

Request No. 190:

Documents and communications relating to Davis Polk's claim that "[t]he evidence—e.g., performance evaluations, contemporaneous email records, and work product, among other things—will demonstrate that plaintiff was not able to perform at the level expected of a Davis Polk associate."

Response to Request No. 190:

Defendants object to Request No. 190 on the grounds that it is overbroad, unduly burdensome, and seeks documents and communications that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, insofar as it seeks, without limitation, all documents and communications relating to the quoted language attributed to Davis Polk in Request No. 190. Defendants also object to Request No. 190 to the extent duplicative of Request No. 193.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents and communications in their possession, custody, or control responsive to this Request that are proportional to the needs of this case and located upon a reasonable search of custodial files. In particular, Defendants will conduct a reasonable search for documents and communications in response to Plaintiff's particularized requests herein, subject to Defendants' General and Specific responses and objections with respect to each request.

Request No. 191:

Documents and communications relating to Davis Polk's claim that "[Plaintiff's] performance was the only reason he was asked to seek other employment."

**CONFIDENTIAL**

Response to Request No. 191:

Defendants object to Request No. 191 to the extent duplicative of Request No. 192.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents and communications in their possession, custody, or control responsive to this Request that are proportional to the needs of this case and located upon a reasonable search of custodial files. In particular, Defendants will conduct a reasonable search for documents and communications in response to Plaintiff's particularized requests herein, subject to Defendants' General and Specific responses and objections with respect to each request.

Request No. 192:

Documents and communications relating to Davis Polk's claim that Plaintiff "was terminated . . . following negative performance reviews given in the ordinary course."

Response to Request No. 192:

Defendants object to Request No. 192 to the extent duplicative of Request No. 193.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents and communications in their possession, custody, or control responsive to this Request that are proportional to the needs of this case and located upon a reasonable search of custodial files. In particular, Defendants will conduct a reasonable search for documents and communications in response to Plaintiff's particularized requests herein, subject to Defendants' General and Specific responses and objections with respect to each request.

Request No. 193:

Documents and communications relating to Plaintiff's employment with Davis Polk, including without limitation any complaints, criticisms, feedback, coaching, or counseling that Plaintiff received from Defendants.

158

**CONFIDENTIAL**

Response to Request No. 193:

Defendants object to Request No. 193 on the grounds that it is overbroad, unduly burdensome, and seeks documents and communications that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, insofar as it seeks, without limitation as to nexus, all documents and communications relating to "Plaintiff's employment with Davis Polk." Defendants also object to Request No. 193 to the extent it seeks information protected by the work product doctrine and/or the attorney-client privilege.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents and communications in their possession, custody, or control responsive to this Request that are proportional to the needs of this case and located upon a reasonable search of custodial files. In particular, Defendants will conduct a reasonable search for documents and communications in response to Plaintiff's particularized requests herein, subject to Defendants' General and Specific responses and objections with respect to each request.

Request No. 194:

Documents and communications reflecting, constituting, or relating to any communications concerning the claims and defenses of this litigation, including communications:

      i. between Defendants and any present or former employee or agent of Defendants;

      ii. between Defendants and any media or press organization or any journalist, writer, or commentator; or

      iii. between Defendant and any other third party.

**CONFIDENTIAL**

Response to Request No. 194:

Defendants object to Request No. 194 on the grounds that it is overbroad, unduly burdensome, and seeks documents and communications that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, insofar as it seeks, without limitation, all documents and communications "reflecting, constituting, or relating to any communications concerning the claims and defenses of this litigation." Defendants also object to Request No. 194 to the extent it seeks information protected by the work product doctrine and/or the attorney-client privilege.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents and communications in their possession, custody, or control responsive to this Request that are proportional to the needs of this case and located upon a reasonable search of custodial files. In particular, Defendants will conduct a reasonable search for documents and communications in response to Plaintiff's particularized requests herein, subject to Defendants' General and Specific responses and objections with respect to each request.

Request No. 195:

Documents and communications obtained in connection with this litigation from any non-party, by subpoena or otherwise, including any statements from individuals with knowledge, whether or not identified in the parties' initial disclosures.

Response to Request No. 195:

Defendants object to Request No. 195 on the grounds that it is overbroad, unduly burdensome, and seeks documents and communications that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, insofar as it seeks, without limitation as to nexus, all documents and communications "obtained in connection with this litigation from any nonparty," in any manner.

**CONFIDENTIAL**