**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3165

WRITER'S DIRECT FACSIMILE
(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS
bbirenboim@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
WALTER BROWN*+
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*+
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*+
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANIE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
+ADMITTED ONLY TO THE CALIFORNIA BAR

February 25, 2021

**By ECF**

The Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP,* et al.
No. 1:19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

      We represent defendants in the above-captioned matter. We write in response to plaintiff's February 17, 2021 letter (ECF 152), in which he seeks leave to amend his complaint yet again.

      As an initial matter, plaintiff's letter fails to comply with the relevant procedural requirements. "It is well-settled that when seeking leave to amend, the movant must submit 'a complete copy of the proposed amended complaint . . . so that both the Court and the opposing party can understand the exact changes sought.'" *S.M.* v. *Oxford Health Plans (N.Y.), Inc.*, 94 F.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                                                      2

Supp. 3d 481, 515 (S.D.N.Y. 2015), *aff'd*, 644 F. App'x 81 (2d Cir. 2016) (quoting *Akran* v. *United States,* 997 F. Supp. 2d 197, 207 (E.D.N.Y.), *aff'd,* 581 Fed. Appx. 46 (2d Cir. 2014)).[1]

Plaintiff has not complied with this requirement.  Moreover, when defendants, having received plaintiff's deficient February 17 filing, asked plaintiff to send a copy of the proposed amended complaint and a redline against the operative version, he refused to do so.  Courts confronted with motions that "fail[] to attach any proposed amended complaint" deny leave to amend on the grounds of prejudice to the non-moving party.  Defendants respectfully request that the Court do the same here.  *American Tissue, Inc.* v. *Donaldson, Lufkin & Janrette Securities Corp.*, 233 F.R.D. 327, 329 (S.D.N.Y. 2005).[2]

Plaintiff's effort to amend the complaint for a third time, at the close of fact discovery, and despite a pending motion to dismiss the prior amended complaint after full briefing, should also be rejected for several additional reasons.

*First*, from what one can glean from plaintiff's February 17 letter, plaintiff's proposed amendments—which appear poised to excerpt selectively, and self-servingly, from a significant volume of documents produced in discovery—serve no purpose other than to place in the public record plaintiff's characterizations of small amounts of discovery material.  This is not the function of an amended complaint under the federal notice pleading standard, and amendment is not necessary to prosecute plaintiff's case.  *E.g.*, Fed. R. Civ. P. 8(d) ("each allegation <u>must</u> be simple, concise, and direct") (emphasis added).  Courts deny leave to amend where amended pleadings serve no purpose, risk creating inefficiencies and delay, or otherwise violate Rule 8.[3]

*Second*, to the extent plaintiff seeks to add new claims or parties, he is far too late.[4]

---

[1]  *Accord Gulley* v. *Dzurenda,* 264 F.R.D. 34, 36 (D. Conn. 2010) (citing 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.17[1] (3d ed. 2004)) ("To obtain leave of court to amend the complaint, a party should file both a Rule 15 motion and a proposed amendment or new pleading."); *Cotto* v. *City of New York*, No. 16-cv-8651 (NRB), 2018 WL 3094915, at *2 (S.D.N.Y. June 20, 2018) (same).

[2]  Any claim that plaintiff's failure to attach a proposed amended complaint is not prejudicial is meritless; plaintiff has made clear that the letter he submitted offered only "an overview of the types of allegations Plaintiff would add if granted leave to amend," and the letter, while setting forth various theories about evidence, does not explain the specific amendments he would make—or how many of them he would make.  ECF 152 at 1 n. 4.  Plaintiff's operative complaint—already amended twice in substance—is already 170 pages and 637 paragraphs long, with 19 exhibits.  When previously granted leave to amend, plaintiff added not incremental changes but 350 paragraphs and 83 pages.

[3]  *White* v. *Smith*, 2018 WL 8576594, at *9 (N.D.N.Y. Dec. 12, 2018) (finding that proposed amendment "certainly runs afoul" of Rule 8's "short and plain statement" requirement "by adding unnecessary details and arguments in an attempt to bolster his claims"), *report and recommendation adopted as modified sub nom., White* v. *Marinelli*, 2019 WL 1090802 (N.D.N.Y. Mar. 8, 2019); *Johnson & Johnson* v. *Guidant Corp.*, 2010 WL 571814, at *10–11 (S.D.N.Y. Feb. 16, 2010) (denying leave to amend where proposed amendment seeks to "add unnecessary allegations" to "bolster" plaintiff's claims and would "unnecessarily delay the case").

