USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/22/2021

| | |
|---|---|
| **From:** | David Jeffries |
| **To:** | Johnson, Jeh C; Woods NYSD Chambers |
| **Cc:** | Buergel, Susanna M; Birenboim, Bruce; Doran, Marissa |
| **Subject:** | Re: URGENT: Cardwell v. Davis Polk at al, 1:19-cv-10256 (GHW) |
| **Date:** | Monday, March 22, 2021 12:19:28 PM |

**CAUTION - EXTERNAL:**

Your Honor:

I appreciate that Your Honor has scheduled a teleconference at 2:00pm in this matter.

Respectfully, the parties have a fundamental disagreement as to the events preceding Defendants' communication, including as it relates to the confidentiality of Mr. Cardwell's deposition and the mechanics and logistics of proceeding in a remote deposition format. These are not trivial matters. That is why Defendants proposed a draft Stipulation Agreement to Plaintiff (mere days ago on Monday, March 15, 2021) that the parties painstakingly sought to negotiate over the last few days.

Defendants' unilateral communication to the Court this morning omits large swaths of the discussions that transpired over the last 72 hours (including any mention of the Stipulation Agreement, or that Defendants informed Plaintiff for the first time on Friday that they sought a fourteen-hour deposition). The parties' inability to reach agreement on the terms of the deposition and the Stipulation Agreement more broadly is what requires Court intervention (as Plaintiff informed Defendants last night).

After Mr. Johnson reversed course and unilaterally terminated our negotiations on the Stipulation Agreement, I informed him that the consequence of his decision is that the deposition must be rescheduled after the parties sought guidance from Your Honor as to the issues for which Defendants constructively declared impasse (by refusing to further negotiate). I explained that Mr. Cardwell and I are available on Tuesday and Wednesday of this week to proceed.

If Your Honor is inclined to take up Defendants' application for costs, I ask that Your Honor consider the letter that I sent to Mr. Johnson last night (which made it clear that today's deposition would not proceed without a Stipulation Agreement and/or guidance from the Court on these threshold issues). Thus, Defendants' request for costs is improper and not well-taken, especially in light of the significant time and resources that Plaintiff also devoted to resolving these important outstanding issues (and it was Defendants, not Plaintiff, that abruptly terminated the negotiations).

I have not attached that correspondence here, in keeping with Rule 1.A of Your Honor's Individual Rules, but believe that the correspondence demonstrates why Defendants' application should be denied.

I look forward to discussing these issues with Your Honor and reaching a mutually agreeable resolution.

Regards,

David

**From:** Johnson, Jeh C <jjohnson@paulweiss.com>
**Sent:** Monday, March 22, 2021 11:08 AM
**To:** WoodsNYSDChambers@nysd.uscourts.gov <WoodsNYSDChambers@nysd.uscourts.gov>
**Cc:** David Jeffries <djeffries@jeffrieslaw.nyc>; Buergel, Susanna M <sbuergel@paulweiss.com>; Birenboim, Bruce <bbirenboim@paulweiss.com>; Doran, Marissa <mdoran@paulweiss.com>
**Subject:** URGENT: Cardwell v. Davis Polk at al, 1:19-cv-10256 (GHW)

Your Honor:

I regret that we must bother you with an urgent discovery issue concerning Plaintiff Kaloma Cardwell 's virtual deposition.  The deposition was scheduled to be a two-day deposition commencing this morning at 9:30.  Plaintiff did not appear this morning and has refused to appear.   We request an order directing Mr. Cardwell to appear for a two-day deposition (or a combined total of at least 14 hours) commencing ASAP, preferably today.   Fact discovery in this case is currently due to end in just 24 days, and Mr. Jeffries has told us he wants to take six depositions himself before then.

On February 12, after consulting Plaintiff's attorney Mr. Jeffries about the schedule, we noticed Plaintiff's deposition for March 9-10.  On February 26 Mr. Jeffries informed us that March 9-10 "do not work on our end" for Mr. Cardwell's deposition and that they "will schedule Plaintiff's deposition on two consecutive days that are not reserved" for other depositions.  On March 9, Mr. Jeffries sent us a letter stating that "Mr. Cardwell is available to be deposed on March 22nd and 23rd."  We accepted that in an email to Mr. Jeffries on March 10.

Last week, in the course of negotiating a stipulation for virtual depositions in this case, Mr. Jeffries and his client reneged on their prior agreement to be deposed for two days.  In the course of the discussions Mr. Jeffries also took a baseless position that the Protective Order limited our ability to show Confidential information to personnel at our client Davis Polk, even though Davis Polk is a named Defendant in the case.  To keep matters on track for today, I offered to limit dissemination of the deposition transcript and testimony from today's deposition to my law firm and Davis Polk's in-house counsel until the disagreement about the interpretation of the Protective

Order was resolved by the Court.  That offer was rejected.

Defendants therefore seek an order compelling Plaintiff to submit for a two-day (or at least 14-hour) deposition to commence ASAP, preferably today, and awarding Davis Polk its costs in the event today's deposition is cancelled, as well as the costs of bringing this application.

My phone number is below.

Respectfully submitted,

**Jeh Charles Johnson** | Partner (Bio)
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
2001 K Street, NW | Washington, DC 20006-1047
+1 212 373 3093 (Direct Phone) | +1 212 492 0093 (Direct Fax)
jjohnson@paulweiss.com | www.paulweiss.com

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.
**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.