# Exhibit 1

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3553

WRITER'S DIRECT FACSIMILE

(212) 492-0553

WRITER'S DIRECT E-MAIL ADDRESS

sbuergel@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

February 1, 2021

**By Email**

David Jeffries, Esq.
1345 Avenue of the Americas, 33rd Floor
New York, NY 10105

Re:  *Cardwell* v. *Davis Polk* et al.
     **Defendants' Initial Disclosures and Productions**

Dear David:

We are in receipt of your several letters, dated December 2020 and January 2021, relating to purported deficiencies in defendants' initial disclosures, responses and objections ("R&Os") to plaintiff's requests for production, and production.

We have set forth our positions at length, and have provided detailed explanations and examples to you on our meet and confer on December 21, 2020 and on subsequent calls. We wish to memorialize the status of each item, so that the record is clear.

I.  **Defendants' Production**

As we have said before, we think communications between the parties with respect to discovery will be most productive if there is a mutual understanding of the timing of the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

David Jeffries, Esq.

events relevant to discovery in this litigation. We note this for several reasons, including because many of your letters purporting to identify deficiencies predated substantial completion of document discovery.

*First*, you served 212 requests for production, with subparts, on August 11, 2020. We served our responses and objections on September 10, 2020, when they were due. We did not hear from you regarding our responses and objections until three months later, on December 10. You did not, in those three months, request an opportunity to meet and confer with respect to search terms, custodians, or any aspect of our responses and objections. Accordingly, as described in greater detail below, we began our comprehensive document collection and review, consistent with our responses, but without any input from you, given your failure to engage during those three months.

In or about the same period, you resisted our efforts to secure an appropriate protective order. Because the Protective Order—a draft of which we sent you (in substantially the form subsequently entered by the Court) on July 31, 2020—was not so-ordered until November 10, 2020, we were not in a position to review documents for confidentiality until that time. As we have told you, our review for issues of confidentiality has been laborious, because of the complex client confidences and privilege issues here, as the Court has recognized.

Notwithstanding the delay in obtaining an appropriate Protective Order, we promised a significant production before Christmas and delivered it. We promised to endeavor to make another significant production at the end of the first week of January, and delivered that production within one business day of that target. As we told you, we worked through the holidays to achieve this, and have now produced more than 11,500 documents (144,000+ pages) across five rolling productions. Our document production was substantially complete as of this production.

Our document collection and review has been expansive; as we have reported to you, we collected and reviewed electronically-stored information for twenty-two custodians (Mr. Cardwell and twenty-one others) for a more than four-year period and ran an expansive search—a search for **all** hits in others' files on Mr. Cardwell's name and derivations thereof—to identify potentially responsive information. We also ran other search terms, all of which we provided to you, and collected documents aside from custodial email.

In December 2020, you requested, for the first time, a "proposal with respect to search terms and custodians"; by this point, our efforts to identify responsive materials were effectively complete. Notwithstanding our view that we had already undertaken a comprehensive document review, and notwithstanding the timing of your requests, we agreed to make every effort to accommodate them. As we explained in detail, your original proposals resulted in more than 1.5 million hits. We used computer technology to try to identify terms that were yielding probable mis-hits, sent you a proposed revision, reviewed your proposed response, met and conferred with you for nearly three hours on January 19, 2021, and sent you, on January 21, 2021, a proposal pursuant to which we agreed,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

David Jeffries, Esq.

notwithstanding the burden, to add the two custodians you requested and to search nearly all of the terms you had requested we search.

You did not reply. When we did not hear from you, as we reported to you on January 26, we began—and have now completed—an expedited document review, responsive results of which will be produced to you no later than this Wednesday, February 3, 2021, well in advance of both Mr. Cardwell's February 16 deposition and the impending February 25, 2021 fact discovery cutoff.

We have complied with all of our obligations with respect to document discovery in this matter.

**Second**, for clarity of the record, there is no "deficiency" in defendants' production with respect to "documents concerning comparators." Some twenty-eight of your initial 212 requests for production call for information relating to comparators. We timely served responses and objections offering to meet and confer, and to discuss, *inter alia*, "whether there is a mutually agreeable set of information that could be produced at this time to permit the parties to make reasonable arguments consistent with applicable law regarding comparators." We heard nothing from you for three months, until December 10, 2020. You initially indicated, in that writing and on subsequent meet and confer calls, that we should look to Mr. Cardwell's various letters, discovery exchanges, and pleadings to discern the information he is seeking. We explained that Mr. Cardwell had used multiple definitions or parameters, and asked that you identify in writing, for clarity, the specific persons or groups of persons Mr. Cardwell believes to be his comparators, and specify the particular information you are seeking with respect to them. We asked at multiple junctures, orally and in writing, up to and including on January 12, 2021, that you put in writing your request for information with respect to comparators. You agreed to do so. As of January 25, 2021, thirty days prior to the close of fact discovery, we had not received your written request. That evening, you served additional Requests for Production, to which we will respond consistent with the Federal Rules.

**Third**, as we have told you before, all of our productions have complied with Rule 34—we have produced documents "as they are kept in the usual course of business"—and with plaintiff's requests as to the technical form of productions, to the extent feasible. Not all fields are available for all documents, depending on the form of the document (email files contain more "metadata" than certain other types of files, for instance).

**Fourth**, our privilege log will accompany our production, this week, of all documents responsive to the additional search terms you requested. As we explained in December, insisting that productions and privilege logs be delivered simultaneously with productions delays productions; we told you that we would prioritize getting you the documents and would deliver a log shortly thereafter, and are doing so. As we discussed in December and January, because plaintiff served a "categorical privilege log," we will be doing the same, as Local Rule 26 permits. On the topic of timing, we note again that plaintiff has yet to provide a privilege log for his second production, made months ago, and reiterate our request that you please send this document.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

David Jeffries, Esq.

## II.     Initial Disclosures

Finally, you have asked that defendants supplement their initial disclosures in this matter.  The obligation to supplement initial disclosures arises only where the "additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  We have answered the questions you have posed, including without limitation as to the names of "internal counsel," in meet and confer calls and/or in writing, and you have our productions.  Rule 26 requires nothing further.

Very truly yours,

/s/ Susanna M. Buergel

Susanna M. Buergel