**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS    (1927-1950)
JOHN F. WHARTON    (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3165

WRITER'S DIRECT FACSIMILE
(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS
bbirenboim@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
WALTER BROWN*+
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*+
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER

ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*+
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
+ADMITTED ONLY TO THE CALIFORNIA BAR

April 12, 2021

**By ECF**

The Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP,* et al.
No. 1:19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

We represent defendants and write in response to plaintiff's request for a two-month extension of all deadlines in the case.

Plaintiff asserts that—a mere four business days before the fact discovery cutoff—he should be permitted an extension to (i) brief a purported dispute over a 34-topic 30(b)(6) notice served with three business days' notice; (ii) raise purported "document discovery disputes" of which he concedes he has been aware for months; (iii) contest issues he speculates may arise in upcoming depositions; and (iv) disclose the affirmative expert reports he originally was supposed to disclose in February, and that are now due Thursday.

Plaintiff claims that this eleventh-hour request—his third—is warranted because he has purportedly been going to "extraordinary lengths" to take depositions and because he purportedly lacks—in a case *he* has brought, and in which he has steadfastly opposed any request for a stay—a "full understanding of the claims at issue" in light of defendants' pending motion to dismiss. Defendants vehemently oppose plaintiff's request, the latest in a pattern of dilatory, unacceptable, and abusive tactics. Plaintiff has not demonstrated, and cannot demonstrate, good cause for an extension.

As to plaintiff's purportedly "extraordinary" efforts with respect to depositions, plaintiff rewrites a history that speaks for itself:

*30(b)(6) Deposition*. Plaintiff first raised the prospect of taking the deposition of a 30(b)(6) witness on February 26, 2021, in email correspondence indicating that he would be unable to appear for his deposition March 9–10 (already rescheduled once from February, in light of plaintiff's request for a two-month scheduling extension). The same day, defendants notified plaintiff that he had failed to "inform[] [them] of the matters on which [he] intend[s] to examine that witness, as the Rule requires." Consistent with his practice throughout this litigation, plaintiff failed to respond. On March 6, defendants again told plaintiff that "if [he] still intend[ed] to take a 30(b)(6) deposition, [he] must provide notice of the topics to be covered, consistent with the relevant rule." Plaintiff again failed to respond.

A full month passed. Plaintiff provided no indication of the topics on which he intended to depose a corporate representative until April 6, when he noticed a 30(b)(6) deposition on 34 topics (*see* **Ex. A**). Davis Polk objected on multiple bases, including that the notice improperly sought a deposition on April 19, four days after the close of fact discovery. On April 9, plaintiff re-noticed the deposition for three business days thereafter ("six hours of on-the-record time" beginning at 2:00 p.m. on April 15, 2021). Davis Polk again objected, including on the basis of failure to provide reasonable notice.[1] Davis Polk also objected to the request on its own terms: plaintiff's 34 requests are wildly overbroad, ask for testimony on a range of irrelevant topics, are cumulative and a back-door attempt to extend the 7-hour limit on depositions, and ask for testimony inappropriate in the 30(b)(6) context (including "the facts or circumstances that form, in whole or in part, the basis for the allegations" in a brief filed by Davis Polk in 2017). **Ex. A.**

*Fact Witness Depositions*. Also on February 26, plaintiff identified (for the first time) the witnesses he sought to depose. On March 10 and 12, defendants offered dates for each in the weeks in which plaintiff indicated he was available (March 25 and April 1, 6, 7, 9, and 14).[2] Plaintiff failed to reject or confirm the proposed dates.

At a March 22 court conference following plaintiff's failure to appear for his own deposition, the Court instructed counsel for plaintiff to contact defendants if there were "particular

---

[1] Defendants have not filed a formal motion for a protective order, but are willing to do so at the request of the Court.

[2] Defendants offered April 9 for Mr. Reid. Plaintiff's claim that defendants "only consented to make Mr. Reid available on April 16" is false. ECF 180 at 2.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods 3

reason[s] why the proposed dates suggested by defendants for each of the depositions don't work[.]" March 23, 2021 Tr. at 25. The next day, on the record at plaintiff's deposition, counsel for plaintiff promised to "promptly confer" with counsel for defendants and have a "robust conversation" about the deposition schedule. Separately, with less than forty-eight hours' notice, plaintiff's counsel said he was not prepared to depose Ms. DeSantis on March 25, the date offered weeks earlier.

