UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2021
```

-------------------------------------------------------------------X

KALOMA CARDWELL,  :
                                :

                   Plaintiff,  :                           1:19-cv-10256-GHW
                                :

            -v-              :             **MEMORANDUM OPINION**
                                :                **AND ORDER**

DAVIS POLK & WARDWELL LLP, THOMAS  :
REID, JOHN BICK, WILLIAM CHUDD,  :
SOPHIA HUDSON, HAROLD BIRNBAUM,  :
DANIEL BRASS, BRIAN WOLFE, and JOHN  :
BUTLER,  :
                                :

                 Defendants.  :

-------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

### A. Facts

The Court assumes the reader's familiarity with the facts of this case. This decision relates to a very discrete issue—whether Plaintiff must reimburse Defendants for the cost of their successful motion to compel the production of discovery. On January 13, 2021, the Court granted Defendants' motion to compel the production of discovery by Plaintiff. In its oral decision granting Defendants' motion, the Court laid out the reasoning behind its decision to grant the application. In doing so, the Court noted a number of fundamental deficiencies in Plaintiff's productions. Those included failure to respond to certain interrogatories at all, the use of overly broad general objections; the failure to state whether documents were being withheld as a result of certain objections; the failure to provide electronic documents in their original format; and the failure to provide complete documents. *See generally* Transcript of January 13, 2021 Conference, Dkt. No. 156 ("January Tr.").

The Court granted Defendants' motion to compel nearly in its entirety. In doing so, the Court noted that it had granted the motion "because Plaintiff's production failed to follow some fairly fundamental principles." January Tr. at 42:8–9. Following its ruling on the motion to compel, the Court noted the mandate contained in Rule 37(a)(5)—which requires that, if a motion to compel is granted, the "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Court ordered that briefing in connection with that obligation be filed. That briefing is the subject of this opinion and order.

Defendants filed their motion for fees on January 20, 2021. Dkt. No. 130. In support of the motion, Defendants submitted an affidavit by Susanna Buergel, Dkt. No. 132 ("Buergel Decl."). In her declaration, Ms. Buergel sets forth the aggregate amount billed to her client as a result of the deficiencies in Plaintiff's production. She avers that the parties' negotiations regarding those deficiencies began in July 2020 and continued through the submission of the filing of the reply brief in connection with Defendant's motion to compel. Buergel Decl. ¶ 4. The labor included "multiple written exchanges relating to deficiencies in the production and plaintiff's written discovery . . . four meet-and-confer calls prior to seeking judicial intervention . . . spanning five hours; various preparations for the same; drafting of a joint letter to the Court; attendance at a Court-ordered pre-motion conference; and document review, technical analysis, and legal research associated with efforts to respond to positions taken by plaintiff and his counsel and to avoid the need for judicial intervention." *Id.* In addition, Defendants worked to brief the motion to compel and its reply.

Ms. Buergel's affidavit does not present the Court with contemporaneous time records in connection with this work. Instead, she avers that she has itemized the costs associated with those tasks by core team members and applied the rates offered, and billed, to the client in order to arrive at an approximation of the cost associated with Plaintiff's deficient discovery. *Id.* ¶ 5. In the

aggregate, the core team spent 102 hours on that work. *Id.* ¶ 6. Counsel billed Defendants $99,565.20 in the aggregate for that work. *Id.* Counsel has offered to present further itemization of the time spent by other members of the team and to present detailed time sheets to the Court. Defense counsel chose not to do so because of the incremental costs associated with their presentation. *Id.* ¶ 7.

Plaintiff filed his opposition on January 27, 2021 (the "Opposition"). Dkt. No. 141. In his opposition, Plaintiff raises a number of arguments in opposition to Defendants' fee request. Plaintiff has argued that his position in the motion to compel was "substantially justified." Several arguments are categorized by Plaintiff as reasons why an award of fees in this circumstance would be "unjust." First, he argues that because counsel is representing Plaintiff *pro bono*, that Rule 37's mandate should not apply to him. Second, he argues that the amount of any award should take into account Mr. Cardwell's financial ability to pay an award. Plaintiff's third argument ends with the same request: namely that the Court not impose an amount of fees that will "predictably and possibly permanently destabilize Mr. Cardwell and his counsel's lives, financial security, and roles within their respective communities." Opposition at 12. Tying that conclusion to his argument that an award of fees under Rule 37 would be "unjust," counsel equates the application of Rule 37 to him, a practicing attorney, to the challenges faced by poor communities confronted by "monetary payments for infractions, misdemeanors, or felonies . . . ." *Id.* at 10. And fourth, Plaintiff argues that the Court should not impose the costs of the motion because Defendants did not request reimbursement of fees in their motion. Plaintiff's motion also argues that Defendants' fees are unduly high and that Ms. Buergel's affidavit is insufficiently detailed to permit the Court to evaluate Defendants' fee request.

