UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALOMA CARDWELL,

                *Plaintiff*,

v.

DAVIS POLK & WARDWELL LLP,
THOMAS REID, JOHN BICK, WILLIAM
CHUDD, SOPHIA HUDSON, HAROLD
BIRNBAUM, DANIEL BRASS, BRIAN
WOLFE, and JOHN BUTLER,

                *Defendants*.

19 Civ. 10256 (GHW)

# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION FOR FEES AND COSTS

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendants*

Dated: July 15, 2021

In January 2021, this Court granted defendant's motion to compel discovery from plaintiff "nearly in its entirety," ECF 190 at 2, and ordered briefing concerning the Court's obligation under Fed. R. Civ. P. 37(a)(5)(A) to require plaintiff to pay defendants' reasonable expenses and attorney fees incurred in making the motion, *id*. In June 2021, the Court indicated that it would order the imposition of fees, *id*. at 9, asked defendants to submit detailed time records, and invited defendants to submit briefing on the issue of the reasonableness of their fees. *Id*. at 11-12.

As instructed, defendants respectfully submit this memorandum of law, and the attached schedule reflecting billing detail, in support of their application for fees and costs incurred as a result of the failure by plaintiff and his counsel to comply with their discovery obligations.

As a preliminary matter, defendants note that the Court will consider the economic impact of an award, ECF 190 at 10, and that a "decrement to the amount of fees described" might be reasonable, *id*. at 11. Even if the Court applies such a discount, we demonstrate below that the fees assessed or accrued here were entirely reasonable in light of the volume of work triggered by plaintiff and his counsel's noncompliance.[1]

Defendants respond in particular to two arguments made by plaintiff that bear upon the Court's ability to determine what a reasonable award is in this case. ECF 190 at 11.

***First***, the hourly rates charged by defendants' choice of counsel were reasonable. Plaintiff claims that the rates were excessive because they are higher than purportedly average hourly rates for employment lawyers from nearly a decade ago (2012 and 2014). But parties have the right to choose their lawyers, and the standard for reasonableness of fees in this Circuit

---

[1] The Court cites *Alderman* v. *Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999) (citation omitted), for the proposition that "attorney's fees must be reasonable in terms of the circumstances of the particular case." ECF 190 at 7. Defendants respectfully note that an adversary's noncompliance can inflict upon the innocent party certain core costs independent of the facts, circumstances, or size of the underlying case—including time to meet and confer, attend court conferences, and prepare mandatory submissions and briefing.

2

accounts not only for changes in rates over time, *see United States* v. *Napout*, 2018 WL 6106702, at *6 (E.D.N.Y. Nov. 20, 2018), but for "the experience, reputation, and ability of the attorneys" being compensated. *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *County of Albany*, 522 F.3d 182, 186 n.3, 190 (2d Cir. 2007). Plaintiff concedes that the counsel here are experienced, "senior lawyers." Pl. Opp. 17. Their rates are, "foreseeabl[y]," more "in line with the rates charged by most of New York City's major corporate law firms" than with rates charged by smaller firms or in years past. *United States* v. *Donaghy*, 570 F. Supp. 2d 411, 432 (E.D.N.Y. 2008), *aff'd sub nom. United States* v. *Battista*, 575 F.3d 226 (2d Cir. 2009).[2] This fact does not make the fees at issue here prima facie unreasonable.

Moreover, that defendants actually paid the rates submitted with this application is an indication, in this Circuit, that the fees were reasonable, *see Pichardo* v. *C.R. Bard, Inc.*, 2015 WL 13784565, at *6 (S.D.N.Y. Jan. 26, 2015), and the fact that defendants have been represented by the same lawyers for several years is an indication that they "find[] the firm's rates reasonable." *Underdog Trucking, L.L.C.* v. *Verizon Servs. Corp.*, 276 F.R.D. 105, 111 (S.D.N.Y. 2011). The hourly rates here reflect counsel's "true market value," *Perdue* v. *Kenny A.*, 559 U.S. 542, 554–55 (2010), and defendants respectfully submit that they are reasonable.

***Second***, plaintiff's claim that counsel worked more than the necessary number of hours in connection with the motion to compel is entirely unfounded. The case cited by plaintiff—*Underdog Trucking, L.L.C.*, 276 F.R.D. 105—is not an appropriate benchmark for the work required here. *Underdog* concerned the time it took counsel to prepare a single "brief and declaration" that "assert[ed] straightforward legal arguments and cit[ed] to just three cases." 276 F.R.D. at 111. Here, as the Court noted,

---

[2] For example, in *Ballinasmalla Holdings Ltd.* v. *FCStone Merch. Servs., LLC*, 2020 WL 814711, at *2 (S.D.N.Y. Feb. 19, 2020), the court held that DLA Piper LLP's 2019 hourly fees—$1,017 for a partner with over 18 years' experience, $783 for an associate with over 5 years' experience, and $305 for a paralegal with over 14 years' experience—were reasonable.

> The labor included "multiple written exchanges relating to deficiencies in the production and plaintiff's written discovery . . . four meet-and-confer calls prior to seeking judicial intervention . . . spanning five hours; various preparations for the same; drafting of a joint letter to the Court; attendance at a Court-ordered pre-motion conference; and document review, technical analysis, and legal research associated with efforts to respond to positions taken by plaintiff and his counsel and to avoid the need for judicial intervention." *Id*. In addition, defendants worked to brief the motion to compel and its reply.

ECF 190 at 2.

The relevant question is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Here, both the senior lawyers supervising the matter at Paul, Weiss and the clients who paid the bills—also senior, experienced lawyers—believed the expenditures to be reasonable. The time and resources expended here—including the allocation of work between partners and associates (roughly a reverse correlation between seniority and hours billed)—is in line with allocations previously found reasonable.[3] The time apportioned to various phases of the work—meet and confers, research, briefing, attendance at Court conferences, and related—was likewise in line with expectations for projects of similar complexity.

Defendants respectfully request that the Court find that defendants' calculations of fees and costs were reasonable and award, in association with the motion here, an amount consistent with the goals of Rule 37.

---

[3] For instance, in *Star Insurance Co. v. A&J Construction of N.Y., Inc.*, 2018 WL 6177857, at *5 (S.D.N.Y. Nov. 26, 2018), the court concluded that "[a]lthough two partners and three associate worked on this case at various times, they performed reasonable and non-duplicative tasks." The court further explained that "associates commonly shoulder the work of discovery and other pretrial tasks under the supervision of partners." *Id*.

4

Dated: July 15, 2021
      New York, New York

                      Respectfully Submitted,

                      PAUL, WEISS, RIFKIND, WHARTON
                         & GARRISON LLP

                              By: /s/*Bruce Birenboim*
                                    Bruce Birenboim
                                    Susanna M. Buergel
                                    Jeh C. Johnson
                                    Marissa C.M. Doran

                                    1285 Avenue of the Americas
                                    New York, New York 10019-6064
                                    Telephone: (212) 373-3784
                                    bbirenboim@paulweiss.com
                                    sbuergel@paulweiss.com
                                    jjohnson@paulweiss.com
                                    mdoran@paulweiss.com
                                    *Attorneys for Defendants*