UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL, <br><br> *Plaintiff,* <br><br> v. <br><br> DAVIS POLK & WARDWELL LLP, THOMAS REID, JOHN BICK, WILLIAM CHUDD, SOPHIA HUDSON, HAROLD BIRNBAUM, DANIEL BRASS, BRIAN WOLFE, and JOHN BUTLER, <br><br> *Defendants.* | 19 Civ. 10256 (GHW) |

## DECLARATION OF JOHN BUTLER

John Butler affirms and states as follows:

1. I am a partner at the law firm Sidley Austin, LLP. In the 2002 to December 2018 time period, I was a partner at Davis Polk & Wardwell ("Davis Polk" or the "Firm"), practicing in the Mergers and Acquisitions Group. Except as otherwise stated, I make this declaration on the basis of personal knowledge.

2. I understand that in this litigation, Mr. Cardwell contends that he engaged in twelve allegedly protected activities, each of which is numbered and described (as alleged) at length by the Court at ECF 78 and 198. In defendants' Memorandum of Law in Support of their Motion for Summary Judgment, defendants refer to each by number (1–12); I follow the same convention here. I further understand that seven have been ruled protected (Nos. 2, 3, 5, and 9–12) and the remainder have not.

3. *Allegedly Protected Activity 2.* I understand that Mr. Cardwell "alleges that he 'participated in a conversation about the general issue of Black Davis Polk attorneys being

excluded from staffing-related opportunities at the Firm' at a meeting between 'the Firm's Diversity Committee and the Firm's Black Attorney Group' in September 2015," and "alleges that he told the meeting's attendees—including '[p]artners serving on the Firm's Diversity Committee, and the Firm's Director of Associate Development'—that he 'personally experienced exclusion and disparate treatment related to his race at the Firm.'" ECF 78 at 58. I was not aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

4. *Allegedly Protected Activity 3.* I understand that Mr. Cardwell alleges that he "engaged in protected activity during a dinner with Reid and a Black senior associate in January 2016," when he allegedly "'spoke at length about implicit bias both conceptually and in relation to the race-based discrimination he himself had experienced during his time at the Firm.'" ECF 78 at 59. I was not aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

5. *Allegedly Protected Activity 5.* I understand that Mr. Cardwell "alleges that he engaged in protected activity when he declined an assignment in the credit group from a . . . junior staffing coordinator, Rocio Clausen, in September 2016" and allegedly "made it clear" that he believed "she was staffing him in a racially biased way." ECF 198 at 57. I was not aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

6. *Allegedly Protected Activity 9.* I understand that Mr. Cardwell "alleges that he engaged in protected activity during a meeting with Reid and Kreynin in March 2017," and alleges that he "said that 'he was uncomfortable with the Firm's performance review process and noted that racial biases were influencing performance evaluations.'" ECF 78 at 62. I was not aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

7. *Allegedly Protected Activity 10.* I understand that Mr. Cardwell "alleges that he engaged in protected activity when he emailed Goldberg that he had 'bec[o]me ill' when he 'thought more about [his] own story and experiences' at Davis Polk in May 2017." ECF 78 at 62. I was not aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

8. *Allegedly Protected Activity 11.* I understand that Mr. Cardwell alleges that he filed an administrative charge with the Equal Employment Opportunity Commission in August 2017 and that the Firm filed an "Answer and Position Statement" in December 2017. ECF 78 at 62–63. I have no memory of being aware, at any point prior to reading the complaint filed in this litigation in November 2019, that Mr. Cardwell had filed such a charge or that the Firm filed any administrative response. I have never seen a copy of the charge and did not participate in the Firm's response to it. For avoidance of doubt, I understand that several months prior, on June 7, 2017, I received an electronic document preservation notice relating to Mr. Cardwell.

9. *Allegedly Protected Activity 12.* I understand that Mr. Cardwell "alleges that he engaged in protected activity by opposing the Firm's performance review process in January 2018," and that in speaking at a January 2018 review meeting with two Firm partners, he allegedly "explicitly talked about the role that implicit bias, among other forms of bias, played in the timing and accuracy of the feedback that Mr. Cardwell had received." ECF 78 at 63, 25. I was not aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

10. *Career Advisor Program.* I understand that Mr. Cardwell contends that I did not contact him in my capacity as one of his two assigned advisors in the "Career Advisor Program" between January 2017 and August 2018, and that in this respect, I somehow treated Mr. Cardwell unfairly or differently than others, or somehow "create[d] a roadblock" between Cardwell and

3

other partners. TAC ¶ 354. I did not. In that time period, I was extraordinarily busy in my practice, and did not in fact meet with any of my CAP mentees; Cardwell is no differently situated than others in this respect. I confirmed this, in preparing this declaration, by reviewing produced records from the system Davis Polk uses to track contacts between CAP mentors and mentees; the record corroborates that in the period highlighted by Mr. Cardwell, I did not meet with any of my CAP mentees.

11. **Termination.** I understand that Mr. Cardwell has alleged, without any supporting factual basis, that I participated in the decision to terminate his employment. This is false; I did not.

12. I was not deposed in this action; I understand that Mr. Cardwell had the ability to seek my deposition but at no time requested or noticed my deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
December 2, 2021

_____
John Butler