UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALOMA CARDWELL,

                *Plaintiff*,

   v.

DAVIS POLK & WARDWELL LLP,
THOMAS REID, JOHN BICK, WILLIAM
CHUDD, SOPHIA HUDSON, HAROLD
BIRNBAUM, DANIEL BRASS, BRIAN
WOLFE, and JOHN BUTLER,

                *Defendants*.

19 Civ. 10256 (GHW)

### DECLARATION OF BRIAN WOLFE

Brian Wolfe affirms and states as follows:

1. I am a partner at Davis Polk & Wardwell ("Davis Polk" or the "Firm"), practicing in the Mergers and Acquisitions Group. I became a partner at the Firm in 2015 and was an associate at the Firm from 2008 until that time. Except as otherwise stated, I make this declaration on the basis of personal knowledge.

2. I understand that in this litigation, Mr. Cardwell contends that he engaged in twelve allegedly protected activities, each of which is numbered and described (as alleged) at length by the Court at ECF 78 and 198. In defendants' Memorandum of Law in Support of their Motion for Summary Judgment, defendants refer to each by number (1–12); I follow the same convention here. I further understand that seven have been ruled protected (Nos. 2, 3, 5, and 9–12) and the remainder have not.

3. ***Allegedly Protected Activity 2.*** I understand that Mr. Cardwell "alleges that he 'participated in a conversation about the general issue of Black Davis Polk attorneys being

excluded from staffing-related opportunities at the Firm' at a meeting between 'the Firm's Diversity Committee and the Firm's Black Attorney Group' in September 2015," and "alleges that he told the meeting's attendees—including '[p]artners serving on the Firm's Diversity Committee, and the Firm's Director of Associate Development'—that he 'personally experienced exclusion and disparate treatment related to his race at the Firm.'" ECF 78 at 58. I have no recollection of becoming aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

4. ***Allegedly Protected Activity 3.*** I understand that Mr. Cardwell alleges that he "engaged in protected activity during a dinner with Reid and a Black senior associate in January 2016," when he allegedly "'spoke at length about implicit bias both conceptually and in relation to the race-based discrimination he himself had experienced during his time at the Firm.'" ECF 78 at 59. I have no recollection of becoming aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

5. ***Allegedly Protected Activity 5.*** I understand that Mr. Cardwell "alleges that he engaged in protected activity when he declined an assignment in the credit group from a . . . junior staffing coordinator, Rocio Clausen, in September 2016" and allegedly "made it clear" that he believed "she was staffing him in a racially biased way." ECF 198 at 57. I have no recollection of becoming aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

6. ***Allegedly Protected Activity 9.*** I understand that Mr. Cardwell "alleges that he engaged in protected activity during a meeting with Reid and Kreynin in March 2017," and alleges that he "said that 'he was uncomfortable with the Firm's performance review process and noted that racial biases were influencing performance evaluations.'" ECF 78 at 62. I have no

recollection of becoming aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

7. ***Allegedly Protected Activity 10.*** I understand that Mr. Cardwell "alleges that he engaged in protected activity when he emailed Goldberg that he had 'bec[o]me ill' when he 'thought more about [his] own story and experiences' at Davis Polk in May 2017." ECF 78 at 62. I have no recollection of becoming aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

8. ***Allegedly Protected Activity 11.*** I understand that Mr. Cardwell alleges that he filed an administrative charge with the Equal Employment Opportunity Commission in August 2017 and that the Firm filed an "Answer and Position Statement" in December 2017. ECF 78 at 62–63. I have no recollection of becoming aware, at any point during Mr. Cardwell's employment at Davis Polk, that Mr. Cardwell had filed such a charge or that the Firm filed any administrative response. I have no recollection of ever seeing a copy of the charge and did not participate in preparing the Firm's response to it. For avoidance of doubt, I note that several months prior, on June 7, 2017, I received an electronic document preservation notice relating to Mr. Cardwell.

9. ***Allegedly Protected Activity 12.*** I understand that Mr. Cardwell "alleges that he engaged in protected activity by opposing the Firm's performance review process in January 2018," and that in speaking at a January 2018 review meeting with two Firm partners, he allegedly "explicitly talked about the role that implicit bias, among other forms of bias, played in the timing and accuracy of the feedback that Mr. Cardwell had received." ECF 78 at 63, 25. I have no recollection of becoming aware of this alleged activity at any point during Mr. Cardwell's employment at Davis Polk.

10. ***Termination.*** I understand that Mr. Cardwell contends that I was one of the people who made the Firm's decision to terminate his employment. This is false; I was not.

11. I understand that Mr. Cardwell was told he should begin the process of looking for alternative employment in or about early 2018; by that time, I was no longer a staffing partner. I do not recall participating in any conversations, in or about the early 2018 time period, about Mr. Cardwell's staffing.

12. ***Role as Junior Staffing Partner.*** I served as a junior staffing partner from approximately July 2015, when I became a partner, to July 2017.

13. When senior lawyers needed staffing for their matters, my fellow staffing partner and/or I would attempt to offer appropriate staffing based on our understanding of the needs of the partner and the matter, the needs of the department, and the availability, seniority, and skillset of associates.

14. During the time I served as a junior staffing partner, I experienced difficulty staffing Mr. Cardwell. Mr. Cardwell had a track record of unsatisfactory and unreliable performance, and because of this record and reputation, it was difficult to find matters on which to place him.

15. I at no time staffed Mr. Cardwell differently than others on the basis of his race or any complaints he alleges he made.

16. I was not deposed in this action; I understand that Mr. Cardwell had the ability to seek my deposition but chose not to request or notice my deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
December 2, 2021

_____
Brian Wolfe