USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  KALOMA CARDWELL,                              :
                                                      :
                                  Plaintiff,      :
                      -v-                            :         1:19-cv-10256-GHW
                                                     :
  DAVID POLK & WARDWELL LLP, et al.,     :         ORDER
                                                     :
                                  Defendants.    :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      As discussed on the record at the conference held on January 27, 2022, the deadline for Plaintiff's submissions in opposition to Defendants' motion for summary judgment was January 21, 2022. Plaintiff's Rule 56.1 counterstatement of facts, which is 198 pages long and added nearly 900 new paragraphs, was filed after the deadline, on January 24, 2022. Dkt. Nos. 262, 264. As Plaintiff conceded at the conference, the counterstatement does not comply with Local Rule 56.1, which requires a "short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b). In addition, each statement made pursuant to Rule 56.1(b) "must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Plaintiffs also failed to submit a memorandum of law in opposition to Defendants' motion for summary judgment by the January 21, 2022 deadline.

      Rule 16(f) authorizes sanctions for, among other things, the "fail[ure] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Whether to impose sanctions is a matter of judicial discretion. *Macolor v. Libiran*, No. 14-CV-4555, 2015 WL 337561, at *2 (S.D.N.Y. Jan. 23, 2015). In light of Plaintiff's failure to obey the Court's scheduling order, and Plaintiffs failure to comply with Local Rule 56.1, the Court will strike Plaintiff's Rule 56.1 counterstatement. Plaintiff is directed to file an amended counterstatement no later than February 7, 2022. In amending the counterstatement, Plaintiff is only permitted to remove information, no new paragraphs may be

added.  Further, Plaintiff is specifically directed to comply with the requirements set forth in Local Rule 56.1(b) and (d).  Counsel for Plaintiff is directed to certify that his submission fully complies with the applicable rules.

In addition, Plaintiff is directed to file his memorandum of law in opposition to Defendants' motion for summary judgment no later than February 7, 2022.  Defendants' reply, if any, is due within three weeks after service of Plaintiffs' opposition.  At the conference, Plaintiff proffered that he was prepared to file the memorandum of law that day  To ensure Plaintiff's proffer was accurate and to ensure that any changes to Plaintiffs memorandum of law are properly limited, Plaintiff is directed to immediately email the current draft of his memorandum of law to Defendants.  Defendants need not reply to Plaintiff's draft memorandum of law.  The Court expects any modifications to the opposition will be limited to changes that reflect the amendments to Plaintiff's Rule 56.1 counterstatement.  This expectation is driven by the Court's concern that Plaintiff's failure to comply with the deadlines, and the Local Rules, was designed to extract additional time to brief his motion after the Court denied him a requested extension.

The Court remains concerned regarding Plaintiff's failure to abide by the Court's clear scheduling order.  The Court may determine that further action is necessary to address Plaintiff's noncompliance.

SO ORDERED.

Dated:  January 28, 2022  
New York, New York

GREGORY H. WOODS  
United States District Judge