February 17, 2022

**By ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/18/2022
```

**MEMORANDUM ENDORSED**

*Cardwell* v. *Davis Polk & Wardwell LLP,* et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

Pursuant to Rule 1.A of Your Honor's Individual Rules of Practice in Civil Cases and Your Honor's February 15, 2022 order (the "Order") (ECF 280), the parties respectfully submit this joint letter concerning the issues discussed during the February 14, 2022 conference (the "Hearing").

### I.  Plaintiff's Positions

1.  <u>Additional Briefing Regarding Plaintiff's 56.1 Counter-Statement</u>

With respect to briefing whether the Court should impose additional sanctions in connection with Plaintiff's Counter-Statement (the "Statement"), Plaintiff's counsel declines to further brief this issue but would like to briefly address a few comments made during the Hearing.

*First*, the Court indicated that adding an "additional layer of motion practice" with respect to the Statement's "compliance" would be disfavored and could signal that "counsel might have something else in mind in presenting such a lengthy counter-statement of facts because one might think that it will delay the resolution of the motion for summary judgment." 2/14/22 Hrg. Tr. 55:13-25. Respectfully, neither Plaintiff nor Plaintiff's counsel seeks to delay a ruling, but simply wished to ensure the Court had a clear written record before reviewing the Counter-Statement.[1]

*Second*, the Court remarked that "one of the questions here is whether or not these facts have any utility to the resolution of the motion as opposed to being a PR piece by Mr. Cardwell." 2/14/22 Hrg. Tr. 18:7-9. At the Hearing, Your Honor specifically inquired into certain facts related

---

[1] For example, the Court noted during the Hearing that Plaintiff's counsel "acknowledge[d] that 40 of the 600 statements is incorrect," 2/14/22 Hrg. Tr. 22:16-17. For the sake of clarity, it was Defendants—not Plaintiff—that identified those 40 examples. Plaintiff disagrees with Defendants' position with respect to those paragraphs.

As another example, Defendants argue that ¶¶ 828, 830, 834–835, 837–838, 841, 843, 845–52 of the Statement (which cite the TAC) should be disregarded because they are not made on the basis of Plaintiff's personal knowledge. ECF 275 at 2 n.2. The cited paragraphs fall into three general categories.

*First*, all but three of the cited paragraphs are supported by the performance reviews of the alleged comparators, which are already in the record. *See* ECF 231, Buergel Decl Ex. 78(c) (Associate #3's reviews, cited at Pl. CSOF ¶¶ 830, 850); *id.* Ex. 78(d) (Associate #5's reviews, cited at Pl. CSOF ¶¶ 830, 834, 835, 837, 838, 850); *id.* Ex. 78(g) (Associate #7's reviews, cited at Pl. CSOF ¶¶ 830, 841, 843); *id.* Ex. 78(h) (Associate #8's reviews, cited at Pl. CSOF ¶ 830); *id.* Ex. 78(i) (Associate #9's reviews, cited at Pl. CSOF ¶¶ 830, 845-49, 850); *id.* Ex. 78(j) (Associate #10's reviews, cited at Pl. CSOF ¶ 850). *Second*, ¶¶ 828, 830 are in fact made on the basis of Plaintiff's personal knowledge and supported by documents in the record. *Third*, the citation for ¶ 851 should be the same as ¶ 660 (i.e., ECF 209, Defs. Answer ¶ 160), and the citation for ¶ 852 should be Buergel Decl. Exs. 75 (RFA No. 129) and 77. If instructed by the Court, Plaintiff is willing to file a revised Statement that corrects these drafting issues.

