PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS      NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

WRITER'S DIRECT FACSIMILE
F (212) 373-3553

WRITER'S DIRECT E-MAIL ADDRESS
(212) 492-0553

sbuergel@paulweiss.com

March 1, 2022

**Via ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP*, et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

Under Rule 4.A(ii) of Your Honor's Individual Rules of Practice in Civil Cases, defendants move to seal or redact confidential material in exhibits 101–142 to plaintiff's opposition to defendants' summary judgment motion ("Opposition Exhibits"), which plaintiff filed under seal at ECF 256 and 257. Defendants have also proposed to narrow the reactions reflected in plaintiff's Rule 56.1 Counter-Statement at ECF 272 and 274 ("Counter-Statement") (which redactions were implemented by plaintiff in anticipation of what defendants would request to redact, but without defendants' input).

In particular, the proposed sealing and redactions encompass the following categories of confidential information:

- Performance reviews of two former associates at Davis Polk that Mr. Cardwell alleges are similarly situated in all material respects to himself, which defendants seek to seal in their entirety. *See* Exs. 136 and 138.

- Redaction of the names or identifying information of Davis Polk associates or other innocent third-parties where the exhibit in question reflects the views of such associate's supervisor(s) about such associate's performance or could otherwise reflect negatively on such associate or third-party. *See* Exs. 101, 103, 104, 106, 108, 111, 117, 120, 121, 125, 126, 135, 137, 142; Counter-Statement ¶¶ 382-386, 432, 555, 575, 581(b), 637, 679–682.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods     2

- Redaction of client names and identifying information implicating attorney-client privilege and client confidences. *See* Exs. 103, 104, 108, 109, 114, 116, 120, 121, 134, 135, 137, 142; Counter-Statement ¶ 342.

The sealing and narrowly tailored redactions defendants propose to Opposition Exhibits 101–142 and to plaintiff's Rule 56.1 Counter-Statement are consistent with the redactions defendants proposed to exhibits 1–100 to plaintiff's opposition to defendants' summary judgment motion, and they should be approved for the same reasons set forth in our sealing letter with respect to those exhibits. *See* ECF 266.[1]

Concurrently with this letter, defendants file copies of the exhibits and Counter-Statement, using highlights to denote the redactions that defendants propose pursuant to Rule 4 of Your Honor's Individual Practices. *See* Declaration of Susanna Buergel and accompanying exhibits.

Respectfully,

/s/ Susanna M. Buergel

Susanna M. Buergel

cc:     All Counsel of Record (via ECF)

---

[1] Defendants have met and conferred with plaintiff who does not consent to this motion.