USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/2022

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS   NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

WRITER'S DIRECT DIAL NUMBER
(212) 373-3553

WRITER'S DIRECT FACSIMILE
(212) 492-0553

WRITER'S DIRECT E-MAIL ADDRESS
sbuergel@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

January 6, 2022

**Via ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

**MEMORANDUM ENDORSED**

*Cardwell* v. *Davis Polk & Wardwell LLP*, et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

Under Rule 4.A(ii) of Your Honor's Individual Rules of Practice in Civil Cases, defendants move to seal confidential material in two exhibits to plaintiff's motion for leave to reopen discovery. Defendants request only minor redactions, which are necessary for reasons previously stated in defendants' motion to seal the performance evaluations of certain former associates at Davis Polk and Wardwell LLP ("Davis Polk" or the "Firm"). *See* Dkt. No. 230. Here, defendants seek only to redact the names and gender pronouns of certain former associates. If left unsealed, this identifying information will violate the privacy of innocent third parties. The proposed redactions are thus appropriate under the standards set forth in the Second Circuit's decision in *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).[1]

***The Factual Context and the Information Defendants Seek to Seal***

In support of his motion to reopen discovery, plaintiff filed redacted copies of defendants' responses and objections to his first and second sets of requests for production (collectively, the "R&Os"). *See* Jeffries Decl. Exs. B, E (Dkt. Nos. 242-2,

---

[1] Defendants have conferred with counsel for plaintiff, who, on behalf of plaintiff, does not consent to this motion.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                                                    2

242-5). Defendants have, in turn, filed unredacted copies of these documents under seal as Exhibits 1 and 2 to the Declaration of Susanna Buergel accompanying this letter.

Each of the R&Os filed by plaintiff discloses sensitive private information about third parties that is irrelevant to plaintiff's motion. Exhibit B to his motion discloses not only the name of a former Davis Polk associate, but also a partner's assessment of that associate's performance. *See* Jeffries Decl. Ex. B at 102 (Dkt. No. 242-2). Likewise, various requests for production in Exhibit E seek discovery about former associates at Davis Polk who plaintiff alleges are similarly situated in all material respects to himself (including with respect to performance). *See* Jeffries Decl. Ex. E at 12–26 (Dkt. No. 242-5). Nowhere in plaintiff's motion does he mention these former associates or specifically object to discovery related to them. *See generally* Pl.'s Mot. to Reopen Discovery (Dkt. No. 241).

***Applicable Legal Standard***

In *Lugosch*, the Second Circuit enumerated three steps that courts should follow to determine whether a document may be sealed. First, the court must determine whether the materials are "judicial documents" to which a presumption of public access attaches. *Lugosch*, 435 F.3d at 119. Second, if the materials are "judicial documents," the court determines the weight of the presumption of access by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, after determining the weight of the presumption of access, the court must "balance competing considerations against it." *Id.* at 120; *see Mirlis* v. *Greer*, 952 F.3d 51, 59 (2d Cir. 2020) ("[T]he court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access.").

"[T]he right to inspect . . . judicial records is not absolute." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Documents may be sealed or redacted "if specific on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Hearing Tr. at 40:2–5, *Cardwell* v. *Davis Polk & Wardwell, LLP et al.*, 19-cv-10256 (Nov. 4, 2020) (quoting *Lugosch*, 435 F.3d at 120). "Higher values" that may justify the redacting of documents include, among other things, "the privacy interests of third parties." *Id.* at 40:5–10 (citing *E.E.O.C.* v. *Kelley Drye & Warren LLP*, 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012)). District courts have discretion to order records sealed or material redacted in accordance with the court's inherent "equitable powers . . . over their own process, to prevent abuses, oppression, and injustices." *Int'l Prods. Corp.* v. *Koons*, 325 F.2d 403, 408 (2d Cir. 1963) (quoting *Gumbel* v. *Pitkin*, 124 U.S. 131, 144 (1888)).

***Defendants' Narrowly Tailored Requests Are Consistent with* Lugosch *and Are Necessary to Protect the Former Associates' Well-Established Privacy Interests***

Although defendants' R&Os are judicial documents entitled to a presumption of access, that presumption extends weakly, if at all, to the particular material defendants seek to redact—*i.e.*, the former associates' identities. Under *Lugosch*, the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                                         3

public's right of access to judicial documents is based on the need for the federal courts "to have a measure of accountability and for the public to have confidence in the administration of justice" because "professional and public monitoring" of the courts "is an essential feature of democratic control." *Lugosch*, 435 F.3d at 119 (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). The weight of the presumption of access "is governed by the role of the material [at] issue and the exercise of the Article III power," not "the degree of the public interest in the information." Hearing Tr. at 42:23–43:2, *Cardwell* v. *Davis Polk* (Nov. 4, 2020). For example, the presumption of access carries less weight when confidential information "does not bear directly on the analysis conducted by the Court" to resolve a party's motion. *Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *4 (S.D.N.Y. Mar. 31, 2021) (Woods, J.) (quoting *Brown* v. *Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)); *accord In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (sealing names and contact information of employees that had no "apparent bearing on any issue in this dispute"). Likewise, the weight of the presumption of access is "generally somewhat lower" for materials attached to a nondispositive motion. *Kewazinga*, 2021 WL 1222122, at *5.

