USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _9/22/2022_

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE  (2 1 2) 373-3000

WRITER'S DIRECT DIAL NUMBER

(212) 373-3553

WRITER'S DIRECT FACSIMILE

(212) 492-0553

WRITER'S DIRECT E-MAIL ADDRESS

sbuergel@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC  20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

December 3, 2021

**MEMORANDUM ENDORSED**

**Via ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP*, et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

Pursuant to Rule 4.A(ii) of Your Honor's Individual Rules of Practice in Civil Cases, defendants hereby move to seal one category of confidential material that is contained in certain exhibits to defendants' Motion for Summary Judgment (Exs. 77, 78, 79 of the Buergel Declaration submitted in support of that motion). Specifically, defendants seek to seal performance reviews of the twelve former associates at Davis Polk & Wardwell LLP ("Davis Polk" or the "Firm") that Mr. Cardwell alleges are similarly situated in all material respects to himself (the "Twelve Associates"), and one document listing their hire and separation dates. The exhibits are attached to this sealing motion as Exs. 77, 78, 79, and are Bates numbered DPW_SDNY-000165526–661, DPW_SDNY-000165663–836, DPW_SDNY-000165838–844, DPW_SDNY-000165847–848, DPW_SDNY-000165851–6044, DPW_SDNY-000166046–076, and DPW_SDNY-000168017. Defendants submit that maintaining such reviews and information under seal is appropriate under the standards set forth in the Second Circuit's decision in *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and in light of the well-established privacy interests of non-parties such as the Twelve Associates.

Defendants have conferred with counsel for plaintiff, who, on behalf of plaintiff, does not consent to this motion.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                    2

        In addition, at plaintiff's request, defendants are filing under seal excerpts of plaintiff's deposition transcript (Ex. 1 of the Buergel Declaration), which contain the quotes defendants cite in their summary judgment brief and 56.1 statement, along with surrounding testimony.  These excerpts are provided in order to give the Court the context for the quotes cited in defendants' summary judgment papers.  The excerpts are attached to this sealing motion as Ex. 1.  Although plaintiff agreed that defendants could file publicly the actual quotes from plaintiff's deposition in their summary judgment papers, plaintiff's counsel indicated to us that he requires more time to review the excerpts themselves.  Our understanding is that plaintiff will inform the Court of his ultimate position as to the sealing of the excerpts shortly.

        We address below the reasons for sealing the Twelve Associate materials.

### Applicable Legal Standard

        In *Lugosch*, the Second Circuit enumerated three steps that courts should follow to determine whether a document may be sealed.  First, the court must determine whether the materials are "judicial documents" to which a presumption of public access attaches.  *Lugosch*, 435 F.3d at 119.  Second, if the materials are "judicial documents," the court determines the weight of the presumption of access by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.*  Third, after determining the weight of the presumption of access, the court must "balance competing considerations against it." *Id.* at 120; *Mirlis* v. *Greer*, 952 F.3d 51, 59 (2d Cir. 2020) ("[T]he court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access.").

        "[T]he right to inspect . . . judicial records is not absolute." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  "Documents may be sealed if specific on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Nov. 4, 2020 Hr'g Tr. at 40:2–5 (quoting *Lugosch*, 435 F.3d at 120).  "Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third parties. *Id.* at 40:5–10 (citing *E.E.O.C.* v. *Kelley Drye & Warren LLP*, 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012)).  District courts have discretion to order records sealed or material redacted in accordance with the court's inherent "equitable powers . . . over their own process, to prevent abuses, oppression, and injustices." *Int'l Prods. Corp.* v. *Koons*, 325 F.2d 403, 408 (2d Cir. 1963) (quoting *Gumbel* v. *Pitkin*, 124 U.S. 131, 144 (1888)).

### Defendants' Narrowly Tailored Requests Are Consistent with Lugosch *and Are Necessary to Protect the Twelve Associates' Well-Established Privacy Interests*

        The performance reviews of the Twelve Associates and the document with their hire and separation dates are judicial documents entitled to a presumption of access.  But the presumption of access to those documents is not strong.  Under *Lugosch*, the public's right of access to judicial documents is based on the need for the federal courts "to

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                    3

have a measure of accountability and for the public to have confidence in the administration of justice" because "professional and public monitoring" of the courts "is an essential feature of democratic control." *Lugosch*, 435 F.3d at 119 (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). The weight of the presumption of access "is governed by the role of the material [at] issue and the exercise of the Article III power" not "the degree of the public interest in the information." Nov. 4, 2020 Hr'g Tr. 42:23–43:2. The sealing defendants seek will not impede the public's ability to monitor or understand the issues in this case.

