```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/2022
```

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS   NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

F (212) 373-3553

WRITER'S DIRECT FACSIMILE

(212) 492-0553

WRITER'S DIRECT E-MAIL ADDRESS

sbuergel@paulweiss.com

March 1, 2022

**Via ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

**MEMORANDUM ENDORSED**

*Cardwell* v. *Davis Polk & Wardwell LLP*, et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

Under Rule 4.A(ii) of Your Honor's Individual Rules of Practice in Civil Cases, defendants move to seal or redact confidential material in exhibits 101–142 to plaintiff's opposition to defendants' summary judgment motion ("Opposition Exhibits"), which plaintiff filed under seal at ECF 256 and 257. Defendants have also proposed to narrow the reactions reflected in plaintiff's Rule 56.1 Counter-Statement at ECF 272 and 274 ("Counter-Statement") (which redactions were implemented by plaintiff in anticipation of what defendants would request to redact, but without defendants' input).

In particular, the proposed sealing and redactions encompass the following categories of confidential information:

- Performance reviews of two former associates at Davis Polk that Mr. Cardwell alleges are similarly situated in all material respects to himself, which defendants seek to seal in their entirety. *See* Exs. 136 and 138.

- Redaction of the names or identifying information of Davis Polk associates or other innocent third-parties where the exhibit in question reflects the views of such associate's supervisor(s) about such associate's performance or could otherwise reflect negatively on such associate or third-party. *See* Exs. 101, 103, 104, 106, 108, 111, 117, 120, 121, 125, 126, 135, 137, 142; Counter-Statement ¶¶ 382-386, 432, 555, 575, 581(b), 637, 679–682.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods          2

- Redaction of client names and identifying information implicating attorney-client privilege and client confidences. *See* Exs. 103, 104, 108, 109, 114, 116, 120, 121, 134, 135, 137, 142; Counter-Statement ¶ 342.

The sealing and narrowly tailored redactions defendants propose to Opposition Exhibits 101–142 and to plaintiff's Rule 56.1 Counter-Statement are consistent with the redactions defendants proposed to exhibits 1–100 to plaintiff's opposition to defendants' summary judgment motion, and they should be approved for the same reasons set forth in our sealing letter with respect to those exhibits. *See* ECF 266.[1]

Concurrently with this letter, defendants file copies of the exhibits and Counter-Statement, using highlights to denote the redactions that defendants propose pursuant to Rule 4 of Your Honor's Individual Practices. *See* Declaration of Susanna Buergel and accompanying exhibits.

Respectfully,

/s/ Susanna M. Buergel

cc:   All Counsel of Record (via ECF)     Susanna M. Buergel

---

Application granted in part. In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. See 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.* Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to [e]nsure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

Having evaluated these factors, the motion to seal is granted. The documents sought to be sealed are judicial documents. The weight of the presumption varies. The performance reviews have substantial weight. All of the remaining information has very little weight: the information sought to be redacted has no meaningful impact on the Court's evaluation of the motion. The factors that counsel against disclosure described in this letter—principally the privacy interests of the innocent third parties—outweigh the public's interest in disclosure of the redacted information. However, the application to seal client names and identifying information does not provide sufficient information for the Court to conclude that all of the information sought to be sealed should be sealed. Clearly, attorney-client and other privileged communications may be sealed, but the application has a broader scope, and seeks to seal categorically even the names of clients. The Court has previously ruled on a similar issue. Any renewed request to seal the third category of information should be supported by a more substantial application explaining why each of the relevant redactions is appropriate. As a result, the motion to seal is granted in part. This determination is made only with respect to the information at issue at this stage of the case and on this record.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 273 and 285.

SO ORDERED.

Dated: September 22, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] Defendants have met and conferred with plaintiff who does not consent to this motion.