PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS   NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(212) 373-3553

WRITER'S DIRECT FACSIMILE

(212) 492-0553

WRITER'S DIRECT E-MAIL ADDRESS

sbuergel@paulweiss.com

January 25, 2022

**Via ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

**MEMORANDUM ENDORSED**

*Cardwell* v. *Davis Polk & Wardwell LLP*, et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

Under Rule 4.A(ii) of Your Honor's Individual Rules of Practice in Civil Cases, defendants move to seal or redact confidential material in 47 exhibits to plaintiff's opposition to defendants' summary judgment motion ("Opposition Exhibits"). Defendants' requests are narrowly tailored and are necessary for reasons stated in defendants' previous motions to seal. *See* Dkt. Nos. 103, 230, and 246. Defendants seek to seal or redact five categories of information: (1) the performance reviews or evaluations of former associates at Davis Polk and Wardwell LLP ("Davis Polk" or the "Firm"); (2) the names or identifying information of Davis Polk associates where the exhibit in question reflects the views of such associate's supervisor(s) about such associate's performance or could otherwise reflect negatively on such associate; (3) the names of Davis Polk attorneys affiliated with a Davis Polk LGBT affinity group; (4) an image of New York City tenth-grade high school students who participated in an internship program at Davis Polk; and (5) client names and identifying information implicating attorney-client privilege and client confidences. As elaborated below, this limited sealing is appropriate under the standards set forth in the Second Circuit's decision in *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and the Court's prior rulings in this case.[1]

---

[1] As indicated by plaintiff's filing at Dkt. No. 258, plaintiff opposes this motion.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                 2

*The Factual Context and the Information Defendants Seek to Seal*

In opposition to defendants' motion for summary judgment, plaintiff has filed 142 exhibits. *See* Dkt. Nos. 255, 256, and 257. This letter does not address Exhibits 101–142, which were filed yesterday, three days after the January 21, 2022 deadline for plaintiff to oppose defendants' motion for summary judgment. Defendants will address plaintiff's untimely exhibits by separate letter.

As to Exhibits 1–100, a number of these exhibits contain confidential information, which defendants request that the Court seal.[2] In particular, defendants seek to seal Exhibits 54, 55, and 86 to plaintiff's opposition, and to redact limited portions of Exhibits 1, 5–7, 27, 28, 33, 34, 36–44, 47, 48, 50, 53, 57, 59, 60, 62–64, 66, 68, 70, 71, 73, 75, 76–80, 85, 90, 93–95, and 97. *See* Dkt. No. 256 and attached exhibits (hereinafter "Plaintiff's Exs.").[3] Defendants' targeted and narrowly tailored requests fall into five categories:[4]

*First*, defendants request that the Court permit sealing of three exhibits containing the performance reviews of two former associates at Davis Polk that Mr. Cardwell alleges are similarly situated in all material respects to himself. Plaintiff's Exs. 54, 55, and 86. Each of these three exhibits consists solely of pages contained in exhibits that defendants filed under seal in connection with their motion for summary judgment. *Compare* Plaintiff's Exs. 54, 55, and 86 *with* Dkt No. 223-78(b) at 7, 25 and 223-78(l) at 50. Defendants hereby incorporate by reference their prior arguments seeking leave to file this material under seal. *See* Dkt No. 230. Defendants also request that the Court permit redaction of documents summarizing evaluations of certain Davis Polk associates. *See* Plaintiff's Exs. 59, 62, and 90. These documents summarize supervisors' impressions of the associates. Defendants seek to redact details about the former associates' work and characteristics that could be used to identify them and which could cause these former associates personal or professional embarrassment. *See, e.g.*, Ex. 59 at 1 ("could not deliver client-ready work under tight deadlines"); Ex. 90 at 1 ("needs a lot of hand holding; spotty work").

*Second*, defendants request that the Court permit redaction of exhibits containing the names or identifying information of Davis Polk associates where the exhibit

---

[2] When Plaintiff initially filed these exhibits on January 21, 2022, many of the exhibits were missing redactions that the defendants had requested. *See* Dkt No. 255. Therefore, the parties jointly requested that Dkt No. 255 be sealed, and the Court provisionally granted this request pending the disposition of this *Lugosch* letter. Plaintiff re-filed those 100 exhibits, with appropriate redactions, on January 22, 2022. *See* Dkt No. 256.

