**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3553

WRITER'S DIRECT FACSIMILE

(212) 492-0553

WRITER'S DIRECT E-MAIL ADDRESS

sbuergel@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
GERALD BRANT
ROBERT A. BRITTON
WALTER F. BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
JOHN P. CARLIN
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
REBECCA S. COCCARO
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH R. DEARBORN*
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
MANUEL S. FREY
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS P. GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
IAN M. HAZLETT
BRIAN S. HERMANN
JOSHUA HILL JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
CHRISTOPHER HOPKINS
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MATTHEW B. JORDAN
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
ROBERT A. KILLIP
BRIAN KIM
KYLE J. KIMPLER
JEFFREY L. KOCHIAN
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
BRIAN KRAUSE

CAITH KUSHNER
KAISA KUUSK
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. McCOLM
JEAN M. McLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
CRYSTAL L. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY B. SAMUELS
PAUL L. SANDLER
AARON J. SCHLAPHOFF
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
SUHAN SHIM
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
JOSHUA H. SOVEN*
MEGAN SPELMAN
ROBERT Y. SPERLING
EYITAYO ST. MATTHEW-DANIEL
SARAH STASNY
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
SAMUEL J. WELT
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
STACI YABLON
JORDAN E. YARETT
BOSCO YIU*
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
KENNETH S. ZIMAN
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

November 2, 2022

**Via ECF**
The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

       *Cardwell* v. *Davis Polk & Wardwell LLP*, et al.
       <u>19-cv-10256-GHW (S.D.N.Y.)</u>

Dear Judge Woods:

  Under Rule 4.A(ii) of Your Honor's Individual Rules of Practice in Civil Cases, and in response to this Court's September 22, 2022 sealing orders, *see* ECF Nos. 292, 293, 294, 295 (hereinafter, "Sealing Orders"), defendants hereby (1) seek to confirm their understanding of the Court's Sealing Order at ECF No. 293 with respect to the excerpt of Mr. Cardwell's deposition filed in connection with defendants' motion for summary judgment and move to redact certain sensitive third-party individual information contained in that deposition excerpt; (2) re-file certain documents to comply with the Sealing Orders without renewing defendants' motion to seal with respect to any client information contained in those documents, *see* Declarations of Susanna Buergel accompanying this letter motion (hereinafter "Buergel Decls.") Exs. 1–11, 15–16, 18–29,

31–37, 42–44 and (3) renew their motion to redact certain privileged client information in one exhibit to defendants' motion for summary judgment, seven exhibits to plaintiff's opposition to summary judgment, and plaintiff's Rule 56.1 Counter-Statement, *see* Buergel Decls. Exs. 12–14, 17, 30, 38–41.[1]  Because redaction of such information is appropriate under the standards set forth in *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) as well as under the Sealing Orders, defendants respectfully request that this Court grant its motion to seal.[2]

### *This Court's Prior Sealing Orders*

Each of the redactions reflected in this letter motion and accompanying declaration and attachments was previously considered—and, in the case of sensitive third party information, approved—by this Court in the Sealing Orders.  In the Sealing Orders, the Court found that all of the documents before it were "judicial documents" under *Lugosch*, and granted in part and denied in part the redactions sought by defendants' three prior motions addressed by the Sealing Orders.  Specifically, the Court granted the motions with respect to sensitive references to or information about third parties based upon "the privacy interests of . . . innocent third parties," which "outweigh the public's interest in disclosure of the redacted information."  ECF No. 292 at 4; ECF No. 293 at 4; ECF No. 294 at 2; ECF No. 295 at 7.  The Court, however, found that it had insufficient information to rule on defendants' requests to redact or seal certain confidential and/or privileged client information, and invited defendants to provide additional explanation to support the requested redactions.  *See id.*  With respect to certain of the initially proposed redactions, defendants believe they previously had articulated their views as to the basis for the redactions.  The Court has considered those positions thoroughly, and defendants understand and accept the Court's determinations.  With respect to a certain limited number of other initially proposed redactions, in response to the Court's request, Defendants file this motion to provide additional

---

[1] Accompanying this letter motion are a version under seal and a public version of the Declaration of Susanna Buergel.

