| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------- X<br>　<br>KALOMA CARDWELL,<br>　<br>　　　　　　　　　　　　　　　　Plaintiff,<br>　<br>　　　　　　-v -<br>　<br>DAVIS POLK AND WARDWELL LLP, *et al.*,<br>　<br>　　　　　　　　　　　　　　　Defendants.<br>------------------------------------------------------------- X | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 11/23/2022<br><br><br>1:19-cv-10256-GHW<br><br>ORDER |

GREGORY H. WOODS, United States District Judge:

On November 2, 2022, Defendants filed a letter motion to clarify earlier orders of this Court and to seal portions of certain documents. Dkt. No. 296. In total, Defendants made four requests in that letter. First, they sought to clarify that they had been asked to file, on the public docket, the 120-page portion of Mr. Cardwell's deposition transcript excerpted at Dkt. No. 223-1, rather than the entire transcript. Dkt. No. 296 at 3–4. Second, Defendants sought approval for redaction of sensitive third-party information in that excerpt. *Id.* at 4. Third, Defendants requested approval to maintain limited redactions of sensitive third-party information in certain exhibits where the Court's prior orders rejected previously proposed broader redactions of client information. *Id.* Finally, Defendants requested new redactions in nine exhibits, "to preserve confidential information subject to attorney-client privilege." *Id.* at 4–6.

Plaintiff responded to Defendants' letter on November 7, 2022. Dkt. No. 299. The Court does not understand Plaintiff to have opposed the first three of Defendants' requests. He did, however, object to the requested redactions pursuant to attorney-client privilege, which he argued did not meet the standard necessary for the information to be sealed. *Id.* at 2–3. In addition, Plaintiff asked this Court to require Defendants to refile two previously filed documents that, according to Plaintiff, contain redactions that do not comply with the Court's prior sealing orders.

*Id.* at 1–2.  Defendants replied on November 9, 2022, arguing that they had adequately justified its proposed redactions based on the attorney-client privilege, and that Plaintiff's refiling request was really a tardy and inappropriate request to reopen discovery.  Dkt. No. 301.

To start, the Court clarifies that its order at Dkt. No. 293 was meant only to require the portion of the deposition transcript that had been offered as an exhibit at Dkt. No. 223-1.  The Court will now move on to evaluating the parties' sealing and unsealing requests.

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing.  *See* 952 F.3d 51, 59 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process."  *Id.* (quotation omitted).  Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'"  *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."  *Id.*  Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to [e]nsure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection.  *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

Having evaluated these factors, Defendants' motion to seal is granted in part.  The motion is granted with respect to Defendants' requests to redact sensitive third-party information in all of

Defendants' exhibits to the Declaration of Ms. Buergel accompanying their motion. *See* Dkt. Nos. 297–298.[1] These are judicial documents, because they have been put before the court by the parties and are relevant and useful to this Court's process. *Merlis*, 952 F.3d at 59. And the presumption has substantial weight with respect to the information sought to be sealed in the documents. However, the privacy interests of the innocent third parties substantially counsel against disclosure of the information that Defendants seek to redact. *See, e.g.*, Dkt. No. 293 (noting the weight of this factor). Accordingly, the motion to seal is granted with respect to the redactions of third-party names and identifying information made across Defendants' provided exhibits.

Defendants' motion is granted in part with respect to the additional information they seek to seal—pursuant to the attorney-client privilege—for nine exhibits accompanying Ms. Buergel's declaration. *See* Dkt. No. 297 Exs. 12, 13, 14, 17, 30, 38, 39, 40, 41. As just described, these are judicial documents. And as with all of the documents at issue in this motion, the presumption has substantial weight with respect to the information sought to be sealed. As to the factors counseling against disclosure, Defendants correctly note that the preservation of the attorney-client privilege is a higher value that can overcome the common law and First Amendment presumption of access to judicial documents. *See* Dkt. No. 296 at 3; *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 124–25 (2d Cir. 2006).

The attorney-client privilege attaches to "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). For three of the documents—exhibits 30, 38, and 39 to Ms. Buergel's declaration—the Court understands that, by redacting the client names in the documents, Defendants will avoid disclosing to the world

---

[1] As discussed in footnote 3, *infra*, this is the information denoted in yellow highlighter in each exhibit except for Exhibit 40.

