PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS   (1927-1950)
JOHN F. WHARTON   (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3093

WRITER'S DIRECT FACSIMILE

(212) 492-0093

WRITER'S DIRECT E-MAIL ADDRESS

jjohnson@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
KANESH BALASUBRAMANIAM*
SCOTT A. BARSHAY
PAUL M. BASTA
LYNN B. BAYARD
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
PAUL D. BRACHMAN
GERALD BRANT
ROBERT A. BRITTON
WALTER F. BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
JOHN P. CARLIN
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
REBECCA S. COCCARO
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
TIHITINA DAGNEW
THOMAS V. DE LA BASTIDE III
MEREDITH R. DEARBORN*
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
CAROLINE B. EPSTEIN
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
KATHERINE B. FORREST
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
MANUEL S. FREY
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
IAN M. HAZLETT
BRIAN S. HERMANN
JOSHUA HILL JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
CHRISTOPHER HOPKINS
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
LUKE JENNINGS
JEH C. JOHNSON
ROGER JOHNSON*
DEIRDRE JONES*
MATTHEW B. JORDAN
CHRISTODOULOS KAOUTZANIS
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
ROBERT A. KILLIP
BRIAN KIM
KYLE J. KIMPLER
ROBERT A. KINDLER
JEFFREY L. KOCHIAN
ALEXIA D. KORBERG

DANIEL J. KRAMER
ANDREW D. KRAUSE
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
MATTHEW N. LEIST*
XIAOYU GREG LIU
RANDY LUSKEY*
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. McCOLM
JEAN M. McLOUGHLIN
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
SEAN A. MITCHELL
ERIN J. MORGAN
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
SUNG PAK
CRYSTAL L. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
ANASTASIA V. PETERSON
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
RAVI PUROHIT
VALERIE E. RADWANER
JEFFREY J. RECHER
LORIN L. REISNER
JEANNIE S. RHEE*
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY B. SAMUELS
PAUL L. SANDLER
AARON J. SCHLAPHOFF
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM
SCOTT A. SHER*
SUHAN SHIM
CULLEN L. SINCLAIR
MAURY SLEVIN
KYLE SMITH
AUDRA J. SOLOWAY
SCOTT M. SONTAG
JOSHUA H. SOVEN*
MEGAN SPELMAN
ROBERT Y. SPERLING
EYITAYO ST. MATTHEW-DANIEL
SARAH STASNY
BEN STEADMAN
AIDAN SYNNOTT
ROBERT D. TANANBAUM
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
ANDREA WAHLQUIST BROWN
JOHN WEBER
THEODORE V. WELLS, JR.
SAMUEL J. WELT
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
STACI YABLON
BOSCO YIU*
KAYE N. YOSHINO
TONG YU
TAURIE M. ZEITZER
KENNETH S. ZIMAN
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

September 19, 2023

By ECF

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP, et al.*,
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

We represent Defendants.

The parties' motions *in limine* were due last Friday.  On Friday plaintiff filed a single motion—a purported "Motion *in Limine* re: Spoliation of Evidence"—which is in fact an untimely, improper and frivolous attempt to litigate discovery issues a full two years and five months after the deadline for discovery expired and less than four months before trial, when the parties are otherwise working diligently to meet this Court's pre-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                                   2

trial submission deadlines.  Plaintiff's motion is a patent and abusive violation of the Court's discovery rules and prior rulings.  For the reasons briefly set forth below, Defendants respectfully request that the Court strike the motion forthwith or hold an immediate hearing to discuss such relief.  In the meantime, Defendants respectfully request a stay of their time to respond to Plaintiff's improper motion until the Court may act on this application.  Plaintiff advised that he does not consent to this application.

                       \*            \*           \*           \*

Plaintiff's *in limine* motion is based on the unsupported assertion that Defendants supposedly did not properly preserve and produce certain potential discovery material, among other issues.  It is on its face a long out-of-time Rule 37 discovery motion. The effort to bring it now, less than four months before trial, is just the latest in a series of attempts by Plaintiff to evade this Court's clear admonitions regarding discovery deadlines.  Requiring Defendants to file an opposition to this plainly improper motion at this time is both unfair and a wasteful expenditure of resources, at a time when those resources are deployed for trial preparation.  Having been told on several occasions that, if he wanted to pursue additional discovery, he needed to move to compel within the discovery period, Plaintiff appears to have now decided to ask for something even better—adverse inference instructions and sanctions against Defendants premised on alleged discovery failures, which he has not come close to establishing, and which he never even sought to establish.  Defendants should not be forced to litigate discovery motions Plaintiff never brought in the time permitted, years ago, simply because he has slapped an "*in limine*" label on them.

As this Court is aware, fact discovery began in this matter in December 2019 and closed on April 15, 2021—a deadline that was extended twice at Plaintiff's request.  At each juncture, the Court admonished the parties that the discovery deadlines imposed by the Court were "real."  *See* February 14, 2022 Hearing Tr. at 42:15–19 ("At the initial pretrial conference, I provided a long description of my expectations regarding the conduct of discovery in the case. I advised the parties that the deadlines I was setting were real deadlines and that they were deadlines for the completion of fact and expert discovery.").  When Plaintiff requested, on April 14, 2021, an additional extension, the Court rejected Plaintiff's request.  *See* April 14, 2021 Hearing Tr. at 28:21–29:1 ("[A]t the heart of the finding of good cause is a showing of diligence, and I have not seen a showing of diligence regarding plaintiff's choice not to bring to my attention what I understand now to be known discovery issues, or at least perceived discovery issues, on the part of plaintiff.").

Plaintiff's purported "*in limine*" motion complains that certain documents concerning his performance which he theorizes should exist—including certain reviews and mark-ups of his work—were not produced in discovery and, therefore, must have been improperly withheld or not preserved.  This is a discovery motion, pure and simple. Defendants, of course, dispute Plaintiff's accusations and *ad hominem* attacks and believe they are frivolous.  But regardless, any such complaints were required under the Court's prior orders to have been raised and litigated during the sixteen months this Court

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                    3

provided for discovery.  Plaintiff has offered no explanation whatsoever for why he did not raise these discovery issues or seek relief at that time, and there is none.  If the Court's discovery schedule is to be taken seriously, as the Court admonished the parties to do, Plaintiff's untimely discovery motion should be stricken immediately and the parties should be permitted to prepare for trial without further baseless detours and delays.

        We believe that the basis of Defendants' request for relief will be obvious to the Court on a cursory review of Plaintiff's motion and that the Court may act on this application immediately.  In the event the Court wishes to discuss this application, we are of course available at the Court's convenience.  We also respectfully request that the Court stay Defendants' time to respond to Plaintiff's motion until these issues may properly be addressed.[1]

Respectfully Submitted,

Jeh Charles Johnson

cc:     All counsel of record via ECF

---

[1]  In the event the Court would like Defendants to file an opposition to the motion, Defendants respectfully request an extension of Defendants' time to respond.  As the Court will see, Plaintiff's motion is replete with unsupported factual allegations, innuendo and *ad hominem* attacks  relating to the parties' discovery protocols, the searches that Defendants conducted, the existence or non-existence of certain supposed documents, and the protocols that were followed from the outset of this case forward (all of which are reasons the motion is an improper discovery motion which should not be permitted at this late date).  Addressing all these issues and revisiting the multi-year discovery process, while preparing for trial at the same time, will take considerable time.  In the event the Court permits Plaintiff's motion, Defendants therefore respectfully request 30 days from the Court's ruling on this application to oppose the motion.