September 19, 2023

**By ECF**
The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP,* et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

    I write on behalf of Plaintiff to (i) respond to Defendants' September 19, 2023 letter to the Court regarding Defendants' request that the Court excuse Defendants of their obligation to oppose Plaintiff's motion *in limine* based upon a "cursory review of Plaintiff's motion." ECF No. 331 at 3 ("Defendants' Letter"); (ii) request, pursuant to the Court's local rules, permission to provide the Court with electronic copies of the exhibits to be provided to the Court on September 22, 2023 by putting the electronic copies on a flash drive and mailing such exhibits to the Court; and (iii) request a one-day extension to provide Defendants with the pre-trial materials that were previously scheduled to be exchanged today (i.e., September 19, 2023) and tomorrow (i.e., September 20, 2023), in light of the disruption caused by Defendants' Letter.

    **Defendants' Letter**

    As an initial matter, Plaintiff has repeatedly asked Defendants to agree to provide the Court with a joint letter regarding disputes or to, at a minimum, inform the Court that we intend to file a response. Defendants have once again declined both of these requests in their latest filing. Accordingly, Plaintiff respectfully asks that if the Court receives a unilateral written submission from Defendants, that Plaintiff be given a reasonable amount of time to inform the Court of Plaintiff's position in a written submission prior to the Court making any rulings or decisions.[1]

    Second, since on or about August 17, 2023, Defendants knew Plaintiff "[would] seek to exclude . . . Davis Polk, Mr. Reid, and Mr. Bick, among others, from offering certain evidence or defenses due to spoliation and to also receive an adverse inference jury instruction against Davis Polk, Mr. Reid, and Mr. Bick." Almost a full month later, and after Defendants have read our filing, Defendants are now taking the position that the entire topic is so impermissible that this Court should (i) relieve Defendants of their obligation to oppose Plaintiff's motion in an opposition brief, or (ii) grant Defendants more than thirty-plus days to respond to Plaintiff's motion. To be clear, I participated in a meet-and-confer with counsel for Defendants on or around August 24, 2023. At no point during the meet-and-confer did Defendants state or suggest that the spoliation *topic* was an invalid *topic* for the parties' respective motions, let alone anything that comes close to the position taken in Defendants' Letter.

---

[1] Relatedly, Defendants attempt to turn every possible dispute or issue related to litigation into a referendum on Plaintiff's history with "deadlines" that two of the country's largest law firms can meet, should be seen by this Court for what it is.

September 19, 2023

Stated simply, **now that Defendants have seen the merits of Plaintiff's motion**, Defendants do not want to address it on the merits. Defendants have explicitly asked the Court to "strike" Plaintiff's motion and save Defendants from credible, case-law supported arguments concerning their alleged failure to preserve evidence—and to do so while engaging in a "cursory" reading of Plaintiff's Memorandum of Law. *See* Dkt. No. 331 at 2. For some reason, Defendants think they can make such requests without citing any caselaw to support the type of request that the Court suggested might warrant sanctions if not supported by proper briefing.[2] Defendants' request is improper, unnecessary, and wasteful of the parties' and the Court's resources.

Third, the arguments in Defendants' Letter are the types of arguments that should appear in their opposition brief. For the reasons detailed in Plaintiff's filing, among other arguments that Plaintiff hopes to be given a chance to put forth in a reply brief, courts have ruled against Defendants' Letter's core arguments. Plaintiff respectfully declines in this letter to make additional arguments in support of the relief sought in his motion, as doing so would give Defendants improper and additional unearned advantages prior to the filing of their opposition brief.

Fourth, Defendants' Letter states that "plaintiff filed a single motion." Dkt. No. 331 at 2. Defendants had knowledge of the topic at issue for over a month. Defendants should not need another month to respond to Plaintiff's "single motion."

Lastly, Plaintiff respectfully notes that the Court previously declined Plaintiff's request to extend the deadline to file and oppose the parties' respective motions *in limine* to October 20, 2023 and October 27, 2023, respectively. *See* Dkt. No. 320 (declining Plaintiff's extension request at Dkt. No. 318). At the time, the Court declined Plaintiff's request after Defendants argued to the Court that "[Defendants] believe that the nearly three months between now and the Court's September 22 filing deadline provides sufficient time for the submission of joint pre-trial materials." *See* Dkt. No. 316 (asking the Court to "enter the enclosed proposed order.") Now that Defendants' received Plaintiff's motion on September 15, 2023—that is, the date that Defendants pushed the Court to order the parties to comply with—Defendants now are asking the Court to grant them permission to, at a minimum, file their opposition brief "**30 days from the Court's ruling on this application of the motion**." Defendants' request is completely at odds with the process and rationale that led to Plaintiff being required to make significant sacrifices to have any chance of meeting the schedule Defendants' previously (and successfully) pushed for.

---

[2] *See* the Court's prior guidance regarding motions to strike at Dkt. No. 236 (the Court reminding the parties, "We have seen the standard with respect to the motions to strike. If you want to raise that you are welcome to but I'm going to strongly counsel to review the applicable case law to ensure that you don't present a frivolous argument to the Court.").

September 19, 2023

Plaintiff respectfully asks the Court to decline the requests in Defendants' Letter, including because their request will have the same impact on the timing of the case (and the opposing party) that the Court previously ruled (or suggested) was unacceptable or improper.[3]

### Plaintiff's Exhibits

Pursuant to the Court's local rules, Plaintiff respectfully notes that his trial exhibits are quite voluminous. Therefore, Plaintiff respectfully requests permission to provide the Court with electronic copies of the exhibits to be provided to the Court on September 22, 2023 by putting the electronic copies on a flash drive and mailing such exhibits and flash drive to the Court. Defendants previously asked Plaintiff to join them in making a similar request, but informed us today that they have changed their minds.

### Extension Request

As noted above, Defendants' decision to manufacture an issue to get an extension on a motion topic that they have known about since roughly August 17, and the manner in which they communicated and filed Defendants' Letter, has caused a disruption to the significant workstreams we are working hard to meet by the Court-ordered deadlines. Plaintiff respectfully requests a one-day extension, or to not be penalized if drafts are exchanged one day late, on those items that were scheduled to be exchanged today (i.e., September 19, 2023) and tomorrow (i.e., September 20, 2023). In other words, Plaintiff requests permission, if necessary, to provide Defendants with (i) his further edits to the joint pretrial order on September 20, 2023 (instead of September 19, 2023) and (ii) (a) mutual exchange of objections to exhibits and (b) mutual exchange of objections to counter-designations and further counter-counter-designations on September 21, 2023 (instead of September 20, 2023).

We thank the Court's for its attention to this matter.

Respectfully submitted,

/s/ David Jeffries

David Jeffries

cc (via ECF):

Jeh C. Johnson

---

[3] If the Court grants Defendants' request to oppose Plaintiff's motion at a later date, Plaintiff respectfully requests a reciprocal ruling so that Plaintiff will have the same amount of time to respond to Defendants' motion *in limine*. As the Court knows, Defendants' omnibus motion includes more than a "single motion." Here, Plaintiff respectfully requests that Plaintiff be extended similar courtesies and grace with respect to Court-ordered deadlines.

September 19, 2023

Bruce Birenboim
Susanna M. Buergel

*Attorneys for Defendants*