UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                    :

KALOMA CARDWELL,                        :

                           Plaintiff,       :          1:19-cv-10256-GHW

                     -v –                             :                 <u>ORDER</u>

DAVIS POLK & WARDWELL LLP, *et al.*,    :

                           Defendants.    :

------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/2023

GREGORY H. WOODS, United States District Judge:

On September 15, 2023, Plaintiff filed a motion *in limine* seeking sanctions for spoliation of evidence. Dkt. No. 326 ("Plaintiff's Motion"). On September 19, 2023, Defendants submitted a letter arguing that Plaintiff's Motion was "an untimely, improper, and frivolous attempt to litigate discovery issues" years past the close of discovery. Dkt. No. 331 at 1. Defendants request that the Court dispose of Plaintiff's Motion forthwith by striking it or holding a hearing and that it stay Defendants' September 28, 2023 opposition deadline in the meantime. *Id.* at 2. That same day, Plaintiff responded in his own letter, arguing that Defendants must instead make their arguments in their opposition to Plaintiff's Motion.

While Fed. R. Civ. P. 37 "does not establish any time limits within which a motion for sanctions must be filed, unreasonable delay may render such motions untimely." *Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 217 (S.D.N.Y. 2021) (quoting *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 886 (S.D.N.Y. 1999)). Plaintiff has not proffered any support for the reasonableness of its delay here. But Defendant cites no authority in support of its request that the Court strike Plaintiff's motion for untimeliness, asserting only that the impropriety of Plaintiff's Motion is "obvious." Dkt No. 331 at 3. The Court would benefit from further briefing on this matter.

The Court invites Defendant to submit a letter September 25, 2023 detailing the factual and legal support for its contention that Plaintiff's Motion is untimely. Plaintiff may submit a reply by September 27, 2023. The parties' letters may address *only* the issue of timeliness and may not address the merits of Plaintiff's Motion.

Pending the Court's decision on the timeliness of Plaintiff's Motion, the September 28, 2023 opposition deadline and the October 3, 2023 reply deadline for Plaintiff's Motion is stayed. Except as expressly modified by this order, the deadlines set by the Court's July 5, 2023 order remain in full force and effect.

Plaintiff's request to submit electronic copies of exhibits to the Court is granted in part and denied in part. The parties are directed to contact Judge Woods' Courtroom Deputy, Wileen Joseph, for instructions on how to download electronic copies of their exhibits for the Court's use. Ms. Joseph's contact information can be found on the Court's website. However, Plaintiff and Defendants must also submit paper copies of exhibits.

Plaintiff's request for extensions on the September 19, 2023 and September 20, 2023 deadlines to provide edits to the joint pretrial order, exchange exhibits, and exchange objections to counter-designations and further counter-counter-designations, is denied. Plaintiff is directed to the Court's Individual Rule 1(E), which requires requests for extensions of time to be made at least two business days prior to the original due date.

SO ORDERED.

Dated: September 20, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge