UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALOMA CARDWELL,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVIS POLK & WARDELL LLP, THOMAS REID, JOHN BICK, and DANIEL BRASS,<br><br>*Defendants*. | Case No. 19-cv-10256-GHW<br><br>**JOINT DESCRIPTION OF THE CASE AND OVERVIEW OF THE APPLICABLE LAW** |

Plaintiff Kaloma Cardwell, by and through his attorney, and Defendants Davis Polk & Wardwell LLP, Thomas Reid, John Bick, and Daniel Brass, by and through their attorneys, hereby submit this (i) Joint Description of the Case and (ii) Overview of the Applicable Law pursuant to the Court's March 3, 2023 Order (ECF No. 309) and July 5, 2023 Order (ECF No. 320).

## I. Brief Description of the Case

This lawsuit was filed by Plaintiff Kaloma Cardwell against Davis Polk & Wardell LLP ("Davis Polk" or the "Firm") and three individuals who are or were partners of the Firm: Thomas Reid, John Bick, and Daniel Brass. Cardwell brings claims for retaliation under two federal laws, known as Title VII and Section 1981, as well as under the New York State Human Rights Law and the New York City Human Rights Law, against Davis Polk and the three individual Defendants. Cardwell asserts that, during his employment at Davis Polk, he made legally protected complaints as an employee of Davis Polk, that Defendants had knowledge of his

legally protected complaints, and that Defendants unlawfully retaliated and terminated Cardwell's employment in response to the complaints that he made.

Defendants categorically deny that they retaliated against Cardwell for raising any concerns or complaints. Defendants also dispute that concerns Cardwell raised are legally protected, and dispute that they all had knowledge of those concerns. Defendants assert that Cardwell was terminated for lawful, non-retaliatory reasons.

Plaintiff seeks compensatory damages and punitive damages. Defendants assert that Plaintiff should not be awarded any compensatory or punitive damages.

## II.     Overview of the Applicable Law

The elements of Plaintiff's retaliation claims under Title VII, Section 1981, and the New York State Human Rights Law are the same. To succeed on those claims, Plaintiff must prove by a preponderance of the evidence that (1) Plaintiff participated in a protected activity; (2) that the Defendant at issue was aware of the protected activity at issue; (3) that plaintiff was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse; and (4) there is a causal connection between the protected activity and the materially adverse action or actions. *See Carr* v. *N.Y.C. Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023). Plaintiff must show the actions are "materially adverse," which is defined as any action that could well "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Id.* at 179 (quoting *Burlington N. & Santa Fe Ry. Co.* v. *White*, 548 U.S. 53, 68 (2006)). For the federal and state law claims, Plaintiff must prove that the but-for cause of the alleged adverse employment action was Plaintiff's protected activity. *Zann Kwan* v. *Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013). "However, 'but-for' causation does not require proof that retaliation was the only cause

of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Zann Kwan*, 737 F.3d at 846.

The New York City Human Rights Law ("NYCHRL") also prohibits retaliation. To succeed on the unlawful retaliation claim under the NYCHRL, Plaintiff must show by a preponderance of the evidence that (1) "he or she engaged in a protected activity. . . , (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct." *Bilitch* v. *N.Y.C. Health & Hosps. Corp.*, 148 N.Y.S. 3d 238, 246 (2d Dep't 2021). Under the NYCHRL, this means that the plaintiff must show that the complained-of conduct "was motivated, in part, by retaliation." *Ya-Chen Chen* v. *City Univ. of N.Y.*, 805 F.3d 59, 77 (2d Cir. 2015).

Dated: September 22, 2023

By /s/ David Jeffries
David Jeffries
David Jeffries Attorney at Law
1345 6th Avenue
Ste 33rd Floor
New York, NY 10019
Telephone: 212-601-2770
Facsimile: 212-729-7490
djeffries@jeffrieslaw.nyc

*Attorney for Plaintiff*

By /s/ Jeh C. Johnson
Bruce Birenboim
Jeh C. Johnson
Susanna M. Buergel
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas

New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bbirenboim@paulweiss.com
jjohnson@paulweiss.com
sbuergel@paulweiss.com


Martha L. Goodman
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7341
Facsimile: (202) 330-5921
mgoodman@paulweiss.com

*Attorneys for Defendants*