**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KALOMA CARDWELL,

          *Plaintiff*,

      v.

DAVIS POLK & WARDWELL LLP, et al.,

          *Defendants*.

Case No. 19-cv-10256-GHW

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

---

       In accordance with the Court's Order entered July 5, 2023 (ECF No. 320) and section 5.C.i of this Court's Individual Rules of Practice, Defendants Davis Polk & Wardwell LLP, Thomas Reid, John Bick, and Daniel Brass (collectively, "Defendants") respectfully submit their proposed jury instructions. Instruction Nos. 1–14 are proposed opening instructions to be given to the jury at the beginning of the case. Instruction Nos. 15–54 are proposed closing instructions to be given to the jury at the end of the case.

       Defendants reserve all rights to amend and/or supplement these proposed instructions and/or submit additional instructions, including as may become necessary depending on how the Court rules on pending and forthcoming motions and as the evidence and case develops during trial, to propose revisions to the Court's proposed instructions, and to propose revisions, object to, or otherwise respond to Plaintiff's proposed instructions.

DATED:  September 22, 2023

By    *s/* Jeh C. Johnson
      Bruce Birenboim
      Jeh C. Johnson
      Susanna M. Buergel
      PAUL, WEISS, RIFKIND, WHARTON
      & GARRISON LLP
      1285 Avenue of the Americas
      New York, New York 10019
      Telephone:  (212) 373-3000
      Facsimile:  (212) 757-3990
      bbirenboim@paulweiss.com
      jjohnson@paulweiss.com
      sbuergel@paulweiss.com

      Martha L. Goodman
      PAUL, WEISS, RIFKIND, WHARTON
      & GARRISON LLP
      2001 K Street, NW
      Washington, DC 20006-1047
      Telephone:  (202) 223-7341
      Facsimile:  (202) 330-5921
      mgoodman@paulweiss.com

      *Attorneys for Defendants*

JURY INSTRUCTION NO. 1.

<u>General Introduction (Opening Instruction)</u>

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. This is a civil lawsuit, which we sometimes refer to as a civil action. In a civil lawsuit such as this one, the party who sues is called a plaintiff. In this action, the plaintiff is Kaloma Cardwell. You will hear references to him as "Plaintiff" or Mr. Cardwell. The parties being sued are called the defendants. In this action, the defendants are Davis Polk & Wardwell LLP, Thomas Reid, John Bick, and Daniel Brass. You will hear them referred to collectively as "Defendants," or individually as Davis Polk, Mr. Reid, Mr. Bick, and Mr. Brass.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I may sometimes refer to myself as the "Court."

I will decide what rules of law apply in the case. I'm going to do that by making legal rulings during the presentation of the evidence, and also in giving final instructions to you after all of the evidence and the arguments have been completed.

In order for me to do my job, it may be necessary for me from time to time to interrupt the proceedings in order to confer with the attorneys about the rules of law that should apply here. Sometimes we'll speak up at the bench outside of your hearing. Some of those conferences may take more time than others, so as a convenience to you, I may excuse you from the courtroom. I will try to avoid that kind of interruption as much as possible, but I ask you at the outset to please be as patient as you can. You should understand that those conferences are necessary to ensure the fairness of the trial, and oftentimes those conferences have the effect of making the trial proceed faster.

Now, while I decide the law that applies to this case, it is you, ladies and gentlemen of the jury, who are the triers of fact. You weigh the evidence that is presented, and decide whether Plaintiff has proven by a preponderance of the evidence that any Defendant is liable to him. You have to pay close attention to all of the evidence that is presented, and you must base your decision only on the evidence in the case and my instructions about the law. By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments or comments on the internet about the trial.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

*Sources*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 101:01 (6th ed. 2023); Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 24–41 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 2.

<u>Order of Trial (Opening Instruction)</u>

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, Plaintiff will present evidence in support of his claims and Defendants' lawyers may cross-examine the witnesses. At the conclusion of Plaintiff's case, Defendants may introduce evidence and Plaintiff's lawyer may cross-examine the witnesses. Defendants are not required to introduce any evidence or to call any witnesses.

In this case, the Defendants have some witnesses in common with the Plaintiff, so rather than asking each witness to testify twice, both during the Plaintiff's case and the Defendants' case, Defendants' lawyers may present their case while the witness is on the stand and has been called by Plaintiff. Plaintiff's counsel will have the opportunity to cross-examine any witnesses on their testimony for the Defendants.

Following the Plaintiff's case, the Defendants will present their case. Defendants have no obligation to present evidence. It is the Plaintiff's burden to prove each element of his claims against Defendants by a preponderance of the evidence.

After the presentation of evidence is completed, the attorneys will deliver their closing arguments to summarize and interpret the evidence that has been presented during the course of the trial. Now, in the same way that the opening statements that you are about to hear are not evidence, the closing arguments are not evidence either.

Following the closing arguments, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case after deliberating on your verdict, which must be unanimous and must be based on the evidence presented at trial. Your deliberations will occur in secret.

*Sources*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 101:02 (6th ed. 2023); Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 39–41 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 3.

<u>Claims and Defenses (Opening Instruction)</u>

I'm going to give you detailed instructions on the law at the close of the trial. Those instructions will be the controlling statement of the law in the case and will guide your deliberations. Still, I'm going to tell you now the basic elements of the principal legal claims in this case. I will elaborate on these elements later. For now, I hope that this brief overview of the law will help you to frame the evidence that you will see and hear over the next period of time.

Plaintiff has sued Defendants under the federal law called Title VII of the Civil Rights Act of 1964, the federal law known as Section 1981, the New York State Human Rights Law, and the New York City Human Rights Law. These laws prohibit retaliation by an employer against an employee for engaging in "protected activities," such as complaining about discrimination to his employer.

I will discuss this with you in greater detail later, but I want you to understand at the outset that there are no claims for discrimination in this case. You are being asked to address Plaintiff's claims for retaliation. You are not being asked to consider whether any Defendant discriminated against Plaintiff because he is Black. Although you will hear references to and testimony about Plaintiff discussing issues of racial exclusion or racial bias, or raising discrimination complaints, there are no claims for discrimination in the matter we are trying and you are not being asked to determine whether any Defendant discriminated against Plaintiff based on race.

Let me turn now to the claims of retaliation that you are being asked to consider.

In order to prove his retaliation claim under federal and state law, Plaintiff must prove that he engaged in a protected activity. Plaintiff also has the burden of proving that the Defendant you are considering knew about the protected activity and took an adverse action because of that protected activity. The adverse action must be one that would dissuade a reasonable worker from engaging in that protected activity, and Plaintiff must prove that the

Defendant you are considering would not have taken the adverse action without some retaliatory motive.

