**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

KALOMA CARDWELL,

                                        Plaintiff,

v.

DAVIS POLK & WARDWELL LLP, Thomas Reid,
John Bick, and Daniel Brass,

                                        Defendants.

CA No. 1:19-cv-10256-GHW

**PLAINTIFF'S PROPOSED**
**VOIR DIRE**

## PLAINTIFF'S PROPOSED VOIR DIRE

Plaintiff respectfully submits the following questions to be asked of prospective jurors. Plaintiff respectfully requests an opportunity to engage in direct questioning of jurors after questioning by the Court.

## INTRODUCTION AND PREPATORY REMARKS

Our judicial system provides that the parties are entitled to a trial by a fair and impartial jury. I will be asking you certain questions today about your background. The purpose of this process is not to intrude into your privacy, but so that the Court and the parties may ensure that the jurors selected to decide this case will be fair and impartial.

I am now going to question the prospective jurors who are seated in the jury box concerning their qualifications to serve as jurors in this case. All members of the panel in the courtroom should pay close attention to my questions, making note of the answers you would give if these questions were put to you personally. If and when you are admitted to the jury box you will be asked to give your answers to these questions.

With respect to the questions that I will ask you, I want to emphasize that there are no right or wrong answers. This is not a test. I have no expectation from you as to what your answer ought to be. You should not feel in any way that you should give a certain answer that will be acceptable to me, to the attorneys representing each of the Parties, or to any others involved in this case.

What *voir dire* is all about is to get your honest, straightforward answers to these questions. I emphasize this because some of you may feel that there is a certain answer that the Court or the attorneys are looking for in answers to questions. This is not the case. There are no right or wrong answers. What is important is that you be as honest as you can in your responses. As I direct questions to you, you may notice the parties taking notes on your responses. The parties may also have a chart with your names listed in the proper seating order; this is done so they can remember who you are. During the course of this process, the parties may excuse certain jurors.

In order to learn what experiences you have had that may affect your evaluation of the evidence, at times I may ask you questions that could seem offensive or prying. I am not trying to make you feel uncomfortable or embarrassed. Rather, I am trying to assist the parties to the case in finding out more about you as jurors.

If, with any of my questions or otherwise, there is any matter you would prefer to discuss with me privately, please say so, and the attorneys and I will hear from you outside of the courtroom.

You should understand that although it is your duty as a citizen to serve on a jury, it is also your duty as a citizen to not serve on a jury if there is any reason whatsoever that you cannot do so impartially and in fairness to yourself or to the parties.

This lawsuit was filed by Kaloma Cardwell against Defendant Davis Polk & Wardwell LLP (or as it is sometimes referred to "Davis Polk"). Davis Polk & Wardwell LLP is a global law firm headquartered in New York. In this case, Mr. Cardwell also filed a lawsuit against Thomas Reid, a lawyer and former partner of Davis Polk, John Bick, a lawyer and former partner of Davis Polk, and Daniel Brass, a lawyer and current partner of Davis Polk. For ease of explaining things, I will sometimes refer to Davis Polk, Mr. Reid, and Mr. Bick collectively as the "Defendants." Mr. Cardwell worked for the Defendants as a lawyer and had the title of associate.

Without explaining the details of this case to you, I will inform you that this case generally involves claims for retaliation under a federal statute called Title VII of the Civil Rights Act of 1965 ("Title VII"), a federal statute called Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), a New York State Statute known as the New York State Human Rights Law, and a New York City Statute known as the New York City Human Rights Law. Mr. Cardwell claims that he was retaliated against by the Defendants because he expressed concerns and complained about discrimination and retaliation. Mr. Cardwell also claims that his employment was terminated because he complained about the alleged discrimination and retaliation. Defendants deny these allegations.

## <u>KNOWLEDGE OF LITIGANTS, COUNSEL OR WITNESSES</u>

1.  Have you ever heard the name "Kaloma Cardwell" If so, come up to describe the circumstances.

2.  Plaintiff Kaloma Cardwell is represented by David Jeffries from the law firm of David Jeffries Attorney at Law. Have you ever heard the names David Jeffries? Have you, or anyone you know, consulted, retained, or otherwise had any dealings with David Jeffries or his firm? If so, please describe the circumstances.

3.  Have you ever heard the name Davis Polk & Wardwell LLP, or the name Davis Polk? If so, please describe the circumstances.

4.  Have you ever heard the name "Thomas Reid" or "Tom Reid"? If so, please come up to describe the circumstances.

5.  Have you ever heard the name "John Bick"? If so, please come up to describe the circumstances.

6.  Have you ever heard the name "Daniel Brass"? If so, please come up to describe the

circumstances.

