UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KALOMA CARDWELL,

Plaintiff,

v.

DAVIS POLK & WARDWELL LLP, Thomas Reid, John
Bick, and Daniel Brass,

Defendants.

1:19-cv-10256-GHW

---

**\*PRELIMINARY INSTRUCTIONS BEFORE TRIAL\***
**(Charges Nos. 1 – 13)**


**PLAINTIFF'S PROPOSED JURY CHARGE NO. 1**
**(Introduction to Trial Procedure)**


Ladies and gentlemen, you are now the jury in this case.  I am going to take a few minutes to review with you the procedures in the case, and I am going to go over some of the rules that will govern your conduct while you sit as members of the jury in this case.

The settlement of disputes between people through a lawsuit is a necessary part of our democracy. It is basic to the administration of justice that the determination of both the law and the facts be made fairly and honestly. You as jurors, and I as the judge, have a heavy responsibility to assure that a just result is reached in the determination of the differences between the parties in this case.

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 2**
**(Order of The Case)**

The case will proceed in the following order:

The first step in the trial will be opening statements. In the opening statements the parties will tell you what they expect to prove as to their client's case. The plaintiff claims to have been damaged and makes his opening statement first through counsel. You may then hear an opening statement from counsel for the defendants. What is said in opening statements is not evidence, except as to facts admitted or agreed upon.

After the opening statements, counsel for the plaintiff will proceed with the introduction of evidence. Normally the plaintiff must complete his entire case before the defendants introduce any evidence.

The defendants are not obligated to present any evidence or call any witnesses at all, but they may do so after the plaintiff has completed his case. In some instances one or both parties may offer additional evidence for the purpose of rebutting their adversaries evidence.

Each witness is first examined by the party who called that witness to testify, and then the opposing party is permitted to cross examine that witness. There are different rules that apply to the conduct of direct examination and cross-examination.

After you have heard all of the evidence on both sides, the attorneys will again have an opportunity to address you in closing arguments. What is said in closing arguments is not evidence, just as what is said in opening statements is not evidence.

The arguments at the end of the case are designed to present to you the contentions of the parties as to what the evidence has shown and what inferences may be drawn from that evidence. The plaintiff has a right to open and close the arguments.

Finally, after closing arguments, I will instruct you on the law that applies to the case, and you will then retire to the jury room to consider your verdict. That is the basic procedure for the trial itself.

Source: O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §101.02 (5th ed. 2000) (modified).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 3**
**(Duty of Judge and Jurors; Evidence)**

Now, let me describe briefly to you the jobs that you and I will perform during the trial.

My role is to decide the rules of law that apply to the case. Your job is to determine what the facts are. You are the sole determiners of the facts in this case. I will endeavor during the course of the trial not to express any opinion concerning the facts in this case, but any opinion that I might have about the facts in this case would be irrelevant, in any event, because you are the sole judges of the facts.

You must decide the facts based only on the evidence -- only on the evidence admitted in the record in this case. Anything that you see or hear outside the courtroom is not evidence and must be disregarded.

You must decide the case based solely on the evidence presented here in this courtroom. On the other hand, you are bound to follow the law as I give it to you in my instructions at the end of the case, whether you agree with that law or not.

As I've said, you are to determine the facts solely on the evidence in the case, and that will consist of the testimony of the witnesses, the exhibits that are marked and received, and any facts which the parties agree upon or stipulate, as well as any facts that are determined to be appropriate for judicial notice.

Questions asked by the lawyers are not evidence. The evidence consists only of the answers. And you may consider the question only as it is necessary to give meaning to the answer. You must never speculate as to any answer suggested by a question asked of a witness, and you should consider the question only as it supplies meaning to the answer. Remember, the statements and arguments of counsel both in opening and closing, and at any other time during the course of the trial, are not evidence.

It is the duty of the attorneys, on each side of a case, to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. My rulings on these matters will be based solely upon the law. If the Court sustains an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing in regard to questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

If I rule that a particular piece of evidence is inadmissible, or sustain an objection to certain evidence, then the matter excluded from evidence is not evidence in this case and must not be

3

considered by you. You must assume that this piece of information would have no value to you in your deliberation.

All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it will be given to you and reach a just verdict, regardless of the consequences.

Source:        O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §101.01 (5th ed. 2000) (modified); Bender, Matthew, 4-73 Modern Federal Jury Instructions—Civil, ¶ 73.01 (modified).

### PLAINTIFF'S PROPOSED JURY CHARGE NO. 4
**(Plaintiff's Burden in This Civil Case)**

This is a civil case. The plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means that the plaintiff has to produce evidence which considered in the light of all of the facts leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendants' evidence on opposite sides of the scale, the plaintiff would have to make the scales tip somewhat to his side. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

Some of you may have sat on a criminal case, or at least seen them in the media, and you've heard of the standard of proof of beyond a reasonable doubt. That requirement does not apply in a civil case, therefore, you should put that requirement out of your mind.

In this case, the defendant Davis Polk & Wardwell LLP is a type of company called a limited liability partnership. A partnership is an arrangement between two or more people to oversee business operations and share its profits and liabilities. The individual defendants are current or former partners of Davis Polk. The individual defendants and plaintiff are considered natural individuals. You may not discriminate between a company and natural individuals. Each are persons in the eyes of the law, and each is entitled to the same fair and impartial consideration, and to justice by the same legal standard.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth and holding the same or similar stations in life. A company is entitled to the same fair trial at your hands as a private individual. All persons, including companies, stand equal before the law and are to be dealt with as equals in a court of justice.

While Davis Polk & Wardwell LLP is a type of company owned by its partners, that does not mean that only the actions of one body or one partner can be considered by you in determining liability in this case. Davis Polk's partnership acts not only through the policies and decisions that it makes but also through its designated supervising personnel, such as its partners, counsel, directors, supervisors, managers, officers, and other employees designated by the company to act on its behalf.

Pay close attention as you listen to the evidence in this case. Remember, at the end of the case that you will have to determine whether or not individual company employees were authorized to act on behalf of the company that you are considering.

Source:        Bender, Matthew, 4-73 Modern Federal Jury Instructions—Civil, ¶ 73.01 (modified).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 5**
**(Credibility of Witnesses)**

Perhaps the most important duty that a jury has that I can tell you about at this time is the weighing of credibility of the witnesses in the case. You are the judges of facts concerning the controversy in this lawsuit. In order for you to determine what the true facts are, you are called upon to weigh the testimony of every witness who appears before you or whose deposition testimony is presented to you, and you give the testimony of the witnesses the weight, faith, credit and value to which you think it is entitled.

