PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
TELEPHONE (212) 373-3000

NEW YORK, NEW YORK 10019-6064

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 - 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

WRITER'S DIRECT DIAL NUMBER
(212) 373-3093

WRITER'S DIRECT FACSIMILE
(212) 492-0093

WRITER'S DIRECT E-MAIL ADDRESS
jjohnson@paulweiss.com

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/2023

# MEMORANDUM ENDORSED

October 9, 2023

By ECF

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP, et al.*,
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

As Your Honor is aware, the final pretrial conference in this matter is set for December 11, 2023. Defendants understand that the Court intends to "engage in a colloquy about each witness" on the parties' witness lists and "impose reasonable limits on the duration of anticipated testimony." Mar. 3, 2023 Hr'g Tr. 16:1-14. Given the number of objectionable witnesses that Plaintiff has listed in the Joint Proposed Pretrial Order, *see* ECF 334 ("JPTO"), and an evidentiary question that will impact the number of witnesses that Defendants must call (as explained below), Defendants respectfully request that the Court convene an additional pretrial conference at the Court's earliest convenience, so the parties can efficiently prepare for trial with the benefit of the Court's rulings as to (i) the witnesses Plaintiff will be permitted to call, and the permissible scope and duration of each witness's testimony, and (ii) whether performance reviews are admissible for the truth as business records under FRE 803(6), or for other purposes.

*First*, Plaintiff included 38 "will call" witnesses and 7 "may call" witnesses in the JPTO. Plaintiff's witness list is overbroad, includes numerous witnesses with only a tangential relationship (if any) to the issues remaining to be tried, and is improperly cumulative. This is obvious based on a cursory review of Plaintiff's description of the witnesses' anticipated testimony. *See* JPTO at 33–36. There are also many witnesses on Plaintiff's list who lack percipient, first-hand knowledge. In addition, Plaintiff inappropriately seeks to call in-house

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                                          2

counsel from Davis Polk as well as Defendants' outside trial counsel, in a transparent effort to invade the attorney-client privilege, deprive Defendants of their choice of counsel, relitigate (or litigate for the first time) discovery disputes at trial, or, at the very least, unduly prejudice Defendants by forcing them to raise privilege objections in front of the jury. *Id.* at 34–35.

For example, Plaintiff seeks to call Kathleen Ferrell to testify regarding her October 2017 performance review of Plaintiff. JPTO at 13–14. However, Ms. Ferrell wrote in that review that she "had very little contact with Kaloma" and lacked "sufficient contact to offer a review." DTX265. Another example: Plaintiff seeks to call Martin Dellacona—an employee in the Firm's Information Systems department who never worked with Plaintiff or had any involvement in alleged retaliation—to testify about "instructions or guidance" regarding the Firm's "Lawyer Review System." JPTO at 11–12. To the extent relevant, numerous other witnesses on Plaintiff's list could testify about that topic.[1] As we prepare for trial, Defendants face the practical problem that the overwhelming majority of Plaintiff's proposed witnesses are individuals who are or were affiliated with Davis Polk; the uncertainty regarding how many of Plaintiff's irrelevant, duplicative, and/or improper witnesses will testify at trial leaves Defendants with no choice but to begin notifying them, addressing their scheduling issues, and dedicating resources to their trial preparation, and soon.

The Court has "discretion to impose reasonable time limits on the presentation of evidence at trial" and "to manage [its] docket[]." *Wantanabe Realty Corp.* v. *City of New York*, 2004 WL 2112566, at *2 (S.D.N.Y. Sept. 23, 2004). Courts routinely exercise such discretion by preventing parties from calling numerous witnesses to provide cumulative testimony, by imposing time limitations on particular witnesses, or by imposing trial clocks. For example, in *Gabel* v. *Richard Spears Kibbe & Orbe, LLP*, 2009 WL 1856631 (S.D.N.Y. June 26, 2009), the court warned that the plaintiff would "not be permitted to call all sixty-five witnesses" listed in the pre-trial order, and that the plaintiff had "a total of about 20 trial hours" to put in her evidence. *See also Am. Nat'l Theatre & Acad.* v. *Am. Nat'l Theatre Inc.*, 2006 WL 8462060, at *1 (S.D.N.Y. Aug. 8, 2006) (ordering that the parties' witness lists be shortened because they were "far in in excess of what is reasonably necessary for a fair, expeditious, and just presentation of the case"); *Graterol-Garrido* v. *Vega*, 2021 WL 1541455, at *4 (S.D.N.Y. Apr. 20, 2021) (excluding testimony of various witnesses given their "questionable relevancy," "the burden on the Court's time," and "[d]efendant's failure to show that any relevant records cannot be offered into evidence through less burdensome means"). The Court should similarly exercise its discretion and place reasonable limitations on who Plaintiff may call, for how much time, and for what purpose. Doing so in advance of December 11, 2023 will prevent the waste of resources that will otherwise be required to prepare witnesses who may ultimately not be permitted to testify.[2]

---

[1] Mr. Dellacona's presence on Plaintiff's witness list suggests an intent to present to the jury unfounded assertions Plaintiff previously made and ultimately removed from his complaint at the Court's direction alleging, without basis, that certain of Plaintiff's reviews were backdated. *See* Feb. 1, 2021 Hr'g Tr. 19:24–21:15, 25:14–21.

