November 14, 2023

**By ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP,* et al.
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

     I write to respond to the Court's November 8, 2023 order, which instructed the parties to submit no later than November 14, 2023 a "document listening, for each of the witnesses that the parties expect to call…, an estimate of the time that each party expects to need for either direct or cross-examination of each witness." Dkt. No. 348 (granting Defendants' October 9, 2023 request for an additional pre-trial conference (Dkt. No. 345)).

     As reflected below, we have noted each witness listed on either parties' "may" or "will" call lists in the order that they appear in the parties' proposed joint pretrial order (Dkt. No. 334), with the requested time estimates. The length of time necessary for any given witness may change depending on the Court's pending or subsequent rulings.

     We thank the Court for its attention to these matters.

Respectfully submitted,

/s/ David Jeffries
David Jeffries

*Attorney for Plaintiff*

cc (via ECF):

Jeh C. Johnson
Bruce Birenboim
Susanna M. Buergel

*Attorneys for Defendants*

November 14, 2023

| Witnesses Plaintiff <u>Will</u> Call in Plaintiff's Case-in-Chief ||||
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 1. | Kaloma Cardwell | *See* Proposed JPTO (ECF 334) | 9 hrs |
| 2. | Martin Dellacona | Mr. Dellacona worked in the Firm's Information Systems department and worked with the Firm's Associate Development to send or respond to communications related to the Firm's Lawyering Review System and associates' workload capacity forms.<br><br>Among other topics, Mr. Dellacona will be questioned about his emails, communications, and work that involved sending instructions to partners and others regarding the Firm's "Lawyer Review System," and other communications related to instructions or guidance that were sent to the Firm's partners and associates regarding the writing or documenting of individual reviews or summary reviews. | 2 hrs |
| 3. | Renee DeSantis | Among other topics, Ms. DeSantis will be questioned about her role as the Director of the Associate Development Department; her emails and communications to Mr. Cardwell and the Firm's partners, counsel, associates, and employees, including her communications about the Firm's performance review process; the trainings or reminders she facilitated regarding how partners should document, communicate, and summarize performance reviews; the concerns and complaints Mr. Cardwell made during the September 2015 Diversity Committee meeting and September 2016 meeting with a Manager in her Department; and her role in assessing Plaintiff's performance and the Firm's decision to fire Cardwell in January 2018. | 6 hrs |

November 14, 2023

| | Witnesses Plaintiff <u>Will</u> Call in Plaintiff's Case-in-Chief | | |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 4. | Alicia Fabe | Ms. Fabe was a manager in the Firm's Associate Development Department; member of the Firm's Diversity Committee; and the author or custodian of various emails and documents that were sent to or related to Mr. Cardwell; Defendants; the Diversity Committee meetings and the agendas that she authored or revised in advance of those meetings; and the Diversity Committee's "Management Committee Reports" that were used to provide updates to the Management Committee, to name just a few. She was present for or had knowledge of Mr. Cardwell's September 2015 and September 2016 complaints.<br><br>Among other topics, Ms. Fabe will be questioned about Plaintiff and Defendants regarding the Firm's review process; the trainings she facilitated for associates and partners; her role in requesting or facilitating feedback from associates to Firm leaders and partners; as well as other issues related to Mr. Cardwell's employment, staffing, performance and experiences. | 5 hrs |
| 5. | Carolina Fenner | Ms. Fenner was a member of the Firm's Associate Development Department and authored several communications related to Mr. Cardwell's staffing; performance and performance reviews; including the "consensus message" Mr. Cardwell was supposed to receive in 2015 and 2016; as well as documents that indicate she recommended Mr. Cardwell should not be scheduled for a mid-year review in the Fall of 2017.<br><br>Among other topics, Ms. Fenner will be questioned about her emails and communications to and related to Mr. Cardwell, including her role in staffing Mr. Cardwell from 2015 through 2018. | 5 hrs |

