December 1, 2023

**By ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

      *Cardwell* v. *Davis Polk & Wardwell LLP,* et al. (19-cv-10256-GHW (S.D.N.Y.))

Dear Judge Woods:

      I write to respond to Defendants' November 29, 2023 letter ("Defendants' Letter") and its Declaration and Certification (the "Certification"), both filed to "admit Plaintiff's performance reviews under the business records exception to the rule against hearsay." ECF 360 and 360-1. For the reasons stated in this letter and in Plaintiff's October 11, 2023 letter to the court (ECF 346),[1] Plaintiff respectfully requests that the Court deny Defendants' request in its entirety.

      "In the absence of testimonial evidence…, a party seeking to introduce evidence under the BRE must provide a certification that complies with Rule 902(11) and adequately attests to the elements of Rule 803(6)." *In re Lyman Good Dietary Supplements Litig.*, 2020 WL 3414927, at *5 (S.D.N.Y. June 22, 2020) (citing Rule 803(6)(D) and *Djangmah v. Falcione*, 2013 WL 6388364, at *6 (S.D.N.Y. Dec. 5, 2013) ("Rule 803(6) explicitly requires that this foundation be laid by a…'qualified witness,'…or by a formal certification by the record's custodian.")). The certification "must be executed by a person who 'would be qualified to testify as a custodian or other foundation witness.'" *In re Lyman Good Dietary Supplements Litig.*, 2020 WL 3414927, at *5 (internal citation ommitted). Further, the "certification must have 'enough familiarity with the record-keeping system of the entity in question to explain how the record came into existence in the course of a regularly conducted activity of the entity.'" *Id*. Lastly, "a party seeking to use a certification to introduce evidence under the BRE, must make the certification 'available for inspection' by the opposing party so that they have a 'fair opportunity to challenge [it].'" *Id*. (internal citations omitted).

      Here, Defendants have failed to obtain a sufficient certification, for each review listed therein, to satisfy FRE 803(6) and 902(11) and establish that "the record was made at or near the time by-or from information transmitted by-someone with knowledge," that "the record was kept in the course of a regularly conducted activity of a business," and that "making the record was a regular practice of that activity." *See* FRE 803(6) and 902(11). Among other reasons, the Certification is insufficient because the Certification (i) was created about 958 days after the close of fact discovery by a declarant who was not disclosed in Defendants' Rule 26(a) disclosures or through Rule 26(e) (*see* ECF 143, ECF 242-1); (ii) erroneously claims certain documents are performance reviews;[2] (iii) does not affirm the documents are copies of

---

[1] Plaintiff incorporates the arguments in his October 11, 2023 letter to the Court, particular the argument that many reviews resulted from and include multiple levels of hearsay (e.g., DTX087 DTX163, DTX271).

[2] See, e.g., DTX271, which is neither a single document nor entirely a performance review. DTX271 pages 2 and 3-4 describe meetings that took place in different months (i.e., summaries of a face-to-face review meeting and a later termination meeting ordered by individuals anticipating litigation). Also, DTX271 pages 1, 2, 3-4 were maintained as different documents during Plaintiff's employment by different custodians. *See* ECF 209 ¶ 507; DTX272.

"originals" or the only versions[3] ever created of such documents; (iv) does not sufficiently specify or affirm which individuals created the documents;[4] (v) does not specify or affirm any specific dates regarding when the alleged underlying "work [was] performed" or when the reviews that allegedly described or assessed such "work" were created;[5] (vi) does not specify or affirm the methodology used to create the underlying assessments in the reviews, how certain information was selected to be included in the reviews over other information, or what the categories on the reviews mean; and (vii) does not come from a declarant with sufficient personal knowledge and does not affirm that the declarant worked at Davis Polk at any point during Plaintiff's employment, let alone when and how she obtained first-hand knowledge of the descriptions contained in the reviews at issue or the Firm's record-keeping procedures during Plaintiff's employment.[6] *See* the Certification at ECF 360-1 and the documents listed therein.

These facts are fatal to Defendants' request. *See In re Lyman Good Dietary Supplements Litig.*, 2020 WL 3414927, at *5 (holding similarly deficient certification does not satisfy all the requirements of Rule 803(6)). Relatedly, the Certification purports that "[t]he records identified above are performance reviews prepared at or near the time of the work performed . . ." and "made and are kept . . . in the ordinary course of business," but these types of statements, without more, are insufficient to satisfy the requirements of FRE 803(6).[7] *See id*. ("Although…affidavit states that the test reports were 'made at or near the time of analysis by the person with knowledge of the analysis' and 'made and kept in the course of a regularly conducted analysis,' . . . it fails to indicate whether [affiant] was employed by SMRTL at the time of the relevant tests or whether he has any first-hand knowledge of the facts contained in the results or of the lab's record-keeping procedures in 2017. As such, the affidavit is insufficient to establish a foundation under Rule 803(6)."); s*ee also Abascal v. Fleckenstein*, 820 F.3d 561, 563-66 (2d Cir. 2016) (holding that a report lacked trustworthiness in part because it did "not describe the methodology that was used"); *Ortho Pharm. Corp. v. Cosprophar, Inc.*, 828 F. Supp. 1114, 1120 (S.D.N.Y. 1993) (failing to satisfy FRE 803(6) because "the reliability of the exhibit cannot be measured" where the person testifying "had insufficient knowledge of the methods of preparation, the selectivity and [the] methodology"); 2 McCormick On Evid. § 229.1 (8th ed.) ("Courts have been strict in requiring that…the written declaration specifically state familiarity with the creation and maintenance of the…records."); 5 Weinstein's Federal Evidence § 803.08 ("[The authenticating witness must be familiar with the…recordkeeping practices.")

