December 24, 2023

<u>By ECF</u>

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP, et al.*,
<u>19-cv-10256-GHW (S.D.N.Y.)</u>

Dear Judge Woods:

The parties write jointly pursuant to the Court's request that they submit their proposed modifications to the Court's proposed jury questionnaire, summary of the case, and summary of the law.

### Jury Questionnaire

Question 21 asks whether the jurors have heard of certain individuals who may testify or whose names may be mentioned during trial. The list includes Arthur Golden, whom Your Honor excluded during the December 4, 2023 conference. ECF No. 363.

Defendants respectfully suggest removing Mr. Golden's name from the list, which otherwise contains only those individuals who will or may be called as trial witnesses. Since the parties submitted their proposed modifications on December 15, 2023, Francesca Campbell has asserted to counsel for Defendants that she lives outside the subpoena power of the Court and may not be compelled to testify. Defendants respectfully request that her name also be removed from the list.

Plaintiff objects to Defendants' request to remove Francesca Campbell from Question 21 and does not agree that Ms. Campbell may not be subpoenaed and compelled to testify. Plaintiff reserves all rights to subpoena and compel Ms. Campbell to testify.

### Summary of the Case

The second paragraph provides in part that "Defendants also dispute that concerns Mr. Cardwell raised are legally protected and that they all had knowledge of those concerns."

Defendants respectfully suggest adding "certain of the" before the word "concerns," so the sentence reads: "Defendants also dispute that certain of the concerns Mr. Cardwell raised are legally protected and that they all had knowledge of those concerns."

Plaintiff has no objection to this request.

**Summary of the Law**

In the final paragraph, Defendants respectfully suggest replacing both instances of "his or her employer" with "the Defendant at issue" so that the sentences read: "(2) the Defendant at issue was aware that he or she participated in such activity, (3) the Defendant at issue engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity[.]"

Plaintiff has no objection to this request.

<u>Plaintiff's Position Regarding the Fourth Paragraph</u>

In the final sentence of the fourth paragraph, Plaintiff respectfully requests that "by retaliation" be replaced with "by his or her protected activity" so that the sentence reads: "Under the New York City Human Rights law, this means that the plaintiff must show that the complained-of conduct was motivated, in part, by his or her protected activity." According to the current draft of the "Summary of Law," the sentence at issue is intended to explain what the preceding sentence "mean[s]," which discusses "protected activity" in each prong listed (including the causation prong that discusses whether there is "a casual causal connection between the *protected activity* and the alleged retaliatory conduct").

Plaintiff's request is consistent with (i) applicable law and (ii) language that is routinely used by courts in the Second Circuit. *See Patterson v. EmblemHealth Inc.*, No. 22-CV-2177 (LTS), 2023 WL 5671531, at *8 (S.D.N.Y. September 1, 2023) ("As to the causation element, the NYCHRL only requires that the protected activity be a 'motivating factor' in the adverse action, and not its 'but-for' cause, as would be required under federal law."); *Piligian v. Icahn School of Medicine at Mount Sinai,* 1:17-CV-01975 (ALC), 490 F.Supp.3d 707, 719 ("The alleged protected activity need only have been a 'motivating factor' of the adverse employment action."); *Philip v. Gtech Corp.*, No. 14-cv-9261 (PAE), 2016 WL 3959729, at *11 (S.D.N.Y. July 20, 2016) ("Under the NYCHRL, a plaintiff need establish only that his protected activity was a motivating factor behind the defendant's retaliatory action"); *Valenzuela v. Mercer Street Hospitality LLC*, No. 16-cv-9680 (PKC), 2019 WL 2118828, at *3 (S.D.N.Y. May 15, 2019) (analyzing NYCHRL and whether the "protected activity was a motivating factor in [plaintiff's] termination"); *Tse v. New York University,* No. 10-cv-7207 (DAB), 2013 WL 5288848, *18 (S.D.N.Y. September 19, 2013) (discussing NYCHRL and whether there was "evidence that would be sufficient for a rational factfinder to conclude her [sic] that her protected activity was either the "motivating factor" or "but-for cause" of her termination."); and *King v. Block Institute, Inc.*, 17-CV-7318 (NGG) (JO), 2020 WL 2523245, *8 (E.D.N.Y. May 18, 2020) ("The NYCHRL retaliation provision has important differences from Title VII when it comes to the causal link a plaintiff must demonstrate… A plaintiff need only establish that her protected activity was a motivating factor behind the defendant's retaliatory act—not, as under Title VII, that it was a but-for cause.").

