PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS    NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3165

WRITER'S DIRECT FACSIMILE
(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS
bbirenboim@paulweiss.com

January 5, 2024

By ECF

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP, et al.*,
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

      We write in response to the Court's Order (ECF 377) addressing: (1) whether the legal standard for awarding punitive damages differ for each of Plaintiff's federal, New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") claims and what those standards are; and (2) whether and why an evidentiary burden of clear and convincing evidence should govern an award of punitive damages in this case.

1. **Legal Standard**

      Defendants believe that a single instruction on the elements of punitive damages under federal, state and city law will be the least confusing and most appropriate instruction for the jury.  Defendants therefore proposed a punitive damages instruction setting forth the legal standard for punitive damages in a manner intending to apply to all of Plaintiff's claims.  *See* Defs.' Instruction No. 49, ECF 336 at 64 ("In order to award punitive damages, you must find that Plaintiff has proven by clear and convincing evidence that the specific Defendant you are considering not only violated the law against retaliation, but did so maliciously, vindictively, or with willful or wanton disregard of Plaintiff's rights.").  Putting aside the question of the burden

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods                                                                                         2

of proof (which we address separately in section 2 below), this instruction is consistent with and intended to capture the standard for punitive damages under Title VII and Section 1981, as well as the NYCHRL.  See Carrion v. Agfa Const., Inc., 720 F.3d 382, 386 (2d Cir. 2013) (under Title VII, punitive damages available "where an employer discriminates or retaliates against an employee with 'malice' or 'reckless indifference' to the employee's federally protected rights . . . A plaintiff can satisfy this burden by presenting evidence that the employer discriminated (or retaliated) against him with conscious knowledge it was violating the law, or that it engaged in egregious or outrageous conduct from which an inference of malice or reckless indifference could be drawn") (citing Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 534 (1999)); Santos v. Costco Wholesale, Inc., 271 F. Supp. 2d 565, 575–76 (S.D.N.Y. 2003) (under Section 1981, punitive damages limited to cases in which defendant has engaged in conduct "with malice or with reckless indifference to the federally protected rights of an aggrieved individual"); 42 U.S.C. § 1981a(b)(1) (punitive damages may be awarded "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual"); Chauca v. Abraham, 30 N.Y.3d 325, 329 (2017) (under the NYCHRL, "a plaintiff is entitled to punitive damages where the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard" (citation and internal quotation marks omitted)).

The availability of punitive damages under the NYSHRL is a recent development,[1] and Defendants have not identified any cases setting forth the standard for punitive damages under that statute.  However, "retaliation claims under the NYSHRL are generally governed by the same standards as federal claims under Title VII."  Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 82, 100 (E.D.N.Y. 2020).

Defendants submit that a punitive damages instruction applicable to federal, state, and city law claims will aid juror comprehension, and a single charge is consistent with the Court's recent charge in Sanderson v. Leg Apparel LLC, 19 Civ. 8423 (Dec. 1, 2023).  Defendants further submit that the simplified language Defendants propose would be most comprehensible to the jury.  Defendants note that the disjunctive "or" in their proposed instruction allows the jury to award punitives if any of the bases for doing so are satisfied.  Defendants also note that their proposed instruction does not require awareness of the violation of a protected right.  See Chauca, 30 N.Y.3d at 333–34.  However, Defendants do not oppose modifying their proposed instruction to include additional language from Chauca on recklessness.  See id. at 329 ("[A] plaintiff is entitled to punitive damages where the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious

---

[1] N.Y. Exec. Law § 297(9); New Workplace Discrimination and Harassment Protections, N.Y. State Div. of Human Rights, https://dhr.ny.gov/new-workplace-discrimination-and-harassment-protections (last visited Jan. 4, 2024) (explaining punitive damages may be awarded against private employers as of October 11, 2019).

The Honorable Gregory H. Woods                                                                                                3

disregard of the rights of others or conduct so reckless as to amount to such disregard." (citation and internal quotation marks omitted)).

### 2. Burden of Proof

Defendants proposed an instruction requiring punitive damages to be proved by clear and convincing evidence rather than a preponderance of the evidence, based on recent Second Circuit caselaw applying that burden of proof to claims for punitive damages in multiple legal contexts. *RVC Floor Decor, Ltd.* v. *Floor & Decor Outlets of Am., Inc.*, 2023 WL 3092918, at *6 (E.D.N.Y. Apr. 26, 2023); Defs' Instruction No. 49, ECF 336 at 64; *see also* Joint Proposed Pretrial Order, ECF 334 at 9-10 (citing cases).

There is some ambiguity in the law on the appropriate standard of proof for punitive damages under the specific employment statutes at issue in this case. Under Title VII and Section 1981, while district courts have applied the preponderance standard, *e.g.*, *Tse* v. *UBS Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 309 (S.D.N.Y. 2008), *Abreu* v. *Verizon New York, Inc.*, 2020 WL 13890188, at *25–26 (E.D.N.Y. Mar. 25, 2020), Defendants have not identified any Second Circuit or Supreme Court cases expressly holding that the preponderance standard applies. Defendants have not identified any New York Court of Appeals cases addressing the burden of proof for punitive damages under the NYSHRL or NYCHRL. Defendants again note that punitive damages under the NYSHRL have only recently been permitted by statute, which may explain the lack of caselaw.

Defendants are aware that judges in this district, including then-District Court Judge Sotomayor, have applied the preponderance standard to NYCHRL claims while recognizing the lack of clarity in this area. *E.g.*, *Greenbaum* v. *Svenska Handelsbanken, N.Y.*, 979 F. Supp. 973, 982–83 (S.D.N.Y. 1997) (applying preponderance standard to punitive damages NYCHRL); *Stryker* v. *HSBC Sec. (USA)*, 2021 WL 5403720, at *1 (S.D.N.Y. Nov. 17, 2021). As such, Defendants recognize that the Court instructing the jury that entitlement to punitive damages for all of Plaintiff's claims must be shown by a preponderance of the evidence, as part of a single jury instruction on punitive damages, would find support in *Greenbaum* and other district court decisions. Defendants, however, do not believe the Court is bound to do so, and that applying the clear and convincing standard Defendants have proposed is not precluded by any binding appellate decisions. Accordingly, Defendants continue to request that the Court adopt the clear and convincing standard. Whether or not the Court decides to follow *Greenbaum*, Defendants urge the Court to provide a single instruction for the reasons set forth above in section 1, including that the "clear and convincing" standard applies to all claims.

We think the clear and convincing standard is particularly appropriate given the wide discretion given the jury in imposing and calculating punitive damages. We also do not agree with then-District Court Judge Sotomayor that the burden of proof for punitive damages logically requires that it match the burden of proof on the elements of the underlying claim.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Gregory H. Woods  4

           Respectfully submitted,

           /s/ *Bruce Birenboim*

           Bruce Birenboim

cc:    All counsel of record via ECF