PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300
WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

2029 CENTURY PARK EAST, SUITE 2000
LOS ANGELES, CALIFORNIA 90067-3006
TELEPHONE: (310) 982-4350

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

1313 NORTH MARKET STREET, SUITE 806
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7341

WRITER'S DIRECT FACSIMILE
(202) 330-5921

WRITER'S DIRECT E-MAIL ADDRESS
mgoodman@paulweiss.com

January 23, 2024

**By ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

*Cardwell* v. *Davis Polk & Wardwell LLP*, et al.,
19-cv-10256-GHW (S.D.N.Y.)

Dear Judge Woods:

On behalf of Defendants, we write to address Defendants' objections to Plaintiff's requested changes to the "Overview of Claims" proposed instruction, as discussed at today's charge conference. Defendants respectfully submit that the Court should reject Plaintiff's proposed change.

"The law of the case doctrine counsels a court against revisiting its prior rulings in subsequent stages of the same litigation absent cogent and compelling reasons, such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Mazzei* v. *Money Store*, 2023 WL 6784415, at *3 (2d Cir. Oct. 13, 2023) (quoting *Ali* v. *Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008)). While application of the doctrine is discretionary, the Second Circuit has reminded courts that "'litigants who once battled for the court's decision should neither be required, nor without good reason permitted, to battle for it again.'" *Mazzei*, 2023 WL 6784415, at *3 (quoting *Zdanok* v. *Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964)). There is no reason for this Court to revisit its prior rulings on both summary judgment and motions *in limine*; to do so would also prejudice Defendants.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

   Your Honor ruled at summary judgment that the alleged threat of termination, standing alone, was not an "independent adverse action." ECF 305 at 62 (citing *Staub* v. *Proctor Hosp.*, 562 U.S. 411, 423 (2011)).

   Defendants also moved *in limine* to preclude Plaintiff from arguing that any alleged adverse employment action—including the alleged threat—that had been dismissed on summary judgment constituted an adverse action at trial. ECF 325 at 18–19. Plaintiff argued in opposition only that the motion was too generalized; he did not argue that he should be permitted to present evidence or argument that the alleged threat is a material adverse action. ECF 343 at 22–23.

   This Court previewed its ruling on Defendants' motion *in limine* at the pretrial conference on December 11, 2023, stating, "I do not construe it as a motion to exclude all reference to those -- the content of those actions, for any purpose, but to exclude argument related to them, themselves, being an adverse action, given the Court's prior determination." 12/11/23 Hr'g Tr. 97:12–16. Plaintiff did not raise any issues with that preview. The Court then granted the motion, reasoning that "because the court has held that those actions are not adverse employment actions, plaintiff may not argue at trial that any of those actions constituted an adverse employment action." 12/21/23 Hr'g Tr. 23:25–24:2 (citing *Rhee-Karn* v. *Lask*, 2023 WL 4238908, at *2 (S.D.N.Y. June 28, 2023) (precluding arguments of dismissed claims as moot)). Plaintiff never moved for reconsideration, and, until today, never raised the possibility that he would seek to argue that the alleged threat itself constitutes a material adverse action, in contravention of the Court's rulings on the motion for summary judgment and the motion *in limine*. Your Honor has also adhered closely to those *in limine* rulings throughout trial and instructed the parties to be familiar with them. Trial Tr. 1/11/24 649:1–11 ("I strongly recommend that you take the time to review what the motion in limine decision actually was. I ruled on this. . . . My expectation is that you are aware of what I ruled and why I ruled as I did. And you are aware of the scope of the limitations that I imposed at the time.").

   Defendants have thus crafted their trial strategy against not just the Court's holding on summary judgment, but also its holding on the motions *in limine* and its close adherence to those rulings throughout three weeks of trial. The lack of sufficient notice to Defendants and lack of sufficient opportunity to prepare any response to Plaintiff's eleventh-hour theory is what has prejudiced Defendants, and that is all that is required under Second Circuit law. *See United States* v. *Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) ("In this context prejudice does not mean harm resulting from the failure to adhere to the prior decision; rather, it refers to a lack of sufficiency of notice or a lack of sufficient opportunity to prepare armed with the knowledge that the prior ruling is not deemed controlling." (citations and internal quotation marks omitted)). Defendants cannot re-do their opening statement to the jury. They would also be prejudiced by bringing back witnesses who have already testified to respond to this change in the case to be tried. The jury could be left with an incurable impression that these witnesses did not testify fully or accurately when they first appeared. The prejudice resulting from re-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

calling witnesses would likely be strong enough that Defendants would likely forgo re-calling them.  Plaintiff's "belated request . . . comes far too late and would entail far too much prejudice to be granted."  *In re Refco Sec. Litig.*, 2010 WL 11500548, at *1 (S.D.N.Y. Jan. 21, 2010); *see also Joel A.* v. *Giuliani*, 218 F.3d 132, 140 (2d Cir. 2000) (appellants' "belated objection" waived).

We understand that Plaintiff has argued, and will continue to argue, that Defendants "carried out" the alleged threat and fired Mr. Cardwell.  Defendants have no objection to this line of argument.  What we do object to, however, is any suggestion in the "Overview of Claims" instruction (which is now Instruction No. 21 in the Court's charge sent earlier this evening), or in any argument to the jury, that the alleged threat is in and of itself a freestanding material adverse action.

Plaintiff's theory is that the alleged threat was carried out, as Plaintiff set out in the joint pretrial order: "The responses, too, in anticipation of Cardwell's protected activity increased until certain defendants threatened Cardwell and then unflinchingly carried out the threat."  ECF 382 at 2.  To the extent the Court is inclined to incorporate that theory into the Plaintiff's overview of his claims in Instruction No. 21, Defendants would suggest the following edit to the fourth paragraph in Instruction No. 21:

> "The plaintiff claims that the defendants retaliated against him by issuing exaggerated and/or performance reviews, not assigning him sufficient work, and **threatening to and then** terminating his employment because he complained about racial bias and exclusion and filed an EEOC charge."

This formulation is consistent with the Court's prior rulings and Plaintiff's theory of the case even as set out in the pretrial order, and would minimize the potential prejudice to Defendants.  It is also consistent with the evidence that has been and will be adduced further at trial, as the alleged threat did not, in fact, deter Mr. Cardwell, who engaged in alleged protected activity after the alleged threat, including by filing a charge with the EEOC.

Respectfully submitted,

/s/ *Martha L. Goodman*
Martha L. Goodman

cc: All counsel of record via ECF