[4]  Plaintiff claims he does not intend to add new claims or parties, but concedes that he has included in his letter only an "overview of the types of allegations" he seeks to add, ECF 152 at 1 n. 4, and has already once in this litigation added a new legal theory he was not given leave to add.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                 3

*Third*, plaintiff's request represents an improper attempt to circumvent a pending motion to dismiss.  Granting plaintiff leave to replead "would moot the defendants' motion to dismiss and render wasted the expense of filing that motion"; to "allow the plaintiff to amend the current complaint repeatedly when challenged with a motion to dismiss would promote wasteful motion practice." *Williams* v. *Rosenblatt Sec. Inc.*, 2016 WL 4120654, at *6 (S.D.N.Y. July 22, 2016) (denying leave to amend).  Plaintiff has already been permitted to amend twice, the last time with an admonition from the Court that he "should not expect any additional opportunities to amend his complaint."  ECF 78 at 79.  "Justice" does not "require" permitting a plaintiff to amend a complaint after each document production.  Fed. R. Civ. P. 15(a)(2).  And "defendants and the Court cannot be expected to deal with a constantly shifting target, as plaintiff revises and re-revises its claims." *American Tissue, Inc.*, 233 F.R.D. 327 at 330.

In any event, plaintiff's assertion that newly-produced discovery justify, or even demand, amendment are baseless.  None of the "inferences" he claims are revealed in the documents requires amendment.

- Plaintiff's invocations of actions by the Firm and the Management Committee Defendants are irrelevant; defendants have not moved to dismiss those claims.[5]

- Plaintiff's continued refusal to accept that Ms. Hudson viewed him as "behind" his class does not merit amendment, and his purported invocation of evidence is reminiscent of the demonstrably false allegations this Court has already needlessly had to devote resources to address.[6]

---

[5]  Plaintiff's characterizations of the evidence are also self-serving and misleading.  For instance, plaintiff contends that Mr. Bick gave "instructions" on June 13, 2016 to solicit reviews for Mr. Cardwell in June 2016 and that this "flatly contradicts" defendants' assertion that plaintiff requested this feedback.  Not so: a document dated June 10, 2016 and presented to Mr. Bick shows that plaintiff was viewed as potentially "behind" his class and had requested "more" performance evaluations.  DPW-SDNY-00140609 *et seq*.  (The document also noted that there had been "difficulty staffing him in Capital Markets based on performance issues." *Id.*)

Plaintiff's selective excerpting of the record, here and as to Ms. Hudson (see note below), suggests an effort purely to harass and cause unnecessary delay and needless motion practice, particularly given that documents known to plaintiff make clear that his novel contentions lack evidentiary support.

Plaintiff's claim that a "full version" of Mr. Smith's final 2018 performance review has not been produced could have been resolved by a call to counsel; it appears at DPW-SDNY-00144391–00144394.

[6]  For instance, plaintiff claims that Ms. Hudson's June 2016 review "**marked for the first time** that a Davis Polk partner claimed in a performance review that any partner of the Firm had concluded Cardwell was **so-called 'behind.'**"  Pl. Ltr. at 2 (emphasis added).  In fact, Mr. Chudd's September 2015 review uses that exact word in connection with plaintiff's performance; the full text of his review is below.

Likewise, plaintiff appears to suggest that Ms. Hudson's request to see plaintiff's reviews was somehow related to her "completing [her] performance review" in June 2016.  Plaintiff omits that Ms. Hudson made this request in November 2015, prompted by events known to plaintiff—and, of course, that his contemporaneous, handwritten notes from 2016, before he decided to sue her, describe Ms. Hudson as "particularly good at giving feedback."

Lest Mr. Chudd's review be excerpted in misleading part, the full text, dated September 2015—prior to Ms. Hudson's reviews—is here: "I did not have much direct interaction with Kaloma on the [*redacted*] transaction.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                                                     4

- Plaintiff's allegations with respect to Mr. Brass likewise border on the defamatory; Mr. Cardwell has been given material in discovery establishing that Mr. Brass confirmed in writing that Mr. Cardwell did not have skills in the task necessary for the particular assignment, and that plaintiff has specifically taken out of context the language quoted in his February 17 letter. *See PI, Inc.* v. *Quality Prod., Inc.*, 907 F. Supp. 752, 764–65 (S.D.N.Y. 1995) (denying leave to amend where "timing demonstrates that it is clearly a dilatory tactic to avoid dismissal of this action").

*Fourth*, plaintiff's serial motion practice—which repeatedly forces defendants into costly rounds of correspondence and briefing, up to and including this request—is abusive and wasteful and does not advance the prompt resolution of claims as provided under the Federal Rules. A further amendment at this juncture would delay discovery (which cannot proceed to completion without an operative pleading), extend the timetable for briefing and resolution of defendants' motion to dismiss, and further delay moving this case toward resolution.

For all these reasons, defendants respectfully request that the Court deny plaintiff's request. To the extent the Court wishes to hear more on this subject, defendants would request that the Court schedule a pre-motion conference in the hopes of avoiding the need for further costly and unnecessary motion practice.

Respectfully submitted,

/s/ Bruce Birenboim

Bruce Birenboim

cc:      Counsel of Record (*Via ECF*)

---

That said, we were very stretched on the transaction, and the impression I got from the team was that they did not have confidence that Kaloma could interact directly with the client (as much as, for instance, some of the other first years could). Also, my understanding was that he was not yet able to take the lead on the diligence report, while another first year could take the lead (and that his due diligence summaries needed quite a bit of work). For this reason, my impression is that Kaloma may be '**behind**' in his class, although because my impression is based off of third party accounts, I do not feel totally confident with this determination."