Defendants did not hear from plaintiff for over a week and, on March 31, were forced to inquire whether he intended to go forward with Ms. Crane's deposition the next day, on April 1.[3] Defendants advised plaintiff that they would "strongly oppose any effort on your part to extend the fact discovery cutoff of April 15 or to attempt to set deposition dates unilaterally without engaging with us." Plaintiff again failed to respond.

On April 2, at 1:56 p.m., plaintiff's counsel demanded a wholesale reshuffling of the deposition schedule and insisted defendants agree "by end of day today"—Good Friday, immediately before the Easter weekend—and threatened recourse to the Court. Plaintiff not only failed to provide "particular reason[s] why the proposed dates suggested by defendants" did not work, but proposed to take depositions on those *very same dates*—a concession that he was available on every upcoming date offered by defendants.

Defendants responded by letter that day, explaining that "given the number of witnesses and counsel" with whom they needed to confer, it would be impossible to upend the entire schedule within hours, but that they would consider his proposals and respond as soon as possible. On the morning of Monday, April 5, plaintiff sent revised deposition notices for each witness, indicating that he "intended to seek relief from the Court today if necessary." Notwithstanding plaintiff's absolute failure to engage reasonably regarding deposition scheduling—for weeks, as the fact discovery period was rapidly coming to a close—defendants met and conferred with plaintiff on Monday, April 5 and ultimately, on extremely short notice, agreed to a revised schedule for the six witnesses. In the interest of resolving disputes without judicial intervention—plaintiff insisted that he be allowed to dictate the order in which witnesses were deposed, including that the deposition of Mr. Reid follow that of Mr. Bick—defendants agreed to depositions April 8 and 12–15, and to allow Mr. Reid's deposition to proceed on Friday, April 16, the day after close of fact discovery.

The schedule now calls for a deposition every day in the last week of fact discovery, a direct result of plaintiff's failure to engage in deposition scheduling in a reasonable manner.

\* \* \*

Plaintiff now claims that he should be permitted an extension of the fact discovery timetable to brief purported "document discovery disputes," to raise a purported dispute over his

---

[3] On the same day, defendants also informed plaintiff that, having heard nothing for nearly three weeks, Mr. Birnbaum was no longer able to hold open the date offered for his deposition due to the press of his practice and the passage of time. Defendants simultaneously offered an alternative date for Mr. Birnbaum.

eleventh-hour 30(b)(6) notice, to contest issues he imagines may arise following depositions, and to disclose affirmative experts. None of these issues constitutes good cause for an extension.

- **Document Discovery**. Plaintiff concedes that he has been aware of the purported "document discovery disputes" to which he refers since his "prior extension request." ECF 180 n. 2.[4] A plaintiff's choice to prioritize other matters does not constitute good cause; plaintiff is not permitted to impose burdens on defendants merely because of his own unreasonable and self-imposed delay. *See, e.g.*, *Baburam* v. *Fed. Express Corp.*, 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (refusing to re-open discovery where plaintiff "could have, with diligence, completed discovery within the already-extended time allotted"). Plaintiff was warned of the consequences of precisely this behavior by the Court. Dec. 20, 2019 Tr. at 36–37 *(The Court: "If you sit on or hoard a discovery dispute until late in the discovery period, you may find that I will take the position that you've waived the opportunity to ask the Court to call for production of documents and materials, because it's the deadline for completion of fact discovery, not the date for commencement of litigation about discovery. So be mindful of that."); id.* at 38 ("*please be mindful that my expectation is that the parties will make professional judgments about the amount of resources they want to invest in the case, and that you should not expect that I'll necessary find good cause in the fact that you chose to focus on something else rather than this matter."*).

- **30(b)(6)**. Plaintiff's failure to serve a 30(b)(6) notice with reasonable time does not constitute "good cause" to extend the schedule. Any motion practice by plaintiff on this issue would be futile, and does not justify an extension of the schedule; the reasonable notice requirement is not met when a party is given a mere three business days to identify a 30(b)(6) witness and prepare them for testimony on 34 wide-ranging topics.[5] Moreover, the burden to defendants (and witnesses) of re-opening discovery here—once all depositions have been completed—would be substantial, particularly given the risk that a fact witness may have been the appropriate designee on particular topics and would now have to prepare and sit for a second deposition. All of this could have been avoided; indeed, on March 6, defendants told plaintiff that one of the reasons they required a proper 30(b)(6) notice was to "finalize witness dates."