## II. DISCUSSION

### A. Legal Standard

"Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-cv-01095 (PKC) (BCM), 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016). Under Federal Rule of Civil Procedure 37(a)(5)(A), if a court grants a motion to compel:

> the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

Since the 1970 amendments to the rule, the text of the rule intentionally mandates the imposition of expenses on the losing party, unless one of the specified exceptions is found. The modification to the rule over fifty years ago was driven by a policy choice by the drafters—"It was hoped to reduce the burden on the courts by deterring parties from making unjustified motions for discovery and by deterring their opponents from resisting discovery without justification." Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2288 (3d ed.). "Thus the burden of persuasion has since 1970 been on the losing party to avoid assessment of expenses and fees rather than, as formerly, on the winning party to obtain such an award." *Id.*; *see also Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, No. 08 CIV. 442 (TPG) (FM), 2013 WL 3322249, at *4 (S.D.N.Y. July 2, 2013), aff'd, 679 F. App'x 33 (2d Cir. 2017) ("Rule 37 places the burden on the disobedient party to avoid expenses [including attorneys' fees] by showing that his failure is justified.") (alteration in original, internal quotations omitted). "Rule 37(a) provides that whenever a party makes a successful motion to compel disclosure, the court 'must,' after giving an opportunity to be heard, award 'the movant's

reasonable expenses incurred in making the motion, including attorney's fees,' unless the movant failed to make good-faith efforts to resolve the matter without court intervention, the nondisclosure was substantially justified, or 'other circumstances make such an award unjust.'" *Seena Int'l, Inc.*, 2016 WL 2865350, at *11 (citing Fed. R. Civ. P. 37(a)(5)(A)).

"Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, or if there exists a genuine dispute concerning compliance." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. Feb. 15, 2012) (internal quotation and citations omitted). "This standard holds the opposing party to an objective test of reasonableness and does not require that he acted in good faith." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995). Although the test is an objective one, a number of courts have observed that the question of substantial justification should decided "with some leniency 'given the fact that attorneys must advocate for their clients.'" *In re Omeprazole Patent Litig.*, No. M-21-81 (BSJ), MDL 1291, 2005 WL 818821, at *6 (S.D.N.Y. Feb. 18, 2005), *aff'd*, 227 F.R.D. 227 (S.D.N.Y. 2005) (quoting *Bowne of New York City, Inc.,* 161 F.R.D. at 262, 265).

"As with the award of statutory attorneys' fees to a party that prevails on the merits, an award of fees as a sanction for discovery abuse begins with a lodestar analysis." *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198 (LAK) (JCF) 2008 WL 1899938, at *2 (S.D.N.Y. Apr. 29, 2008) (citations omitted)). The lodestar—"the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted). While presumptively reasonable, the lodestar is not "conclusive in all circumstances." *Id.* at 167 (quoting *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553 (2010)). A district court "may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable

fee.  However, such adjustments are appropriate only in rare circumstances, because the lodestar

figure [already] includes most, if not all, of the relevant factors constituting a reasonable attorney's

fee."  *Id.* (internal quotations and citations omitted, alteration in original).

Second Circuit precedent requires a party seeking an award of attorneys' fees to support its

request with contemporaneous time records that show "for each attorney, the date, the hours

expended, and the nature of the work done."  *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711

F.2d 1136, 1148 (2d Cir. 1983).  District courts have "considerable discretion" in determining what

constitutes a reasonable award of attorneys' fees.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v.*

*Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  The Second Circuit has

directed that district "courts should generally use the hourly rates employed in the district in which

the reviewing court sits in calculating the presumptively reasonable fee."  *Restivo v. Hessemann*, 846

F.3d 547, 590 (2d Cir. 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir.

2009)).  Those hourly rates "are the market rates 'prevailing in the community for similar services by

lawyers of reasonably comparable skill, experience, and reputation.'"  *Gierlinger v. Gleason*, 160 F.3d

858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

In determining a reasonable hourly fee, the Second Circuit has also instructed district courts

to consider "*all* of the case-specific variables."  *Arbor Hill*, 522 F.3d at 190 (emphasis in original).