to Mr. Cardwell's third rotation (in Capital Markets). *Id.* 16:8-19:23 (counsel explaining "[i]t actually maps onto an argument [by Defendants] that Mr. Cardwell's performance was the reason for the staffing and uneven hours… There was actually—there [were] requests for associates that had two rotations as opposed to the three rotations that Mr. Cardwell had."). Those facts respond to disputed issues in Defendants' memorandum of law, including the arguments and facts in ECF 221 at 23-24 (arguing "[c]ontemporaneous emails show Cardwell being proposed for teams, but teams choosing 'higher caliber' associates instead. This dynamic was reflected in Cardwell's hours, which were uneven in 2016—low in the early months, during his Capital Markets rotation…").

*Third*, the Court "assume[d], therefore, that counsel is attempting to obtain some kind of strategic benefit," and "one may be the burden that's imposed on defendants in order to respond to this lengthy document." 2/14/22 Hrg. Tr. 25:13-16. Respectfully, counsel did not attempt to impose a burden on Defendants by virtue of the Statement's length, or any other aspect of it.

### 2. Briefing a Proposed Motion to Strike the Duggan Declaration

With respect to Plaintiff's proposed motion to strike the Duggan Declaration as a result of alleged Rule 26 violations, Plaintiff's counsel likewise respectfully declines to brief this issue.

However, Plaintiff disagrees that the mere knowledge of Mr. Duggan's name—without more—satisfies Defendants' Rule 26 obligations. *See, e.g.*, 2/14/22 Hrg. Tr. 30:13-15 (counsel arguing that Plaintiff "knew exactly who Mr. Duggan was and they did not seek his deposition").[2]

As explained in Plaintiff's pre-motion letter seeking to reopen discovery (ECF 232 at 3), Defendants excluded Mr. Duggan (and internal counsel) from their responses to Plaintiff's interrogatories, so the specific nature of counsel's involvement, for example, was not "known" until April 2021. In their 26(a) disclosures, Defendants provided the names of "each individual likely to have discoverable information" and "the subjects of that information" for over a dozen witnesses. ECF 242-1. This was never done for Mr. Duggan—or any internal counsel—at any point "during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Although Plaintiff believes there is a colorable, good faith argument that the Declaration should be stricken, Plaintiff acknowledges the Court's admonishment that "there are consequences if you make a motion that is wrong, at least to the extent that is framed as a motion under Rule 37." 2/14/22 Hrg. Tr. at 33:13-15. Under these circumstances and those noted in Section I.1, Plaintiff's counsel declines to brief this issue.

### 3. Defendants' Request for Additional Time to File Their Reply

Defendants' deadline to reply to Plaintiff's opposition is February 28th (or "three weeks after service of Plaintiff's opposition"). ECF 269, 206. Plaintiff does not consent to Defendants' request for nearly 3 more weeks. Good cause does not exist for Defendants to receive nearly six weeks to file a reply, particularly where (i) the Court instructed the parties that any "modification"

---

[2] That counsel's name appears on a categorical privilege log, as Defendants claim below, does not disclose what is required by Rule 26. Likewise, that Duggan and other counsel may have acquired certain knowledge **after** this case was filed (in connection with Davis Polk's defense), does not put Plaintiff on notice of their **contemporaneous** knowledge of a specific complaint(s), counsel's interactions with the Individual Defendants or other partners during Cardwell's employment, or otherwise describe their involvement in the alleged adverse employment actions.

2

would be "very small," (ii) Plaintiff is not filing the discussed motions, and (iii) the Court relieved Defendants of the obligation to comply with Your Honor's Local Rules.[3]  2/14/22 Hrg. Tr. 40:3.

**II.  Defendants' Positions**

1. The Proposed Motion to Strike the Duggan Declaration

As a threshold matter, defendants note that plaintiff's assertion that Mr. Duggan's involvement was not made "'known' [to him] until April 2021" is incorrect.[4]  In any event, in light of plaintiff's decision not to move to strike the Duggan Declaration, there is no utility in further debating this issue with plaintiff.