Here, the presumption of public access is especially weak for the confidential material in Exhibits B and E. Plaintiff's motion to reopen discovery is a quintessential nondispositive motion. *See id.* Furthermore, the identities of the former associates named in Exhibits B and E do not bear on that motion. Under such circumstances, unmasking the former associates would not preserve the public's ability to monitor or understand the issues in this motion. Accordingly, the Court should only apply a light presumption of access to the material defendants seek to redact.

That light presumption of access must yield here to the countervailing and higher values that necessitate narrowly tailored sealing. *Cf., e.g.*, *Cooksey* v. *Digital*, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (permitting redaction of complaint despite a strong presumption of access). In comparing a presumption of access against the "countervailing factor" of privacy, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C.* v. *TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (quoting *Amodeo*, 71 F.3d at 1050); *accord In Re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Moreover, "the weight of the privacy interest should depend on the 'degree to which the subject matter is traditionally considered private rather than public,'" and "a court should consider 'the nature and degree of injury'" that would be caused by disclosure. *Id.* (citing *Amodeo*, 71 F.3d at 1051); *see, e.g.*, *In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (sealing names, job titles and email addresses of non-party employees); *Whittaker* v. *MHR Fund Mgmt. LLC*, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (sealing employees' compensation and bonus information where revealing such information would "implicate the privacy interests of innocent third parties" and where the defendant "maintained the confidentiality of such information 'religiously'").

These considerations weigh heavily in favor of sealing the names and gender pronouns of the former associates. Each of the former associates is an "innocent third party" with a strong privacy interest that would be infringed if their identities are revealed. Reviews of associates are traditionally treated with a high degree of privacy at

The Honorable Gregory H. Woods

Davis Polk; they are never shared with the public or any individuals outside the firm. Even within the firm, associates' reviews are not shared with their peers, and are only conveyed to associates themselves orally by supervisors. Yet here, Exhibit B expressly contains a Firm partner's assessment of an associate. *See* Jeffries Decl. Ex. B at 102 (Dkt. No. 242-2). By the same token, Exhibit E contains identifying information that could be linked to anonymized performance reviews or other private information that appear in connection with the Firm's motion for summary judgment. *See* Jeffries Decl. Ex. E at 12–26 (Dkt. No. 242-5); *see also* Dkt. No. 230 (arguing for the sealing of former associates' performance reviews). On the other side of the ledger, the particular identities of the associates in question are immaterial to the resolution of plaintiff's instant motion and to the litigation more broadly. Plaintiff has sought information about these associates not so he can identify them for the record, but to capture generic information about their performance and the perceptions of them at the Firm. Thus, the weight of public access in this circumstance is outweighed by the strong considerations against it.

\* \* \*

For the foregoing reasons, defendants respectfully move to seal the confidential material in Exhibits B and E to plaintiff's motion for leave to reopen discovery. *See* Jeffries Decl. Exs. B, E (Dkt. Nos. 242-2, 242-5).

Respectfully,

/s/ Susanna M. Buergel

Susanna M. Buergel

cc: All Counsel of Record (via ECF)

---

Application granted. In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. See 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.* Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to [e]nsure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

Having evaluated these factors, the motion to seal is granted. The documents sought to be sealed are judicial documents. The presumption has limited weight with respect to the information sought to be sealed; the names and gender pronouns of the individuals has no substantial impact on the Court's evaluation of the motion. The factors that counsel against disclosure described in this letter—principally the privacy interests of the innocent third parties—outweigh the public's interest in disclosure of the redacted information. The individuals at issue here are truly innocent—they are drawn into this case not because of their conduct, but because they happened to be at the firm at the same time as Plaintiff. For that reason, this matter is distinguishable from *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616 (S.D.N.Y. 2011), the case cited by Plaintiff in his response. Dkt. No. 287. As a result, the motion to seal is granted. This determination is made only with respect to the information at issue at this stage of the case and on this record.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 246.

SO ORDERED.

Dated: September 22, 2022
New York, New York

GREGORY H. WOODS
United States District Judge