        Even if the documents were entitled to a strong presumption of access, this presumption is not absolute and yields to the countervailing and higher values that necessitate narrowly tailored sealing here. *See, e.g.*, *Cooksey* v. *Digital*, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (permitting redaction of complaint despite a strong presumption of access). In comparing a presumption of access against the "countervailing factor" of privacy, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C.* v. *TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (quoting *Amodeo*, 71 F.3d at 1050); *accord In Re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Moreover, "the weight of the privacy interest should depend on the 'degree to which the subject matter is traditionally considered private rather than public,'" and "a court should consider 'the nature and degree of injury'" that would be caused by disclosure. *Id.* (citing *Amodeo*, 71 F.3d at 1051); *see, e.g.*, *In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (sealing names, job titles and email addresses of non-party employees); *Whittaker* v. *MHR Fund Mgmt. LLC*, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (sealing employees' compensation and bonus information where revealing such information would "implicate the privacy interests of innocent third parties" and where the defendant "maintained the confidentiality of such information 'religiously'").

        These considerations weigh heavily in favor of sealing the reviews of the Twelve Associates and their hire and separation dates. Each of the Twelve Associates is an "innocent third party" with a strong privacy interest that would be infringed if the reviews and information about their hire and separation dates were made public. The reviews contain sensitive information regarding the employees' performance that could cause personal or professional embarrassment and/or injury to their reputations. Davis Polk never publishes or discloses employee reviews to other employers. Moreover, maintaining the confidentiality of the reviews promotes and protects the candor with which reviews are expected to be written.

        Merely redacting the names of the Twelve Associates is insufficient to shield their identities and protect their privacy. The reviews are replete with information about the particulars of the Twelve Associates' work—for whom they worked, on which projects, in what timeframes, their particular talents and idiosyncratic characteristics—and those reviews and the document with their hire and separation date would make it possible to identify them. They would be particularly prone to identification by their own

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                          4

colleagues in the legal profession, before whom the risk of professional embarrassment is
most acute.

　　　　　　　For the foregoing reasons, defendants respectfully move to seal the reviews
of the Twelve Associates and one document listing their hire and separation dates.  The
sealing defendants requests is narrow and consistent with Second Circuit precedent and
this Court's individual rules.  The motion should be granted.


　　　　　　　　　　　　　　　Respectfully,

　　　　　　　　　　　　　　　/s/ Susanna M. Buergel


　　　　　　　　　　　　　　　Susanna M. Buergel


　　　　cc:　　All Counsel of Record (via ECF)


Application granted in part.  In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to
determine whether the presumption of public access attaches to a particular document and bars sealing.  *See* 952 F.3d 51,
59 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document," namely, "one that has been
placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the
judicial process."  *Id.* (quotation omitted).  Second, if the materials are "judicial documents," the Court "proceeds to
'determine the weight of the presumption of access to that document.'"  *Id.* (quoting U*nited States v. Erie Cty.*, 763 F.3d 235,
239, 241 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of
Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* (quoting
*United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "Finally, the court must identify all of the factors that
legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly
accorded the presumption of access."  *Id.*  Applications to seal documents must therefore be "carefully and skeptically
review[ed] . . . to [e]nsure that there really is an extraordinary circumstance or compelling need" to seal the documents
from public inspection.  *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).


Having evaluated these factors, the motion to seal is granted in part.  The documents sought to be sealed are judicial
documents.  The presumption has substantial weight with respect to the information sought to be sealed.  The factors that
counsel against disclosure described in this letter—principally the privacy interests of the innocent third parties--outweigh
the public's interest in disclosure of the full reviews of the comparator associates.  Exhibit 77, uncoupled from the
performance reviews, does not raise as substantial privacy interests.  Therefore, the presumption is not outweighed as to it.
The entirety of Plaintiff's deposition should be filed with only the redactions requested by Plaintiff.  Dkt. No. 287 n.2.  As
a result, the motion to seal is granted with respect to the performance reviews of associates, and is otherwise denied.  This
determination is made only with respect to the information at issue at this stage of the case and on this record.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 230.

SO ORDERED.

Dated:　September 22, 2022                                          _____
New York, New York                                                        GREGORY H. WOODS
                                                                                    United States District Judge