[3] Concurrently with this letter, defendants file copies of these exhibits, using highlights to denote the redactions that defendants propose pursuant to Rule 4 of Your Honor's Individual Practices. *See* Declaration of Susanna Buergel ("Buergel Decl.") and accompanying exhibits.

[4] Pursuant to Your Honor's Individual Rules of Practice, the parties met and conferred in an effort to narrow the scope of defendants' requests.

in question reflects the views of such associate's supervisor(s) about such associate's performance, or which otherwise reflects negatively on current or former Davis Polk associates who are not parties to this case and whose identities are immaterial to the merits. *See* Plaintiff's Exs. 1, 5, 37–40, 59, 62, 66, 68, 70, 71, 73, 76–80, 85, 90, 93–95, and 97.

*Third*, defendants request that the Court permit redaction of the names of Davis Polk attorneys affiliated with a Davis, Polk LGBT affinity group. *See* Plaintiff's Exs. 53, 57, 63, 64, and 75.

*Fourth*, defendants request that the Court permit the redaction of an image of New York City tenth-grade high school students who participated in an internship program at Davis Polk, which is designed to prepare students from underserved communities in New York City in their academic and professional pursuits. *See* Plaintiff's Exs. 53 and 63.

*Fifth*, defendants request that the Court permit the redaction of client names and identifying information that would disclose the Firm's current or former relationship with a specific client. *See* Plaintiff's Exs. 5–7, 27, 28, 33, 34, 36–44, 47, 48, 50, 60, 71, 77–80, 85, and 97.

***Applicable Legal Standard***

In *Lugosch*, the Second Circuit enumerated three steps that courts should follow to determine whether a document may be sealed. First, the court must determine whether the materials are "judicial documents" to which a presumption of public access attaches. *Lugosch*, 435 F.3d at 119. Second, if the materials are "judicial documents," the court determines the weight of the presumption of access by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, after determining the weight of the presumption of access, the court must "balance competing considerations against it." *Id.* at 120; *Mirlis* v. *Greer*, 952 F.3d 51, 59 (2d Cir. 2020) ("[T]he court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access.").

"[T]he right to inspect . . . judicial records is not absolute." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Documents may be sealed or redacted "if specific on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Hearing Tr. at 40:2–5, *Cardwell* v. *Davis Polk & Wardwell, LLP et al.*, 19-cv-10256 (Nov. 4, 2020) (quoting *Lugosch*, 435 F.3d at 120). "Higher values" that may justify the redacting of documents include, among other things, "the privacy interests of third parties." *Id.* at 40:5–10 (citing *E.E.O.C.* v. *Kelley Drye & Warren LLP*, 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012)). District courts have discretion to order records sealed or material redacted in accordance with the court's inherent "equitable powers . . . over their own process, to prevent abuses, oppression, and injustices." *Int'l Prods. Corp.* v. *Koons*, 325 F.2d 403, 408 (2d Cir. 1963) (quoting *Gumbel* v. *Pitkin*, 124 U.S. 131, 144 (1888)).

The Honorable Gregory H. Woods                                                                                          4

***Defendants' Narrowly Tailored Requests Are Consistent with* Lugosch *and the Court's Prior Rulings***

The Opposition Brief and Opposition Exhibits are judicial documents entitled to a presumption of access. But the presumption of access to the particular material defendants seek to seal is not strong. Under *Lugosch*, the public's right of access to judicial documents is based on the need for the federal courts "to have a measure of accountability and for the public to have confidence in the administration of justice," because "professional and public monitoring" of the courts "is an essential feature of democratic control." *Lugosch*, 435 F.3d at 119 (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). The weight of the presumption of access "is governed by the role of the material [at] issue and the exercise of the Article III power," not "the degree of the public interest in the information." Nov. 4, 2020 Hr'g Tr. 42:23–43:2. Here, the specific material defendants seek to redact plays little or no role in the exercise of Article III power. The limited, narrow sealing and redactions defendants seek will not impede the public's ability to monitor or understand the issues in this case.

Even if the documents were entitled to a strong presumption of access, this presumption is not absolute and yields to the countervailing and higher values that necessitate narrowly tailored sealing and redaction here. *See, e.g.*, *Cooksey* v. *Digital*, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (permitting redaction of complaint despite a strong presumption of access).