In accordance with Rule 4 of Your Honor's Individual Practices, attached to the version under seal are copies of the exhibits, using yellow highlights to denote redactions of sensitive third-party information that defendants understand to be within the purview of this Court's prior Sealing Orders, and red highlights to denote the privileged client information that defendants now move to redact.  Note, however, that in Exhibit 40, due to preexisting and unremovable yellow highlights reflecting previously-requested redactions, defendants have used orange highlights for this Exhibit only to denote redactions of sensitive third-party information.  Neither party requests that the yellow-highlighted text in Exhibit 40 be redacted or kept under seal.

Attached to the public version of the Buergel Declaration are copies of the exhibits with the sensitive third-party information and the privileged client information redacted.

[2] Defendants have conferred with Plaintiff and he does not consent to this motion.

explanation in support of defendants' request to seal or redact certain confidential and/or privileged information.

***Applicable Legal Standard***

"[T]he right to inspect . . . judicial records is not absolute." *Nixon* v. *Warner Commc'ns*, *Inc.*, 435 U.S. 589, 598 (1978). District courts have discretion to order records sealed or material redacted in accordance with the court's inherent "equitable powers . . . over their own process, to prevent abuses, oppression, and injustices." *Int'l Prods. Corp.* v. *Koons*, 325 F.2d 403, 408 (2d Cir. 1963) (quoting *Gumbel* v. *Pitkin*, 124 U.S. 131, 144 (1888)). In *Lugosch*, the Second Circuit enumerated three steps that courts in this Circuit should follow to determine whether a document may be sealed. First, the court must determine whether the materials are "judicial documents" to which a presumption of public access attaches. *Lugosch*, 435 F.3d at 119. Second, if the materials are "judicial documents," the court determines the weight of the presumption of access by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, after determining the weight of the presumption of access, the court must "balance competing considerations against it." *Id.* at 120; *Mirlis* v. *Greer*, 952 F.3d 51, 59 (2d Cir. 2020) ("[T]he court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access.").

Under this analysis, "[d]ocuments may be sealed if specific on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Nov. 4, 2020 Hr'g Tr. at 40:2–5 (quoting *Lugosch*, 435 F.3d at 120). Such "higher values that may justify the sealing of documents include . . . attorney-client privilege," *id.* at 40:5–10 (citing *E.E.O.C.* v. *Kelley Drye & Warren LLP*, 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012), the preservation of which is "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." *Flatiron Acquisition Vehicle, LLC* v. *CSE Mortg. LLC*, No. 1:17-CV-8987-GHW, 2021 WL 4481853, at *2 (S.D.N.Y. Sept. 29, 2021) (quoting *Diversified Grp., Inc.* v. *Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003)). The attorney-client privilege attaches to "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007).

***The Court's prior order concerning the excerpt of Mr. Cardwell's deposition transcript filed in connection with Defendant's motion for summary judgment***

The Court's Sealing Order at ECF No. 293 included the order that "[t]he entirety of Plaintiff's deposition should be filed with only the redactions requested by Plaintiff." ECF No. 293 at 4.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

First, defendants seek to clarify that their obligation is to file on the public docket the deposition transcript excerpt that was submitted by defendants as Exhibit 1 to the Buergel Declaration in support of defendants' motion for summary judgment, *see* at ECF No. 223-1, which comprises approximately one hundred and twenty pages of Mr. Cardwell's deposition transcript, and not the entire deposition transcript itself, which has never been proffered as an exhibit.

Second, defendants have discovered that their original sealing motion, filed at ECF No. 230, and addressed by the Court at ECF. No. 293, inadvertently failed to address that the transcript contains certain sensitive third-party information concerning former or current employees at Davis Polk, a category of information which defendants understand the Sealing Orders to have otherwise approved with respect to other exhibits. Defendants inadvertently omitted to address these redactions to the Cardwell deposition transcript excerpt because, at the request of the plaintiff, that exhibit was previously filed entirely under seal. *See* ECF No. 230 at 2. Accordingly, defendants hereby move the Court to approve redaction of sensitive third-party information contained in Mr. Cardwell's deposition transcript, filed herewith at Buergel Decls. Ex. 1. The proposed redactions apply only to sensitive third-party individual information, which defendants understand the Court to have otherwise approved in the Sealing Orders, and not to any client information.