3

the legal advice that they were providing to the redacted clients. *See* Dkt. No. 296 at 5 (explaining that these redactions were made to avoid disclosing "privileged communications reflecting legal advice regarding the scope of questions to submit in connection with a governance review," "privileged communications reflecting legal advice regarding the client's rights and obligations to other equity holders and management of a company in which the client is the largest shareholder," and "privileged communications reflecting legal advice regarding changes to the client's insurance policies").[2] The attorney-client privilege implicated by these redactions outweighs the presumption of judicial access as to these documents.

      Defendants have not successfully invoked the attorney-client privilege, however, with respect to the other documents they seek to redact. *See* Dkt. No. 297 Exs. 12, 13, 14, 17, 40, 41. Exhibits 12, 13, 14, 17, and 40 all appear to implicate the timing of sending documents rather than legal advice; Defendants have accordingly not adequately explained why the redaction of client names (or, in Exhibit 40, a short phrase) in them is necessary to preserve attorney-client privilege. Additionally, Exhibits 13 and 14 contain many third parties on the email chain; Defendants have not explained whether disclosure of the privilege to those parties has waived the privilege. *See Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015) ("While the privilege is generally waived by voluntary disclosure of the communication to another party, the privilege is not waived by disclosure of communications to a party that is engaged in a 'common legal enterprise' with the holder of the privilege."). Finally, a review of Exhibit 41 does not show that the redaction of the client names in it is necessary, as Defendants have claimed, to avoid revealing "privileged communications reflecting legal advice regarding the client's preparation of an SEC disclosure." Dkt. No. 296 at 6.

---

[2] The Court notes that, in redacting pursuant to attorney-client privilege, one might expect that the actual advice—rather than the client name—would be redacted. But as described above, the Court grants Defendants' motion as to these documents on the understanding that, in these documents, redacting the client names will prevent the disclosure of the confidential advice.

4

Accordingly, as to these exhibits, the Court cannot conclude that "there really is an extraordinary circumstance or compelling need" to seal this information from public inspection. *Video Software Dealers*, 21 F.3d at 27. Within fourteen days of the date of this order, therefore, Defendants are directed to either submit additional explanation as to why the redactions purportedly to protect attorney-client privilege in exhibits 12, 13, 14, 17, 40, and 41 are necessary to protecting that privilege, or to refile those exhibits with only third-party names—and not client information—redacted.

Finally, Plaintiff's request that this Court to require Defendants to re-file unredacted versions of Dkt No. 223-23 and Dkt. No. 256-24, *see* Dkt. No. 299, is denied. These documents were produced in redacted form during discovery. *See* Dkt. No. 301 at 2. That means that the "judicial document" for the purposes of the *Merlis* analysis is the redacted document itself; it is only that document that the Court has any access to or will be reviewing for purposes of Defendants' summary-judgment motion. As Defendants have not requested any additional redactions to those documents, and there is no justification for the Court to now order any additional production (or, as Plaintiff would characterize it, unsealing) of any portion of those documents.

In sum, Defendants' renewed motion to seal is granted in part. All of the information highlighted in yellow in all of the exhibits attached to Ms. Buergel's declaration may properly remain sealed—with one (technical) exception noted in the footnote below.[3] The information highlighted in red in exhibits 30, 38, and 39 may remain sealed as well. However, Defendants have failed to show that the information highlighted in red in exhibits 12, 13, 14, 17, 40, and 41 may properly remain sealed. Accordingly, Defendants are ordered, no later than fourteen days from the date of this order, to either submit additional explanation as to why the redactions purportedly to protect

---

[3] The exception is for Exhibit 40, where—as Defendants note, *see* Dkt. No. 296 at 2 n.1—preexisting and unremovable yellow highlighter on the document meant that the third-party information is denoted with orange highlighter. So for that exhibit, the information highlighted in orange may properly remain sealed.

attorney-client privilege in exhibits 12, 13, 14, 17, 40, and 41 are necessary to protecting that privilege, or to refile those exhibits with only third-party names—and not client information—redacted. Finally, Plaintiff's request to this Court that Defendants be required to refile new versions of Dkt. No. 223-23 and Dkt. No. 256-24 is denied. These determinations are made only with respect to the information at issue at this stage of the case and on this record.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 296.

SO ORDERED.

Dated: November 23, 2022

_____
GREGORY H. WOODS
United States District Judge