In order to prove his retaliation claim under New York City law, Plaintiff must prove the same first two elements as under federal and state law: that he engaged in a protected activity, and that the defendant you are considering knew about the protected activity. But the last two elements are a bit different: Plaintiff must prove that the Defendant you are considering engaged in conduct that was reasonably likely to deter a person from engaging in that protected activity and that that conduct was motivated at least in part by the protected activity—in other words, that retaliatory motive played a part in that Defendant's conduct.

The positions of the parties can be summarized as follows:

Plaintiff Kaloma Cardwell claims that Defendants retaliated against him by issuing negative performance reviews, not assigning him sufficient work, and terminating his employment after he complained about race-related exclusion and filed an EEOC charge of race discrimination and retaliation. Again, there is no claim of race discrimination in this case. The claims before you in this case are claims of retaliation, and Mr. Cardwell has the burden of proving these claims.

Defendants deny all of Plaintiff's claims. Defendants contend that there was no retaliatory motive on their part, that there was no causal connection between Plaintiff's race-related exclusion complaints and any employment actions taken, and that any and all employment actions taken with respect to Plaintiff were based on his unsatisfactory work performance. Defendants never reduced Plaintiff's salary or his benefits while he was employed at Davis Polk.

*Sources*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 101:03 (6th ed. 2023); Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 31–33 (S.D.N.Y.) (Woods, J.); Jury Instructions in *Singson* v. *City of Millbrae*, 2012 WL 3247708 (N.D. Cal. May 1, 2012) ("The Plaintiff . . . alleges that he filed internal complaints, a complaint with [a state agency] and lawsuit . . . alleging racial discrimination in employment, and that the Defendants in this case . . . retaliated against him for filing these complaints. The racial discrimination claims have been

dismissed, but the retaliation claims are now before you for determination. The Plaintiff has the burden of proving these claims.").

JURY INSTRUCTION NO. 4.

<u>Evidence in the Case (Opening Instruction)</u>

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been stipulated to and that you must take as true for purposes of this case.

Stipulations of fact are evidence in the case. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must accept the stipulation as evidence.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

*Sources*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 101:40 (6th ed. 2023); Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 26 (S.D.N.Y.) (Woods, J.); Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 67–69 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 5.

<u>What Is Not Evidence (Opening Instruction)</u>

In deciding the facts of this case, you are not to consider the following as evidence:

First, statements and questions by the lawyers are not evidence. Also, statements that I make or any questions that I ask of a witness are also not evidence. Arguments by the lawyers are also not evidence.

Second, objections to evidence are not themselves evidence. So if a lawyer objects to a question, the objection itself is not evidence. You should all know that lawyers have an obligation to make an objection when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced either by the objection or by my ruling on them.

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted. Sometimes, instead of saying sustained, I'll ask the lawyer to rephrase the question. So if I sustain an objection or if I ask a lawyer to rephrase the question, you should ignore the previous question and you should ignore any answer that may have been provided to that question. You should not draw any inferences or conclusions from the question. If I overrule an objection, you should treat the answer just like any other answer that may be provided during the course of trial.

You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

When I say "admitted into evidence" or "received into evidence," it means that a particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case. If during the course of trial I instruct that some item of evidence is received for a limited purpose only, you must follow that instruction.

Third, any testimony that I may exclude or that I may tell you to disregard is not evidence and must not be considered by you.

And fourth, anything that you may have seen or heard outside of the courtroom is not evidence and must be disregarded. You are to decide the case based solely on the evidence that is presented here in this courtroom.

*Sources*:  3 O'Malley et al., *Federal Jury Practice & Instructions* §§ 101:01, 101.44 (6th ed. 2023); Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 28–29 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 6.

<u>Direct and Circumstantial Evidence (Opening Instruction)</u>

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is proof of facts from which you can infer or conclude that other facts exist. The word "infer" or the expression "to draw an inference" means to find that a fact exists from proof of some other fact. An inference is only to be drawn if it is logical and reasonable to do so, and not by speculation or guesswork. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a fact exists on the basis of another fact which has been shown to exist.

There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that as you're sitting here, all of the blinds were drawn and you could not look outside. Assume that somebody walks in with an umbrella that was dripping wet, and then a few moments later somebody else walked into the courtroom with a raincoat that was also dripping wet.

Now, because you could not look outside of the courtroom and you could not see the fact that it was raining, you would have no direct evidence of the fact that it was raining. However, on the combination of the facts that I've just described about the wet umbrella and the wet raincoat, it would be reasonable and logical for you to conclude that it was raining outside.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

*Sources*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 74.01, Instruction 74-2 (2023); 4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 75.01, Instruction 75-1 (2023); Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 26–28 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 7.

<u>Credibility of Witnesses (Opening Instruction)</u>

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things he or she testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

It's very important, however, that you keep an open mind until you have heard all of the evidence. That is because a case can only be presented step-by-step, witness-by-witness. You all likely know from experience that you can hear one person give his or her version of an event and you think it sounds very impressive or even compelling; and yet, upon hearing another person's version of the same event or, in this context, perhaps even the same person in the context of cross-examination with respect to the event, things may seem very different. In other words, there may be another side to any witness's story. You should keep that in mind.

You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. I cannot emphasize too strongly that you should keep an open mind throughout the case until the trial is over. You should not reach any conclusions until you have all of the evidence in front of you -- until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

*Sources*:  Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 24–41 (S.D.N.Y.) (Woods, J.); 3 O'Malley et al., *Federal Jury Practice & Instructions* § 101:43 (6th ed. 2023).

JURY INSTRUCTION NO. 8.

<u>Expert Witnesses (Opening Instruction)</u>

The parties may call expert witnesses to testify regarding certain issues. Expert testimony is presented to you on the theory that someone who is experienced in the field may be able to assist you in understanding the evidence and in reaching your independent decision on the facts.

In weighing this expert testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept expert testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

*Sources*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 76.01, Instruction 76-9 (2023); Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 24–41 (S.D.N.Y.) (Woods, J.)

JURY INSTRUCTION NO. 9.

<u>Burden of Proof (Opening Instruction)</u>

This is a civil case and, as such, Plaintiff has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. The fact that Plaintiff proves by a preponderance of the evidence, or the fact that Defendants do not dispute certain elements of a claim, does not mean that other elements of the claim have been proven by the Plaintiff by a preponderance of evidence. Each element must be considered and evaluated on its own.

If after considering all of the testimony you are satisfied that Plaintiff has carried his burden, then you must find for Plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then you must find for Defendants.

*Source*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 73.01, Instruction 73-1 (2023).