7.      Defendants Davis Polk, Thomas Reid, and John Bick are represented in this case by Jeh
        Johnson, Susanna Buergel, Bruce Birenboim, and Martha L. Goodman of the law firm Paul,
        Weiss, Rifkind, Wharton & Garrison LLP (or as it is sometimes referred to Paul Weiss).
        Have you ever heard the names Jeh Johnson, Susanna Buergel, Bruce Birenboim, or Martha
        L. Goodman? Have you consulted, retained, or otherwise had any dealings with the Paul
        Weiss firm? If so, please describe the circumstances.

8.      During the trial of this case, the following people, in addition to the named parties, may be
        called to testify as witnesses, or you may hear their names mentioned. Listen carefully, I
        will ask if you heard of any of these individuals.

        1)  Sharon Crane

        2)  Sophia Hudson

        3)  Alicia Fabe

        4)  Rocio Clausen

        5)  Renee DeSantis

        6)  Carolina Fenner

        7)  Monica Holland

        8)  Kathleen Ferrell

        9)  Jim Rouhandeh

        10) Lee Hochbaum

        11) Louis Goldberg

        12) Larry Jacobs

        13) Charles Duggan

        14) Gina Caruso

        15) Michael Flynn

        16) Jason Kyrwood

        17) William Chudd

        18) Jim or James McClammy

        19) Maurice Blanco

        20) John Amorosi

        21) Lenoard ("Len") Kreynin

        22) Harold Birnbaum

        23) Brian Wolfe

        24) Oliver Smith

25) Gar Bason, Jr.

26) Vanessa Jackson

27) Sheila Adams

28) Nicole Katz

29) Laura Turano

30) Francesca Campbell

31) Martin Dellacona

32) Byron Rooney

33) Jill Sterner

34) Arthur Golden

35) Michael Davis

36) John Butler

37) James or Jim Rouhandeh

38) Neil Barr

39) Susanna Buergel

40) Bruce Birenboim

41) Carolyn Cardwell

42) Stephanie Llanes

Have you heard of any of these individuals? How? Will it affect your ability to be a fair and impartial juror?

9.   As you look around this room, do any of you recognize any friends or acquaintances among the other potential jurors?

## GENERAL BACKGROUND QUESTIONS

10.   Do you feel comfortable in a role representing your community: for example, participating in local politics and raising concerns to your local representatives?

11.   Do any circumstances exist such that serving on the jury in this case could entail serious personal or financial hardship? If you would like to state your reasons outside the hearing of the other jurors and in the private presence of the attorneys and the Court only, please let us know by raising your hand.

12.   Do any of you have any personal knowledge of the allegations as I have described them?

13.   Do any of you have any opinions regarding this case based on the nature of the allegations that might prevent you from being impartial?

14.     Have you heard anything about this case? If so, call up to ask: What did you hear? Where did you hear it? Did you form an opinion of this case based upon what you heard? What was your opinion?

## <u>INDIVIDUAL QUESTIONS FOR EACH JUROR</u>

### <u>Personal History</u>

15.     Please describe your educational background.

16.     What is the highest level of education that you completed?

17.     Have you (or anyone close to you) had any special training, specialized knowledge, experience, or taken any courses related to law, legal system, or court system?

        i.     If so, what training, knowledge, experiences, and courses?

18.     Have you (or anyone close to you) had any special training, education, or experience in personnel or human resource matters?

        i.     If so, what training, education, or experience?

19.     Have you ever filed for bankruptcy?

### <u>Criminal Background</u>

20.     Have you ever been accused of a crime?

        i.     Has anyone in your immediate family ever been accused of a crime?

21.     Have you ever been convicted of a crime?

        i.     Has anyone in your immediate family ever been convicted of a crime?

### <u>Prior Civil Litigation Experience</u>

22.     Have you, any member of your family, or any of your friends ever sued an employer or filed a grievance against an employer?

        i.     What was the basis of the lawsuit or grievance?

        ii.    What was the outcome?

        iii.   Were you/they satisfied with the outcome? Why or why not?

    iv.   Would that have any impact on your ability to be fair and impartial in a case involving a suit against an employer?

23.    Have you, any member of your family, or any of your friends ever been a party to a lawsuit?

    i.   If so, were you suing or being sued? Describe the case.

    ii.   Who was the other party?

    iii.   Did you testify or otherwise participate?

    iv.   Was the matter resolved?

    v.   If so, how long ago did this happen?

    vi.   Did the matter go to a jury?

    vii.   What was the outcome?

    viii.   How did you feel about that experience? Did you form any opinions about the civil court system? What are your opinions?