You should consider the manner and demeanor of each witness while on the witness stand. You must consider whether the witness impressed you as one who is telling the truth or one who is telling a falsehood, and whether or not the witness was a frank witness. You should consider the reasonableness or unreasonableness of the testimony of the witness, the opportunity or lack of opportunity of the witness to know the facts about which he or she testified, the intelligence or lack of intelligence of the witness, the interest of the witness in the outcome of the lawsuit, if any, the relationship of the witness to any of the parties in the lawsuit, if any, and whether the witness testified inconsistently on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying.

These are the rules that should guide you, along with your common judgment, your common experience and your common observations gained by each of you in your various walks of life, in weighing the testimony of the witnesses who will appear before you in this case. If there is a conflict in the testimony of the witnesses, it will be your duty to resolve that conflict if you can, because the law presumes that every person has attempted to and has testified to the truth.

But if there is a conflict in the testimony of the witnesses which you are not able to reconcile in accordance with these instructions, then it is with you absolutely to determine which witnesses you believe have testified to the truth and which ones you believe have testified falsely.

Immaterial discrepancies do not affect the witness's testimony but material discrepancies do. In weighing the effect of a discrepancy, also consider whether it pertains to a matter of importance or only an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The preponderance of the evidence in a case is not determined by the number of witnesses testifying to a particular fact or a particular set of facts, rather, it depends on the weight, credit and value of the total evidence on either side of the issue and of which you are the exclusive judges.

Remember, you are the sole and exclusive judges of the credibility and believability of the witnesses who will testify in this case. Ultimately you must decide which witnesses you

believe and how important you think their testimony was. You are not required to accept or reject everything a witness says; you free to believe all, none or part of a person's testimony.

Source:          Bender, Matthew. 4-76 Modern Federal Jury Instructions—Civil, ¶ 76.01 (modified).

### PLAINTIFF'S PROPOSED JURY CHARGE NO. 6
#### (Evidence – Direct and Circumstantial)

There are two types of evidence which you may properly use in reaching your verdict. There is direct and circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. The other type of evidence you may use to reach your verdict is circumstantial evidence. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

To illustrate what I mean by circumstantial evidence, let me give you an example. Assume that when you entered the courthouse this morning the sun was shining brightly outside and it was a clear day. In the courtroom, however, the shades are drawn, and you cannot see outside. As the trial progresses, people start entering the courtroom wearing raincoats and carrying dripping umbrellas. From these facts, you might reasonably infer that it has begun to rain, even though you cannot see out the window and do not know by direct observation or evidence that it is raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

You may consider both direct and circumstantial evidence in deciding this case. In fact, that is the way in which many cases of this nature are decided. Since there is sometimes not direct evidence; you must certainly look at both. It is important to keep in mind that the plaintiff is not required to present any direct evidence in order to prevail on his claims.

The law permits you to give equal weight to both, but it is for you the jury to decide how much weight to give to any evidence.

Direct evidence of retaliation is sometimes hard to find, because an employer who retaliates is unlikely to leave a "smoking gun," which directly proves a retaliatory motive. Therefore, plaintiffs are sometimes not able to prove their claim by direct evidence, and is not required to do so. Instead, plaintiffs such as Mr. Cardwell usually must build their cases from indirect evidence and pieces of circumstantial evidence which undercut the credibility of the various testimony offered by the employer.

Therefore, you may consider circumstantial evidence such as the testimony and evidence offered by other employees, evidence relating to company-wide practices that may reveal patterns of discrimination or retaliation against a group of employees, and other indirect evidence of discriminatory or retaliatory motive. Similarly, direct proof concerning state of mind is sometimes not available and Mr. Cardwell is not required to produce it.

Sources:     Sand, et al, Modern Federal Jury Instructions, §74-2 (2001) (modified); Desert Palace, Inc. v. Costa, 539 U.S. 90, 100·101 (2003); Chambers v. TRM Copy Centers Corporation, 43 F.3d 29, 37 (2d Cir. 1994), Dister v. Continental Group, 859 F.2d 1108, 1114-15 (2d Cir. 1988).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 7**
**(Evidence – Statements by Court and Counsel; Notes)**

You must not consider as evidence any statements that counsel made during the trial. Of course, if counsel stipulated to any facts -- and I think there are [●] facts that they will tell you about -- those facts must be accepted. Because no one disputes them, they are conclusively established. But anything else that counsel says is simply not evidence unless it's an admission on their part against the party that they represent.

As to any question to which objections are sustained, you must not speculate as to what the answer might have been, or as to the reason for the objection, and you must assume again that the answer would be of no value to you in your deliberations.

You are not to consider for any purpose any offer of evidence that was rejected or any evidence that was stricken out by the Court. You also can't consider evidence that is stricken from the record. Sometimes it happens this way, the question is asked, an answer is given and the objection is made. Well, you heard the answer, but it may be that the objection was sustained, and we will order that that be stricken, and you will have to disregard it.

Such a matter is to be treated as though you had never known it. And of course, you must never speculate to be true any insinuation suggested by a question asked a witness, because you know a question is not evidence.

Please pay close attention to the evidence as it's presented in this case. At the end of the case you will have to rely on your recollection of the evidence and the recollection -- collective recollection -- of all of you in deciding what the true facts are.

Now, during the course of the trial on a few occasions I may ask questions of a witness in order to bring out facts not fully covered. Do not assume that I hold any opinion on the matters to which my questions may relate.

During the course of this trial, I understand that certain evidence may be admitted for a limited purpose only and cannot be considered by you for any other purpose. An example would be if evidence is admitted for the limited purpose of showing a witness's state of mind, or that the witness had notice of a particular issue, then it's received only on that issue. Evidence of a witness's state of mind is relevant only to show what the witness believed. It wouldn't have to be true, but just what the witness believed. Such evidence cannot be considered for the truth or accuracy of that belief.

Likewise, evidence admitted only to show notice cannot be considered for the truth or accuracy of the matter it concerns. So, notice would be, yes, a manager was told this. That wouldn't mean that this was true; it would mean that that was the notice that the person had of the information that was given to them, and then the next step is the what the manager might or might not take.

9

Again we will try to point that out if it occurs, and you will need to remember that in those circumstances the information that constitutes the notice is just notice; it doesn't mean that that statement was true.

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 8**
**(Depositions)**


      Some of the testimony before you may be in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Source: Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 74.14 (modified)

## PLAINTIFF'S PROPOSED JURY CHARGE NO. 9
### (Redactions)

You may notice that there are portions of certain documents that have been blacked out.

If an exhibit is partially blacked out, it is simply because only part of the exhibit is to be considered – not because either side has done anything wrong or has anything to hide. You should not draw any conclusions or make any inferences against either side based on these markings.