[2] Plaintiff claims that his witness list is a reflection of Defendants' position "that all exhibits must have a proper foundation and be admitted by the author of the document." *See* JPTO at 32. Defendants agree that

The Honorable Gregory H. Woods 3

*Second*, Defendants have listed 6 "will call" witnesses, and 18 witnesses whom Defendants "may call, depending on whether, among other issues, there is a successful challenge to the admissibility of records concerning Plaintiff's job performance." JPTO at 37. Plaintiff's written performance reviews are key pieces of evidence in this case, and Defendants' "may call" list includes the Davis Polk partners who wrote or delivered Plaintiff's performance reviews. Defendants may not need to call each person who wrote a performance review, depending on this Court's ruling as to the admissibility of performance reviews as business records.

The business records exception applies to records that were created by someone with knowledge and "kept in the course of a regularly conducted activity of a business" where "making the record was a regular practice of that activity," as "shown by the testimony of the custodian or another qualified witness, or by a certification." Fed. R. Evid. 803(6). Rule 803(6) is "generous," and "favor[s] the admission of evidence if it has any probative value at all." *United States* v. *Strother*, 49 F.3d 869, 874 (2d Cir. 1995). District courts have admitted performance reviews as business records. *E.g.*, *Perry* v. *City of N.Y.*, 552 F. Supp. 3d 433, 446 (S.D.N.Y. Aug. 5, 2021) (performance evaluations "fall into the business records exception to hearsay"); *Zamora* v. *Open Door Fam. Med. Ctr., Inc.*, 2018 WL 4684131, at *1 n.2 (S.D.N.Y. Sept. 28, 2018) (admitting performance appraisals as business records). Defendants intend to lay a foundation under Rule 803(6), which would enable Defendants to admit all of Plaintiff's performance reviews through a single sponsoring witness at trial or by way of declaration from a records custodians. *See* Fed. R. Evid. 803(6). This will streamline the evidence and testimony offered at trial, and an advance ruling on this subject will further the efficient preparation for trial.[3]

The Court's rulings on these issues will directly impact the parties' trial preparation and the amount of time needed to try this case. Therefore, Defendants respectfully request that the Court schedule an additional pretrial conference at the Court's earliest convenience to address the parties' witness lists, the time allotted for trial, and the admissibility of performance reviews.[4]

---

all exhibits must have a proper foundation, and that Plaintiff must comply with the Rules of Evidence. *See Falise* v. *Am. Tobacco Co.*, 2000 WL 1804542, at *1 (E.D.N.Y. Dec. 4, 2000) ("A foundation may be established . . . by an appropriate witness."); *United States* v. *Garcia*, 413 F.3d 201, 211 (2d Cir. 2005) ("A witness may not testify to a matter until evidence is introduced sufficient to support a finding that the witness had personal knowledge of the matter." (quoting Fed. R. Evid. 602)). That does not mean, however, that Plaintiff must call "the author" of each and every document on his exhibit list (which is loaded with proposed exhibits of little or no relevance) in order to lay a foundation.

[3] Even if the Court determined that performance reviews are not admissible under Rule 803(6), they should be admitted for the non-hearsay purpose of demonstrating what Defendants thought about Plaintiff's performance when he was terminated; whether Plaintiff's performance reviews were accurate is not at issue. *See Vasquez* v. *Empress Ambulance Serv., Inc.*, 835 F.3d 267, 275 (2d Cir. 2016) ("[W]hen considering the legitimacy of an employer's reason for an employment action, we look to 'what motivated the employer' rather than to 'the truth of the allegations against [the] plaintiff on which it relies." (citations omitted)); *McPherson* v. *N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case, however, we are decidedly not interested in the truth of the allegations against plaintiff.").

[4] Plaintiff does not consent to Defendants' request and we understand he will be filing a response.

The Honorable Gregory H. Woods   4

Respectfully Submitted,

Jeh Charles Johnson

cc:   All counsel of record via ECF

Application granted. The Court grants Defendants' request to hold a pretrial conference to discuss the parties' witness lists and related matters. Dkt. No. 345. The Court will hold a pretrial conference on November 17, 2023 at 2:00 p.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, NY 10007.

Each party is also directed to submit a document listing, for each of the witnesses that the parties expect to call (see Dkt. No. 334, at 11–31, 36–40**)**, an estimate of the time that each party expects to need for either direct or cross-examination of each witness. The parties are directed to submit this document no later than November 14, 2023.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 345.

SO ORDERED.

Dated: November 8, 2023              _____
New York, New York                 GREGORY H. WOODS
                                                   United States District Judge