| | Witnesses Plaintiff <u>Will</u> Call in Plaintiff's Case-in-Chief | | |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 6. | Kathleen Ferrell | Ms. Ferrell was the Firm's head of Personnel Committee; was listed as a contact person in the Firm's complaint procedure policies; a person who completed an individual review for Mr. Cardwell in 2017, and the author/presenter of emails, presentations, and memos related to the Firm's review process. She sent (or had sent on her behalf) annual reminders, instructions, and memos about the Firm's review process to partners (including Defendants), counsel, and associates (including Mr. Cardwell).<br><br>Among other topics, Ms. Ferrell will be questioned about her performance evaluation of Mr. Cardwell; the emails she sent Plaintiff and Defendants regarding the Firm's review process; her presentations to Mr. Cardwell and other associates on "How to Get Feedback;" as well as other issues related to Mr. Cardwell's employment, staffing, performance and experiences. | 2 hrs |
| 7. | Byron Rooney | Mr. Rooney was a staffing partner in the Capital Markets group; made staffing decisions related to Mr. Cardwell's staffing during his Capital Markets rotation; and had communications with Mr. Cardwell regarding how Mr. Cardwell was staffed during his Capital Markets rotation. Mr. Rooney was also a member of the Firm's Diversity Committee and participated in several communications in connection with the September 2015 BAG/Diversity Committee meeting where Mr. Cardwell made a complaint.<br><br>Among other topics, Mr. Rooney will be questioned about his staffing decisions and communications with Mr. Cardwell, his knowledge of Cardwell's complaints or concerns, Defendants' knowledge of and reaction to those concerns and complaints. | 3 hrs |

| **Witnesses Plaintiff Will Call in Plaintiff's Case-in-Chief** |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 8. | Monica Holland | Ms. Holland was a corporate partner who worked on matters with Cardwell. She was the Chair of the Firm's Diversity Committee; was present during Cardwell's September 2015 complaint to the Diversity Committee; and participated in the Diversity Committee's "Management Committee Reports," which routinely provided updates to the Firm's Management Committee about the Firm's Affinity Groups, including an update about meetings several Defendants testified they did not have knowledge of or do not recall having knowledge of.<br><br>Among other topics, Ms. Holland will be questioned about her role on the Firm's Diversity Committee; the Diversity Committee's "Management Committee Reports" and other communications to the Diversity Committee and Management Committee. | 3 hrs |
| 9. | Jill Sterner | Ms. Sterner had communications with Mr. Cardwell in 2017 regarding his health, including when she informed Mr. Cardwell that he would have to take medical leave and get clearance from a medical professional before returning to work. She also received direct communications from Cardwell where Mr. Cardwell told her that his health issues were the result of the Firm, Reid, and Bick's actions.<br><br>Among other topics, Ms. Sterner will be questioned about her communications with Mr. Cardwell and Defendants on issues related to Mr. Cardwell's health, medical leave, and complaints, as well as issues related to Mr. Cardwell's employment, staffing, performance and experiences; as well as the damages suffered by Mr. Cardwell as a result of Defendants' retaliatory actions. | 2 hrs |

| **Witnesses Plaintiff Will Call in Plaintiff's Case-in-Chief** |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 10. | Nicole Katz | Ms. Katz was a member of the Firm's Associate Development Department and authored several communications related to Mr. Cardwell's performance and performance reviews, including an email where she stated, "The summary for Kaloma is blank intentionally."<br><br>Among other topics, Ms. Katz will be questioned about her emails and communications related to Mr. Cardwell, including the basis for stating Mr. Cardwell's summary was intentionally blank. | 1 hr |
| 11. | Jason Kyrwood | Among other topics, Mr. Kyrwood will be questioned about aspects of Davis Polk's operations and business model, including staffing and performance reviews; his communications with Plaintiff during Plaintiff's employment at Davis Polk; Plaintiff's job performance; his 2015 annual review meeting with Mr. Cardwell; and the basis for Mr. Kyrwood's view, as noted in his 2015 Summary Review of Mr. Cardwell's first rotation that Mr. Cardwell's work/performance was "Generally positive - organized, high quality work, good attention to detail, hard worker." | 1 hr |
| 12. | Gar Bason Jr. | Among other topics, Mr. Bason will be questioned regarding his experience working with Plaintiff, Plaintiff's job performance, the instructions and communications he received regarding the Firm's Lawyer Review System, his understanding of those communications at the time, and the basis for Mr. Bason's decision to not complete a performance review for Plaintiff in the Fall of 2016, including whether he did so because he was adhering to the Firm's Lawyer Review System and thus chose not to complete a review on the basis that he did not have enough interaction with Mr. Cardwell to do so.<br><br>Mr. Bason will be questioned about his choice to not complete a review for Mr. Cardwell in the Fall of 2016, including whether he chose not to on the basis that he did not have enough interaction with Mr. Cardwell. | 1 hr |