---

[3] For many of the documents, Defendants have multiple versions of the documents at issue. *See* ECF 342-3, 342-4.

[4] Some documents purport to note the "reviewer" at the top of the page, but none specifically state that the name listed as the "reviewer" is the same person who "submitted" the information in the document. In fact, virtually all of the reviews listed in the Certification appear to not state who "submitted" or completed such documents.

[5] For example, does "Review Date" at the top of a summary review form mean the date the face-to-face review meeting occurred? Or, does it have the same meaning as "Submitted on," which often appears at the bottom of the summary review forms? **Compare** DTX087 (Chudd's "Annual Review" with a "Review Date" of December 22, 2015 and "Submitted on" date of December 22, 2015) **with** PTX267 (showing Chudd and Plaintiff agreeing to conduct the review meeting on December 18, 2015). The Certification does not explain why certain documents do not have the correct dates or when the document was created. *See, e.g.*, DTX271, pages 2 and 3-4 not showing when such documents were created.

[6] *See* the Certification, stating "I am knowledgeable about the matters set forth herein…in my capacity as Chief Professional Development Officer," but noting the declarant only held such position since "September 2021." ECF 360-1. Defendants fired Plaintiff in 2018 and the reviews span back as far as May 2015. ECF 209 ¶¶ 1, 180.

[7] As noted in Plaintiff's October 11, 2023 letter (ECF 346 at 2), many reviews were not created "at or near the time."

Further, Defendants point the Court to *Ramsaran v. Booz & Co. (NA.) Inc.*, 2015 WL 5008744, at *7-9 (S.D.N.Y. Aug. 24, 2015), a case with fundamentally different facts. In *Ramsaran*, unlike our case, the declarations at issue were completed by individuals who were deposed during discovery. S*ee* No. 1:14–cv–708, ECF 21 ¶ 4 ((noting the "deposition of Ms. Becker" occurred on November 13, 2014); ¶ 5 (noting the "deposition of Mr. Kleiner" occurred on November 6, 2014); ECF 16 ¶ 4 ("All discovery…completed by December 1, 2014."). Here, the Certification came well after the close of fact discovery, from a person Defendants never previously disclosed. Thus, Plaintiff did not have the opportunity to question the declarant or test the Certification, and Plaintiff would be unfairly prejudiced (FRE 403) if the Certification becomes the basis of the documents at issue being admitted under FRE 803(6) and 902(11).

Also, in *Ramsaran* the declarants affirmed that (i) they worked for the employer before, during, and after the plaintiff's employment; (ii) interacted with the plaintiff; and (iii) influenced when and how plaintiff's performance reviews were created and used to document plaintiff's performance. *See* Ms. Becker's and Mr. Kleiner's declarations at No. 1:14–cv–708, ECF 21-2 and ECF 21-1. *Ramsaran* recognized the importance of these facts, noting "defendants have submitted transcripts of deposition testimony and sworn affidavits from Mr. Kleiner, who created the Pulse Check and Annual Appraisal documents…[and] [h]e affirmed that he compiled information through interviews of others who had personal knowledge of plaintiff's work and created the Annual Appraisal document, with Ms. Becker's assistance…." *Ramsaran*, 2015 WL 5008744, at *7-9. These facts and affirmations served as the basis of the court's holding in *Ramsaran*, and are required in the Second Circuit, but do not appear in the Certification.

Lastly, Defendants erroneously argue "there is no evidence…that the…circumstance of the preparation of Plaintiff's reviews indicate a lack of trustworthiness." ECF 360 at 2. First, the Certification does not affirm that reviewers had a "business duty" to *complete* reviews (only that it was a "regular practice" to "request[]" people complete reviews), or that any effort was made to verify the information. *See Abascal*, 820 F.3d at 566 ("A duty to report…has long been recognized as the principal means of establishing the reliability of a hearsay statement offered under [FRE 803(6)]." (internal quotations omitted)). Second, Plaintiff has "introduced direct evidence that individuals at Davis Polk viewed his complaints as threatening" and other evidence "could support a conclusion that Cardwell's performance was not viewed particularly negatively by the Firm until he filed his EEOC complaint," including because "before Cardwell filed that complaint in August 2017, no M&A partners—and no one at all, apart from Hudson—had a review ranking Cardwell as 'behind' his class" but "in the three months following the EEOC complaint, four M&A partners (Hochbaum, Mills, Goldberg, and Amorosi) all rated Cardwell as 'behind' his class, and those reviews formed part of the basis for Cardwell's termination." ECF 305 at 66-69 (SJ opinion listing evidence). Also, Reid testified that either he or Bick talked to Goldberg and Hochbaum after receiving Plaintiff's March 2017 complaint, and the Firm's NYSDHR Brief asserted that Amorosi attended a meeting in "April 2017" to "discuss[]…a plan for Cardwell." *See* ECF 223-4 at 34; ECF 271-1 at 17. Thus, the exhibits—and especially DTX261 - DTX263, and DTX271 (*see* footnote 2 above) —indicate a "lack of trustworthiness." *See Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994).[8]

---

[8] If Defendants want to testify about the contents of reviews for non-hearsay reasons, such testimony should only be heard, if at all, after the applicable witness lays substantial foundation and the jury has received significant limiting instructions—all of which are needed to prevent unfair and irreparable prejudice to Plaintiff (FRE 403).

December 1, 2023

Respectfully submitted,

/s/ David Jeffries
David Jeffries

*Attorney for Plaintiff*

cc (via ECF):

Jeh C. Johnson
Bruce Birenboim
Susanna M. Buergel

*Attorneys for Defendants*