Plaintiff appreciates the Court's suggestion that the sentence at issue be modified to replace "by retaliation" with "by retaliatory animus," which is language that can be found in the Court's "application" section of its Summary Judgment opinion. ECF 305 at 66. Plaintiff is concerned that this language, by itself, (i) does not sufficiently explain the legal standard for retaliation under the NYCHRL, (ii) does not sufficiently explain how the NYCHRL retaliation standard is different or a lower standard than the Title VII, 1981, and NYSHRL standards, and (iii) introduces a new term and concept (i.e., "animus") that does not appear anywhere else in the document and is more commonly used by lawyers, not laypersons.

Notably, Plaintiff's concerns are better addressed in the relevant "Legal Standard" section of Court's Summary Judgment opinion, which explains (i) that "[t]he causation standard is lower under the NYCHRL"; (ii) the relevancy of whether "'the defendant's stated reasons were not its sole basis for taking action,' i.e., that 'its conduct was based at least 'in part on discrimination [or retaliation][]'"; and that " unlike Title VII, Section 1981, and the NYSHRL, the NYCHRL uses a 'mixed-motive' standard whereby pretext is demonstrated if the plaintiff can show that retaliation played *any* role in the defendants' alleged adverse actions." ECF 305 at 65.

Alternatively, if the Court is inclined to deny Plaintiff's request or to use "retaliatory animus," Plaintiff respectfully requests that the "Summary of the Law" include the relevant parts of the legal standard quoted in the preceding paragraph, which is language that comes from the "Legal Standard" section of the Court's Summary Judgment opinion. *See* ECF 305 at 65.

Lastly, Defendants' assert that Plaintiff's "proposed formulation may confuse the jury such that they think that so long as they find protected activity, this element is satisfied…." Plaintiff neither understands nor agrees with Defendants' purported concern. In the paragraph containing the sentence at issue, the paragraph clearly states that Plaintiff must prove by a preponderance of evidence four separate prongs. The paragraph plainly contradicts any notion that merely "finding protected activity" is sufficient to establish other required prongs or that a violation of the law occurred.

<u>Defendants' Position Regarding Plaintiff's Request</u>

Defendants object to this request.  A claim of retaliation under the New York City Human Rights Law requires that the complained-of conduct be "motivated, in part, by retaliation." *Ya-Chen Chen* v. *City Univ. of N.Y.*, 805 F.3d 59, 77 (2d Cir. 2015).  Defendants are concerned that Plaintiff's proposed formulation may confuse the jury such that they think that so long as they find protected activity, this element is satisfied, which is not correct.

Defendants appreciate the Court's suggestion that the sentence be modified to be consistent with the Court's Summary Judgment order, to replace "by retaliation" with "by retaliatory animus," ECF 305 at 66, so that the sentence reads: "Under the New York City Human Rights law, this means that the plaintiff must show that the complained-of conduct was motivated, in part, by retaliatory animus."

The Honorable Gregory H. Woods                                                                                              4

The parties appreciate the Court's consideration of these proposed modifications.

Respectfully submitted,

<u>/s/ David Jeffries</u>
David Jeffries

*Attorney for Plaintiff*

cc (via ECF):

Jeh C. Johnson
Bruce Birenboim
Susanna M. Buergel

*Attorneys for Defendants*