- **Hypothetical Future Deposition Disputes**. Plaintiff's belief that he may require time to bring issues to the Court that he speculates may arise at the depositions scheduled for this week does not constitute "good cause" for a scheduling extension here. Plaintiff's dilatory conduct—and that conduct alone—resulted in the parties having to cram depositions into every day of the last available week. It is plaintiff's fault alone that he failed to leave time

---

[4] Indeed, plaintiff now indicates that he plans to send defendants a "portion of a joint brief" in the week of April 19; plaintiff's counsel told defendants on a March 15 call that he had drafted such a letter, but he still has not sent it.

[5] *See, e.g.*, *Eckert* v. *United Auto. Workers*, 2010 WL 2160346, at *2 (W.D.N.Y. May 27, 2010) (five days not reasonable notice); *United States* v. *Philip Morris Inc.*, 312 F. Supp. 2d 27, 36–37 (D.D.C. 2004) (three business days not reasonable notice). Plaintiff's initial notice was not "proper notice" because it was noticed for after close of fact discovery. *See Arneauld* v. *Pentair, Inc.*, 2012 WL 5932956, at *11 (E.D.N.Y. Nov. 26, 2012); *Slomiak* v. *Bear Stearns & Co.*, 1985 WL 410, at *1 (S.D.N.Y. Mar. 12, 1985).

in the schedule to raise any issues that may arise at those depositions to the Court. Plaintiff was on notice of the consequences of such choices. Dec. 20, 2019 Tr. at 37 *(The Court: "To put it very simply: If you wait until late in the process to take a deposition or request for information, you will have less time to come back to follow up discovery with respect to any information that you may glean during the course of the deposition or from the materials that have been produced. So please keep that in mind.")*.

- **Expert Reports**. Plaintiff now claims that because the "parties disagree on whether plaintiff has sufficiently alleged disparate impact claims against Davis Polk," he lacks a "full understanding of the claims at issue" in the case, and is "unable" to disclose affirmative experts by the April 15, 2021 deadline (extended from February 25). This is preposterous. Plaintiff has known, since defendants moved to dismiss plaintiff's late-added disparate impact claim in December 2020, that there was a "pending" issue that would "impact[] both parties' decisions related to expert discovery," as he states in his April 9 letter. ECF 180 n. 1. But plaintiff made no mention of this in his January request for a two-month extension, nor any application for a stay pending resolution of the motion to dismiss.[6] Moreover, any suggestion that a stay is warranted now is self-serving and prejudicial; plaintiff has steadfastly rejected requests by defendants for such consideration, even at the risk of burdening individual defendants as to whom motions to dismiss are pending. *E.g.*, Dec. 20, 2019 Tr. at 18 (Plaintiff's counsel: "So we were not in favor of a stay in discovery. I think we made that very clear, the parties had differing positions.").) Plaintiff appears to be engaging in unauthorized self-help by waiting until literally the last minute to say that he cannot put in his expert reports. Plaintiff has failed entirely to demonstrate good cause for an extension here.

Defendants have suffered repeated and costly discovery abuses in this matter, up to and including this motion and the costs associated therewith. Plaintiff has been offered repeated grace and second chances, but the Rules exist to provide justice to both parties; each month of delay in this matter invites further abuse, scurrilous claims, and associated costs. Defendants respectfully request that plaintiff be held to the April 15 fact discovery and expert disclosure deadlines, with the sole exception of Mr. Reid's deposition on April 16.

---

[6] Any suggestion that plaintiff was unaware of the relevant requirements is unsupportable; plaintiff has been on notice since at least December 2019, and his lawyer described the expert testimony he intended to submit. Dec. 20, 2019 Tr. at 37 *(The Court: "And now, all of these are real deadlines, but if you want to highlight paragraph 18C, those will require that parties provide all of their expert disclosures pursuant to 2[6](e) and all about disclosures required under the rules. Not just your expert's name, but her report and all the other things that are required under the rules. If you fail to provide all of the requisite disclosures, you should not expect that your expert will be permitted to provide testimony or other evidence in the case.")*; *id.* at 21 (plaintiff's counsel: "we need an expert to help us glean out 'what is culture' versus 'what is discrimination.'").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                                              6

        To the extent the Court wishes to hear more on this subject, defendants request that the Court schedule a conference in the hopes of avoiding the need for further costly and unnecessary motion practice.

        Respectfully submitted,

        /s/ Bruce Birenboim

        Bruce Birenboim

cc:    Counsel of Record (*Via ECF*)

Encl:    **Ex. A** (30(b)(6) notice).