The touchstone inquiry is "what a reasonable, paying client would be willing to pay."  *Id.* at 184; *see*

*id.* at 191 ("By asking what a reasonable, paying client would do, a district court best approximates

the workings of today's market for legal services.").  The court should "bear in mind that a

reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively" and

"should also consider that [a client] might be able to negotiate with his or her attorneys."  *Id.* at 190.

A district court may additionally factor into its determination "the difficulty of the questions

involved[,] the skill required to handle the problem[,] the time and labor required[,] the lawyer's

experience, ability and reputation[,] the customary fee charged by the Bar for similar services[,] and

the amount involved." *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *2 (S.D.N.Y. Dec. 6, 2010) (alterations in original) (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)), *report and recommendation adopted*, No. 09 Civ. 8665 (JGK), 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011).

"The district court retains discretion to determine what constitutes a reasonable fee." *Millea*, 658 F.3d at 166 (quotation marks and citation omitted). "However, this discretion is not unfettered," and "the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Id.* "Attorney's fees must be reasonable in terms of the circumstances of the particular case[.]" *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999) (citation omitted).

### B. Application

The positions taken by Plaintiff in connection with the discovery issues that were the subject of the motion to compel were not "substantially justified." As described above, a party's position is to be evaluated using an objective standard. In its order granting Defendants' motion to compel, the Court detailed the ways in which Plaintiff's responses ran contrary to clearly established law. The Court need not reiterate them all here. A brief overview should suffice. Among other things, Plaintiff provided generalized objections to interrogatories and document requests. Plaintiff also failed to identify whether documents were being withheld in connection with his objections. As Judge Peck wrote in his "wake-up call" to the bar, "any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)" does not comply with the Rule. *Fischer v. Forrest*, No. 14 CIV 1304 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). At the time Judge Peck wrote his opinion, the December 2015 amendments to the Federal Rules of Civil Procedure were fifteen months old. At the time that this set of discovery disputes were being discussed, they were more than five years old. There was no substantial justification for Plaintiff to

force motion practice on the issue of whether or not such objections could be sustained under current law.

As the Court noted in its decision on the motion to compel, Plaintiff's position with respect to a number of the discovery issues brought before the Court reflected a misunderstanding of clear rules.  For example, Plaintiff chose not to respond at all to some of Defendants' requests notwithstanding the fact that he recognized that they were proper in scope at least in part.  He argued, without citation, that Defendants must be required to "carry their initial burden of propounding sufficiently drafted requests by redefining objected-to defined terms or Requests" Dkt. No. 110 at 4.  But Plaintiff's position ran contrary to the express guidance of the Advisory Committee Notes to Rule 34.  2015 Adv. Comm. Notes to Rule 34 ("An objection may state that a request is overboard, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad.  Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources.").  Plaintiff was not justified in entirely withholding responses to discovery requests until he received a question that satisfied him.

Similarly, Plaintiff produced electronic documents to Defendants in non-native format, notwithstanding the text of Rule 34, which provides that "[a] party must produce documents as they are kept in the usual course of business."  Fed. R. Civ. P. 34(b)(2)(E)(i).  Plaintiff's production also ignored the request by Defendants that electronic documents be provided in native format.  Plaintiff's failure to provide electronic documents to Defendants in their native format also led to unnecessary litigation by Plaintiff regarding whether a specific request must be made for the metadata associated with his production.  Had Plaintiff complied with Rule 34 and provided his electronic production in the form in which they were kept, the Court expects that Defendants would

have received the associated metadata as well, as it is typically embedded in the electronic media itself.

Plaintiff also failed to provide complete copies of the documents produced in discovery. For example, hard copies of certain electronic messages were provided to Defendants that omitted basic information like the sender of the document, its recipient and its date. Plaintiff admitted that he did not provide complete documents—arguing only that the "vast majority" of the documents were complete. Dkt. No. 110 at 20. There is no substantial justification for the position that the production of fragments of relevant documents satisfies a litigant's discovery obligations.

Plaintiff correctly notes that the issue of substantial justification is to be evaluated "with some leniency 'given the fact that attorneys must advocate for their clients.'" *In re Omeprazole Patent Litig.*, 2005 WL 818821, at *6. The Court has done so here. But advocates must still operate within the rules. A commitment to advocacy on behalf of one's client does not justify stonewalling discovery. As the Court ruled in the motion to compel, Plaintiff failed to comply with basic discovery rules. Plaintiff's positions—including that general objections are sufficient, that he is permitted to provide fragments of documents, and that he need not provide electronic documents in the form in which they were maintained—are simply not supported. There was no substantial justification for Plaintiff's position.