2. Scheduling Regarding Defendants' Summary Judgment Reply Brief

Defendants respectfully request that their reply brief on their motion for summary judgment be due on March 18, 2022.  Good cause exists for this extension because defendants repeatedly have been delayed and sidetracked in preparing their reply brief—first by plaintiff's failure to comply with the Court's scheduling order; then by two rounds of motion practice related to plaintiff's Rule 56.1 counterstatement; and finally by his seeking permission to strike the Duggan Declaration, together with the attendant submissions and court appearances.  It was also not unreasonable for counsel to hold off on certain aspects of their work until it was determined whether defendants would be required to respond to each paragraph of plaintiff's defective Rule 56.1 statement and whether the Duggan Declaration would be part of the summary judgment record.  We further note that defendants have fully complied with all Court deadlines in this case, and this modest request is, we submit, entirely reasonable given the repeated distractions caused by plaintiff's filings and threats of filings, including this very letter wherein plaintiff, in taking the opportunity to inform the Court that he does not intend to brief certain issues further, actually briefs them in an effort to get the last word.

3. Additional Sanctions in Connection with Plaintiff's Rule 56.1 Counterstatement

For the reasons stated in defendants' pre-motion letter, plaintiff's amended Rule 56.1 counterstatement continues to violate the Rule.  A perfect illustration: the paragraph (372) that was the subject of the Court's questions at the Hearing (Tr. 14:12 *et seq.*) is a virtual carbon copy of paragraph 45 of *defendants'* Rule 56.1 statement, *which plaintiff conceded is undisputed (admitted) in his response to defendants' statement*.  ECF 253 ¶ 45.[5]  Indeed, entire sections of

---

[3] The following timeline is also relevant to Defendants' request: Defendants received the initial Counter-Statement via ECF on January 24th (ECF 262), a draft of Plaintiff's memorandum of law on January 28th via email (ECF 269), and final and filed versions of the Statement and memorandum of law via ECF on February 7th (ECF 270, 272).

[4]  As discussed at the Hearing, Mr. Duggan's name was disclosed to plaintiff no later than November 2020 (*see* ECF 248 at 5 of 13 (collecting sources)), again in January 2022 (*id.*; ECF 249-1 (letter from S. Buergel to D. Jeffries)), and yet again on a privilege log served in February 2021, months before the discovery cutoff (ECF 248 at 5).

[5]  Plaintiff's claim, above, to have discovered that the paragraph responds to ECF 221 at 23–24 is incomprehensible.

plaintiff's counterstatement are plainly *not* in dispute (*e.g.*, paragraphs 278–80, 282–285)—precisely the opposite of what the Rule requires.

That said, we believe plaintiff's decision not to pursue further briefing is prudent, as such briefing would impose exactly the kind of burden on defendants that led them to bring plaintiff's noncompliance to the Court in the first instance. Defendants otherwise defer to the Court's discretion on the issue of further sanctions. We believe that the Court has the inherent power to impose an appropriate monetary sanction based on the current record without further (costly) briefing or submission of additional materials.

/s/ David Jeffries
David Jeffries, Esq.
1345 Avenue of the Americas, 33rd Floor
New York, New York 10105
Tel: (212) 601-2770
Djeffries@Jeffrieslaw.nyc

*Attorney for Plaintiff*

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

/s/ Bruce Birenboim
Bruce Birenboim
Jeh C. Johnson
Susanna M. Buergel
Marissa C.M. Doran
1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3000
bbirenboim@paulweiss.com
jjohnson@paulweiss.com
sbuergel@paulweiss.com
mdoran@paulweiss.com

*Attorneys for Defendants*

Defendants' request for an extension of time to file their reply brief on their motion for summary judgment is granted in part. Defendants' original deadline was three weeks after service of Plaintiff's opposition. Defendants identify several valid reasons for their request, however, the Court understands that as of February 18, 2022, none of the reasons currently impede Defendants' ability to prepare a reply. Accordingly, Defendants' reply is due no later than March 11, 2022.

SO ORDERED.

Dated: February 18, 2022
New York, New York

GREGORY H. WOODS
United States District Judge