A.   **The Court Should Seal Exhibits 54, 55, and 86, Which Contain Performance Evaluations of Former Davis Polk Associates Who are Non-Parties to this Case**

Exhibits 54, 55, and 86, which are excerpts of three exhibits filed alongside defendants' summary judgment motion, reflect the performance evaluations of two former associates at Davis Polk who Mr. Cardwell alleges are similarly situated in all material respects to himself. Read in the context of the full sets of performance reviews from which they are drawn, these exhibits offer a great deal of information regarding the identity and performance of each associate. Defendants request that the exhibits be sealed for the reasons articulated in defendants' previous motion to seal performance evaluations. *See* Dkt. No. 230.

In comparing a presumption of access against the "countervailing factor" of privacy, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C.* v. *TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (quoting *Amodeo*, 71 F.3d at 1050); *accord In Re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Moreover, "the weight of the privacy interest should depend on the 'degree to which the subject matter is traditionally considered private rather than public,'" and "a court should consider 'the nature and degree of injury'" that would be caused by disclosure. *Id.* (citing *Amodeo*, 71 F.3d at 1051); *see, e.g.*, *In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (sealing names, job titles and email addresses of non-party employees); *Whittaker* v. *MHR Fund Mgmt. LLC*, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (sealing employees' compensation and bonus information where revealing

such information would "implicate the privacy interests of innocent third parties" and where the defendant "maintained the confidentiality of such information 'religiously'").

These considerations weigh heavily in favor of sealing the evaluations of the associates identified in these exhibits. Each of these associates is an "innocent third party" with a strong privacy interest that would be infringed if the evaluations were made public. The reviews contain sensitive information regarding the employees' performance that could cause personal or professional embarrassment and/or injury to their reputations. Davis Polk never publishes or discloses employee reviews to other employers. Moreover, maintaining the confidentiality of the reviews promotes and protects the candor with which reviews are expected to be written.

Merely redacting the names of these associates is insufficient to shield their identities and protect their privacy. The reviews are replete with information about the particulars of the associates' work—for whom they worked, on which projects, in what timeframes, their particular talents and idiosyncratic characteristics—and those reviews and the document with their hire and departure dates would make it possible to identify them. They would be particularly prone to identification by their own colleagues in the legal profession, before whom the risk of professional embarrassment is most acute.

### B. The Court Should Permit Narrowly Targeted Redaction of Identifying Information about Certain Current or Former Davis Polk Associates

Similarly, Exhibits 1, 5, 37–40, 59, 62, 66, 68, 70, 71, 73, 76–80, 85, 90, 93–95, and 97 contain the names or identifying information of Davis Polk associates in contexts in which the views of the associates' supervisor(s) about the associates' performance could be discerned, or which otherwise could reflect negatively on such associates and infringe on their privacy. Like the associates described in Subsection (A) above, these associates are "innocent third parties" whose privacy interests "should weigh heavily in a court's balancing equation." *TheStreet.Com*, 273 F.3d at 232. The identifying information about these associates is completely unrelated to the merits of defendants' motion and plaintiff's opposition, and their disclosure would infringe upon the privacy of these associates and potentially cause them personal or professional embarrassment.

Defendants recognize that the associates identified in these exhibits can be protected in a more tailored fashion than can the associates whose evaluations we are seeking to seal. To that end, defendants move to redact only information that could be used to identify the associates, such as their names and email addresses (and, in some cases, gender, class year, and practice area).

### C. The Court Should Permit Narrowly Targeted Redaction of the Names of Davis Polk Attorneys Affiliated with the Firm's LGBT Affinity Group

Next, the Firm seeks to redact Exhibits 53, 57, 63, 64, and 75, which identify current or former attorneys at Davis Polk who are or were affiliated with the Firm's LGBT Affinity Group. Like the attorneys described in Subsections (A) and (B) above, these attorneys are "innocent third parties" whose privacy interests "should weigh heavily in a

The Honorable Gregory H. Woods  6

court's balancing equation." *TheStreet.Com*, 273 F.3d at 232. The identifying information about these attorneys is unrelated to the merits of defendants' motion and plaintiff's opposition, and its disclosure, by revealing information about these attorneys which the attorneys may not have publicly disclosed, would infringe the privacy of these individuals. *See Sterling* v. *Borough of Minersville*, 232 F.3d 190, 196 (3d Cir. 2000) ("It is difficult to imagine a more private matter than one's sexuality[.]"). Although these attorneys' affiliation with the LGBT Affinity Group was known to others at Davis Polk, that is not the same as posting it on a public docket for all to see.