***Information Defendants Seek to Seal***

Defendants' renewed motion to seal encompasses two categories of documents:

(i) Documents in which defendants have, where applicable, maintained redactions for sensitive third-party information, as previously granted by the Sealing Orders, but in which defendants have unredacted all previously redacted client information. *See* Buergel Decls. Exs. 1–11, 15–16, 18–29, 31–37, 42–44.

(ii) Documents in which defendants have maintained redactions for sensitive third-party information, as permitted under the Sealing Orders, and for which defendants now move for narrowly tailored redactions to preserve confidential client information subject to attorney-client privilege. These documents are:

- Exhibit 12: Defendants move for limited redactions to shield the identity of a client which, if disclosed, would reveal privileged communications reflecting legal advice regarding the preparation of due diligence questions, in addition to the redactions to sensitive third-party references or information. *See* Buergel Decls. Ex. 12 at PDF p. 2.

- Exhibit 13: Defendants move for limited redactions to shield the identity of a client which, if disclosed, would reveal privileged communications reflecting legal advice regarding the strategy and timing of a filing, in addition to the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

> redactions to sensitive third-party references or information. Defendants have unredacted all non-privileged client information in this document. *See* Buergel Decls. Ex. 13 at PDF pp. 2–3.

- Exhibit 14: Defendants move for limited redactions to shield the identity of a client which, if disclosed, would reveal privileged communications reflecting legal advice regarding the strategy and timing of a filing, in addition to the redactions to sensitive third-party references or information. Defendants have unredacted all non-privileged information in this document. *See* Buergel Decls. Ex. 14 at PDF p. 2.

- Exhibit 17: Defendants move for limited redactions to shield the identity of a client which, if disclosed, would reveal privileged communications reflecting legal advice regarding the preparation of an indenture agreement, in addition to the redactions to sensitive third-party references or information. Defendants have unredacted all non-privileged client information in this document. *See* Buergel Decls. Ex. 17 at PDF p. 2.

- Exhibit 30: Defendants move for limited redactions to shield the identity of a client which, if disclosed, would reveal privileged communications reflecting legal advice regarding the scope of questions to submit in connection with a governance review, in addition to the redactions to sensitive third-party references or information. *See* Buergel Decls. Ex. 30 at p. 1.

- Exhibit 38: Defendants move for limited redactions to shield the identity of a client which, if disclosed, would reveal privileged communications reflecting legal advice regarding the client's rights and obligations to other equity holders and management of a company in which the client is the largest shareholder, in addition to the redactions to sensitive third-party references or information. Defendants have unredacted all non-privileged client information in this document. *See* Buergel Decls. Ex. 38 at PDF pp. 3–4.

- Exhibit 39: Defendants move for limited redactions to shield the identity of a client which, if disclosed, would reveal privileged communications reflecting legal advice regarding changes to the client's insurance policies, in addition to the redactions to sensitive third-party references or information. Defendants have unredacted all non-privileged client information in this document. *See* Buergel Decls. Ex. 39 at PDF p. 10.

- Exhibit 40: Defendants move for limited redactions to shield the identity of a client which, if disclosed, would reveal privileged communications reflecting legal advice regarding the strategy and timing of a filing, in addition to the redactions to sensitive third-party references or information. Defendants have

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

6

unredacted all non-privileged client information in this document.  *See* Buergel Decls. Ex. 40 at p. 21.

- <u>Exhibit 41</u>: Defendants move for limited redactions to shield the identity of a client which, if disclosed, would reveal privileged communications reflecting legal advice regarding the client's preparation of an SEC disclosure. Defendants have unredacted all non-privileged client information in this document.  *See* Buergel Decls. Ex. 41 at PDF pp. 35–36.

Respectfully,

*/s/ Susanna M. Buergel*

Susanna M. Buergel