JURY INSTRUCTION NO. 10.

<u>Preponderance of the Evidence (Opening Instruction)</u>

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party who has the burden of proof. In this case, it is the Plaintiff that has the burden of proof.

To put it differently, imagine that you were reviewing Plaintiff's claims against Defendants' position on those claims. If you were to put all of the evidence that supported Plaintiff's claims on one side of the scale, and the evidence that supports Defendants' position on the other side of the scale, Plaintiff would only have to make the scales tip somewhat in his favor in order to prove his claim by a preponderance of the evidence. Now, if Plaintiff fails to do that, including if the scale is exactly balanced, he has not met his burden, and your verdict must be for Defendants. I'll instruct you further on the burden of proof after all of the evidence has been received.

*Sources*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 73.01, Instruction 73-2 (2023); Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 24–41 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 11.

<u>Sympathy or Bias (Opening Instruction)</u>

You are required to evaluate the evidence calmly and objectively, and you must be completely fair and impartial. Your verdict must be based solely on the evidence introduced at this trial, or the lack of evidence. The parties in this case are entitled to a trial free from prejudice or bias for or against either side. Our judicial system works only if you reach your verdict through a completely fair and impartial consideration of the evidence.

In deciding the facts of the case, it would be improper for you to consider any personal feelings you may have about any party or any witness, or any other such irrelevant factor. This case must be decided by you as an action between parties of equal standing in the community and of equal worth. All parties are entitled to the same fair trial. The Plaintiff and the Defendants stand as equals before the law and are to be dealt with as equals in this Court.

*Source*:  Jury Instructions in *Grandy* v. *Manhattan & Bronx Surface Transit Oper. Auth.*, 1:16-cv-06278-VEC, ECF No. 174, at 6–7 (S.D.N.Y.) (Caproni, J.).

JURY INSTRUCTION NO. 12.

<u>Jury Conduct (Opening Instruction)</u>

To insure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict. The reason for this requirement is what I've already described: You must not reach any conclusion on the claims and defenses until all of the evidence is in. As I said, keep an open mind until you start your deliberations at the end of the case.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. No communicating in any way, whether in writing, through email, text message, blogs, social media, websites or apps, whether Facebook, Twitter/X, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, whatever it may be, do not communicate about the case. You may tell people that you are a juror, but do not tell them anything else about the case.

3. Do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If anybody should attempt to communicate with you about the case at any time through the trial, either in or out of the courthouse, immediately report that to [courtroom deputy] and to no one else. When I say you shouldn't tell anyone else, I mean do not even tell your fellow jurors, just tell [courtroom deputy] and we will take it from there.

4. During the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6. Do not conduct any independent research into the case or the people or issues involved in it at all. Do not go visit any place that may be mentioned during the course of the trial; do not read or listen to or watch any news reports about the case, if there are any. In the same way that you may not search or review any traditional sources of information about the case, you must not search the internet or read any comments on the internet or use any other electronic resources for information gathering to learn information about the case or the witnesses or the parties involved in it. That, again, is for the very basic and profound reason that your decision in this case must be made solely on the basis of the evidence that is presented to you here in this courtroom, along with the instructions on the law that I will provide. In other words, all that you need to know will be presented to you here in open court by the very capable counsel who represent each of the parties here. Please inform me immediately through [courtroom deputy] if you become aware of any other jurors' violations of these instructions.

Also, be sure that I'm informed if any person that you happen to know may come into the courtroom. This is a public trial, so that could happen. It's important that you not hear from any such person what may have happened in the courtroom while the jury was not present. So if you do happen to see somebody walk into the courtroom that you know, please again just hand a note to [courtroom deputy] and we'll take it up from there.

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8. If you need to tell me something, simply give a signed note to [courtroom deputy] to give to me.

*Sources*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 101:11 (6th ed. 2023); Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 33–37 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 13.

<u>Note-Taking by Jury (Opening Instruction)</u>

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Now, you do not have to take notes. Notes are just an aid to your own recollection. It is your memory that controls.

Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations. Once you are in your deliberations, if there's a disagreement between one juror's notes and another juror's notes, or between one juror's notes and another juror's recollection, you can ask to have the court reporter read back to you the relevant testimony, not any particular juror's notes.

I'm going to ask [courtroom deputy] to hand each of you a notepad and a pencil so that you can take notes. If you do take notes, please do so only in these notepads. Do not take the notes home with you. You should leave your notebooks in the jury room, both during our lunch breaks and at the end of the day.

*Sources*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 71.02, Instruction 71-16 (2023); Opening Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 201, at 37–38 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 14.

<u>Questions By Jurors (Opening Instruction)</u>

Jurors normally do not ask a witness questions. However, I allow jurors to ask important questions during the trial under certain conditions.

If you feel the answer to your question would be helpful in understanding the issues in the case, please raise your hand after the lawyers have completed their examination but before I have excused the witness. You will then be given pen and paper with which to write your question for the witness.

I will talk privately with the lawyers and decide whether the question is proper under the law. If the question is proper, I will ask the witness the question. Some questions may be rewritten or rejected. Do not be concerned if the question is not asked.

Do not discuss your question with anyone, including the courtroom deputy or clerk. Remember, you are not to discuss the case with the other jurors until it is submitted for your decision.

If you have difficulty hearing a witness or lawyer, please raise your hand immediately.

*Source*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 101:17 (6th ed. 2023).

JURY INSTRUCTION NO. 15.

<u>General Introduction: Roles of Jury and Judge</u>
<u>(Closing Instruction)</u>

Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

As members of the jury, you are the sole and exclusive judges of the facts. You pass judgment upon the evidence. You determine the credibility of the witnesses. You resolve any conflicts in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

My role is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was relevant under the law for your consideration. On these legal matters, you must take the law as I give it to you. You must not substitute your own notions or opinions of what the law is or ought to be. Similarly, if any party has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

*Sources*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 103:01 (6th ed. 2023); Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 64–65 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 16.

<u>Court Rulings on Evidence and Objections (Closing Instruction)</u>

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right, but the duty, to make legal objections when they think that such objections are appropriate.

Nothing I say is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation that govern.

Also, do not draw any inference from any of my rulings. The rulings I made during trial are no indication of any view on my part. You should not seek to find any such view or opinion on my part, nor should you otherwise speculate as to what I may think.

Further, do not concern yourself with what was said at any sidebar conferences or during my discussions with counsel. Those discussions were related to rulings of law.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I may have asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case by reason of any comment, question, or instruction of mine.

Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

Finally, the personalities and the conduct of counsel are not in any way an issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, as to whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

*Source*:  Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 65–67 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 17.