24.    Do you now, or have you, or any member of your family or friends had a lawsuit or claim for compensation against a current or former employer?

25.    Have you, any member of your family, or any of your friends ever been sued by an employee? If so, please state the circumstances surrounding the matter, including the nature of the problem, when this occurred?

    i.   Would such experience affect your ability to be an impartial juror in this case?

26.    Have you ever served on a jury before?

    i.   If so, what was the nature of the case?

    ii.   Did it go to verdict?

    iii.   Was there anything about your prior jury experience that left you with any kind of feeling about the legal profession or court system?

    iv.   Did you serve as the foreperson of a jury?

27.    If someone close to you served as a juror in any type of case, was there anything about that experience as a juror that left you with an unfavorable impression of our legal system?

28.    Have you ever testified in a legal proceeding?

    i.   If so, what were the circumstances?

    ii.   How did you feel about that experience?

## **Family**

29.    What is your marital status?

30.     If married, what is your spouse's occupation?

31.     Do you have children over the age of eighteen?

32.     If so, in which fields are they employed?

## **Familiarity with Legal Field**

33.     Do you now or have you ever worked as a lawyer or worked for a lawyer?

           i.     If so, what field of law do you or did you work within?

34.     Have you ever handled or worked on an employment discrimination or retaliation case? Please explain.

35.     Do you have any friends or relatives who are lawyers or who work for lawyers?

36.     Do any of these people work on employment discrimination or retaliation cases or claims? Please explain.

37.     What is your current occupation?

38.     Have you ever worked for a company that was not based in the United States? If yes, which country was that company based out of? Would that experience render you unable to be fair and impartial in this case?

39.     Are you currently employed? If so, where do you work and how long have you been working there?

40.     If unemployed, where was your last job? How long were you employed and under what circumstances did you become unemployed?

41.     What is (were) your job title?

42.     What type of work do (did) you do?

## **EXPERIENCE WITH DISCRIMINATION OR RETALIATION**

43.     Have you, any member of your family, or any of your friends ever witnessed or experienced discrimination or retaliation in the workplace?

           i.     If so, please describe the discrimination, harassment, or retaliation.

           ii.    Was any kind of complaint filed?

           iii.   How was the situation handled?

           iv.    What was the outcome?

           v.     Would that have any impact on your ability to be fair and impartial in a case involving discrimination and retaliation?

**Training**

44.     Have you ever received training in regards to implicit bias?

>   i.     If so please describe the setting (work, school, other):

45.     Have you ever received training about different forms of discrimination? For example: racial discrimination, gender discrimination, age discrimination among other types.

>   i.     If so, please describe setting (work, school, other):

46.     Have you ever received training or instruction regarding how an employee may complain about perceived discrimination or retaliation for a complaint about?

>   i.     If so please describe the setting (work, school, other):

**History of Complaints/Grievances**

47.     Have you, any member of your family, or any of your friends ever made a complaint of discrimination? If so, please describe the circumstances. If you wish, these circumstances can be explained outside the presence of other prospective jurors.

>   i.     What was the outcome of that complaint?
>
>   ii.    Were you, your relative or your friend satisfied with that outcome?
>
>   iii.   Why or why not?
>
>   iv.    Would that experience affect your ability to render a fair and impartial verdict in this case?

48.     Have you, any member of your family, or any of your friends ever been accused of discrimination or retaliation in the workplace?

>   i.     If so, please describe the complaint.
>
>   ii.    How was the complaint handled, if at all, by the employer?
>
>   iii.   What was the outcome?
>
>   iv.    Were you/they satisfied with the outcome? Why or why not?
>
>   v.     Would that have any impact on your ability to be fair and impartial in a case involving a suit involving claims of discrimination and retaliation against an employer?

49.     Have you, any member of your family, or any of your friends ever had a grievance filed against you in connection with your work?

>   i.     What was the nature of the claims in the grievance?

     ii.   What was the outcome?

     iii.   Were you/they satisfied with the outcome? Why or why not?

     iv.   Would that have any impact on your ability to be fair and impartial in a case involving a suit against an employer?

## **Written Policies/Complaint Procedure**

50.    Have you ever held a job in which an employee handbook was issued?

     If prospective juror answers "yes":

     A.  Were employees required to acknowledge receipt of the handbook?

     B.  Did the handbook describe the employer's expectations of the employees?

     C.  Did the handbook describe behavior that was prohibited by the employer?

     D.  Did the handbook contain a policy that prohibited discrimination against another employee on the basis of race, gender, age, creed or anything else?