### PLAINTIFF'S PROPOSED JURY CHARGE NO. 10
#### (Nature of Case)

Now, you know the nature of the case, and I am going to remind you of that briefly. Plaintiff claims that he made legally protected complaints and in response to his complaints Defendants stopped staffing him, made certain threats against him, and fired him in retaliation for making complaints about discrimination.

The Plaintiff must prove that he made a complaint about discrimination on the basis of his race, ethnicity, national, origin, gender, or disability. When an individual makes such a complaint they are said to have engaged in a protected activity. Under our system of law an employee is entitled to make such complaints. The plaintiff must prove that he was subject to unlawful employment decision as a result of that protected activity. Determining whether an employment action violates the law will require you to consider the specific legal standard of the law under consideration. For these reasons, it is important for you to pay particular attention when you are asked to think about or make a decision about a specific law in this case.

The Defendants either deny that the plaintiff made any complaints at all about his race, ethnicity, national origin, gender, or disability or that Plaintiff's complaints caused any unlawful employment decisions. Therefore, Defendants deny that there was any retaliatory motive in their employment decisions or their decision to terminate the Plaintiff's employment.

Briefly I will tell you about the nature of the claims.

Mr. Cardwell has brought a case for workplace retaliation against the defendants Davis Polk & Wardwell LLP, Mr. Reid, Mr. Bick, and Mr. Brass. He alleges 13 separate claims.

There is one claim of retaliation under the federal Title VII Act. There are four claims of retaliation under the federal Civil Rights Act, sometimes referred to as the Civil Rights Act of 1866, sometimes 1991, depending on which year you need to use, and that's also referred to as a Section 1981 claim. There are four claims of retaliation under the New York State Human Rights Law. And, there are four claims of retaliation under the New York City Human Rights Law.

You must consider and you will be required to think about each claim separately and decide each claim without regard to your determination as to any other claim.

I will instruct you on the applicable law as to each of these claims at the end of the case in some detail. I will tell you a little bit, a little bit only, about them now.

The way to think about the law is to think that it is a recipe or a checklist. Each item has to be established with proof by the greater weight, or preponderance, of the evidence. If as to any particular claim, if either one of those components is missing or not established by the greater weight, then the party bearing the burden of proof -- in this case it would be the plaintiff -- would, of course, lose because they would have failed in their burden of proof.

Of course, if they succeed on both of those components, and sometimes it's written out in several ways, sometimes it's three or four ways, sometimes it's two different ways, then, of course,

13

if they succeed, then there is a verdict on liability against the defendant that you're considering. But remember you're considering each defendant and each claim separately.

For example, to succeed on his claims of retaliation, it is enough for a plaintiff to show by a preponderance of the evidence that he was retaliated against in any manner by Defendant because of protected activity. As previously mentioned, protected activity refers to the action of protesting discriminatory conduct. Even though you might be invalid in your protest, you might protest and say I'm being discriminated against, it might turn out that you were not, but the fact of your protest is protected. It is a concept that is akin to, not the same as, the First Amendment, where you're allowed to speak up and say this is something that I object to. This is wrong. I believe this to be discrimination.

We can't fire somebody or retaliate against somebody because they engage in that type of protected activity. I think we all understand that. Our society does not want people to be intimidated into not raising what may be a legitimate concern but actually might not be. We want to let people do that.

So there has to be a protected activity, and then of course a connection between that protected activity and a materially adverse action that typically would follow. A materially adverse action is an action or series of actions that could dissuade a reasonable worker from making or supporting a complaint of discrimination.

I will say this, though, temporal proximity alone does not establish that connection necessarily. It might be a factor, but the fact that you engage in protected activity and then very shortly after that something averse happens to you or you're terminated does not complete the loop. There really has to be a showing that there is an actual connection between the protected activity and the other, in this case perhaps the termination.

So there are four ways to think of this. We said two really on the first one.

The first element would be that Mr. Cardwell engaged in legally protected activity by complaining about, opposing, or pursuing claims of discrimination or retaliation.

Second, that the defendant that you're considering -- because it has to be a real person or the company -- you're considering knew of such protected activity. If you don't know about it, you can't really respond to that.

Third, that Mr. Cardwell suffered one or more actions by a defendant that was reasonably likely to deter a person from engaging in similar protected activity. And, fourth, that retaliation was, to a degree varying by the statute under consideration, a motivating factor in any such actions.

So, four components there to think about.

At the end of the case, I will provide you with instructions on the law that will provide more detail and additional ways to think about these concepts that we have just gone over.

I want to briefly go over a few more concepts that may help you reach your decision.

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 11**
**(Inference Defined)**

During the trial you may hear or the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw-- but not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Source: Bender, Matthew, 4-75 *Modern Federal Jury Instructions—Civil*, ¶ 75.01 (modified)

## PLAINTIFF'S PROPOSED JURY CHARGE NO. 12
### (Pretext Defined)

Another concept is called "pretext." The word "pretext" means a reason or excuse that someone gives to hide the real reason for something. For example, Defendants claim that Mr. Cardwell's low billable hours in certain periods were not the result of retaliation, but the by-product of Defendants' legitimate, non-retaliatory evaluation of Mr. Cardwell's performance and that they fired Mr. Cardwell because of his performance. Mr. Cardwell, on the other hand, claims that the Defendants' asserted reasons are a mere pretext to cover up an unlawful motive. By saying there reasons are pretext, Mr. Cardwell position is that his performance was not the real reason for the actions Defendants' took.

A plaintiff may show that a defendant's stated reasons for its decisions are pretextual in several ways, including:

1. Evidence that the stated reasons for the decisions are false or not their true reasons;

2. Evidence that the defendant acted contrary to a written company policy prescribing the action for defendant to take under the circumstances; or

3. Evidence that the defendant acted contrary to an unwritten policy or contrary to established company practice when making the termination decision affecting the plaintiff.

Mr. Cardwell may also demonstrate pretext by showing the Defendants' stated reasons are so inconsistent, implausible, incoherent, or contradictory that they are unworthy of belief.

In determining whether the Defendants' stated reasons for the decision are genuine or pretextual, you must examine the facts as they appeared to the person making the employment decision at the time they made the decision.

Source: Fleming v. MaxMara USA, Inc., 371 F. App'x 115, 117 (2d Cir. Mar. 25, 2010) (summary order); Zann Kwan v. Andalex Grp., LLC, 737 F.3d 834, 845 (2d Cir. 2023).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 13**
**(Final Remarks)**

Well, that is a not very brief, but kind of brief summary of what you have to consider. I want you to have an idea of what you are doing before you start trying to do it. That's probably about as much as would be useful.

At the end of the case, you will get a written set of instructions, rather lengthy, and it provides more detail and more ways to think about these concepts that we have just gone over.