November 14, 2023

| **Witnesses Plaintiff Will Call in Plaintiff's Case-in-Chief** |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 13. | Arthur Golden | Among other topics, Mr. Golden will be questioned regarding his experience working with Plaintiff, Plaintiff's job performance, the instructions and communications he received regarding the Firm's Lawyer Review System, his understanding of those communications at the time, and the basis for Mr. Golden's decision to not complete a performance review for Plaintiff in the Fall of 2016, including whether he did so because he was adhering to the Firm's Lawyer Review System and thus chose not to complete a review on the basis that he did not have enough interaction with Mr. Cardwell to do so.<br><br>Mr. Golden will be questioned about his choice to not complete a review for Mr. Cardwell in the Fall of 2016, including whether he chose not to on the basis that he did not have enough interaction with Mr. Cardwell. | 1 hr |
| 14. | Michael Davis | Among other topics, Mr. Davis will be questioned regarding his experience working with Plaintiff, Plaintiff's job performance, the instructions and communications he received regarding the Firm's Lawyer Review System, his understanding of those communications at the time, and the basis for Mr. Davis's decision to not complete a performance review for Plaintiff in the Fall of 2016, including whether he did so because he was adhering to the Firm's Lawyer Review System and thus chose not to complete a review on the basis that he did not have enough interaction with Mr. Cardwell to do so.<br><br>Mr. Davis will be questioned about his choice to not complete a review for Mr. Cardwell in the Fall of 2016, including whether he chose not to on the basis that he did not have enough interaction with Mr. Cardwell. | 1 hr |

| **Witnesses Plaintiff Will Call in Plaintiff's Case-in-Chief** |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 15. | Lee Hochbaum | Among other topics, Mr. Hochbaum will be questioned regarding his experience working with Plaintiff; Plaintiff's job performance, the instructions and communications he received regarding the Firm's Lawyer Review System; his understanding of those communications at the time; the basis for Mr. Hochbaum's decision to not complete a performance review for Plaintiff in the Fall of 2016; including whether he did so because he was adhering to the Firm's Lawyer Review System and thus chose not to complete a review on the basis that he did not have enough interaction with Mr. Cardwell to do so; and the process and substance that resulted in the negative performance reviews he completed for Mr. Cardwell in the Fall of 2017.<br><br>Mr. Hochbaum will be questioned about his choice to not complete a review for Mr. Cardwell in the Fall of 2016, including whether he chose not to on the basis that he did not have enough interaction with Mr. Cardwell. | 4 hrs |
| 16. | Louis Goldberg | Among other topics, Mr. Goldberg will be questioned regarding his experience working with Plaintiff; Plaintiff's job performance, the May 2017 complaint that Mr. Cardwell communicated to Mr. Goldberg in an email, the process and the substance that resulted in the negative performance reviews he completed for Mr. Cardwell in the Fall of 2017, the annual review meeting he conducted with Mr. Cardwell in January 201
8, and the basis and his role for telling Mr. Cardwell he had to seek new employment in February 2018. | 4 hrs |

November 14, 2023

| **Witnesses Plaintiff Will Call in Plaintiff's Case-in-Chief** |
|---|---|---|---|
| **Row #** | **Name** | **Subject of Testimony** | **Estimated Exam Time** |
| 17. | Len Kreynin | Among other topics, Mr. Kreynin will be questioned regarding the declaration he submitted in connection with Defendants' motion for summary judgment; his experience working with Plaintiff; Plaintiff's job performance; the instructions and communications he received regarding the Firm's Lawyer Review System; his understanding of those communications at the time; and the basis for Mr. Kreynin's decision to not complete a performance review for Plaintiff in the Fall of 2016 (if this is his position), including whether he did so because he was adhering to the Firm's Lawyer Review System and thus chose not to complete a review on the basis that he did not have enough interaction with Mr. Cardwell to do so.<br>If Mr. Kreynin denies having created a review for Mr. Cardwell, Mr. Kreynin will also be questioned about his purported choice to not complete a review for Mr. Cardwell in the Fall of 2016, including whether he chose not to on the basis that he did not have enough interaction with Mr. Cardwell. | 4 hrs |
| 18. | John Butler | Among other topics, Mr. Butler will be questioned regarding the performance review he completed for Mr. Cardwell in the Fall of 2016 (and the assertions contained therein, including the basis for his decision to not answer "behind" to the question, "do you feel this lawyer is performing material behind, with, or ahead of lawyer's class"); the communications he received or participated in as Mr. Cardwell's assigned Career Advisor/Mentor; the declaration he submitted in connection with Defendants' motion for summary judgment. | 2 hrs |