Nor is the imposition of fees upon Plaintiff and his counsel in this context "unjust." Plaintiff presents a number of policy arguments in support of his argument that the imposition of fees in this context is unjust—principally arguments that a carve-out from the rule should apply to his counsel's conduct in this litigation. He argues that because his counsel is acting *pro bono*, he should be exempted from the application of the rule. Opposition at 6. In his affidavit in support of Plaintiff's opposition, Plaintiff's counsel also points out that his primary area of practice is in criminal law—not federal civil litigation. Dkt. No. 141-1 at ¶ 10. The application of Rule 37(a)(5) in this circumstance is not unjust. Fundamentally, the rule does not apply only to some lawyers

practicing in federal court—it applies to all.  The fact that Plaintiff's counsel is inexperienced in the area of civil litigation and is volunteering his time are certainly factors that the Court can and will consider in the exercise of its discretion in setting the amount of an appropriate award.  But it is not, as Plaintiff argues, unjust to expect all lawyers practicing in federal court to play by the same rules— and to expect all lawyers to face potential consequences for their non-compliance.  None of the personal characteristics of Plaintiff or his counsel, or the substance of this litigation, lead the Court to conclude that the equal application of the federal rules of civil procedure to counsel's conduct in this case is unjust.

Similarly, the Court expects that it will consider the economic impact of an award in evaluating the appropriate amount of an award, but the fact that the award of fees will have an adverse economic effect on the party required to pay them does not make the award "unjust."  To conclude otherwise would undermine the purpose of the rule—to incentivize counsel to work out discovery disputes without the need for court intervention.

Plaintiff also argues that it is "unjust" for the Court to apply the rule to him and his counsel because Defendants did not specifically request an award of fees, and because the request for fees was, in Plaintiff's view, made only at the Court's initiative.  Opposition at 12.  Plaintiff's motion states that Defendants "only made an application for fees upon the Court's insistence . . . ."  *Id.*

That Plaintiff's grievance lacks objective foundation is apparent from the face of the rule. Remember that under the rule if a court grants a motion to compel, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  The rule says that the Court *must* grant the fees after granting the parties an opportunity to be heard.  By setting briefing on the issue of fees after granting the motion to compel, the Court was following the mandate of the rule.  Plaintiff was expected to be aware of the fee-shifting provision of Rule 37

before he decided to engage in motion practice regarding his inadequate discovery responses, rather than resolving them through negotiation.  Defendants were not required to make a specific request for such fees in their motion—the award of such fees is mandated by default under the rule.  It is not "unjust" for the Court to request briefing regarding an award of fees after granting a motion to compel, because that is what the Court is required to do under the express text of the rule.

The Court cannot determine the appropriate amount of the fee award on the basis of the information provided to the Court to date.  As noted above, Defendants did not provide the Court contemporaneous time sheets showing the relevant billing activity, which would permit the Court to evaluate whether the amount of the fees described is reasonable.  The Court appreciates that the production of detailed time records is itself a costly exercise and that Defendants' counsel may have anticipated the possibility of a decrement to the amount of fees described.  That is a reasonable expectation.  Still, as described above, in order to determine what a reasonable award is in this case, the Court must first calculate the lodestar.  To do so, the Court would like to review the relevant time records to evaluate the reasonableness of the time billed and to ensure that the charged time reflects "the movant's reasonable expenses incurred in making the motion . . . ."  Fed. R. Civ. P. 37(a)(5).

## III. CONCLUSION

Fundamentally, the discovery deficiencies at issue in Defendants' motion to compel are of the type that are expected to be resolved without the need for court intervention.  Rule 37(a)(5) creates an incentive for parties to work through such disputes, rather than to submit them to a court for resolution.  Civil litigators are expected to be aware of the fee shifting nature of the rule; Defendants were not required to specifically request an award of fees.  Regardless of how he is being compensated, or his level of experience in this area of practice, it is not unjust in this context to expect Plaintiff's counsel to comply with the rules and to bear the economic consequences of non-compliance.  However, the Court cannot evaluate the proper amount of an award without the

documents referred to above.  Accordingly, the Court requests that Defendants submit the relevant

billing records to the Court no later than July 15, 2021.  In the event that Defendants wish to

provide a substantive reply to Plaintiff's opposition limited to the issue of the reasonableness of

their fees, they may do so by the same date.

The Clerk of Court is directed to terminate the motion pending at Dkt No. 43.

SO ORDERED.

Dated:  June 28, 2021

_____

GREGORY H. WOODS
United States District Judge