        **D.    The Court Should Permit Narrowly Targeted Redaction of an Irrelevant Image of NYC High School Students**

Exhibits 53 and 63 contain an image of New York City high school students who participated in an internship program at Davis Polk, which is designed to prepare students from underserved communities in New York City in their academic and professional pursuits. Like the individuals described in Subsection (A)–(C) above, these individuals are "innocent third parties" whose privacy interests "should weigh heavily in a court's balancing equation." *TheStreet.Com*, 273 F.3d at 232. The images of these individuals is also completely unrelated to the merits of defendants' motion and plaintiff's opposition, and its disclosure would infringe the privacy of these individuals—an interest that is heightened in this instance, as the photographs in question are of minors. *See Interstate Fire & Cas. Co.* v. *Dimensions Assurance Ltd.*, 13-cv-3908, 2014 WL 6388334, at *2 (D. Md. Nov. 13, 2014) ("[c]ourts have found a compelling government interest in sealing sensitive medical or other personal information, *especially when relating to minors*." (emphasis added) (collecting cases)); *cf.* Hon. Gregory Woods Individual Rule 4(a)(1) (authorizing sealing of, *inter alia*, minors' names, without Court approval).

        **E.    The Court Should Permit Narrowly Targeted Redaction of Davis Polk Client Names, Confidences, and Privileged Information**

Exhibits 5–7, 27, 28, 33, 34, 36–44, 47, 48, 50, 60, 71, 77–80, 85, and 97 contain the names of current or former Davis Polk clients and/or client-identifying information implicating attorney-client privilege and client confidences. This information is also entirely unrelated to the merits of defendants' motion and plaintiff's opposition, and redacting it is consistent with Second Circuit precedent. *See Kelley Drye*, 2012 WL 691545, at *4 (granting request for redactions in order to "conceal client names and other client-identifying information implicating the attorney-client privilege"). Moreover, mentions of Davis Polk clients throughout the exhibits frequently appear in contexts that "reveal the . . . specific nature of the services provided," and which therefore "fall within [attorney-client] privilege." *Bretillot* v. *Burrow*, No. 14CV7633 JGK MHD, 2015 WL 5306224, at *25 (S.D.N.Y. June 30, 2015), *report and recommendation adopted*, No. 14 CIV. 7633 JGK MHD, 2015 WL 6455155 (S.D.N.Y. Oct. 26, 2015) (quoting *Clarke* v. *Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir.1992); *see, e.g.*, Exs. 34, 37, 41, and 77. Similarly, other exhibits contain confidential information which was conveyed to Davis Polk by its clients in privileged communications. *See, e.g.*, Exs. 39 and 40. Accordingly, the identities of Davis Polk clients, the nature of Davis Polk's representation of them, and their confidential and privileged information—all of which are completely

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods     7

unrelated to the merits of plaintiff's opposition and thus play no role in the exercise of the Court's Article III power in this matter—should be redacted to protect the confidences and attorney-client privilege of such clients.

\* \* \*

For the foregoing reasons, defendants respectfully move to seal or redact the confidential material in Jeffries Exhibits 1, 5–7, 27, 28, 33, 34, 36–44, 47, 48, 50, 53, 57, 59, 60, 62–64, 66, 68, 70, 71, 73, 75, 76–80, 85, 90, 93–95, and 97.

Respectfully,

/s/ Susanna M. Buergel

cc: All Counsel of Record (via ECF)     Susanna M. Buergel

---

Application granted in part. In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. See 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (*quoting United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.* Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to [e]nsure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

Having evaluated these factors, the motion to seal is granted. The documents sought to be sealed are judicial documents. The weight of the presumption varies. The performance reviews have substantial weight. All of the remaining information has very little weight: the information sought to be redacted has no meaningful impact on the Court's evaluation of the motion. The factors that counsel against disclosure described in this letter—principally the privacy interests of the innocent third parties—outweigh the public's interest in disclosure of the redacted information. However, the application to seal client names and identifying information does not provide sufficient information for the Court to conclude that all of the information sought to be sealed should be sealed. Clearly, attorney-client and other privileged communications may be sealed, but the application has a broader scope, and seeks to seal categorically even the names of clients. The Court has previously ruled on a similar issue. Any renewed request to seal the fifth category of information should be supported by a more substantial application explaining why each of the relevant redactions is appropriate. As a result, the motion to seal is granted in part. This determination is made only with respect to the information at issue at this stage of the case and on this record.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 258, 263, and 266.

SO ORDERED.

Dated: September 22, 2022     GREGORY H. WOODS
New York, New York     United States District Judge