<u>All Persons Equal Before the Law—Organizations (Closing Instruction)</u>

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Defendant Davis Polk is a partnership. A partnership is entitled to the same fair trial as a private individual. All persons, including partnerships and other organizations, stand equal before the law, and are to be treated as equals.

*Source*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 103:12 (6th ed. 2023).

JURY INSTRUCTION NO. 18.

<u>Multiple Defendants (Closing Instruction)</u>

Although there is more than one Defendant in this action, it does not follow from that fact alone that if one Defendant is liable to the Plaintiff, all Defendants are liable. Each Defendant is entitled to a fair consideration of the evidence. No Defendant is to be prejudiced should you find against another.

You must consider each claim and each Defendant separately and must evaluate each on the evidence or lack of evidence that relates to that claim. Plaintiff must establish all of the elements of a claim before you can find a Defendant to be liable. If any one element is not met as to a Defendant, then you must return a verdict in favor of that Defendant on that claim.

*Sources*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 103:14 (6th ed. 2023); Jury Instructions in *Keith* v. *Hart*, 1:17-cv-04477-VEC, ECF No. 111, at 11–12 (S.D.N.Y.) (Caproni, J.).

JURY INSTRUCTION NO. 19.

<u>Stipulation of Facts (Closing Instruction)</u>

You have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. It is for you, however, to determine the effect to be given to any stipulated facts.

*Sources*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 74.02, Instruction 74-4 (2023); Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 69 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 20.

<u>What Is and Is Not Evidence  (Closing Instruction)</u>

The evidence in the case consists of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who produced the exhibits.

3. All facts that were stipulated and that you must take as true for purposes of this case.

You are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instructed you to disregard, and anything you may have seen or heard when the Court was not in session even if what you saw or heard was done or said by one of the parties or by one of the witnesses.

*Source*:  3 O'Malley et al., *Federal Jury Practice & Instructions* §§ 101:40, 101:44 (6th ed. 2023).

JURY INSTRUCTION NO. 21.

<u>Redaction of Exhibits (Closing Instruction)</u>

Some of the exhibits received in evidence include documents that have been redacted. Redacted means that part of the document was taken out. This may be done for any number of reasons, including to protect client information or an individual's privacy. You are to consider only the part of the document that has been admitted into evidence. You should not concern yourself with why portions of the document have been redacted, nor should you speculate as to what information the redacted portions may contain.

*Source*:  Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 71–72 (S.D.N.Y.) (Woods, J.)

JURY INSTRUCTION NO. 22.

<u>Bench Conferences and Recesses (Closing Instruction)</u>

From time to time it became necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I did not wish to cause you any delay, but these conferences were necessary. I apologize for any inconvenience. I did what I could to limit the number and length of these conferences.

*Source*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 102:02 (6th ed. 2023).

JURY INSTRUCTION NO. 23.

<u>Depositions (Closing Instruction)</u>

You have heard reference during the trial to depositions, and portions of depositions have been played or read to you during the trial. A deposition is a procedure where the attorneys may question a witness or an adversary under oath before a court stenographer prior to trial. This is part of the pretrial discovery process, and each side was entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

*Sources*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 74.07, Instruction 74-14 (2023); Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 67–69 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 24.

<u>Witness Credibility (Closing Instruction)</u>

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other piece of evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor— that is, his or her behavior, bearing, manner, and appearance while testifying?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party, as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and personally know the things about which he or she testified; the accuracy of the witness's memory; the witness's candor or lack of candor; the witness's intelligence; and the consistency and corroboration or lack of consistency and corroboration of the witness's testimony with other credible testimony.

In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

*Source*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 76.01, Instruction 76-1 (2023).

JURY INSTRUCTION NO. 25.

<u>Discrepancies in Testimony (Closing Instruction)</u>

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

*Source*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 76.01, Instruction 76-4 (2023).

JURY INSTRUCTION NO. 26.

Prior Inconsistent Statements (Closing Instruction)

You have heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement was placed before you to help you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Evidence of a prior inconsistent statement by a witness may be considered by you both as affirmative evidence in determining liability and for purposes of helping you decide whether to believe the testimony of that party.

*Sources*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 76.01, Instruction 76-5 (2023); Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 76–77 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 27.

<u>Use of Interrogatories</u>

Evidence was presented to you in the form of written answers of one of the parties in response to interrogatories, a legal term essentially meaning written questions, submitted by the other side. These answers were given in writing and under oath before this trial.

You must give the answers the same consideration as if the answers were made from the witness stand.

*Source*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 102:24 (6th ed. 2023).

JURY INSTRUCTION NO. 28.

<u>Summaries and Charts Admitted as Evidence (Closing Instruction)</u>

[Plaintiff has / Defendants have] presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

*Source*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 74.06, Instruction 74-11 (2023).

JURY INSTRUCTION NO. 29.

<u>Summaries and Charts Not Admitted as Evidence (Closing Instruction)</u>

There were also certain charts, summaries, or other visual aids presented that I did not formally admit into evidence. These visual aids were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these visual aids than you would give to the evidence upon which they are based.

It is for you to decide whether the visual aids correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the visual aids if you find that they are of assistance to you in analyzing and understanding the evidence.

*Source*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 74.06, Instruction 74-12 (2023).

JURY INSTRUCTION NO. 30.

Burden of Proof: Preponderance of the Evidence (Closing Instruction)

Before I instruct you on the issues you must decide, I want to remind you that the standard that applies in this case is the preponderance of the evidence.

Plaintiff has the burden of proving every element of his claim to you by a preponderance of the evidence.

What does a "preponderance of evidence" mean? It means more likely true than not true. It means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between Plaintiff and Defendants—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against Plaintiff and for Defendants. That is because Plaintiff must prove more than simple equality of evidence—he must prove every element by the greater weight of the evidence. On the other hand, he need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the Plaintiff—that what Plaintiff claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

*Sources*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 73.01, Instructions 73-1, 73-2 (2023); Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 80–81 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 31.

Mr. Cardwell's Claims for Unlawful Retaliation: Introduction (Closing Instruction)

Mr. Cardwell has brought four separate claims against Defendants, arising under federal, state, and city law.

In a moment I'm going to instruct you on the law for these claims.

Before I do that, I am going to briefly state the positions of the parties. In stating these positions, I express no opinion regarding the facts, because you, the jury, are the sole judges of the facts. If in my summary I do not accurately and completely state the facts in the case, you should disregard my statement of the facts. Again, you alone are the sole judges of the facts.

I also want to remind you that you are being asked to address Plaintiff's claims for retaliation.  You are not being asked to consider whether any Defendant discriminated against Plaintiff because he is Black. There is no claim of race discrimination in this case. The claims before you in this case are claims of retaliation, and Mr. Cardwell has the burden of proving these claims.