     E.  Did the handbook contain a policy that prohibited the company from retaliating against an employee for making a discrimination related complaint?

     F.  Did the handbook outline who a complaint could be made to if an employee believed they had been discriminated against?

     G.  Did the handbook contain a policy that prohibited the employer from retaliating against an employee for making a complaint if discrimination?

     H.  Did the handbook outline who an employee could make a complaint to if they believed they had been retaliated against?

     I.  If chosen as a juror in this case, are you open to the prospect of an employer providing employees with an employee handbook?

     J.  Are you open to the possibility that the employer would require the employee to acknowledge receipt of the handbook?

     K.  Are you open to the possibility that the handbook would contain employer's policy prohibiting discrimination?

     L.  Are you open to the possibility that the handbook would describe who an employee could complain to if they believed they were discriminated against?

     M.  Are you open to the possibility that the handbook would describe the employer's policy against retaliating against an employee that has made a complaint about discrimination?

N.  Would you agree that it is important for a company that has a written policy describing how an employee may report a claim of discrimination or retaliation to abide by their own written policy?

**Experience With Supervision, Evaluation & Performance Reviews**

51.   Do you now, or have you ever, supervised people?

      i.   If so, how many people do/did you supervise?

      ii.   What was the nature of that supervision?

52.   Have you ever disciplined an employee?

      i.   Have you ever been responsible for conducting performance evaluations for employees under your supervision?

      ii.   Would you agree that it is important for a performance review to be a truthful description of the reviewer's assessment?

      iii.   Would you agree that is important for a reviewer to be accurate in their description of the person that they are reviewing?

53.   Have you ever been responsible for making decisions as to compensation for employees under your supervision?

54.   Have you ever been responsible for mediating workplace disputes between yourself and employees under your supervision?

55.   Do you now, or have you ever, had any responsibility for promoting people?

56.   Do you now, or have you ever, had any responsibility for terminating people?

57.   Is your spouse or domestic partner, if any, employed?

      i.   If so, where?

      ii.   What job?

58.   Has your spouse or domestic partner ever supervised people?

      i.   If so, how many people did s/he supervise?

      ii.   What was the nature of that supervision?

59.   Has your spouse or domestic partner ever disciplined an employee?

60.   Has your spouse or domestic partner ever been responsible for conducting performance evaluations for employees under his/her supervision? If yes:

      i.   Has your spouse or domestic partner ever been responsible for making decisions as to compensation for employees under his/her supervision?

61. Has your spouse or domestic partner ever been responsible for mediating disputes between themselves and employees under his/her supervision?

62. Does your spouse or domestic partner have or has s/he had any responsibility for promoting people?

63. Does your spouse or domestic partner have or has s/he had any responsibility for terminating people?

64. Do you have any working children?

      i. If so, where?

      ii. What job or jobs?

65. Have you ever had a job in Human Resources?

      i. If so, please describe.

66. Have you ever had a job in sales?

      i. If so, please describe.

## **Pretext**

67. If chosen as a juror in this case would you consider whether or not a party's statements have been consistent over time as a method to determine the credibility of their testimony?

68. If chosen as a juror in this case would you consider the nature of a parties interest in the outcome of the matter in determining the credibility of their testimony?

69. If chosen as a juror in this case would you consider whether or not plaintiff was treated in the same fashion as similarly situated employees in determining the credibility of defendants' testimony?

70. Will you be able to follow the legal instructions given to you by the Court regardless of your personal feelings as to what the law should be?

71. I don't know if this case will generate any publicity, but if it does, will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers or on the internet, or listening to any radio or television reports concerning the case, until after it is over? If not, please raise your hand.

72. Do you understand that, if chosen as a juror, you have to decide this case based on the legal instructions given to you by the Court and the facts as the jury finds them from the evidence presented in this courtroom without regard to any sympathy you may feel for the Plaintiff or the Defendant?

73. During deliberations, if a juror is not following the laws I have explained to you, will you

speak up and say, "we need to let the judge know"?

74.    In general, would you, at the beginning of this trial, start out with any feelings favoring or disfavoring Plaintiff's case or Defendants' case?

75.    If you do find that Defendants are liable for retaliation against Plaintiff, is there anything that would prevent you from calculating an award of damages in the seven or eight figures?

Dated: September 22, 2023

/s/ David Jeffries

Davd Jeffries

*Attorney for Plaintiff*