**\*PRELIMINARY INSTRUCTIONS AFTER TRIAL\***
**(Charges Nos. 14 – 39)**


**PLAINTIFF'S PROPOSED JURY CHARGE NO. 14**
**(Duties of Jurors)**


Members of the jury, now that the evidence is in and counsel have summed up their contentions, the time has come for us to perform our respective functions in the administration of justice in this case.

As I stated to you at the outset, it is my duty to instruct you as to the principles of law to be followed, and it is your duty to accept those instructions as they are given by the Court and apply them to the evidence in this case. In performing your function, you should not single out any one instruction as stating the law, but, rather, should consider these instructions as a whole.

The instructions to you will consist of three sections. First, I will give you some general instructions applicable in every case. Second, I will instruct you regarding the specific issues that will need to be decided by you in this case relating to alleged retaliation. Finally, I will give you some instructions regarding the conduct of your deliberations. A copy of these instructions will be available for you in the jury room to consult if you find it necessary.

In defining the duties of the jury, let me first give you a few general rules:

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them to be from the evidence in the case. The questions that you must decide will be submitted to you in the form of a special verdict consisting of specific questions for you to answer. You must answer these questions by applying the facts as you find them to be. I shall give to you the rules of the law that apply to these questions. You must apply them in arriving at your answers.

You are not to single out any one instruction alone as stating the law, but, instead, must consider the instructions as a whole. Nor are you to be concerned with the wisdom of any rule of law stated by me. You are obligated to follow the law.

Nothing I say in these instructions is to be taken as an indication that the Court has any opinion, one way or the other, about the facts of the case. It is not my function to determine the facts, but rather that is your function.

You must perform your duties as jurors without bias or prejudice as to any party. You must follow the law as I give it to you, whether you agree with it or not. The law does not permit you to be governed by sympathy, prejudice, or public opinion. You are to treat all parties equally. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

In determining the facts, you are reminded that you took an oath to render judgment

impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

Source: O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §103.01 (5th ed. 2000) (modified).

## PLAINTIFF'S PROPOSED JURY CHARGE NO. 15
### (Statements by The Court Do Not Constitute Evidence)

The law permits judges to comment to the jury on the evidence in the case. Such comments are only the expression of the judge's opinion as to the facts. They are not evidence. You may disregard them entirely, because you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

Source: O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §103.33 (5th ed. 2000) (modified).

## PLAINTIFF'S PROPOSED JURY CHARGE NO. 16
### (Rulings on Objections to Evidence)

During the trial the Court has been called upon to make rulings from time to time. The Court has sustained some objections, and has overruled others. Remember that it is the answer to a question that is evidence – not the question itself. You may not draw inferences against either side because of any objections that counsel may have made during the trial, or any arguments that counsel may have made, or the fact that it may have been necessary from time to time to engage in conferences at the side bar or to exclude you from the courtroom altogether. Under our system of justice, it is the function and duty of counsel to object to anything that they think is legally improper, and they would be remiss in their duty if they failed to do so.

If during the course of the trial from my rulings or facial expressions or questions that I put to the witnesses you got the impression that I personally have any views on the credibility of any witnesses, or on the weight to be given to their testimony, or to the proof, or to the merits of the case, please disregard it. Any questions which I may have put to witnesses during the course of the trial have been put to those witnesses only in an attempt to clarify issues that you might ultimately decide. It is not my intention to imply or express any opinion or any views to you with respect to the facts in the case, or the merits, or the credibility of any witness. That is your sole and exclusive function. Whatever my feelings may be in this matter with respect to the issues  you will decide are completely immaterial and irrelevant.

Source: Mathes, *Jury Instructions and Forms for Federal Rules*, 28 F.R.D. 401 §9.04 (1961).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 17**
**(Depositions)**

Some of the testimony before you may be in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Source: Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 74.14 (modified)

## PLAINTIFF'S PROPOSED JURY CHARGE NO. 18
### (Causation and Preponderance of The Evidence)

Plaintiff has the burden to prove his claims by a preponderance of the evidence. To establish a claim by a preponderance of the evidence simply means to prove that something is more likely so than not. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses; or the greater length of time taken by either side. It means the quality and persuasiveness of the evidence-- that is, the weight and the effect that the evidence has in your minds.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

In a civil case, like this one, the evidence supporting Plaintiff's claims must appear to you as more accurately representing what actually took place, as compared to the evidence opposed to Plaintiff's claims. Plaintiff's burden is to prove just slightly more than simple equality of evidence. If it does, then you must resolve the question in favor of Plaintiff. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must resolve the question in favor of Defendants.

Plaintiff must prove the element at issue by a preponderance of the evidence. On the other hand, Plaintiff need prove no more than a preponderance. So long as the scales tip, however slightly, in Plaintiff's favor – that what Plaintiff claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

Source: Bender, Matthew, 4-73 *Modern Federal Jury Instructions—Civil*, ¶ 73.01 (modified).

## PLAINTIFF'S PROPOSED JURY CHARGE NO. 19
### ("If You Find" or "If You Decide")

      When I say in these instructions that a party has the burden of proof on any proposition, or use of the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.


Source:      O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §104.04 (5th ed. 2000).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 20**
**(Direct and Circumstantial Evidence)**

There are two types of evidence which you may properly use in reaching your verdict. There is direct and circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. The other type of evidence you may use to reach your verdict circumstantial evidence. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

To illustrate what I mean by circumstantial evidence, let me give you an example. Assume that when you entered the courthouse this morning the sun was shining brightly outside and it was a clear day. In the courtroom, however, the shades are drawn, and you cannot see outside. As the trial progresses, people start entering the courtroom wearing raincoats and carrying dripping umbrellas. From these facts, you might reasonably infer that it has begun to rain, even though you cannot see out the window and do not know by direct observation or evidence that it is raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non- existence of some other fact.

You may consider both direct and circumstantial evidence in deciding this case. In fact, that is the way in which many cases of this nature are decided. Since there are often not direct evidence; you must certainly look at both. It is important to keep in mind that the plaintiff is not required to present any direct evidence in order to prevail on his claims.

The law permits you to give equal weight to both, but it is for you the jury to decide how much weight to give to any evidence.

Direct evidence of retaliation is sometimes hard to find, because an employer who retaliates is unlikely to leave a "smoking gun," which directly proves a retaliatory motive. Therefore, plaintiffs are sometimes not able to prove their claim by direct evidence, and is not required to do so. Instead, plaintiffs such as Mr. Cardwell usually must build their cases from indirect evidence and pieces of circumstantial evidence which undercut the credibility of the various testimony offered by the employer.