| **Witnesses Plaintiff Will Call in Plaintiff's Case-in-Chief** |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 19. | Francesca Campbell | Ms. Campbell worked with Mr. Cardwell in 2016 and 2017 and completed performance reviews for Mr. Cardwell in 2016.<br><br>Among other topics, Ms. Campbell will be questioned regarding aspects of Davis Polk's operations and business model, including staffing and performance reviews, her communications with Plaintiff during Plaintiff's employment at Davis Polk, her experience working with Plaintiff, Plaintiff's job performance, the basis for Ms. Campbell's view, as noted in the October 2016 performance evaluation she completed for Mr. Cardwell, that Mr. Cardwell was performing "with" his class. | 1 hr |
| 20. | Laura Turano | Ms. Turano worked with Mr. Cardwell in 2015 and 2016 and completed performance reviews for Mr. Cardwell in 2015 and 2016.<br><br>Among other topics, Ms. Turano will be questioned regarding aspects of Davis Polk's operations and business model, including staffing and performance reviews; her communications with Plaintiff during Plaintiff's employment at Davis Polk; her experience working with Plaintiff; Plaintiff's job performance; the basis for Ms. Turano's view, as noted in her Fall 2015 and Fall 2016 performance evaluation she completed for Mr. Cardwell, that Mr. Cardwell was performing "with" his class. | 2 hrs |
| 21. | John Amorosi | Among other topics, Mr. Amorosi will be questioned regarding his experience working with Plaintiff; Plaintiff's job performance, the instructions and communications he received regarding the Firm's Lawyer Review System; his understanding of those communications at the time; as well as the basis for Mr. Amorosi's decision to rate Mr. Cardwell as "with" his class in a performance review in the Spring of 2016 and the process and substance that resulted in the negative performance reviews he completed for Mr. Cardwell in the Fall of 2017. | 3 hrs |

| **Witnesses Plaintiff <u>Will</u> Call in Plaintiff's Case-in-Chief** |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 22. | Oliver Smith | Among other topics, Mr. Smith will be questioned regarding Plaintiff's job performance, the annual review meeting he conducted with Mr. Cardwell in January 2018; the instructions and communications he received regarding the Firm's Lawyer Review System; his understanding of those communications at the time; the basis for the "blank" summary review that he submitted for Mr. Cardwell, and the basis and his role for telling Mr. Cardwell he had to seek new employment in February 2018. | 3 hrs |
| 23. | James Rouhandeh | Mr. Rouhandeh was a member of the Management Committee and participated in several communications and interactions related to the Diversity Committee's formal and informal "Management Committee Reports" (regarding the Firm's Black Attorney Group); Mr. Cardwell's complaints and concerns, including the March 2017 complaint that Bick testified he reported to the Management Committee; and the Firm's decision to fire Mr. Cardwell, which several Defendants and discovery responses indicated involved the participation of the Management Committee.<br><br>Among other topics, Mr. Rouhandeh will also be questioned about discrimination and retaliation committed at Davis Polk; complaints and/or allegations of discrimination, retaliation, or other misconduct made or alleged by current or former employees of Defendants. | 3 hrs |
| 24. | Neil Barr | Mr. Barr was a member of the Management Committee and the author of an email that was sent to Davis Polk's employees and stated, "Mr. Cardwell's termination had nothing to do with his race. He was terminated for legitimate, non-discriminatory reasons, following negative performance reviews given in the ordinary course." Mr. Barr will testify about the basis for the assertions in his emails concerning Mr. Cardwell, his performance, and the reasons the Firm fired Mr. Cardwell. | 2 hrs |

November 14, 2023

| **Witnesses Plaintiff Will Call in Plaintiff's Case-in-Chief** |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 25. | Sharon Crane | Ms. Crane was the Firm's then-Executive Director of Personnel, member of the Firm's Diversity Committee, and worked with the Firm's Management Committee.<br><br>Among other topics, Ms. Crane will be questioned about aspects of Davis Polk's operations and business model, including staffing, assigning, performance reviews, and/or the partnership; her communications with and about Plaintiff during Plaintiff's employment at Davis Polk; various emails and communications she participated in regarding Plaintiff's staffing, performance review, and complaints; her knowledge of Mr. Cardwell's concerns and complaints and the Firm's knowledge and reactions to his concerns and complaints, and the events leading up to the termination of Plaintiff's employment. | 8 hrs |
| 26. | Rocio Clausen | Among other topics, Ms. Clausen will be questioned regarding her experience as the Professional Development Manager at Davis Polk during the relevant time period, aspects of Davis Polk's operations and business model, including staffing, assigning, and/or performance reviews, her communications with Plaintiff during Plaintiff's employment at Davis Polk, her knowledge of Plaintiff's request for feedback, and her efforts in 2015 and 2016 to staff Plaintiff, and her communications regarding Mr. Cardwell's September 2015 complaint. | 4 hr |