Mr. Cardwell, the Plaintiff, claims that Defendants retaliated against him by issuing negative performance reviews, not assigning him sufficient work, and terminating his employment after he complained about race-related exclusion and filed an EEOC charge.

Defendants deny all of Plaintiff's claims. Defendants contend that there was no retaliatory motive on their part, that there was no causal connection between any complaints of discrimination and any actions taken, and that Plaintiff's unsatisfactory work performance was the reason he was told to leave the Firm. Defendants also contend that many of the times Plaintiff mentioned or discussed racial exclusion or bias are not legally protected complaints of discrimination.

*Sources*:  Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 81–83 (S.D.N.Y.) (Woods, J.); Jury Instructions in *Singson* v. *City of Millbrae*, 2012 WL 3247708 (N.D. Cal. May 1, 2012) ("The Plaintiff . . . alleges that he filed internal complaints, a complaint with [a state agency] and lawsuit . . . alleging racial discrimination in employment, and that the Defendants in this case . . . retaliated against

him for filing these complaints. The racial discrimination claims have been dismissed, but the retaliation claims are now before you for determination. The Plaintiff has the burden of proving these claims.").

JURY INSTRUCTION NO. 32.

<u>Mr. Cardwell's Claim for Unlawful Retaliation Under Federal and State Law (Closing Instruction)</u>

Plaintiff has brought claims for retaliation under the federal law known as Title VII of the Civil Rights Act of 1964, the federal law known as Section 1981 (42 U.S.C. § 1981(a)), the New York State Human Rights Law (§ 296(1)(e)), and the New York City Human Rights Law (Administrative Code § 8-107(7)). Because the elements of his claims under the two federal laws and the state law are the same, I will instruct you as to all three of those claims together. I will instruct you on the elements of Plaintiff's city law claim separately.

Plaintiff claims Defendants retaliated against Plaintiff because Plaintiff raised concerns and complaints about race-related exclusion at Davis Polk.

Title VII, Section 1981, and the New York State Human Rights Law prohibit an employer from taking any retaliatory action against an employee because the employee has engaged in protected activity. I will explain "protected activity" and the elements of Plaintiff's claim in further detail in the following instructions.

To succeed on Plaintiff's claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

(1) that he engaged in a "protected activity";

(2) that the "protected activity" Plaintiff engaged in was known to each Defendant you are considering;

(3) that Plaintiff suffered a "material adverse action"; and

(4) that the Defendant you are considering took the material adverse action because of Plaintiff's "protected activity."

You need not find that the only reason for Defendants' decision was Plaintiff's complaints. But you must find that Defendants' decision to terminate Plaintiff, or Plaintiff's negative performance reviews and reduction in hours, would not have occurred in the absence of his complaints.

*Sources*:  3 O'Malley et al., *Federal Jury Practice & Instructions* §§ 171:25 (Title VII), 170.24 (Section 1981) (6th ed. 2023); Sand et al., *Diamond Modern Federal Jury Instructions-Civil* 11.5 (Title VII) (2023); Jury Instructions in *Bouveng* v. *NYG Capital LLC*, 1:14-cv-05474-PGG-DCF, ECF No. 219, at 19–20 (S.D.N.Y.) (Gardephe, J.); *Univ. of Tex. Sw. Med. Ctr*. v. *Nassar*, 570 U.S. 338, 359–62 (2013); *Zann Kwan* v. *Andalex Group LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (*Nassar* and *Zann Kwan* cited in Mem. Op. & Order, ECF No. 305, at 64–65 (Woods, J.)).

JURY INSTRUCTION NO. 33.

<u>Federal and State Law: Retaliation – "Protected Activity" Element</u>

One element of a retaliation claim under the federal and state laws is that the activity Plaintiff engaged in that allegedly resulted in retaliation against him was a protected activity.

"Protected activity" includes an employee's conduct in opposing unlawful discrimination by complaining about discrimination to the employer or making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation or legal proceeding or hearing.

Plaintiff contends that he engaged in protected activity in several different instances.

It is for you to decide if Plaintiff has proven by a preponderance of credible evidence that he took certain actions and, if you determine that he did, whether each action constitutes "protected activity" as I have defined that term.

*Sources*:  Jury Instructions in *Bouveng* v. *NYG Capital LLC*, 1:14-cv-05474-PGG-DCF, ECF No. 219, at 20–21 (S.D.N.Y.) (Gardephe, J.); Sand et al., *Diamond Modern Federal Jury Instructions-Civil* 11.5 (Title VII) (2023).

JURY INSTRUCTION NO. 34.

Federal and State Law: Retaliation – "Knowledge" Element

The next element of a retaliation claim under federal and state law is that you must consider each Defendant's knowledge separately. In order for the Defendant you are considering to have retaliated against the Plaintiff, you must determine, in addition to the other elements I have discussed with you or will discuss with you shortly, that Plaintiff has proven by a preponderance of credible evidence that that particular Defendant knew of the protected activity.

With respect to individual Defendants Mr. Reid, Mr. Bick, and Mr. Brass, Plaintiff must show that each had personal knowledge of any activity you determine constitutes a "protected activity" as I have instructed you on that element.

With respect to Davis Polk, Plaintiff must prove by a preponderance of credible evidence that there was general corporate knowledge.  General corporate knowledge may arise when a supervisor or corporate officer becomes aware of any activity you determine constitutes a "protected activity" as I have defined that term.

*Sources*:  Jury Instructions in *Bouveng* v. *NYG Capital LLC*, 1:14-cv-05474-PGG-DCF, ECF No. 219, at 20–21 (S.D.N.Y.) (Gardephe, J.) (citing *Summa* v. *Hofstra Univ.*, 708 F.3d 115, 125-26 (2d Cir. 2013) ("Nothing more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity . . . .") (internal quotation marks and citation omitted); *Zann Kwan* v. *Andalex Group LLC*, 737 F.3d 834, 844 (2d Cir. 2013) ("[F]or purposes of a prima facie case, a plaintiff may rely on 'general corporate knowledge' of her protected activity to establish the knowledge prong of the prima facie case."); *Reed* v. *A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1178 (2d Cir. 1996) ("[B]y complaining to an officer of the company, . . . the plaintiff was in effect communicating her concerns about [her coworker's] comments to [the company].").); Mem. Opinion & Order, ECF No. 305, at 47–48 (Woods, J.) (citing *Armstrong* v. *Metro Transp. Auth.*, No. 07-cv-3561, 2014 WL 4276336, *20 (S.D.N.Y. Aug. 28, 2014); *Stern* v. *State Univ. of N.Y., No. 16-cv-5588*, 2018 WL 4863588, at *18 (E.D.N.Y. Sept. 30, 2018)).