 Therefore, you may consider circumstantial evidence such as the testimony and evidence offered by other employees, evidence relating to company-wide practices that may reveal patterns of discrimination or retaliation against a group of employees, and other indirect evidence of discriminatory or retaliatory motive. Similarly, direct proof concerning state of mind is often not available and Mr. Cardwell is not required to produce it.

Sources:        Sand, *et al*, *Modern Federal Jury Instructions*, §74-2 (2001) (modified); Desert Palace, Inc. v. Costa, 539 U.S. 90, 100·101 (2003); Chambers  v. TRM  Copy Centers  Corporation, 43  F.3d 29,37 (2d Cir.  1994), Dister v. Continental Group, 859 F.2d 1108, 1114-15 (2d Cir. 1988).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 21**
**(Evaluation of Testimony - Credibility of Witness)**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in their testimony. You are the sole judges of the credibility of each witness and of the importance of their testimony.

You are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by each side. Both sides cannot be true, and this is where you play your role as jurors. You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness appear; what was his or her demeanor—that is, his or her behavior, bearing, manner, and appearance while testifying? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. It is your duty to consider whether the witness has permitted any such bias or interest to tailor his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

If you find that any witness has testified falsely with respect to a material fact in the case, you may, but you are not required to, disregard his entire testimony. Or, in your discretion, you may choose to follow that which you believe is true, and reject the balance. It is entirely within your discretion to weigh it, to determine the weight to be given to the testimony and to judge the credibility of the witness.

Source: Bender, Matthew. 4-76 *Modern Federal Jury Instructions—Civil*, ¶ 76.01 (modified).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 22**
**(Impeachment - Inconsistent Statements or Conduct)**

The testimony of a witness may be discredited or impeached by contradictory evidence or showing that he or she previously made statements which are inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. That is for you, the jury to decide.

The testimony of a witness may also be discredited or impeached if a witness is shown to have knowingly omitted, or left out, a relevant fact in their testimony. An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. You have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

Source: O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §105.04 (5th ed. 2000) (modified).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 23**
**(Pretext Defined)**

Defendants claim that Mr. Cardwell's low billable hours in certain periods were not the result of retaliation, but the by-product of Defendants' legitimate, non-retaliatory evaluation of Mr. Cardwell's performance and that they fired Mr. Cardwell because of his performance. Mr. Cardwell, on the other hand, claims that the Defendants' asserted reasons are a mere pretext to cover up an unlawful motive. The word "pretext" means a reason or excuse that someone gives to hide the real reason for something.

Mr. Cardwell may show that the Defendants' stated reasons for its decisions are pretextual in several ways, including:

1. Evidence that the stated reasons for the decisions are false or not their true reasons;

2. Evidence that the Defendants acted contrary to a written company policy prescribing the action for Defendants' to take under the circumstances; or

3. Evidence that the Defendants acted contrary to an unwritten policy or contrary to established company practice when making the termination decision affecting the plaintiff.

Mr. Cardwell may also demonstrate pretext by showing the Defendants' stated reasons are so inconsistent, implausible, incoherent, or contradictory that they are unworthy of belief.

In determining whether the Defendants' stated reasons for the decision are genuine or pretextual, you must examine the facts as they appeared to the person making the employment decision at the time they made the decision.

Source: <u>Fleming v. MaxMara USA, Inc.</u>, 371 F. App'x 115, 117 (2d Cir. Mar. 25, 2010) (summary order); <u>Zann Kwan v. Andalex Grp., LLC</u>, 737 F.3d 834, 845 (2d Cir. 2023).

## [PLAINTIFF'S PROPOSED JURY CHARGE NO. 24
### (Defendants' Failure to Preserve Evidence)

Members of the jury, throughout these instructions, you will hear me repeat that you, the jury, are the sole fact-finders in this case. It is your duty alone to review and evaluate the evidence and determine what you accept as true. However, there is one important exception. One of the central disputes in this trial is whether Mr. Cardwell's performance was the actual reason for Mr. Cardwell not being staffed during certain periods and the termination of his employment, as Defendants claim, or whether it was a pretext for retaliation, as Mr. Cardwell claims.

In advance of litigation, there is a sacrosanct duty by all litigants not to destroy evidence which could be relevant in an investigation or case and which could help you, the jury, determine the truth as to what happened. In this case, Defendants were required to, but did not, preserve certain evidence.

Specifically, Defendants violated its obligations by failing to preserve evidence related to certain partners and associates he worked with, as well as certain partners and employees who made decisions about his staffing or evaluated his performance. Because of that, it is now the case that you, the jury, now have no way of knowing the truth about how Mr. Cardwell's performance compares to that of his colleagues for the partners he worked with but whose evidence was not properly preserved.

For that reason, I am instructing you that you may not find that any other associate's performance was any better than Mr. Cardwell's for the months of September 2015 through April 1, 2016. You may find that the other associates' performance was the same as Mr. Cardwell's during that period, or that it was worse than his. But, if you find that Mr. Cardwell received performance criticisms or negative assessments during that period, you are required by law to also find that all the other associates either received similar criticisms, or worse criticisms.

In other words, Defendants failed to preserve and produce certain evidence in this case, permanently depriving you, the jury, of the opportunity to assess that evidence. You are now required to find that the evidence could only have been either helpful or neutral to Mr. Cardwell, but you may not find, as a matter of law, that it could have been helpful to Defendants.

Source:         [Dkt. No. [●][Court's ruling on Plaintiff's motion in *limine* regarding spoliation of evidence.]]][1]

---

[1] Pending Court's ruling.

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 25**
**(Issues - In General)**

Mr. Cardwell brings claims against Defendants under Section 1981, Title VII, the New York State Human Rights Law, and the New York City Human Rights Law for retaliation. Each of these laws prohibit employers from taking retaliatory personnel actions against employees who have engaged in conduct that is protected under these statutes, including making a complaint of discrimination.

Accordingly, to make out a claim of retaliation, Mr. Cardwell must prove he engaged in protected activity under Section 1981, Title VII, the New York State Human Rights Law, and/or the New York City Human Rights Law by complaining that he was being treated differently because of his race, ethnicity, national origin or gender, and that Defendants took an action or series of actions that were materially adverse against him because he engaged in such protected activity. Such actions can include but are not limited to the termination of his employment.

Thus, you will first have to determine whether Mr. Cardwell engaged in protected activity as I will explain the term to you shortly. Then you will have to decide whether Defendants made certain employment decisions because of his protected activity.