| | Witnesses Plaintiff <u>Will</u> Call in Plaintiff's Case-in-Chief | | |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 27. | Sheila Adams | Among other topics, Ms. Adams will be questioned about her communications with Mr. Cardwell during his employment, including the concerns and complaints that Mr. Cardwell contemporaneously communicated to Ms. Adams prior to their meeting with Mr. Reid in January 2016, immediately after his face-to-face review with Mr. Bick in June 2016, and immediately after his meeting with Mr. Reid and Mr. Kreynin in March 2017.<br><br>Ms. Adams will also be questioned about her communications with Defendants and other Firm leaders and employees regarding Mr. Cardwell, the September 2015 BAG/Diversity Committee meeting, as well as Davis Polk's operations and business model, including staffing, assigning, and/or the partnership. | 3 hr |
| 28. | Larry Jacobs | Among other topics, Mr. Jacobs will be questioned about the emails that he sent Mr. Cardwell during his employment, the presentations that he created or presented to Mr. Cardwell, and his and Defendants' knowledge and responses to Mr. Cardwell's complaints concerning discrimination and retaliation. | 2 hrs |

November 14, 2023

| Witnesses Plaintiff <u>Will</u> Call in Plaintiff's Case-in-Chief | | | |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 29. | Michael Flynn | Mr. Flynn's primary role during Mr. Cardwell's employment was that of a partner in Davis Polk litigation group. Mr. Flynn became involved in this case in connection with Mr. Cardwell's EEOC complaint, and was brought in by Mr. Reid to coordinate the Firm's internal communications and discussions related to Defendants' responses and employment actions in light of Mr. Cardwell's protected activity.<br>Mr. Flynn verified Defendants' interrogatories, which addresses many non-privileged facts, issues, and employment decisions.<br><br>Despite his alleged duties as working with counsel, Mr. Flynn is a fact witness and will be questioned about the basis of the facts that he verified in Defendants' interrogatory responses; his role in investigating, collecting documents, and coordinating responses to Mr. Cardwell's protected activity; his role and other's role related to how the Firm identified the basis for the "Factual Background" section in Firm's NYSDHR Brief; and his communications with the Firm's M&A partners in 2017 shortly before M&A partners completed performance evaluations for Mr. Cardwell that rated him as "behind," as well as other communications and issues related to Mr. Cardwell's employment, the Firm's policies, and the Firm's responses to his protected activity that are not protected by attorney-client privilege. | 5 hrs |

| | Witnesses Plaintiff <u>Will</u> Call in Plaintiff's Case-in-Chief | | |
|---|---|---|---|
| **Row #** | **Name** | **Subject of Testimony** | **Estimated Exam Time** |
| 30. | Charles Duggan | Mr. Duggan is a partner at Davis Polk who submitted a declaration in connection with Defendants' motion for summary judgment "based on personal knowledge or inquiries of others at Davis Polk who compiled information from records maintained by the Firm."<br>Mr. Duggan served as the Firm's General Counsel and was listed in various presentations and handbooks as a person associates should or could speak with if they had issues related to the Firm's complaint procedure policies or other ethical and legal considerations and questions.<br>Mr. Duggan's declaration touches upon many non-privileged facts, issues, and employment decisions.<br><br>Despite his alleged duties as counsel, Mr. Duggan is a fact witness and will be questioned about his and Defendants' knowledge and responses to Mr. Cardwell's complaints concerning discrimination and retaliation, as well as Davis Polk's operations and business model, including staffing, assigning, and/or the partnership. | 5 hrs |
| 31. | Gina Caruso | Ms. Caruso worked as counsel for Davis Polk, served as Deputy General Counsel in the Firm's general counsel office, and was listed in the Firm's complaint procedure policies. Ms. Caruso is also the author of a presentation that the Firm used to train first-year associates during Lawyering 101 related to the Firm's anti-retaliation policies and related ethical considerations. Ms. Caruso conducted this training before Mr. Cardwell in 2014, and Reid and others reviewed the presentation for such training in 2015.<br><br>Among other topics, Ms. Caruso will be questioned about her and Defendants' knowledge and responses to Mr. Cardwell's complaints concerning discrimination and retaliation, as well as Davis Polk's operations and business model, including staffing, assigning, and/or the partnership. | 3 hrs |