JURY INSTRUCTION NO. 35.

Federal and State Law: Retaliation – Causing a Material Adverse Action Because of a
Protected Activity (Closing Instruction)

The final elements of a retaliation claim under federal and state law are that Defendants caused Plaintiff to suffer a material adverse action because the Plaintiff engaged in a protected activity.

An adverse action is "material" if it would dissuade a reasonable worker from making or supporting a complaint of discrimination.

In deciding whether any conduct at issue is a material adverse action, you must keep in mind that not every negative action amounts to a material adverse action. Inconveniences, slights, or annoyances at work are not material adverse actions. You must also keep in mind that context matters, and that the significance of any given act will depend upon the particular circumstances.

The Plaintiff must prove by a preponderance of the evidence that a material adverse action was taken against him because of his protected activity as I have defined that term.

It must also be the case that the Defendant you are considering not only took a material adverse action as I have defined it for you, but also that the Defendant would not have taken the adverse action except as a response to Plaintiff's protected activity. The Defendant you are considering must have taken the adverse action because of an intent to retaliate against Plaintiff for complaining about employment discrimination.


*Sources*:  Jury Instructions in *Bouveng* v. *NYG Capital LLC*, 1:14-cv-05474-PGG-DCF, ECF No. 219, at 22–24 (S.D.N.Y.) (Gardephe, J.); Mem. Opinion & Order, ECF No. 305, at 60–63 (Woods, J.); *Brand* v. *New Rochelle City Sch. Dist.*, 2022 WL 671077, at *14 (S.D.N.Y. Mar. 7, 2022) (collecting cases and examples of acts that are not material adverse actions in retaliation cases); 5 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 88.03, Instruction 88-46 (2023).

JURY INSTRUCTION NO. 36.

<u>(Instruction Applicable to All Claims)</u>
<u>Causation – Temporal Proximity (Closing Instruction)</u>

Where timing is the only basis for claim of retaliation, and gradual adverse actions began well before Plaintiff had ever engaged in any protected activity, any inference of retaliation does not arise.

In other words, timing or a particular sequence of events does not itself constitute evidence of retaliation. Simply because an instance of protected activity is followed by a negative employment action, that sequence alone does not constitute evidence of retaliation. More is required. Likewise, evidence of a pattern of negative employment actions preceding the protected activity negates an inference of retaliation.

*Sources*: McNamara & Southerland, *Federal Employment Jury Instructions* § 2:411 (2014); *Slattery* v. *Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001); *Figueroa* v. *Garland*, No. 1:21-cv-7849-GHW, 2022 WL 17539114, at *16 (S.D.N.Y. Dec. 6, 2022) (Woods, J.) (quoting *Slattery*, 248 F.3d at 95); Mem. Opinion & Order, ECF No. 305, at 65–66 (Woods, J.) (citing *Maynard* v. *Montefiore Med. Ctr.*, No. 18-cv-8877, 2021 WL 396700, at *12 & n.16 (S.D.N.Y. Feb. 4, 2021) (rejecting a retaliation claim under the NYCHRL, as under the NYSHRL, "where timing is the only basis for a claim of retaliation," and collecting other cases doing the same (brackets omitted))).

JURY INSTRUCTION NO. 37.

<u>(Instruction Applicable to All Claims)</u>
<u>Subjective Belief Is Not Evidence (Closing Instruction)</u>

Plaintiff's personal, subjective beliefs and perceptions that Defendants' actions were retaliatory or that certain individuals had knowledge of his complaints is not sufficient to meet his burden of proof. Rather, there must be direct or circumstantial evidence that would permit an inference that the adverse action at issue was actually motivated, in whole or in part, by retaliation.

*Sources*:  *Ya-Chen Chen* v. *City Univ. of New York*, 805 F.3d 59, 75 (2d Cir. 2015) ("[E]ven if sincerely held, a plaintiff's 'feelings and perceptions of being discriminated against' do not provide a basis on which a reasonable jury can ground a verdict.") (quoting *Bickerstaff* v. *Vassar Coll.*, 195 F.3d 435, 456 (2d Cir. 1999)); *Meyer* v. *State of New York Off. of Mental Health*, 174 F. Supp. 3d 673, 692–94 (E.D.N.Y. 2016), *aff'd sub nom. Meyer* v. *New York State Off. of Mental Health*, 679 F. App'x 89 (2d Cir. 2017); *Holleman* v. *Art Crating Inc.*, No. 12 CIV. 2719 VMS, 2014 WL 4907732, at *26 (E.D.N.Y. Sept. 30, 2014) ("It is well established that . . . unsupported 'statements of feelings, beliefs and opinions are insufficient to sustain a claim of discrimination.'") (collecting cases).

JURY INSTRUCTION NO. 38.

<u>Mr. Cardwell's Claim for Unlawful Retaliation Under New York City Law (Closing Instruction)</u>

Plaintiff also asserts a retaliation claim under the New York City Human Rights Law. The elements of a retaliation claim under city law are similar to those under the federal and state claims, but there are some differences, which I will explain.

To prevail on his retaliation claim under the New York City Human Rights Law, Plaintiff must prove each of the following four elements by a preponderance of the evidence:

(1) that he engaged in protected activity, as I have previously defined that term;

(2) that the protected activity Plaintiff engaged in was known to the Defendant you are considering;

(3) that the Defendant you are considering engaged in conduct that was reasonably likely to deter a person from engaging in that protected activity; and

(4) that the Defendant's conduct was motivated, at least in part, by Plaintiff's protected activity.

*Sources*:  Jury Instructions in *Bouveng* v. *NYG Capital LLC*, 1:14-cv-05474-PGG-DCF, ECF No. 219, at 31–32 (S.D.N.Y.) (Gardephe, J.); Mem. Opinion & Order, ECF No. 305, at 45–46, 48–49, 60 (Woods, J.).

JURY INSTRUCTION NO. 39.

<u>NYC Human Rights Law: Retaliation – "Protected Activity" Element (Closing Instruction)</u>

In deciding whether Plaintiff engaged in protected activity under city law, the instructions regarding protected activity I gave you regarding his federal and state law claims apply equally to the city law claim.

*Sources*:  Jury Instructions in *Bouveng* v. *NYG Capital LLC*, 1:14-cv-05474-PGG-DCF, ECF No. 219, at 32 (S.D.N.Y.) (Gardephe, J.); Mem. Opinion & Order, ECF No. 305, at 45–46, 48–49, 60 (Woods, J.).