Source: Modern Federal Jury Instructions – Civil 88.03; N.Y. Pattern Jury Instr.--Civil Division 9 I Intro. 1; N.Y.C. Admin. Code § 8-107(7); <u>Johnson v. Strive East Harlem Empl. Grp.</u>, 990 F. Supp. 2d 435 (S.D.N.Y. 2014).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 26**
**(Retaliation – Section 1981, Title VII, NYSDHR)**

Mr. Cardwell brings a claim for retaliation under Section 1981, Title VII, and the New York State Human Rights Law. To succeed on those claims, Plaintiff must prove by a preponderance of the evidence that (1) Plaintiff participated in a protected activity; (2) that the Defendant at issue was aware of the protected activity at issue; (3) that Plaintiff was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse; and (4) there is a causal connection between the protected activity and the materially adverse action or actions.[2]

Plaintiff must prove each element by a preponderance of evidence.

In order to establish that he engaged in protected activity, Mr. Cardwell must establish that he complained that he was being treated differently because of his race, ethnicity, national origin or gender. The complaints do not have to be formal. Likewise, the complaints do not need to have been made in writing – oral complaints are sufficient. Moreover, there is no requirement that a complaint use magic words such as "discrimination," "gender" or "race."[3] Rather, a complaint must lend itself to a reasonable inference relating to unlawful discrimination.

Thus, it need only be clear from the context of Mr. Cardwell's complaints that he intended to complain about discrimination.[4] You should find that Mr. Cardwell engaged in protected activity and Defendants knew about if Defendants had a basis to realize that he was complaining about unlawful discrimination, regardless of the actual words that he used in making his complaints.[5]

To prove that Mr. Cardwell engaged in protected activity, he does not have to prove that the conduct he complained of actually violated the law, so long as Mr. Cardwell had a reasonable good faith belief that his complaint concerned discrimination on the basis of race or ethnicity.[6] In other words, you can (but you are not required to) find in Mr. Cardwell's favor on his retaliation claims even if you find that he has not proven that he experienced discrimination.

---

[2] Carr v. New York City Transit Authority, 76 F.4th 172, 180 (2d Cir. 2023)

[3] Chen-Oster v. Goldman, Sachs & Co., 293 F.R.D. 557, 563 (S.D.N.Y. 2013)

[4] Meyers v. Medco Health Sols., Inc., No. 09 Civ. 09216 (RKE), 2012 WL 4747173, at *7 (S.D.N.Y. Oct. 4, 2012), on reconsideration in part, No. 09 Civ. 09216 (RKE), 2015 WL 1500217 (S.D.N.Y. Mar. 31, 2015) (finding that complaints that plaintiff was being treated differently than other employees in group, all of whom were men, could constitute protected activity); Bader v. Special Metals Corp., 985 F. Supp. 2d 291, 321 (N.D.N.Y. 2013) (finding that the plaintiff's complaints that "four male supervisors [had been] intentionally making her work environment unbearable" constituted protected activity sufficient to put the company on notice, even absent the word "discrimination"); Chen-Oster, 293 F.R.D. at 563.

[5] Malena v. Victoria's Secret Direct, LLC, 886 F. Supp. 2d 349, 363 (S.D.N.Y. 2012) (general complaints of mistreatment constituted protected activity where individual receiving complaint had reason to know of the individual defendant's animus towards the plaintiff).

[6] Callahan v. Consol. Edison Co. New York, Inc., 187 F. Supp. 2d 132, 138 (S.D.N.Y. 2002) ("In addition to prohibiting discrimination based on race, Section 1981 protects the right of employees to voice complaints regarding treatment that they, in good faith, believe violated their rights under Section 1981 by prohibiting retaliation in the wake of such complaints"); Ayton v. Lenox Hill Hosp., No. 93 Civ. 6601 (BSJ), 1997 WL 10000, at *4 (S.D.N.Y. Jan. 10, 1997) ("To establish that an activity was protected, a plaintiff need not prove the merit of her underlying discrimination complaint, but only that she was acting under a good faith, reasonable belief that a violation existed").

In order to prove that Mr. Cardwell was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse, Mr. Cardwell must prove by a preponderance of evidence that Defendants took actions that could dissuade a reasonable worker from making or supporting a complaint of discrimination.[7]

In order to prove that there is a causal connection between Mr. Cardwell's protected activity and the materially adverse personnel action, Mr. Cardwell must prove by a preponderance of evidence that only that the materially adverse action would not have occurred if Defendants did not have a retaliatory motive.[8] Mr. Cardwell may prove this by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in Defendants' reasons for the action.[9]

---

[7] *Carr*, 76 F.4th at 180.

[8] *Zann Kwan*, 737 F.3d at 846.

[9] *Id*.

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 27**
**(Anticipatory Retaliation – Section 1981, Title VII, NYSDHR)**

As I just mentioned, it is unlawful under Section 1981, Title VII, and the New York State Human Rights Law for a defendant to dissuade an employee from making a complaint of discrimination as retaliation for protected activity. This also means that certain types of retaliation done in anticipation of protected activity could also violate these laws. The anti-retaliation provisions in these laws exist to maintain 'unfettered access to statutory remedial mechanisms,' some kinds of threatened retaliation" could violate these laws.[10] For example, if Defendants took materially adverse actions against Mr. Cardwell in anticipation that he was going to or might engage in protected activity, Defendants' actions could be considered unlawful retaliation.[11]

You are entitled to evaluate the facts and evidence and to determine if you believe some or all of the Defendants engaged in any actions that fit this type of retaliation.

---

[10] Lester v. O'Rourke, 2018 WL 3141796 at *4 (N.D. Ill. June 27, 2018) (quoting Robinson v. Shell Oil Co., *519 U.S. 337, 346 (1997)* and holding that "[b]ecause the anti-retaliation provision exists primarily to maintain 'unfettered access to statutory remedial mechanisms,' some kinds of threatened retaliation…must be actionable under Title VII.")

[11] *See* Belyea v. City of Glen Cove, 2022 WL 3586559, at *14 (E.D.N.Y. Aug. 22, 2022) ("In view of the fact that Plaintiff was ultimately terminated and thus suffered an adverse employment action based on her termination,…the threat of termination is also an adverse employment action."); Beckel v. Wal-Mart Associates, Inc., 301 F.3d 621, 624 (7th Cir. 2002) ("[I]f there were admissible evidence that Wal–Mart had threatened the plaintiff with firing her if she sued, … [s]uch a threat would be a form of anticipatory retaliation, actionable as retaliation under Title VII."); Sauers v. Salt Lake Cty., 1 F.3d 1122, 1128 (10th Cir. 1993) ("Action taken against an individual in anticipation of that person engaging in protected opposition to discrimination is no less retaliatory than action taken after the fact; consequently, we hold that this form of preemptive retaliation falls within the scope of [Title VII].").