| **Witnesses Plaintiff Will Call in Plaintiff's Case-in-Chief** |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 32. | Harold Birnbaum | Among other topics, Mr. Birnbaum will be questioned regarding aspects of Davis Polk's operations and business model, including staffing, assigning, performance reviews, and/or the partnership, his role as staffing coordinator for the M&A group, and his efforts to staff Plaintiff on M&A matters, including Birnbaum's communications to Mr. Cardwell in August 2017 where Birnbaum informed Mr. Cardwell that he or the Firm had identified Mr. Cardwell as an associate who would be part of the Firm's effort to secure a new client and potential business on a "couple of public company deals." | 3 hrs |
| 33. | Brian Wolfe | Among other topics, Mr. Wolfe will be questioned regarding his declaration submitted in connection with Defendants' motion for summary judgment, aspects of Davis Polk's operations and business model, including staffing, assigning, performance reviews, and/or the partnership, his role as staffing coordinator for the M&A group, and his efforts to staff Plaintiff on M&A matters. | 2 hrs |
| 34. | Thomas Reid | Among other topics, Mr. Reid will be questioned about aspects of Davis Polk's operations and business model, including staffing, assigning, performance reviews, and/or the partnership, his communications with Plaintiff during Plaintiff's employment at Davis Polk, his communications with Defendants and other partners, counsel, and employees regarding the January 2016 dinner he shared with Plaintiff and Sheila Adams, the March 2017 meeting with Plaintiff and Len Kreynin, Plaintiff's protected activities, Plaintiff's staffing, Plaintiff's performance, and the events leading up to the termination of Plaintiff's employment. | 6 hrs |

November 14, 2023

| | | **Witnesses Plaintiff <u>Will</u> Call in Plaintiff's Case-in-Chief** | |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 35. | John Bick | Among other topics, Mr. Bick will be questioned about aspects of Davis Polk's operations and business model, including staffing, assigning, performance reviews, and/or the partnership, his communications with Plaintiff during Plaintiff's employment at Davis Polk, his communications with Defendants and other partners, counsel, and employees regarding the Plaintiff's concerns and complaints (and the Defendants' responses and reactions), staffing, performance, his role as a Career Advisor/Mentor, and the communications and events leading up to the termination of Plaintiff's employment. | 6 hrs |
| 36. | Daniel Brass | Among other topics, Mr. Brass will be questioned about his experience working with Plaintiff, Plaintiff's job performance, the instructions and communications he received regarding the Firm's Lawyer Review System, his understanding of those communications at the time, and the basis for Mr. Brass's decision to not complete a performance review for Plaintiff in 2015 or 2016, including whether he did so because he was adhering to the Firm's Lawyer Review System and thus chose not to complete a review on the basis that he did not have enough interaction with Mr. Cardwell to do so. | 3 hrs |
| 37. | Carolyn Cardwell | Ms. Cardwell will testify to her observations of the emotional distress Mr. Cardwell experienced while working for Defendants and following Defendants' termination of employment, as well as the damages suffered by Mr. Cardwell as a result of Defendants' retaliatory actions. | 1 hr |
| 38. | Stephanie Llanes | Ms. Llanes will testify to her observations of the emotional distress Mr. Cardwell experienced while working for Defendants and following Defendants' termination of employment, as well as the damages suffered by Mr. Cardwell as a result of Defendants' retaliatory actions. | 1 hr |
| | | **Total Hours** | **122 hours** |