JURY INSTRUCTION NO. 40.

NYC Human Rights Law: Retaliation – "Knowledge" Element (Closing Instruction)

In deciding whether Plaintiff has proved that the Defendants were aware that he had engaged in protected activity, the instructions on this issue I gave you regarding his federal and state law claims apply equally to the city law claim.

*Sources*:  Jury Instructions in *Bouveng* v. *NYG Capital LLC*, 1:14-cv-05474-PGG-DCF, ECF No. 219, at 32 (S.D.N.Y.) (Gardephe, J.); Mem. Opinion & Order, ECF No. 305, at 45–46, 48–49, 60 (Woods, J.).

JURY INSTRUCTION NO. 41.

<u>NYC Human Rights Law: Retaliation – Conduct Reasonably Likely to Deter (Closing Instruction)</u>

The next element of a retaliation claim under the city law claim is that the Defendant you are considering engaged in conduct that was reasonably likely to deter a person from engaging in that protected activity.

In deciding whether the conduct at issue is reasonably likely to deter a person from engaging in protected activity, you must keep in mind that not every instance of negative conduct amounts to something that is reasonably likely to deter a person from engaging in protected activity. Inconveniences, slights, or annoyances at work are not conduct that is reasonably likely to deter a person from engaging in protected activity. You must also keep in mind that context matters, and that the significance of any given act will depend upon the particular circumstances.

> *Sources*:  Jury Instructions in *Bouveng* v. *NYG Capital LLC*, 1:14-cv-05474-PGG-DCF, ECF No. 219, at 33–34 (S.D.N.Y.) (Gardephe, J.); *Mihalik* v. *Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 113 (2d Cir. 2013) ("[T]he NYCHRL is not a general civility code, and a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory or retaliatory motives, or if the defendant proves the conduct was nothing more than 'petty slights or trivial inconveniences.'") (citing *Williams* v. *New York City Hous. Auth.*, 872 N.Y.S.2d 27, 41 (1st Dep't 2009)); *Ndongo* v. *Bank of China Ltd.*, No. 22-CV-05896 (RA), 2023 WL 2215261, at *7 (S.D.N.Y. Feb. 24, 2023) ("Even under the NYCHRL's 'relatively liberal standard,' 'petty slights or minor annoyances that often take place at work' are not actionable retaliation.") (citations omitted); Mem. Opinion & Order, ECF No. 305, at 45–46, 48–49, 60 (Woods, J.).

JURY INSTRUCTION NO. 42.

<u>NYC Human Rights Law: Retaliation – Retaliatory Motive Element (Closing Instruction)</u>

The final element of retaliation under the city law claim is that Plaintiff must prove by a preponderance of the evidence that the Defendants' desire to retaliate against him for engaging in a protected activity was a motivating factor in the Defendants' actions taken against the Plaintiff.

In order to carry his burden as to this element, Plaintiff need not establish that his protected activity was the sole or principal reason for any action that a Defendant took against him that constitutes conduct that would be reasonably likely to deter a person from engaging in protected activity.

*Sources*:  Jury Instructions in *Bouveng* v. *NYG Capital LLC*, 1:14-cv-05474-PGG-DCF, ECF No. 219, at 34–35 (S.D.N.Y.) (Gardephe, J.); Mem. Opinion & Order, ECF No. 305, at 65 (Woods, J.).

JURY INSTRUCTION NO. 43.

<u>Categories of Damages (Closing Instruction)</u>

If you return a verdict for Plaintiff on any of his claims, then you must consider the issue of damages. Just because I'm instructing you on damages, however, does not mean that I have any opinion on whether damages of any type should be awarded against any Defendant.

In this case, Plaintiff seeks to recover two types of damages: One, damages for emotional distress, which I will describe as compensatory damages; and two, punitive damages.

You are not being asked to consider whether Plaintiff lost past or future wages or benefits. You should not include in any award damages for lost past or future wages or benefits.

*Source*:  Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 95–96 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 44.

<u>Multiple Claims—Multiple Defendants (Closing Instruction)</u>

I have two more cautionary instructions before I define the types of damages you may award, if you find that Plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if Plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him two dollars—he is only entitled to be made whole, not to recover more than he lost.

Second, you must be careful to impose any damages that you may award on a claim solely upon the Defendant or Defendants who you find to be liable on that claim. Although there are four defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well. Each Defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to the other Defendants. If you find that only one Defendant is responsible for a particular injury, then you must impose damages for that injury only upon that Defendant.

*Source*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 77.01, Instruction 77-2 (2023).

JURY INSTRUCTION NO. 45.

<u>Compensatory Damages (Closing Instruction)</u>

The purpose of the law of damages is to award, as far as possible, fair compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights. If you find that any Defendant is liable on the claims, as I have explained them, then you must award the Plaintiff damages to compensate him or her for any emotional distress that was a result of that Defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him for the damage suffered.

You may award compensatory damages only for injuries that Plaintiff proves were a result of the wrongful conduct that you have determined was committed by any Defendant. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You may not award damages based on speculation.

If you decide to award compensatory damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use good judgment in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Again, in calculating damages, you should not consider the issue of any lost past or future wages or benefits.

*Sources*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 77.01, Instruction 77-3 (2023); Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 96–99 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 46.

<u>Compensatory Damages: Proof (Closing Instruction)</u>

Plaintiff seeks compensatory damages for emotional distress. In order to recover damages for emotional distress, Plaintiff must present credible evidence with respect to the claimed mental anguish and corroboration either by medical proof or by the circumstances of the case. Psychiatric or other medical treatment is not a precondition to recovering compensatory damages for emotional distress. Mental and emotional distress may be proved by Plaintiff's own testimony, corroborated by the reference to the circumstances of the alleged misconduct. Plaintiff's testimony regarding his belief as to why he experienced medical issues or sought medical treatment, however, is not itself evidence of the causation of any condition.

*Source*:  Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 96–99 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 47.

<u>Compensatory Damages: Causation (Closing Instruction)</u>

I remind you that you may award compensatory damages only for emotional distress that Plaintiff proves were caused by retaliation on the part of any Defendant. You should not award compensatory damages for speculative injuries, but only for emotional distress that Plaintiff has actually suffered or which he is reasonably likely to suffer in the near future.

The purpose of such an award is to compensate Plaintiff for the actual mental or emotional injuries he suffered as a direct result of any unlawful conduct. The purpose of such an award of compensatory damages for emotional distress is not to punish Defendants.

*Sources*:  4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 77.01, Instruction 77-3 (2023); Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 96–99 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 48.