## PLAINTIFF'S PROPOSED JURY CHARGE NO. 28
### (Retaliation – NYCHRL)

Mr. Cardwell also brings a claim for retaliation under the New York City Human Rights Law. To succeed on these claims, Mr. Cardwell must prove by a preponderance of the evidence that (1) he engaged in a protected activity, (2) the Defendant was aware that he participated in such activity, (3) the Defendant engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct.[12]

Under the New York City Human Rights Law, Mr. Cardwell need only demonstrate that any protected activity was a "motivating factor" in the Defendants' conduct.[13] Put another way, Mr. Cardwell does not have to prove that his protected activity was the sole or decisive cause for Defendants' conduct, but just that it was one cause that played any role at all in Defendants' decision to act in a manner to dissuade Mr. Cardwell from engaging in protected activity.

---

[12] Bilitch v. N.Y.C. Health & Hosps. Corp., 148 N.Y.S. 3d 238, 246 (2d Dep't 2021).

[13] See Philip v. Gtech Corp., No. 14 CIV. 9261 (PAE), 2016 WL 3959729, at *11 (S.D.N.Y. July 20, 2016) ("Under the NYCHRL, a plaintiff need establish only that his protected activity was a motivating factor behind the defendant's retaliatory action"); N.Y.C. Admin. Code § 8-107(7); Reichman v. City of New York, 117 N.Y.S. 3d 280, 286 (2d Dep't 2020); Melman v. Montefiore Med. Ctr., 946 N.Y.S.2d 27, 8 (1st Dep't 2012).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 29**
**(Holding Mr. Reid, Mr. Bick, and Mr. Brass Liable for Retaliation)**

      Plaintiff has also asserted retaliation claims against Thomas Reid, John Bick, and Daniel Brass in their individual capacity, seeking to hold them personally liable for damages. If you find that Mr. Cardwell was retaliated against in violation of Section 1981, the New York State Human Rights Law, or the New York City Human Rights Law then you must determine whether either Mr. Reid, Mr. Bick, and/or Mr. Brass participated in the retaliation. If either Mr. Reid, Mr. Bick, and/or Mr. Brass did participate in that retaliation, you must find that person liable individually for the retaliation.[14]

---

[14] Whidbee, 223 F.3d at 75 (holding that individuals can be held liable under Section 1981); Madray v. Long Island Univ., 789 F. Supp. 2d 403, 408 (E.D.N.Y. 2011) ("[T]he Plaintiff names Dr. Kane in the fifth and sixth causes of action for discrimination and retaliation under the NYSHRL, which permit individual liability."); Ideyi v. State Univ. of N.Y. Downstate Med. Ctr., No. 09 Civ. 1490 (ENV)(RML), 2010 WL 3938411, at *6 (E.D.N.Y. Sept. 30, 2010) ("NYSHRL provides for individual liability of an employee for unlawful retaliation, providing that "[i]t shall be an unlawful discriminatory practice for any person . . . to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article.'"); N.Y.C. Admin. Code § 8-107(7) ("It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has" engaged in protected activity.).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 30**
**(Damages--Generally)**


I am about to instruct you on the issue of damages. The fact that I am giving you these instructions should not be considered as an indication of my view as to which party is entitled to your verdict in this case. If you find that Mr. Cardwell has satisfied his burden of proving that Defendants retaliated against him, then you must consider the issue of what damages Defendants should pay him. If you find that Plaintiff has not satisfied his burden of proof as to any claim, you may not consider the question of damages as to that claim.

Based on the causes of action Mr. Cardwell has alleged, there are three types of damages you  may award him:


      (1)     Compensatory Damages;

      (2)     Nominal Damages; and

      (3)     Punitive Damages.


Source: Federal Jury Practice and Instructions, §§ 104.06, 106:02; 42 U.S.C. § 2000-5(e); N.Y.C. Admin. Code § 8-502(a).

## PLAINTIFF'S PROPOSED JURY CHARGE NO. 31
### (Compensatory Damages)

Compensatory Damages. This type of damages provides an award to compensate Mr. Cardwell for pain and suffering and emotional distress, including feelings of depression, anxiety and/or humiliation, and/or harm to reputation that he may have suffered.

If you find that Defendants retaliated against Mr. Cardwell, then you must determine an amount that is fair compensation for Mr. Cardwell's emotional pain and suffering that he alleges he suffered as a result of Defendants' conduct. Emotional suffering may manifest itself through such things, as for example, feelings of depression, anxiety and/or humiliation, mental anguish, hair loss, excessive fatigue, sleeplessness, mental strain, headaches, loss of life enjoyment and loss of reputation. This list does not include every example; you may find that other types of symptoms or manifestations also constitute emotional damages.

These damages may be awarded with regard to any of Mr. Cardwell's claims if he demonstrates that he has suffered emotional distress as a result of being retaliated against by Defendants. Mr. Cardwell can prove such emotional distress through his own testimony,[15] through the testimony or records of a treating physician,[16] or through a witness.[17] You may award Mr. Cardwell compensatory damages even if he did not seek medical treatment.[18]

There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in light of the evidence presented at trial. No evidence of the monetary value of such intangible things as a damaged reputation or emotional suffering has been, or need be, introduced into evidence. This value is entirely up to you as a jury to decide.

Source: Source: Federal Jury Practice and Instructions § 171:90.; N.Y. Pattern Jury Instruction – Civil Division 9:5A.1 (modified); *see also* EEOC Enforcement Guidance on Damages under CRA 91, No. 915.002, July 14, 1992.

---

[15] Caravantes v. 53rd St. Partners, LLC, No. 09 Civ. 7821 (RPP), 2012 WL 3631276, at *22 (S.D.N.Y. Aug. 23, 2012) ("In 'garden variety' emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury. Such claims typically lack extraordinary circumstances and are not supported by any medical corroboration. 'Garden variety' emotional distress claims generally merit $30,000 to $125,000 awards.").

[16] Bick v. City of New York, No. 95 Civ. 8781 (KMW) (MHD), 1998 WL 190283, * 24-5 (S.D.N.Y. Apr. 21, 1998) (awarded damages for pain and suffering to victim of employment discrimination who proved compensatory damages though her own testimony and that of her therapist, which established that she suffered from severe emotional anguish for extended period although she had improved by time of trial).

[17] Patrolmen's Benevolent Ass'n v. City of New York, 310 F.3d 43, 55 (2d Cir. 2002) (holding emotional distress damages can be supported by "other evidence that such an injury occurred, such as the testimony of witnesses to the plaintiff's distress . . . or the objective circumstances of the violation itself.")
[18] *Id.*

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 32**
**(Nominal Damages)**

      Nominal Damages. These are damages, which are typically a minimal amount, awarded because a statute or law has been violated without any regard to the actual damages Mr. Cardwell may have suffered as a result of that violation.

      If you return a verdict for Mr. Cardwell on a retaliation claim, but find that he has failed to prove that he has suffered any actual damages, then you must return an award of nominal damages not to exceed the sum of one dollar.