| Witnesses Plaintiff <u>May</u> Call in Plaintiff's Case-in-Chief | | | |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 39. | William Chudd | Among other topics, Mr. Chudd may be questioned about the declaration he submitted in connection with Defendants' motion for summary judgment; his experience working with Plaintiff; Plaintiff's job performance; the instructions and communications he received regarding the Firm's Lawyer Review System; his understanding of those communications at the time; and the basis for Mr. Chudd's decision to not answer "behind" to the question, "do you feel lawyer is performing materially behind, with, or ahead of their class" in his 2015 individual review for Mr. Cardwell. | 1 hr |
| 40. | Maurice Blanco | Mr. Blanco served in the Firm's Capital Markets Group. Among other topics, Mr. Blanco may be questioned about his communications with Mr. Cardwell during his employment, including his communications regarding Mr. Cardwell's request to complete a third rotation in the Firm's Capital Markets group. | 1 hrs |
| 41. | Vanessa Jackson | Among other topics, Ms. Jackson may be questioned about her communications with Mr. Cardwell during his employment, including the concerns and complaints that Mr. Cardwell contemporaneously communicated to Ms. Jackson prior to their meeting with Mr. Reid in January 2016, immediately after his face-to-face review with Mr. Bick in June 2016, and immediately after his meeting with Mr. Reid and Mr. Kreynin in March 2017. | 2 hrs |
| 42. | James McClammy | Among other topics, Mr. McClammy may be questioned about his communications with or about Mr. Cardwell, including his communications related to his involvement with the Firm's Black Attorney Group and Diversity Committee. | 1 hr |

November 14, 2023

| **Witnesses Plaintiff <u>May</u> Call in Plaintiff's Case-in-Chief** |
|---|---|---|---|
| Row # | Name | Subject of Testimony | Estimated Exam Time |
| 43. | Susanna Buergel | Mr. Bick testified that "that Paul Weiss and litigators in the general counsel's office from Davis Polk would have been drafting sort of the work on [the NYSDHR Brief].<br>Ms. Buergel may be called as a witness if Defendants' attempt to use any reliance on counsel defenses, good faith defenses, or otherwise attempt to use the "attorney-client" privilege by distancing themselves from material employment actions while asserting that such decisions can not be inquired about because they involved the participation of internal or external counsel. | 2 hrs |
| 44. | Bruce Birenboim | Mr. Bick testified that "that Paul Weiss and litigators in the general counsel's office from Davis Polk would have been drafting sort of the work on [the NYSDHR Brief].<br><br>Mr. Birenboim may be called as a witness if Defendants' attempt to use any reliance on counsel defenses, good faith defenses, or otherwise attempt to use the "attorney-client" privilege by distancing themselves from material employment actions while asserting that such decisions cannot be inquired about because they involved the participation of internal or external counsel. | 2 hrs |
| 45. | Sophia Hudson | Among other topics, Ms. Hudson may be questioned about her knowledge of Cardwell's complaints or concerns; Defendants' knowledge and responses to his complaints and concerns, as well as Davis Polk's operations and business model, including staffing, performance reviews, assigning, and/or the partnership. | 2 hrs |
| \multicolumn{3}{c}{**Total Hours**} | **11 hrs** |

| **Witnesses Defendants <u>Will</u> Call** |
|---|---|---|
| Row # | Name | Estimated Exam Time for Cross Examination |

| | | |
|---|---|---|
| 46. | Kaloma Cardwell | 2 hr |
| 47. | Daniel Brass | 30 mins. |
| 48. | John Bick | 2 hrs |
| 49. | Justin McCrary, Ph.D. | 1 hr |
| 50. | Thomas Reid | 2 hrs |
| 51. | Sophia Hudson | 1 hrs |
| 52. | Sheila Adams | 30 mins. |
| | **Total Time** | **9 hrs** |

| Witnesses Defendants <u>May</u> Call | | |
|---|---|---|
| Row # | Name | Estimated Exam Time for Cross Examination |
| 53. | John Amorosi | 1 hr |
| 54. | Harold Birnbaum | 1 hrs |
| 55. | Maurice Blanco | 1 hr |
| 56. | John Butler | 30 mins. |
| 57. | William Chudd | 1 hr |
| 58. | Rocio Clausen | 1 hr |
| 59. | Sharon Crane | 1 hr |
| 60. | Renee DeSantis | 1 hr |
| 61. | Carolina Fenner | 1 hr |
| 62. | Louis Goldberg | 1 hr |
| 63. | Lee Hochbaum | 1 hr |
| 64. | Vanessa Jackson | 30 mins. |
| 65. | Len Kreynin | 1 hr |
| 66. | Jason Kyrwood | 30 mins. |
| 67. | Phillip Mills | 1 hr |
| 68. | Oliver Smith | 1 hr |
| 69. | Brian Wolfe | 30 mins. |
| | **Total Time** | **15 hrs** |