<u>Compensatory Damages: Mitigation (Closing Instruction)</u>

Plaintiff has a duty under the law to "mitigate" his damages—that is, to exercise reasonable diligence under the circumstances to minimize the harm he suffered. Therefore, if you find by the preponderance of the evidence that Plaintiff failed to seek out or take advantage of something that was reasonably available to him, you must reduce the damages he would otherwise be entitled to receive by the amount he reasonably could have avoided if he had sought out or taken advantage of such thing.

*Source*:  5 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 88.03, Instruction 77-80 (2023).

JURY INSTRUCTION NO. 49.

<u>Punitive Damages (Closing Instruction)</u>

Plaintiff is also seeking an award of punitive damages from Defendants.

The purpose of punitive damages is not to further compensate the Plaintiff. Punitive damages may be awarded only after a cautious and thoughtful consideration of all of the evidence in the case.

In order to award Plaintiff punitive damages, you must first find in his favor against one or more of the Defendants on one or more of the claims I just listed. Assuming that you have found any of the Defendants liable, there will be a separate process for determining whether an award of punitive damages is warranted, which I will now instruct you on.

Punitive damages are appropriate only for especially shocking and offensive misconduct. In order to award punitive damages, you must find that Plaintiff has proven by clear and convincing evidence that the specific Defendant you are considering not only violated the law against retaliation, but did so maliciously, vindictively, or with willful or wanton disregard of Plaintiff's rights. "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. It is a higher standard of proof than preponderance of the evidence.

The fact that I'm giving you instructions on punitive damages should not be considered as an indication of any view of mine on what your verdict should be or on whether punitive damages should be awarded. In order to award punitive damages, while you must find that Plaintiff has proven by clear and convincing evidence that a Defendant violated the law maliciously, vindictively, or with willful or wanton disregard of Plaintiff's rights as I have just described, even if you do, you are not required to award punitive damages. It is up to your discretion.

If you do not decide to award punitive damages, your deliberations are complete and you do not need to take any additional steps other than indicate that on the verdict form. If you decide that an award of punitive damages is warranted, you will be presented with additional

evidence to consider in determining what amount of punitive damages you decide is warranted in this case as to each Defendant you have found liable for retaliation and against whom you have awarded compensatory damages.

> *Sources*:  Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 99–101 (S.D.N.Y.) (Woods, J.); Jury Instructions in *Bouveng* v. *NYG Capital LLC*, 1:14-cv-05474-PGG-DCF, ECF No. 219, at 50–53 (S.D.N.Y.) (Gardephe, J.); 4 Sand et al., *Modern Federal Jury Instructions–Civil* ¶ 77.01, Instruction 77-5 (2023); *RVC Floor Decor, Ltd.* v. *Floor & Decor Outlets of Am., Inc.*, 2023 WL 3092918, at *6 (E.D.N.Y. Apr. 26, 2023) (defining punitive damages standard and collecting cases applying the clear and convincing evidence standard for punitive damages); 3 O'Malley et al., *Federal Jury Practice & Instructions* § 1042:02 (6th ed. 2023); *Blair* v. *Inside Ed. Prods.*, 7 F. Supp. 3d 348, 358 (S.D.N.Y. 2014) (defining "clear and convincing evidence").

JURY INSTRUCTION NO. 50.

Duty to Deliberate / Unanimous Verdict (Closing Instruction)

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. If, after careful consideration of all of the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from those of the others, you are not to yield your conviction simply because you are outnumbered.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

When you are in the jury room, listen to each other and discuss the evidence and issues in the case among yourselves. It is the duty of each of you as jurors to consult with one another and to deliberate with a view to reaching agreement on a verdict. Every juror should be heard. No one juror should hold center stage in the jury room, and no one juror should control or monopolize the deliberations.

Before the jury attempts to answer any question, you are to read the entire verdict sheet and make sure that everybody understands each question. Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. And when you've considered the questions thoroughly and the evidence that relates to those questions, record your answers on the verdict sheet I will give you.

Remember, all answers must be agreed upon by you.

Finally, I say this not because I think it is necessary, but because it is the custom in this courtroom. You should treat each other with courtesy and respect during your deliberations. After you've reached a verdict, your foreperson will fill in the verdict sheet that will be given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom. If you are divided, do not report on how the vote stands. And if you have reached a verdict, do not report what it is until you are asked in open court.

When you retire to the jury room and begin your deliberations, your first task will be to select a foreperson. But, of course, her vote is entitled to no greater weight than that of any other juror. The foreperson has no greater voice or authority than any other juror. The foreperson will send out any notes; and when the jury has reached a verdict, she will notify the marshal that the jury has reached a verdict. If you do not wish to select a foreperson, Juror No. 1 will serve as the foreperson by default.

*Sources*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 106:01 (6th ed. 2023); Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 104–06 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 51.

<u>Outside Communications and Social Media Prohibited (Closing Instruction)</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media such as a cell phone, tablet or computer with internet capabilities, or any internet service or any text or instant messaging service or any internet chat room, blog or website such as Facebook, Instagram, LinkedIn, YouTube, or Twitter/X to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

*Source*:  Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 103–04 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 52.

<u>Communication Between Court and Jury During Jury's Deliberations (Closing Instruction)</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note by a marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the marshal you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

*Source*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 106:08 (6th ed. 2023).

JURY INSTRUCTION NO. 53.

Verdict Form and Return of Verdict (Closing Instruction)

I will give you a verdict sheet to be filled in by the jury. No inference is to be drawn from the way that the verdict sheet is worded, as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

After you have reached a verdict, the foreperson should fill in the verdict sheet, the jurors should sign and date it, and then the foreperson should give the note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note.

I will stress that each of you must be in agreement with the verdict that is announced in this Court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

*Source*:  Jury Instructions in *Reyes* v. *Riverbay Corp.*, 1:18-cv-05092-GHW, ECF No. 213, at 104–07 (S.D.N.Y.) (Woods, J.).

JURY INSTRUCTION NO. 54.

<u>Amount of Punitive Damages</u>
<u>(Instruction to Be Given **Only** If and After the Jury Returns a Verdict on Punitive Damages)</u>
<u>(Closing Instruction)</u>

If you find that punitive damages should be assessed against a Defendant, you next must determine the amount of such damages.

You may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

Punitive damages must bear a reasonable relationship to Plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you may consider all relevant factors. These include:

1. The amount of compensatory damages.

2. The severity of the Defendants' conduct and the amount of time the Defendant or Defendants conducted itself in this manner.

3. The financial resources of that Defendant.

4.  The effect of the damages award on the Defendant financially.


*Source*:  3 O'Malley et al., *Federal Jury Practice & Instructions* § 170:64 (6th ed. 2023).