      Source: Modern Federal Jury Instructions – Civil 77-6, 87-88; *Amato v. City of Saratoga Springs*, N.Y., 170 F.3d 311, 314 (2d Cir. 1999); *Bryce v. Wilde*, 333 N.Y.S.2d 614, 616 (3d Dep't 1972); *Erebia v. Chrysler Plastic 14 Products Corp.*, 772 F.2d 1250, 1259 (6th Cir.1985) (under 1981, award of nominal damages proper in absence of absent proof of compensable injury)

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 33**
**(Punitive Damages Under Section 1981, Title VII, NYSDHR)**

Punitive Damages. These are damages that you may award to punish Defendants or to deter Defendants and others from engaging in similar conduct in the future.

Mr. Cardwell has requested that you consider imposing punitive damages against Defendants. The purpose of punitive damages is to punish a wrongdoer, to deter the wrongdoer or other parties from committing similar acts in the future, or to protect society against similar acts. Under Title VII, Section 1981, NYSDHR, you may award Mr. Cardwell punitive damages if you find that Defendants' retaliated against him "with 'conscious knowledge it was violating the law,' or that it engaged in 'egregious or outrageous conduct from which an inference of malice or reckless indifference could be drawn.'"

To be clear, Mr. Cardwell is not required to show egregious or outrageous conduct in order to recover punitive damages under Title VII, Section 1981, or the NYSDHR. When deciding if you believe Defendants acted with "malice" or "reckless indifference," you are not deciding if the Defendants were aware that is engaging in discrimination. The terms "malice" and "reckless indifference" relate to whether Defendants retaliated in the face of a perceived risk that its actions will violate federal or state law or whether Defendants conduct reflects complete indifference to the Mr. Cardwell's safety or rights.

For example, you may award punitive damages if you determine that Defendants knew they were violating anti-retaliation statutes and/or were recklessly indifferent to that fact. Accordingly, you may consider, if you find it to be true, the fact that during the time period that Mr. Cardwell was employed with Davis Polk, Defendants were aware of discriminatory or retaliatory conduct involving Mr. Cardwell and/or others, and were intentionally allowing it to continue, or recklessly indifferent to that fact.

Mr. Cardwell seeks punitive damages based on each cause of action he has alleged. Therefore, if you determine that Mr. Cardwell has established any cause of action, you must determine whether to award punitive damages to him, and, if you do award punitive damages, you must decide the amount.

Punitive damages may be awarded even if you award Mr. Cardwell only nominal, and not compensatory, damages.

There is no formula to determine the dollar amount needed to effectuate deterrence.

Sources: Federal Jury Practice and Instructions § 171.94, 172.74; State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416, 425-29 (2003); Patterson v. Balsamico, 440 F.3d 104, 120-22 (2d Cir. 2006); TSE v. UBS Fin. Servs., Inc., 568 F. Supp. 2d 274, 311-12 (S.D.N.Y. 2008); Thompson v. American Eagle Airlines, Inc., No. 99 Civ. 4529 (JGK), 2000 WL 1505972, at *11 (S.D.N.Y. Oct. 6, 2000); Chauca v. Abraham, 30 N.Y.3d 325, 334 (2017); N.Y.C. Admin. Code § 8-107; Kolstad v. American Dental Association, 527 U.S. 526 (1999); Tepperwein v. Entergy

<u>Nuclear Operations, Inc.</u>, 663 F.3d 556, 573 (2d Cir. 2011); <u>Farias v. Instructional Sys.</u>, Inc., 259 F.3d 91, 102 (2d Cir. 2001)

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 34**
**(Punitive Damages Under NYCHRL)**

Similar to Title VII and Section 1981, punitive damages may be imposed to penalize Defendants, to deter similar acts in the future, or to protect society against similar acts. Unlike Title VII and Section 1981, however, the New York City Human Rights Law requires neither a showing of "malice" or awareness of the violation of a protected. The standard for determining punitive damages under the New York City Human Rights Law is whether the wrongdoer has engaged in retaliation with willful or wanton negligence, or recklessness, or a "conscious" disregard of the rights of others or conduct so reckless as to amount to such disregard of Mr. Cardwell's rights.

There is no formula to determine the dollar amount needed to effectuate deterrence.

Sources: N.Y. Pattern Jury Instruction – Civil Division 9, Introductory Statement sections I and II; Bender, Matthew, 4-77 *Modern Federal Jury Instructions—Civil*, ¶ 77.01; N.Y.C. Admin. Code § 8-107 (13) (d)-(e); Zakrzewska v. New School, 14 N.Y.3d 469 (2010); Tirschwell v TCW Group Inc., 194 A.D.3d 665 (1st Dept. 2021); Comment to N.Y. Pattern Jury Instruction 2:278; Kolstad v. American Dental Association, 527 U.S. 526 (1999); Chauca v. Abraham, 30 N.Y.3d 325, 333 (2017); Home Ins. Co. v. American Home Prods. Corp., 75 N.Y.2d 196, 201 (1990); Rivera v. City of New York, 836 N.Y.S.2d 108, 117 (1st Dep't 2007); Payne v. Jones, 711 F.3d 85, 93 (2nd Cir. 2013).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 35**
**(Court Has No Opinion)**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Source: O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §106.07 (5th ed. 2000).

## PLAINTIFF'S PROPOSED JURY CHARGE NO. 36
### (Questions from Jury)

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson or by one or more members of the jury. The courtroom deputies should be given the note and he or she will deliver it to me. No member of the jury should attempt to communicate with the Court by means other than a signed note, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open Court.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Source: O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §106.08 (5th ed. 2000) (modified).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 37**
**(Unanimous Verdict)**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts.

Your sole interest is to seek the truth from the evidence in the case.

Source: O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §106.01 (5th ed. 2000) (modified).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 38**
**(Jury Verdict Form)**

Before retiring to the jury room, one of you will be selected to act as the jury's foreperson. The foreperson will preside over the deliberations, and will be your spokesperson here in Court. A form of special verdict has been prepared for your convenience. You will take these forms to the jury room. I direct your attention first to the form of special verdict.

[Read Jury Verdict Form.]

The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided under each question, and will date and sign the special verdict, when completed.

Source: O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §106.07 (5th ed. 2000).

**PLAINTIFF'S PROPOSED JURY CHARGE NO. 39**
**(Right to See Exhibits and Hear Testimony;**
**Communications with Court)**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony--in fact any communication with the court--should be made to me in writing, signed by your foreperson, and given to one of the marshals. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

The court will not communicate with any member of the jury on any subject involving the merits of the case other than by writing or orally here in open court.

Source: Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 78.01 (modified)